# **EXHIBIT A**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| Jill Ballard, Rebecca Varno, and Mark Pokorni, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:18-cv-00121-MEM-MCC |
| Navient Corporation, Navient Solutions, Inc., and Navient Solutions, LLC ) ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: US Department of Education, Secretary of Education, Attn: Office of General Counsel
400 Maryland Avenue SW., Room 6E300, Lyndon Baines Johnson Building, Washington, D.C. 20202-2100

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See attached rider. Production of documents may suffice in lieu of deposition.

| Place: Videoconference by court reporter certified in District of Columbia | Date and Time: 05/02/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached rider. Please produce documents 10 (ten) days prior to deposition, on or before April 22, 2022, by email to cmiller@edcombs.com and/or by mail to Edelman, Combs, Latturner & Goodwin, LLC at 20 S. Clark St., Suite 1500, Chicago IL 60603.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/31/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Cassandra P. Miller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jill Ballard, Rebecca Varno, and Mark Pokorni, for themselves and the class , who issues or requests this subpoena, are:

Cassandra Miller, ECLG, 20 S. Clark St., Suite 1500, Chicago IL 60603; (312) 739-4200; cmiller@edcombs.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-00121-MEM-MCC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Navient Corporation, Navient Solutions, Inc., et al. on *(date)* 03/31/2022 .

☑ I served the subpoena by delivering a copy to the named individual as follows: by UPS Ground to US Department of Education, Secretary of Education, Attn: Office of General Counsel, 400 Maryland Avenue SW., Rm 6E300, Washington, D.C. 20202-2100 on *(date)* 03/31/2022 ; or

☐ I returned the subpoena unexecuted because: 
.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 03/31/2022

/s/ Rufus Coates Welsh
*Server's signature*

Paralegal
*Printed name and title*

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**To:** US Department of Education, Secretary of Education, Attn: Office of General Counsel 400 Maryland Avenue SW., Room 6E300, Lyndon Baines Johnson Building, Washington, D.C. 20202-2100

**Re:** Department of Education Subpoena Rider for Case No. 3:18-cv-00121-MEM-MCC

*Pursuant to 34 CFR 8.1 et seq., Plaintiff has not been able to obtain this information through other means. Counsel has submitted document requests and FOIA requests, and received no response. Additionally, the release of this information would not be contrary to the Department of Education. Counsel seeks this information on behalf of student loan borrowers in order to ascertain whether Defendants Navient Corporation; Navient Solutions, Inc., and Navient Solutions, LLC, have complied with all formal and informal guidance provided to it by the Department of Education in regards to the topics outlined below.*

**Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's counsel will take the deposition of the designated representative(s) who is/are most knowledgeable about the topics designated below:**

1. Person(s) most knowledgeable about all written guidance that the Department of Education has provided to Navient regarding servicing federal student loans from 2015 to present.

2. Person(s) most knowledgeable about all reports of audits of Navient's federal student loan servicing activities from 2015 to present.

3. Person(s) most knowledgeable about the Department of Education's policies relating to the processing of Income Driven Repayment ("IDR")[1] plan renewal applications, including the use of electronic notification procedures for IDR renewal and methods of posting IDR renewal notices to the loan servicer's website.

4. Person(s) most knowledgeable about the Department of Education's policies relating to when discretionary forbearances must be supported by a written request from the borrower.

5. Person(s) most knowledgeable about the Department of Education's policies relating to the use of discretionary forbearances supported by oral affirmation pursuant to 34 CFR 685.205(a)(8); the use of administrative forbearances pursuant to 34 CFR 685.205(b)(9); and the use of forbearances pursuant to 34 CFR § 682.215(e)(9)

---

[1] "IDR Plan" refers to any income-driven repayment plan offered to borrowers with federal loans, including but not limited to the IBR plan, the PAYE plan, the REPAYE plan, and the Alternative REPAYE plan.

1

6. Person(s) most knowledgeable about statistical information concerning Navient's processing of partial financial hardship status recertifications for borrowers enrolled in IDR plans, or of complaints or noncompliance relating to such processing by Navient.

7. Person(s) most knowledgeable about statistical information concerning Navient's enrollment of borrowers in and recertification of IDR plans, of the timeliness of such actions, and/or of complaints or noncompliance relating to such actions of Navient.

8. Person(s) most knowledgeable about statistical information about reasons for Navient's denial of enrollment or renewal in IDR plans.

9. Person(s) most knowledgeable about statistical information about errors in Navient's enrollment of borrowers in and recertification of IDR plans.

**Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's counsel requests that the following documents produced. The relevant time period is 2015 to present, unless otherwise stated.**

1. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient regarding servicing federal student loans.

2. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient relating to how to handle IDR plans (including IDR plan changes, the processing of IDR renewal applications, and IDR plan expiration).

3. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient relating to the notice requirements that loan services must send to borrowers prior to the expiration of IDR plans, including the use of electronic notification procedures for IDR renewal, and methods of posting IDR renewal notices to the loan servicer's website.

4. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient relating to instructions on granting forbearances including hardship forbearances, general forbearances, and administrative forbearances (*see* 34 CFR 685.205(a)(8), 34 CFR 685.205(b)(9), 34 CFR 682.215(e)(9) for types of forbearances).

5. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient relating to how borrowers can enroll in the various types of forbearances (*i.e.* by oral

affirmation or written requests, and/or the documentation required to enroll in the various types of forbearance).

6. All formal and informal communications, documents, instructions, policies, practices, and written guidance, including emails, that the Department of Education has provided to Navient discussing whether an administrative forbearance not involving capitalization of interest may or must be used in connection with recertification of an IDR plan.

7. All documents containing statistical information about Navient's processing of partial financial hardship status recertifications for borrowers enrolled in IDR plans, or of complaints or noncompliance relating to such processing by Navient.

8. All documents containing statistical information about Navient's enrollment of borrowers in and recertification of IDR plans, of the timeliness of such actions, and/or of complaints or noncompliance relating to such actions of Navient.

9. All documents concerning complaints that borrowers whose loans were serviced by Navient and who were enrolled in an IDR plan, submitted an application to renew such plan, but the plan was discontinued by Navient while the application was being processed.

10. All documents containing statistical information about reasons for Navient's denial of enrollment or renewal in IDR plans.

11. All documents containing statistical information about errors in Navient's enrollment of borrowers in and recertification of IDR plans.

12. All reports of audits of Navient's federal student loan servicing activities.

13. All reports by the Office of the Inspector General concerning Navient's federal student loan servicing activities.