# **ATTACHMENT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) ) | Docket 3:18-cv-00121-MEM-MCC |
| Plaintiffs, | ) ) | (Judge Malachy E. Mannion) |
| v. | ) ) | (Magistrate Judge Martin C. Carlson) |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., and NAVIENT SOLUTIONS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | ELECTRONICALLY FILED |

I, Cassandra P. Miller, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am one of the attorneys representing Plaintiffs in the above-captioned matter.

2.      On November 9, 2021, I received an email from Defendants' counsel Christopher Mair requesting an extension to respond to Plaintiffs' discovery requests, from November 17, 2021, to December 17, 2021. *See* Exhibit B.

3.      On November 11, 2021, I replied to Christopher Mair and Lisa Simonetti, Defendants' counsel, expressing concern over the extension because Plaintiffs' deadline to amend the complaint was December 3, 2021, and Navient's discovery responses could require amended pleadings. *See* Exhibit C. To accommodate Navient's request, I agreed to the extension on the

1

condition that Navient "not oppose, on the basis of timeliness, a request by Plaintiffs for leave to amend" the complaint. *Id*. I received a reply from Defendants' counsel Lisa Simonetti the same day, stating, "This is fine." *Id.*

4.      On December 17, 2021, I received an email from Defendants' counsel Christopher Mair requesting an additional extension, from December 17, 2021, to January 17, 2022, to respond to Plaintiffs' discovery requests. *See* <u>Exhibit D.</u>

5.      On December 17, 2021, I replied to Defendants' counsel Christopher Mair agreeing to the extension because Navient had already promised to waive any objection to an amended pleading on grounds of untimeliness (with the caveat that Defendants provide substantive responses rather than boilerplate objections). *See* <u>Exhibit E.</u> I also requested to set up a Rule 37 conference the following week to discuss any issues Defendants had thus far in answering Plaintiffs' discovery requests and Defendants consented to the Rule 37. *Id.*

6.      On December 21 2021, I sent an email to Defendants' counsel Lisa Simonetti and Christopher Mair recapping the Rule 37 conference. *See* <u>Exhibit F</u> During the Rule 37 conference Defendants' counsel Lisa Simonetti stated that Navient would object to any inquiries about the number of borrowers in the class. *Id.* In the Rule 37 conference Plaintiffs' counsel took the position that, for purposes of answering discovery, Navient should state the number of class members, irrespective of whether Navient deemed the class viable on the merits. *Id.*

7.      On August 1, 2022, I sent an email to Defendants' counsel Lisa Simonetti and Christopher Mair serving Defendants attaching the modified class definitions, and requesting another Rule 37 conference. *See* Exhibit H.

8.      I declare the foregoing statements to be true under penalty of perjury.


Dated: Wednesday, September 21, 2022          *s/Cassandra P. Miller*
                                                                        Cassandra P. Miller

3