# **EXHIBIT F**

From : cmiller@edcombs.com
To : simonettil@gtlaw.com; mairc@gtlaw.com
Sent : 12/21/2021 11:58AM
Subject : Ballard, et al. v. Navient Corp. (34715) - Rule 37 Confirmation

Lisa,

This email is to confirm our discussions during our Rule 37 conference earlier today. We discussed Plaintiffs first set of discovery requests and some general issues Defendants have encountered in preparing their responses which we have agreed to extend the deadline to 1/17/22.

With respect to the Interrogatories and/or document requests seeking the identification and files related to the class members, you raised an issue with the use of the phrase timely submitted (including variations on this phrase).As we discussed, for purposes of Defendants responses to the first set of discovery requests, this phrase includes borrowers that submitted an application, certification, etc., whether or not Defendants deemed that document or submission complete.For those requests which include the identification of individuals or production files for those individuals whose submissions were not processed, you indicated that if a submission was not deemed complete by Defendants, it would not be processed because it would not be reviewed until it was deemed complete. We understand that the submissions, according to your clients procedures, are not processed until complete, but see no reason why this would prevent your client from responding to the request. The reason for not processing a submission is not part of these requests. The requests seek identification and/or production of account files for those borrowers that made a timely submission (as clarified above), but that submission was not processed (subject to other limitations identified in the specific requests). Please respond accordingly.

You also took issue with providing the identification and documents related to the proposed class members as unnecessary at this stage of the litigation and all documents as being overly inclusive of extraneous information such as hand written notes, etc.You also expressed privacy concerns in producing the requested borrower information. As we discussed, the information sought is relevant to commonality, predominance and typicality requirements of R23. For the privacy issue, there is a protective order in place which will protect the production of this information. Additionally, at this time, we are agreeable to the redaction of personal identifying information, provided that sufficient information is produced to distinguish between borrowers and borrower account files. For all documents, we are agreeable to limiting these requests to the account files as they relate to IDR plans for the class members. As to the need for identifying all class members and producing their account files before a class is certified, as we discussed, this information is necessary in order to establish R23 requirements and respond to any objections raised by Defendants in opposition to class certification, however, we may be agreeable to entering into a stipulation to accept the number of borrowers meeting the class definition and a sampling of class member files and/or limiting the parties to the use of the Plaintiffs files as representative of the class members for purposes of class certification (subject to Defendants producing a class list for notice purposes if a class or classes is certified).

We ask that Defendants anticipated responses provide the information and documents with these discussions in mind. Please let me know if this does not accurately reflect our discussion or if you would like to discuss further. Otherwise, we anticipate receipt of responses by January 17, 2022 as agreed to by the parties.

Happy holidays to you and your family.

Sincerely,
Cassandra Miller

Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)