# **EXHIBIT G**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO,
and MARK POKORNI on behalf of
themselves and the class members
described herein,

      Plaintiffs,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, INC., AND
NAVIENT SOLUTIONS, LLC,

      Defendants.

Civil No. 3:18-cv-00121-MEM-
MCC

## DEFENDANT NAVIENT CORPORATION'S
## RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' REQUESTS FOR DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant

Navient Corporation ("Navient Corp."), hereby responds and objects to the Requests

for Documents (the "Requests") propounded by plaintiffs Jill Ballard, Rebecca

Varno, and Mark Pokorni, as follows:

## PRELIMINARY STATEMENT

Navient Corp. responds to the Requests based upon the investigation

conducted in the time available since service of the Requests. As of the date of these

Responses, Navient Corp. has had an insufficient opportunity to review all

documents, interview all personnel and otherwise obtain information that may prove

relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties.  As a consequence, Navient Corp.'s Responses are based upon information now known to Navient Corp. and that Navient Corp. believes to be relevant to the subject matter covered by the Requests.  In the future, Navient Corp. may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and Navient Corp.'s Responses thereto.  Without in any way obligating itself to do so, Navient Corp. reserves the right:  (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Navient Corp. incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.     Subject to the Preliminary Statement and to every general and specific objection stated herein, Navient Corp. responds to the Requests as set forth below. Navient Corp.'s statements in Response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2

2.      Navient Corp. objects to the Requests on the grounds that they seek to impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

3.      Navient Corp. objects to the Requests on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4.      Navient Corp. objects to the Requests on the grounds that they are vague and ambiguous or use undefined terms.

5.      Navient Corp. objects to the Requests on the grounds that they are overbroad, unduly burdensome, and harassing.

6.      Navient Corp. objects to the Requests on the grounds that they seek the documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

7.      Navient Corp. objects to the Requests on the grounds that they seek documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

8.      Navient Corp. objects to the Requests on the grounds that they seek confidential and proprietary business documents that belong to Navient Corp. and/or

third parties. Navient Corp. will not provide any such documents without the execution by the parties, and entry by the Court, of an appropriate Stipulation regarding Confidentiality and a Protective Order.

9.      Navient Corp. objects to the Requests on the grounds that they exceed the proper scope of discovery prior to class certification.

10.      Navient Corp. objects to the "Definitions" and "Instructions" sections of the Requests to the extent that they impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.   Further, and in particular:  (a) Navient Corp. objects to definitions K and L, to the extent that they refer to any entity beyond Navient Corp. itself;  Navient Corp. provides these Responses only for itself; and (b) Navient Corp. objects to the timeframe set forth in instruction 6; the relevant timeframe for this action, at most, is January 16, 2012 to present.

11.      Navient Corp. incorporates the Preliminary Statement and these general objections into each Response herein as if fully set forth.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents relating to individuals (a) with federal student loans serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b) who at any

time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to student loan borrowers and their accounts.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 2:

All documents relating to individuals (a) with federal student loans serviced by Navient Corp., NSL, NSI, and/or their predecessors in interest, (b) who at any

time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan (d) and submitted a request for enrollment in an IDR plan that was not processed within 25 business days.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to student loan borrowers and their accounts.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 3:

All documents relating to California residents (a) with federal student loans serviced by Navient Corp., NSL, NSI, and/or their predecessors in interest, who, at

any time on or after Jan. 12, 2014 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled due to Navient's failure to process the renewal prior to the plan's expiration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to student loan borrowers and their accounts.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to New York residents (a) with federal student loans serviced by Navient Corp., NSL, NSI, and/or their predecessors in interest, (b) who,

at any time on or after Jan. 12, 2012, (c) were enrolled in an IDR plan, and (d) timely submitted a request to renew the plan, (e) which was nonetheless cancelled due to Navient's failure to process the renewal prior to the plan's expiration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to student loan borrowers and their accounts.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.


**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to Illinois residents (a) with federal student loans serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b)

who, at any time on or after Jan. 12, 2008, (c) submitted a request for enrollment in an IDR plan (d) that was not processed within 25 business days.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; (iii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iv) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to student loan borrowers and their accounts.

Without waiving these objections, Navient Corp. responds to this Request as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 6:

All documents relating to any of the plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing with respect to a demand for "all documents" relating to named plaintiffs; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 7:**

Contracts under which any Defendant has serviced, or is currently servicing, FFELP loans held by third parties (i.e., banks, financial institutions, guarantors, etc.). This request includes contracts under which Defendants are servicing, or have serviced, the FFELP loans of any individuals identified in response to Plaintiffs' Request for Production 1 above, and any "Life of Loan" contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to Navient Corp.; and (ii) it is vague and ambiguous with respect to "Life of Loan" contracts.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. will produce its agreements with the United States Department of Education, and with defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc., which address the servicing of certain loans. *See* Bates Nos. NSL_BALLARD_2612 to NSL_BALLARD_2749.

**REQUEST FOR PRODUCTION NO. 8:**

Contracts that any Defendant has had for the servicing or subservicing of federal direct loans which contracts were in force at any time between Jan. 12, 2008 and the present, including all extensions, modifications and amendments, schedules, addenda and schedules of fees or compensation for such servicing or subservicing, and task orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to Navient Corp.; and (ii)

it is overly broad, burdensome and harassing based on the request for "all extensions, modifications and amendments, schedules, addenda and schedules of fees or compensation for such servicing or subservicing, and task orders."

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. will produce its agreements with the United States Department of Education, and with defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc., which address the servicing of certain loans. *See* Bates Nos. NSL_BALLARD_2612 to NSL_BALLARD_2774.

**REQUEST FOR PRODUCTION NO. 9:**

Accounting records showing, month by month, the fees Defendants have received for servicing federal direct loans for the period between Jan. 12, 2008 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to Navient Corp.; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows:   The yearly amounts of compensation received from servicing federal student loans can be found in Navient Corp.'s annual 10-K filings with the Securities and Exchange Commission, which are publicly available.

**REQUEST FOR PRODUCTION NO. 10:**

Accounting records from January 12, 2008 to the present showing revenue earned by Defendants, including servicing fees and interest income, from FFELP loans that any Defendant owned or serviced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Navient Corp. incorporates the Response to Request No. 9, as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 11:**

Documents showing the basis on which Defendants generate all forms of revenue from the servicing of FFELP loans, including servicing fees and interest income.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to Navient Corp.; (ii) it

13

seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Compensation for servicing student loans for ED is paid in accordance with the servicing contract. The servicing contract is produced as Bates Nos. NSL_BALLARD_2650 to NSL_BALLARD_2774.

**REQUEST FOR PRODUCTION NO. 12:**

All documents showing the basis on which all revenue received by defendants for servicing federal student loans is computed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Navient Corp. incorporates the Response to Request No. 11, as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 13:**

Instructions, guidelines and standards for the servicing of IDR Plans, including without limitation information related to: the calculation of required IDR Plan payment amounts; the renewal and recertification of IDR Plans; the granting or

approval of forbearances; and the determination of whether to capitalize interest in connection with forbearances or the termination of IDR plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 14:**

Manuals, instructions, guidelines, time frames and standards for Loan Servicing Activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this

action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 15:**

All documents containing statistical, aggregate, or summary information for any Loan Servicing Activity, including without limitation, reports to the Department of Education:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student

loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 16:

All documents discussing or analyzing the profitability of Loan Servicing Activity, the extension of the term of FFELP loans, and maintaining IDR Plans as opposed to forbearances or deferments.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 17:

Documents reflecting complaints, claims, audits, evaluations or investigations relating to any Defendant's Loan Servicing Activity.  Include documents whether

sent directly to a defendant or made to or forwarded by a governmental agency (state or federal, administrative, executive or legislative) or other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 18:**

Organizational charts showing Defendants' personnel engaged in administering federal student loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional

to the needs of this action; and (ii) it is vague and ambiguous with respect to "administering" student loans.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 19:

Reports from the Department of Education (including the Inspector General) concerning Defendants' federal loan servicing operations, and any comments or responses by Defendants regarding such reports.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student

loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 20:**

All forms of documents sent to three or more borrowers to describe Income-Driven Repayment Plans, or in connection with the approval, renewal or recertification of such plans, or to provide notice of deadlines or actions in connection with such plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Without waiving the general objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 21:**

All forms of documents sent to three or more borrowers to describe forbearances or deferments on federal student loans.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Navient Corp. objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action; and (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 22:

All documents relating to any judicial or administrative proceeding in which any Defendant was accused of improper conduct with respect to the servicing of federal student loans.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii)

it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

## REQUEST FOR PRODUCTION NO. 23:

All documents relating to any claim made against any Defendant for improper conduct with respect to the servicing of federal student loans.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it is overbroad, unduly burdensome, and harassing as seeking documents beyond the scope of this action.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student

loans.  Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.


**REQUEST FOR PRODUCTION NO. 24:**

All communications with any third party regarding this litigation.  This request does not include any communication that is solely with either (a) any Defendant's counsel, or (b) Plaintiffs' counsel.  The request does include, without limitation, all notices given to any insurer and all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents that are protected from disclosure by the attorney-client privilege and or the attorney work product doctrine; (ii) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business documents that belong to Navient Corp.

Without waiving these objections, Navient Corp. responds to this Request as follows:  Navient Corp. is a holding company, which does not own or service student loans.  However, Navient Corp. has notified its insurance carriers of this matter, and will produce non-privileged documents reflecting that notification, if any exist.

Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not otherwise searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

**REQUEST FOR PRODUCTION NO. 25:**

Defendants' document destruction and retention policies, including documents suspending those policies as a result of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Navient Corp. objects to this Request on the grounds that: (i) it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of this action; and (ii) it seeks confidential, proprietary business documents that belong to Navient Corp.

Without waiving these objections, Navient Corp. responds to this Request as follows: Navient Corp. is a holding company, which does not own or service student loans. Based on its objections, and the fact that it does not own or service student loans, Navient Corp.: (1) has not searched for or collected the requested documents; and (2) is therefore not withholding any identified document.

Dated:  January 17, 2022                    Respectfully submitted,


*Lisa M. Simonetti*
Lisa M. Simonetti (*Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Phone:  (310) 586-7700
Facsimile:  (310)-586-7800
SimonettiL@gtlaw.com

Christopher A. Mair (*Pro Hac Vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone:  (312) 456-1064
Facsimile:  (312) 456-8435
MairC@gtlaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T:  570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC, formerly known
as Navient Solutions, Inc.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO,
and MARK POKORNI on behalf of
themselves and the class members
described herein,

        Plaintiffs,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, INC., AND
NAVIENT SOLUTIONS, LLC,

        Defendants.

Civil No. 3:18-cv-00121-MEM-
MCC

## DEFENDANT NAVIENT CORPORATION'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant
Navient Corporation ("Navient Corp."), hereby responds and objects to the
Interrogatories (the "Interrogatories") propounded by Plaintiffs Jill Ballard, Rebecca
Varno, and Mark Pokorni, as follows:

## PRELIMINARY STATEMENT

Navient Corp. responds to the Interrogatories based upon the investigation
conducted in the time available since service of the Interrogatories. As of the date
of these Responses, Navient Corp. has had an insufficient opportunity to review all
documents, interview all personnel, and otherwise obtain information that may prove
relevant in this case, including, without limitation, through discovery of Plaintiffs

and/or third parties.  As a consequence, Navient Corp.'s Responses are based upon information now known to Navient Corp. and that Navient Corp. believes to be relevant to the subject matter covered by the Interrogatories.  In the future, Navient Corp. may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and Navient Corp.'s Responses thereto.  Without in any way obligating itself to do so, Navient Corp. reserves the right:  (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Navient Corp. incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.      Subject to the Preliminary Statement and to every general and specific objection stated herein, Navient Corp. responds to the Interrogatories as set forth below. Navient Corp.'s statements in Response to the Interrogatories shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2.      Navient Corp. objects to the Interrogatories on the grounds that they seek to impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

3.      Navient Corp. objects to the Interrogatories on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4.      Navient Corp. objects to the Interrogatories on the grounds that they are vague and ambiguous or use undefined terms.

5.      Navient Corp. objects to the Interrogatories on the grounds that they are overbroad, unduly burdensome and harassing.

6.      Navient Corp. objects to the Interrogatories on the grounds that they seek the information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

7.      Navient Corp. objects to the Interrogatories on the grounds that they seek information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

8.      Navient Corp. objects to the Interrogatories on the grounds that they seek confidential and proprietary business information that belongs to Navient Corp.

and/or third parties. Navient Corp. will not provide any such documents without the execution by the parties, and entry by the Court, of an appropriate Stipulation regarding Confidentiality and a Protective Order.

9.      Navient Corp. objects to the Interrogatories on the grounds that they exceed the proper scope of discovery prior to class certification.

10.      Navient Corp. objects to the "Definitions" and "Instructions" sections of the Requests to the extent that they impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.   Further, and in particular:  (a) Navient Corp. objects to definitions K and L, to the extent that they refer to any entity beyond Navient Corp. itself; Navient Corp. provides these Responses only for itself; and (b) Navient Corp. objects to the timeframe set forth in instruction 6; the relevant timeframe for this action, at most, is January 16, 2012 to present.

11.      Navient Corp. incorporates the Preliminary Statement and these general objections into each Response herein as if fully set forth.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Provide the name and address of each individual (a) with a federal student loan serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest,

(b) who at any time on or after Jan. 16, 2012 (c) was enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO INTERROGATORY NO. 1:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; and (iii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 2:**

Provide the name and address of each individual (a) with a federal student loan serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b) who at any time on or after Jan. 16, 2012 (c) was enrolled in an IDR plan (d) and submitted a request for enrollment in an IDR plan that was not processed within 25 business days.

**RESPONSE TO INTERROGATORY NO. 2:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; and (iii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 3:**

Provide the name and address of each California resident (a) with a federal student loan serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2014 (c) was enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO INTERROGATORY NO. 3:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of

privacy; (ii) it exceeds the proper scope of discovery prior to class certification; and (iii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 4:**

Provide the name and address of each New York resident (a) with a federal student loan serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2012, (c) was enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO INTERROGATORY NO. 4:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; and (iii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 5:**

Provide the name and address of each Illinois resident with federal student loans serviced by Navient Corp., NSI, NSL, or any of their predecessors in interest, (b) who, at any time on or after Jan. 12, 2008, (c) submitted a request for enrollment in an IDR plan (d) that was not processed within 25 business days.

**RESPONSE TO INTERROGATORY NO. 5:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; (ii) it exceeds the proper scope of discovery prior to class certification; and (iii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 6:**

Identify each person employed by, or under contract with, any Defendant at any time between Jan. 12, 2008 and the present who had supervisory or managerial responsibility over individuals who were responsible for any "Loan Servicing Activity."

**RESPONSE TO INTERROGATORY NO. 6:**

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks information in which non-parties have a legitimate expectation and/or right of privacy; and (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 7:**

Describe Defendants' procedures for recording and storing telephone communications, email, and other electronic communications with borrowers, including communications via Defendants' "chat" feature, and please include in

your description an explanation of whether Defendants have the ability to conduct computerized searches of such communications.

## RESPONSE TO INTERROGATORY NO. 7:

Navient Corp. objects to this Interrogatory on the grounds that: (i) it seeks confidential, proprietary business information that belongs to Navient Corp.; and (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

## INTERROGATORY NO. 8:

List all fields that can be searched on the computer systems that each Defendant uses to service federal student loans and state whether those computer systems can retrieve the following for each such field:

    a.    The number of individuals with a federal student loan serviced by any Defendant who, at specified times or during specified periods, were enrolled in an IDR plan.

b.      The number of such individuals who timely submitted proof of income and an application to renew the IDR plan and the dates of such submissions.

c.      Whether such applications were eventually approved.

d.      The date on which such applications were approved.

e.      Whether the borrower's income driven payments were discontinued while the application to renew the plan was being processed.

f.      The amount of any interest capitalized when the IDR plan was discontinued.

g.      Whether any forbearances were placed on the borrower's account while the IDR Plan renewal application was being processed, and if so, the type of forbearance (i.e., voluntary or administrative).

h.      The amount of interest capitalized as a result of any forbearance.

i.      The total amount of payments collected, if any, while the application was being processed.

j.      The amount of the borrower's monthly payments when the IDR plan was approved.

**RESPONSE TO INTERROGATORY NO. 8:**

Navient Corp. objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 9:**

List all reports that are regularly generated by the computer system that any Defendant uses to service federal student loans.

**RESPONSE TO INTERROGATORY NO. 9:**

Navient Corp. objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action.

Without waiving these objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Therefore, the requested information is not within Navient Corp.'s possession, custody or control.

**INTERROGATORY NO. 10:**

With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his or her name, address, telephone number, occupation, and current employment; (b) the subject matter of his or her expertise; (c) his or her educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him or her as an expert; (d) the substance of all facts and opinions to which he or she could testify if called as a witness; and (e) a summary of the grounds for each such opinion.

**RESPONSE TO INTERROGATORY NO. 10:**

Navient Corp. objects to this Interrogatory on the grounds that it is premature.

Dated:  January 17, 2022                   Respectfully submitted,


*/s/ Lisa M. Simonetti*
Lisa M. Simonetti (*Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Phone:  (310) 586-7700
Facsimile:  (310) 586-7800
SimonettiL@gtlaw.com

Christopher A. Mair (*Pro Hac Vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone:  (312) 456-1064
Facsimile:  (312) 456-8435
MairC@gtlaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T:  570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC, formerly known
as Navient Solutions, Inc.

## VERIFICATION

I, Stephen O'Connell, am an employee of Navient Corporation ("Navient Corp."), a party to this action, and am authorized to make this Verification on its behalf. I have read Navient Corp.'s Responses and Objections to Plaintiffs' Interrogatories (the "Responses"). I am informed and believe, including based on information that I have received during the course of my employment at Navient Corp., as well as a review of records maintained by or belonging to Navient Corp. with respect to the conduct challenged by plaintiffs in this action, that the matters set forth in the Responses are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15 day of December 2021, at Vienna, VA_____.

_____
Stephen O'Connell

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI on behalf of themselves and the class members described herein,<br><br>         Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>         Defendants. | Civil No. 3:18-cv-00121-MEM-MCC |

## DEFENDANT NAVIENT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Navient Corporation ("Navient Corp."), hereby responds and objects to the Requests for Admissions (the "Requests") propounded by plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni, as follows:

## PRELIMINARY STATEMENT

Navient Corp. responds to the Requests based upon the investigation conducted in the time available since service of the Requests. As of the date of these Responses, Navient Corp. has had an insufficient opportunity to review all

documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties.  As a consequence, Navient Corp.'s Responses are based upon information now known to Navient Corp. and that Navient Corp. believes to be relevant to the subject matter covered by the Requests.  In the future, Navient Corp. may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and Navient Corp.'s Responses thereto.  Without in any way obligating itself to do so, Navient Corp. reserves the right:   (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Navient Corp. incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.     Subject to the Preliminary Statement and to every general and specific objection stated herein, Navient Corp. responds to the Requests as set forth below. Navient Corp.'s statements in Response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2.      Navient Corp. objects to the Requests on the grounds that they seek to impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

3.      Navient Corp. objects to the Requests on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4.      Navient Corp. objects to the Requests on the grounds that they are vague and ambiguous or use undefined terms.

5.      Navient Corp. objects to the Requests on the grounds that they are overbroad, unduly burdensome and harassing.

6.      Navient Corp. objects to the Requests on the grounds that they seek the admission of facts that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

7.      Navient Corp. objects to the Requests on the grounds that they seek the admission of facts that are neither relevant to any party's claim or defense nor proportional to the needs of this action.

8.      Navient Corp. objects to the Requests on the grounds that they seek confidential and proprietary business information that belongs to Navient Corp.

and/or third parties. Navient Corp. will not provide any such information without the execution by the parties, and entry by the Court, of an appropriate Stipulation regarding Confidentiality and a Protective Order.

9.      Navient Corp. objects to the Requests on the grounds that they exceed the proper scope of discovery prior to class certification.

10.     Navient Corp. objects to the "Definitions" and "Instructions" sections of the Requests to the extent that they impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court.   Further, and in particular:  (a) Navient Corp. objects to definitions K and L, to the extent that they refer to any entity beyond Navient Corp. itself;  Navient Corp. provides these Responses only for itself; and (b) Navient Corp. objects to the timeframe set forth in instruction 6; the relevant timeframe for this action, at most, is January 16, 2012 to present.

11.     Navient Corp. incorporates the Preliminary Statement and these general objections into each Response herein as if fully set forth.

## REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

There are more than 40 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who

at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 2:**

There are more than 40 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan (d) and submitted a request for enrollment in an IDR plan that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 3:**

There are more than 40 California residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2014 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 4:**

There are more than 40 New York residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2012, (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.


**REQUEST FOR ADMISSION NO. 5:**

There are more than 40 Illinois residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who, at any time on or after Jan. 12, 2008, (c) submitted a request for enrollment in an IDR plan (d) that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.


**REQUEST FOR ADMISSION NO. 6:**

There are more than 250 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who

at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 7:**

There are more than 250 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan (d) and submitted a request for enrollment in an IDR plan that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 8:**

There are more than 250 California residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2014 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.


**REQUEST FOR ADMISSION NO. 9:**

There are more than 250 New York residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2012, (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 10:**

There are more than 250 Illinois residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who, at any time on or after Jan. 12, 2008, (c) submitted a request for enrollment in an IDR plan (d) that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 11:**

There are more than 2,500 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b)

who at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 12:**

There are more than 2,500 individuals (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 16, 2012 (c) were enrolled in an IDR plan (d) and submitted a request for enrollment in an IDR plan that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 13:**

There are more than 2,500 California residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2014 (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 14:**

There are more than 2,500 New York residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who at any time on or after Jan. 12, 2012, (c) were enrolled in an IDR plan, (d) and timely submitted a request to renew the plan, (e) which was nonetheless cancelled because the renewal was not processed before the plan expired.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 15:**

There are more than 2,500 Illinois residents (a) with federal student loans serviced by Navient Corp., NSI, Navient Corp., or any of their predecessors in interest, (b) who, at any time on or after Jan. 12, 2008, (c) submitted a request for enrollment in an IDR plan (d) that was not processed within 25 business days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Without waiving the general objections, Navient Corp. responds to this Interrogatory as follows: Navient Corp. is a holding company, which does not own or service student loans. Accordingly, the information available to Navient Corp. is insufficient to enable it to admit or deny the Request.

Dated:  January 17, 2022                     Respectfully submitted,


                                             */s/ Lisa M. Simonetti*
                                             Lisa M. Simonetti (*Pro Hac Vice*)
                                             Greenberg Traurig, LLP
                                             1840 Century Park East, Suite 1900
                                             Los Angeles, CA 90067
                                             Phone: (310) 586-7700
                                             Facsimile: (310) -586-7800
                                             SimonettiL@gtlaw.com

                                             Christopher A. Mair (*Pro Hac Vice*)
                                             Greenberg Traurig, LLP
                                             77 West Wacker Drive, Suite 3100
                                             Chicago, IL 60601
                                             Phone: (312) 456-1064
                                             Facsimile: (312) 456-8435
                                             MairC@gtlaw.com

                                             Daniel T. Brier
                                             Donna A. Walsh
                                             Myers Brier & Kelly, LLP
                                             425 Spruce Street, Suite 200
                                             Scranton, PA 18503
                                             T: 570-342-6100
                                             dbrier@mbklaw.com
                                             dwalsh@mbklaw.com

                                             Counsel for Defendants
                                             Navient Corporation and
                                             Navient Solutions, LLC, formerly known
                                             as Navient Solutions, Inc.