# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) ) Docket 3:18-cv-00121-MEM-MCC |
| Plaintiffs, | ) ) |
| v. | ) (Judge Malachy E. Mannion) ) |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., and NAVIENT SOLUTIONS, LLC, | ) (Magistrate Judge Martin C. Carlson) ) ) ) ELECTRONICALLY FILED |
| Defendants. | ) ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION
TO COMPEL CLASS DISCOVERY AND AMEND THE COMPLAINT**

Daniel A. Edelman
Cassandra P. Miller
**Edelman, Combs, Latturner
 & Goodwin, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603
Phone (312) 739-4200
dedelman@edcombs.com
cmiller@edcombs.com

Anthony Fiorentino
**Fiorentino Law Offices, LTD**
432 N. Clark St., Suite 202
Chicago, IL 60654
(312) 853-0050
anthony@fiorentinolaw.com

Carlo Sabatini, PA 83831
**Sabatini Freeman, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

1. Under well-settled law, Plaintiffs may modify their class definition throughout the course of litigation, without amending their pleadings...............1

2. Defendants are bound by the agreement between the parties and have therefore waived any objection to an amended pleading. ...................................7

3. Plaintiffs have been diligent in prosecuting this litigation and have satisfied the "good cause" standard under Rule 16. ...........................................9

4. Navient will not be prejudiced if the modified class definitions are permitted. ...............................................................................................................12

# **TABLE OF AUTHORITIES**

**CASES**

*Baldwin v. Univ. of Pittsburgh Med. Ctr.*,
  636 F.3d 69 (3d Cir. 2011) .............................................................................. 7, 8

*Chapman v. First Index, Inc.*,
  796 F.3d 783 (7th Cir. 2015) ............................................................................ 4-5

*Chedwick v. UPMC*,
  263 F.R.D. 269 (W.D. Pa. 2009) ......................................................................... 1

*Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*,
  148 F. App'x 82 (3d Cir. 2005) .......................................................................... 12

*Empire Sanitary Landfill, Inc. v. Riverside Sch. Dist.*,
  739 A.2d 651 (Pa. Commw. Ct. 1999) ................................................................ 8

*Evancho v. Fisher*,
  423 F.3d 347 (3d Cir. 2005) ................................................................................ 5

*Gates v. Rohm & Haas Co.*,
  265 F.R.D. 208 (E.D. Pa. 2010) aff'd, 655 F.3d 255 (3d Cir. 2011) ............... 2-3

*In re Geisinger Health & Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig., No. 4:21-CV- 00196*,
  2022 U.S. Dist. LEXIS 100048 (M.D. Pa. June 3, 2022) ............................... 5, 6

*Sachs v. Metro. Direct Prop. & Cas. Ins. Co., No. 3:13-CV-2380*,
  2014 WL 1877626 (M.D. Pa. May 9, 2014) ....................................................... 5

*Johansson, et al. v. Nelnet, Inc., et al., No. 4:20-cv-03069*,
  (D. Neb. 2020) .................................................................................................. 12

*Starling v. Lake Meade Prop. Owners Ass'n, Inc.*,
  640 Pa. 126, 162 A.3d 327 (Pa. 2017) ............................................................ 8-9

*Thomas v. Cendant Mortgage*,
  2005 U.S. Dist. LEXIS 3780, 2005 WL 579903 (E.D. Pa. Mar. 11, 2005) ........ 6

*Thomas v. Luzerne Cnty. Corr. Facility*,
  310 F. Supp. 2d 718 (M.D. Pa. 2004) ................................................................. 5

*Weisfeld v. Sun Chem. Corp.*,
    84 F. App'x 257 (3d Cir. 2004) .............................................................................. 2

*Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198,
    2017 WL 3894888 (M.D. Pa. Sept. 6, 2017) aff'd,
    909 F.3d 604 (3d Cir. 2018) .................................................................... 2, 13, 14

*Yochum v. FJW Inv., Inc.*,
    715 F. App'x 174 (3d Cir. 2017) ..................................................................... 13

**RULES**

Fed. R. Civ. P. 8 ................................................................................................. 5
Fed. R. Civ. P. 12 ............................................................................................... 14
Fed. R. Civ. P. 15 ............................................................................................... 9
Fed. R. Civ. P. 16 ................................................................................... 9, 10, 12
Fed. R. Civ. P. 23 ........................................................................................ 5, 14
Fed. R. Civ. P. 37 ........................................................................................ 10, 11

### 1. Under well-settled law, Plaintiffs may modify their class definition throughout the course of litigation, without amending their pleadings.

Because the modified class definitions are grounded in the operative complaint, Defendants do not accuse Plaintiffs of raising new legal theories. Instead, they assert that Plaintiffs "seek to introduce completely new elements of *class membership*." (ECF 86, Def. Brf. at 14) (emphasis added). But whether the class that is ultimately certified precisely mirrors the definition that was originally proposed in the complaint is irrelevant. *See Chedwick v. UPMC*, 263 F.R.D. 269, 272 (W.D. Pa. 2009) ("[t]he relevant question is not whether [the] complaint precisely identifies a certifiable class, but rather whether is it [sic] conceivable that a class could be certified under the present circumstances. A court is not bound by the class definition proposed in the complaint...") (*citing Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir. 1993)).

In fourteen paragraphs of the First Amended Complaint ("FAC"), Plaintiffs alleged that Navient's forbearance practices were improper and caused financial harm. (FAC at ¶¶ 6, 15, 40, 49, 52, 53, 54, 55, 71, 74, 76, 84, 139, and 149). However, because these allegations were not incorporated into the original class definition, Navient asserts that they "cannot fairly be considered as the basis for Plaintiffs' claims." (ECF 86, Def. Brf. at 14). This argument is not supported by the law.

Plaintiffs have cited three opinions in which the Third Circuit has issued or affirmed rulings allowing class action complainants to modify their class definitions, *without* amending their pleadings:

1. *Weisfeld v. Sun Chem. Corp.,* 84 F. App'x 257, 259 (3d Cir. 2004) (allowing Plaintiffs to propose a modified class definition in their motion for certification because "a court is not bound by the class definition proposed in the complaint").

2. *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198, 2017 WL 3894888, at *9 (M.D. Pa. Sept. 6, 2017), *aff'd,* 909 F.3d 604 (3d Cir. 2018) ("A court is not bound by the class definition proposed in the complaint. This is a sensible rule because holding a plaintiff to their original class definition 'would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition.' *In the Matter of: Monumental Life Insurance Co.*, 365 F.3d 408, 414 (5th Cir. 2004). To this end, courts have allowed Plaintiffs to substantially modify proposed class definitions initially set forth in their Complaint throughout the course of litigation.").

3. *Gates v. Rohm & Haas Co.*, 265 F.R.D. 208, 215 (E.D. Pa. 2010), *aff'd,* 655 F.3d 255 (3d Cir. 2011) ("In their Reply Brief [on Plaintiff's motion for certification], the Plaintiffs substantially modified the proposed class definitions initially set forth in their Complaint. Sensibly, modification of a class definition is contemplated by the Federal Rules of Civil Procedure, and a court is not bound by

2

the class definition proposed in the complaint.") (*citing Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir. 1993)).

By contrast, Defendants have not cited any appellate decision to support their argument. Instead, they simply assert that the above-cited cases do not apply. For instance, Defendants note that "the decisions relied upon by Plaintiffs concern motions for class certification, not motions to compel discovery." (ECF 86, Def. Brf. at 16). However, this fact only serves to *bolster* Plaintiffs' position. If complainants are permitted to modify their class definition at the late stage of certification, they are *a fortiori* permitted to do so at the much earlier stage of discovery.

Defendants also argue that any class definition must be limited to the issue of "the timing of IDR processing" because that was "the foundational element of class membership" in the FAC. (*Id.* at 2, 14). However, it was Defendants' persistent refusal to answer discovery on that very definition, which they claimed was "unworkable," that necessitated the modified class definitions in the first place. Defendants wish to have their cake and eat it, too. They refuse to answer discovery on the *original* class definition, while opposing any attempt to compel discovery on the *modified* class definitions.

With respect to the latter, Defendants claim that Plaintiffs' allegations regarding forbearances cannot form the basis of a class definition because forbearance enrollment has "nothing to do with the timing of IDR processing,"

3

which was the primary factor in the original definition. (ECF 86, Def. Brf. at 14). To the contrary, the FAC *directly links* Navient's IDR processing delays to its forbearance enrollment practices:

> "The failure of [Navient] . . . to timely and properly process IDR plan applications deprived borrowers of the opportunity to make qualifying monthly payments that count toward loan forgiveness. **To accommodate these processing delays, and increase its own revenue, [Navient] . . . puts borrowers' accounts into deferment or forbearance status** under circumstances that are not permitted by federal law. . . ." (FAC at ¶ 55, emphasis added).

From the outset of this litigation, Navient's forbearance practices have been the primary basis of Plaintiffs' theory of monetary damages. (*See* FAC at ¶ 6) ("[Navient's] abuse of the forbearance process . . . improperly increased the principal loan balance of its borrowers, putting them deeper and deeper into debt.").[1] Navient effectively seeks to excise these allegations from the complaint, merely because they were not incorporated in the original class definition. This is at odds with notice pleading requirements under the federal rules. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) ("A complaint must contain three things: a statement

---

[1] Defendants imply that Plaintiffs' modified class definitions are not grounded in the operative complaint because the FAC does not contain any references to "discretionary forbearances" – a term that appears in the modified class definitions. (ECF 86, Def. Brf. at 14). This implication is misleading. Jeff Stine testified during his deposition that the type of forbearance referenced in the FAC is generally referred to as a "discretionary forbearance." Exhibit A, Deposition Transcript of Jeff Stine, 32:11-18. To avoid confusion, Plaintiffs agreed to use that nomenclature when referring to such forbearances. *Id.* at 32:19-24.

of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. ***Class definitions are not on that list***. Instead, the obligation to define the class falls on the judge's shoulders under Fed. R. Civ. P. 23(c)(1)(B).") (emphasis added). *See also, Thomas v. Luzerne Cnty. Corr. Facility*, 310 F. Supp. 2d 718, 720 (M.D. Pa. 2004) ("No technical forms of pleadings or motions are required, [and] all pleadings shall be so construed as to do substantial justice."); *Sachs v. Metro. Direct Prop. & Cas. Ins. Co.*, No. 3:13-CV-2380, 2014 WL 1877626, at *2 (M.D. Pa. May 9, 2014) (pleadings should not be read in a manner that "is hyper-technical and inimical to the notice pleading requirements of Rule 8."); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (a claim has been properly pled if relief could be granted "under any set of facts which could be proved.").

Because there are no appellate decisions that support Navient's argument, they rely on two district court rulings, but even those cases do not support their position. In *In re Geisinger Health & Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-CV- 00196, 2022 U.S. Dist. LEXIS 100048 (M.D. Pa. June 3, 2022) (C.J., Brann), the court noted that, "for purposes of discovery, Plaintiffs are limited by the allegations in the Amended Complaint," and cannot pursue theories that were "not already identified in the pleadings." *Id*. at *2. Thus, the court would not permit discovery on entities and individuals that were "outside the class definition ***and beyond the scope of the allegations in the complaint***." (emphasis

5

added). *Id*. at *7. Given the voluminous pleadings in the FAC regarding Navient's forbearance practices, it is difficult to see how *In re Geisinger Health* applies. Moreover, the defendant in *In re Geisinger Health* did not refuse to answer discovery on the original class definition, thereby *requiring* the plaintiff to modify the class definition, as Navient has done in the instant case.

In *Thomas v. Cendant Mortgage*, 2005 U.S. Dist. LEXIS 3780, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11, 2005), which was also cited by Defendants, a plaintiff sought class discovery in pursuit of a *hypothetical class*. In denying the request, the Chief Judge noted as follows:

> "[The plaintiff] asserts that 'once he has had the opportunity to take discovery on class issues, and delineate more particularly the contours of the 'in between' group of consumers, he will be able to seek certification of a class with a definition substantially similar to that of his Class Action Complaint. [The plaintiff] bases his motion on the mere possibility of discovering a class...However, discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it."

*Id*. at *3. *Cendant Mortgage* bears no similarity to the instant case. Plaintiffs are not seeking broad discovery on a hypothetical class. They have already propounded modified class definitions on Defendants, which were based on evidence revealed during the deposition of Jeff Stine, and grounded in the allegations of the FAC. They merely seek targeted discovery that will reveal the number of members in the modified classes.

6

## 2. Defendants are bound by the agreement between the parties and have therefore waived any objection to an amended pleading.

Plaintiffs offered to not oppose Navient's requested extensions of their discovery deadlines, so long as Defendants agreed to "not oppose, on the basis of timeliness, a request by Plaintiffs for leave to amend." (ECF 81-5, Pl. Brf. at Ex. C). Navient agreed to the proposal and reaped its benefits. Now, however, Defendants seek to avoid the agreement by offering a strained reading of the parties' communications. They claim that Navient agreed to waive any objection to *adding parties* after the December 3, 2021 deadline, but not to *amending the pleadings*. (ECF 86, Def. Brf. at 15).

Navient's hairsplitting makes little sense. Plaintiffs' counsel stated in her email: "The only deadline that I think may be impacted by the requested extension is **the** 12/3/21 deadline to amend **and** add parties." ECF 81-5, Pl. Brf. at Ex. C) (emphasis added). Plaintiffs' use of the word "and" clearly refers to the amendment of pleadings *as well as* the addition of parties. Her use of the word "the" makes obvious that she was referring a single deadline: the deadline to amend the pleadings *and* add parties. This is the only reasonable interpretation because the December 3, 2021 deadline applied for both purposes. (ECF 68, Joint Case Management Plan, at 9, and ECF 69, Order). *See Baldwin v. Univ. of Pittsburgh Med. Ctr.,* 636 F.3d 69, 75 (3d Cir. 2011) ("The paramount goal of contract interpretation is to determine the intent of the parties.").

7

Defendants emphasize the fact that Plaintiffs' counsel subsequently referred to the deadline "to amend ***to*** add parties." (ECF 86, Def. Brf. at 6). The mere substitution of the word "to" for "and" does not signify that the parties were suddenly discussing two different deadlines. There is no language in the communications that would point toward such an intent. *See Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76 (3d Cir. 2011) ("The strongest objective manifestation of intent is the language of the contract.").

Moreover, Navient's interpretation of the agreement would render it meaningless. If Plaintiffs were permitted to add parties, but *not* amend the pleadings, there would be no means of stating the claims of the newly-added parties. While it is possible to amend one's pleadings without adding parties, the reverse is not true. The addition of new parties *always* requires an amended pleading, which must state the new parties' causes of action. Thus, Navient's interpretation would lead to an absurd result: in practice, the agreement would not allow the amendment of pleadings, *or* the addition of parties.

It is well settled law that, "before a court may interpret a contract in such a way as to reach an absurd result, it must endeavor to reach an interpretation that is reasonable in light of the parties' intentions." *Empire Sanitary Landfill, Inc. v. Riverside Sch. Dist.*, 739 A.2d 651, 655 (Pa. Commw. Ct. 1999). *See also Starling v. Lake Meade Prop. Owners Ass'n, Inc.*, 640 Pa. 126, 157, 162 A.3d 327, 346 (Pa.

8

2017) ("Ambiguities [in contracts] are to be resolved in favor of a reasonable rather than an absurd or unreasonable interpretation.").

In short, Defendants consented in writing to waive any objections to an amended pleading on grounds of untimeliness. Under Rule 15, a party may amend its pleading at any time with "the opposing party's written consent." Fed. R. Civ. P. 15 (a)(2). Although Plaintiffs do not seek to amend their complaint, they should be permitted to do so, as a matter of right, should the Court deem an amended pleading necessary to proceed with discovery on the modified class definitions.

### 3. Plaintiffs have been diligent in prosecuting this litigation and have satisfied the "good cause" standard under Rule 16.

Defendants argue that, under Rule 16's "good cause" standard, Plaintiffs should not be permitted to use the modified class definitions because they brought the instant motion "on September 21, 2022—292 days after the expiration of the Court's deadline to amend the FAC." (ECF 86, Def. Brf. at 10).[2]

There are two reasons why the Court need not burden itself with a "good cause" analysis under Rule 16: (1) Under Rule 15, Plaintiffs are entitled to amend their pleading, as a matter of right, because Navient consented in writing to an

---

[2] In fact, Plaintiffs notified Navient of the modified class definitions seven weeks earlier, when they first propounded the definitions on Defendants. (ECF 81-10, Pl. Brf. at Ex. H). However, Plaintiffs concede that this difference of approximately 50 days is not material here.

9

amended pleading after the December 3, 2021 deadline; and (2) Plaintiffs do not seek to amend their complaint at all. They merely wish to use the modified class definitions, which are based on allegations in the FAC. However, even if the Rule 16 "good cause" standard applied, it has been satisfied because Plaintiffs have been diligent in prosecuting this case.

Navient claims that Plaintiffs engaged in undue delay because they served discovery requests 81 days after the entry of the Case Management Order. (ECF 86, Def. Brf. at 5). This is irrelevant to the "diligence" inquiry because it did not, in any way, impede or alter the deadlines set by the Court. On October 18, 2021, Plaintiffs served their initial discovery requests on Navient. (ECF 81-3, Pl. Brf. at Ex. A). Because Navient's responses were due on November 17, 2021, Plaintiffs would have had more than two weeks thereafter to respond with an amended pleading prior the December 3, 2021 deadline, if such a pleading was deemed necessary. However, Navient failed to meet its discovery deadlines, and instead sought two extensions. By contrast, Plaintiffs complied with all their discovery obligations in accordance with the dates set forth in the Court's scheduling order.

Defendants also note that they served discovery responses on January 17, 2022, which contained objections to the original class definition, but Plaintiffs did not seek a Rule 37 conference until March 23, 2022. (ECF 86, Def. Brf. at 7). Defendants fail to acknowledge that this interval occurred *after* Navient agreed to

10

waive any objections to an amended pleading based on grounds of "untimeliness." Plaintiffs reasonably relied on the agreement, which gave them time to review the approximately 28,000 pages of documents produced by Navient on January 17, 2022. These documents included lengthy loan servicing protocols, technical manuals, and voluminous account records. In reliance on the parties' agreement, Plaintiffs spent the next two months thoroughly reviewing and researching these records to determine whether and how to oppose Navient's objections to the original class definition. A meaningful Rule 37 conference could not have been held before this intensive document review was complete.

 Defendants further argue that "in December 2021, Plaintiffs knew or should have known enough to contemplate amendment of the FAC or, at a minimum, to seek amendment then." (ECF 86, Def. Brf. at 12). According to Navient, Plaintiffs became aware that the original class definition was "unworkable" during a Rule 37 conference in December 2021, when Defense Counsel stated that the original class definition was "deeply flawed due to the highly individualized, borrower-by-borrower facts at issue." (*Id.* at 7). Defendants' argument presumes that Plaintiffs should have taken Navient at its word, and abandoned their original class definition, based solely on Defense Counsel's assertions, *before* any documents were produced that would verify Navient's claims.

11

It was reasonable for Plaintiffs to make their own assessment *after* reviewing the 28,000 pages of relevant account records. Plaintiffs were not required to base their entire litigation strategy on Defendants' unsubstantiated claims about what information is susceptible of classwide proof. Under the Rule 16 "good cause" standard, the relevant question is when a party comes into "possession of the facts." *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005). This standard does not require that a party blindly accept bare assertions from opposing counsel.

In support of their "diligence" argument, Defendants attempt to analogize this case to *Johansson, et al. v. Nelnet, Inc., et al.*, No. 4:20-cv-03069 (D. Neb. 2020), in which the plaintiffs sought to amend their complaint after the deadline for adding claims or parties. However, the plaintiffs in *Johansson* raised new theories and factual allegations that were not plead in the operative complaint. These facts are distinguishable from the instant case, in which Plaintiffs merely seek to use modified class definitions based on allegations that are already in the FAC. Moreover, unlike Navient here, the defendants in *Johansson* had not waived any objections to an amended pleading on grounds of untimeliness.

### 4. Navient will not be prejudiced if the modified class definitions are permitted.

Navient claims it will be prejudiced if the modified class definitions are permitted because Defendants have "completed fact discovery" and would have to

"re-open discovery on additional issues." (ECF 86, Def. Brf. at 14). In support of this argument, Defendants cite *Yochum v. FJW Inv., Inc.*, 715 F. App'x 174, 177 (3d Cir. 2017) for the rule that prejudice exists when the proposed amendment would inject new legal theories into a case after substantial discovery has been completed. (ECF 86, Def. Brf. at 13). However, Defendants have not identified any "new" legal theories because the modified class definitions are based entirely on allegations in the FAC. Defendants' only contention is that the modified definitions introduce "new elements of class membership," not new legal theories. (*Id.* at 14).

Moreover, as set forth in Plaintiffs' supporting brief, the modified class definitions are based on Jeff Stine's *admissions* of Defendants' wrongful conduct, which eliminates any serious factual dispute regarding liability on Plaintiffs' individual claims. In their response, Defendants have not contested these facts; they simply ignore them. Because Defendants cannot point to any factual matters requiring additional discovery, there is no prejudice. *See Weitzner v. Sanofi Pasteur, Inc.,* No. 3:11-CV-02198, 2017 WL 3894888, at *10 (M.D. Pa. Sept. 6, 2017), *aff'd,* 909 F.3d 604 (3d Cir. 2018) ("Since Defendants have failed to offer any concrete prejudice caused by the timing of the modification [to the class definition], this Court will not grant the Motion to Strike.").

In any event, Defendants have *already* questioned Plaintiffs, at considerable length, about the facts surrounding their forbearances. Indeed, *five consecutive pages*

13

of the transcript of Rebecca Varno's deposition consist of nothing but testimony regarding her forbearances. Exhibit B, Deposition Transcript of Rebecca Varno, 36:1-39:30. These questions were not surprising, given the FAC's emphasis on Varno's monetary damages resulting from the forbearances. Based on this testimony, and the fact that Navient already has Plaintiffs' complete account records, it is not clear what additional discovery would be necessary, even if there were any material disputes of fact.[3]

Because additional fact discovery would be futile, the only concrete claim of prejudice made by Defendants is that they were unable to challenge the modified class definitions in their Rule 12(b)(6) motion to dismiss. (ECF 86, Def. Brf. at 14). If this were a cognizable form of prejudice, it would essentially nullify the well-settled rule that Plaintiffs may "substantially modify proposed class definitions initially set forth in their Complaint throughout the course of litigation." *Weitzner,* 2017 WL 3894888, at *9. Any legal deficiencies raised by the modified class definitions can be taken up at the class certification stage under a standard Rule 23 analysis.

Contrary to Defendants' claims, it is *Plaintiffs* who would suffer prejudice if Defendants are permitted to renege on their agreement by now opposing an amended

---

[3] Because discovery remains open, Plaintiffs do not oppose additional oral and written discovery based on the modified class definitions, should Navient wish to pursue any.

14

pleading. If Navient had not consented in writing to waiving such objections, Plaintiffs would have insisted that discovery be answered in a timely fashion, giving them time to proffer new class definitions, should they have become necessary, *before* the deadline to amend the pleadings. Navient turns the issue of prejudice on its head.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel Class Discovery and Amend the Complaint.

Respectfully Submitted,

/s/ *Cassandra Miller*
Cassandra Miller

| | |
|---|---|
| Daniel A. Edelman<br>Cassandra P. Miller<br>**Edelman, Combs, Latturner<br>& Goodwin, LLC**<br>20 South Clark Street, Suite 1500<br>Chicago, IL 60603<br>Phone (312) 739-4200<br>dedelman@edcombs.com<br>cmiller@edcombs.com | Anthony Fiorentino<br>**Fiorentino Law Offices, LTD**<br>432 N. Clark St., Suite 202<br>Chicago, IL 60654<br>(312) 853-0050<br>anthony@fiorentinolaw.com |

Carlo Sabatini, PA 83831
**Sabatini Freeman, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

15

## **CERTIFICATE OF SERVICE**

I certify that on the 28th day of October, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to counsel of record for the defendant, namely:

Daniel T. Brier
dbrier@mbklaw.com

Donna A. Walsh
dwalsh@mbklaw.com

Lisa Marie Simonetti
simonettil@gtlaw.com

Christopher Anthony Mair
mairc@gtlaw.com
Lawyers for Defendants


*s/Cassandra P. Miller*
Cassandra P. Miller
Illinois ARDC #: 6290238