# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | No. 3:18-cv-121-MEM<br><br>(Judge Malachy E. Mannion)<br><br>(Magistrate Judge Daryl F. Bloom)<br><br>ELECTRONICALLY FILED |

## STIPULATED AND PROPOSED
## JOINT AMENDED CASE MANAGEMENT REPORT

NOW COME plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni (collectively, "Plaintiffs"), jointly with defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL," and together with Navient Corporation, "Defendants"), and hereby stipulate and agree as follows:

WHEREAS, on May 2, 2023, this Court entered a Report and Recommendation to grant Plaintiffs' Motion to Compel Discovery and Amend Complaint, which the District Court adopted in its entirety on June 29, 2023. (Docs. 88 and 89.)

1

WHEREAS, on July 17, 2023, Plaintiffs served discovery requests ("Plaintiffs' Discovery Requests") encompassing the information that Plaintiffs believe is reflected in the Court's Report and Recommendation (Doc. 90, ¶2).

WHEREAS, certain discovery disputes arose between the parties related to Plaintiffs' Discovery Requests (Docs. 99-101).

WHEREAS, on November 9, 2023 (Doc. 103), following a telephone conference regarding the discovery disputes between the parties (Docs. 99-101), this Court entered an order requiring: (1) the Defendants to produce the novation and exhibits, with redactions and omissions as discussed during the conference, on or before Wednesday, November 15, 2023; (2) the parties to schedule the deposition of Patrick Theurer within 45 days; and (3) the parties to file their joint amended case management plan on or before Monday, November 20, 2023, which the Court then extended to November 21, 2023, at the parties' request.

WHEREAS, NSL produced the novation and exhibits on Tuesday, November 14, 2023, and the parties have scheduled the deposition of Patrick Theurer for December 19, 2023.  The parties have been diligently working to resolve a dispute as to the scope of the December 19, 2023 deposition, which Plaintiffs noticed pursuant to Federal Rule of Civil Procedure 30(b)(1) and 30(b)(6).  NSL served objections to that notice on multiple grounds, including the combination of

depositions pursuant to these separate Rules.

WHEREAS, the parties met by phone on November 21, 2023 pursuant to Rule 37 in an attempt to resolve the deposition dispute.

WHEREAS, the parties believe that they were able to reach an agreement as to their dispute, which will likely require the scheduling of at least one additional Rule 30(b)(6) deposition following the Patrick Theurer Deposition on December 19, 2023.  NSL is working with Plaintiffs to schedule an additional Rule 30(b)(6) deposition date, but anticipates that any such date will not be until mid-January, 2024, at the earliest.

**IT IS HEREBY STIPULATED** by and between the parties, through their respective counsel of record:

1. The parties will conduct the deposition of Patrick Theurer on December 19, 2023 pursuant to their meet and confer efforts.

2. The parties propose for the Court's consideration and approval the below Case Management Scheduling deadlines:

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Schedule[1].

---

[1] As taken from Section 6.0 of the Court's form Case Management Plan.

**6.0  Scheduling**

6.1   Final date for joining additional parties:

<u>Deadline Completed</u> for Plaintiff(s)

<u>Deadline Completed</u> for Defendant(s)

6.2   Final date for amending pleadings:

<u>Plaintiffs' Position</u>:  Plaintiffs do not anticipate the need to amend the substantive allegations in the Complaint, however, the class definition may need to be modified to meet the search parameters and capabilities of the loan servicing platform used by Navient.  Discovery related to the feasibility of the class searches and identification of the class members was ordered by the Court on June 29, 2023, (Docs. 88 and 89), was the subject of the discovery dispute before this Court on November 9, 2023 (Doc. 99-103), and is the primary focus of the parties current discovery efforts as outlined above.  As such, Plaintiffs request that the Court set a deadline following completion of fact discovery for Plaintiffs to amend their Complaint.  Plaintiffs propose a deadline of <u>June 27, 2023</u>.

<u>Defendants' Position</u>:   The schedule should not contemplate further amendment of the class definitions, absent a fully supported motion for leave to amend.  This matter has been pending for some time, and plaintiffs already have used their opportunity to amend through a litigated motion.

6.3   All fact discovery commenced in time to be completed by:

<u>Plaintiffs' Position</u>:  Based on Defendants' limited availability over the next several months, Defendants do not anticipate being able to produce additional Rule 30(b)(6) witnesses until mid-

4

>January, at the earliest.  Among other matters, Plaintiffs anticipate the need for additional follow-up discovery after completing Defendants' depositions, both from Defendants and third parties.   As such, Plaintiffs propose a fact discovery deadline of <u>June 20, 2024</u>.
>
>
>
>
>
>
>
><u>Defendants' Position</u>:  The discovery necessary to this matter going forward should be limited at this point.  It has been pending for some time.  Also, NSL does not have "limited availability," but it must accommodate the schedules of all persons involved in depositions.

6.4   All potentially dispositive motions should be filed by:

>
>
><u>Plaintiffs' Position</u>:  Plaintiffs intend to file a motion for class certification upon completion of discovery.  If this Court certifies Plaintiffs' proposed class, notice of the pendency of the action will need to be provided to each class member before the Court enters any dispositive orders which may affect their claims.  Subsequent to the Court's ruling on the motion for class certification, Plaintiffs intend to file a motion for summary judgment.[2]

---

[2] Plaintiffs' Position as to the timing of the parties respective motions for summary judgment:  To the extent that Defendants are proposing a decision on their anticipated motion for Summary Judgment, Plaintiffs take the position that the motion for class certification be fully briefed and decided before the parties begin briefing summary judgment pursuant to Rule 56 to avoid any one-way intervention objections or waiver arguments.  Rule 23(c) requires that the class be given notice prior to a ruling on the merits or a judgment is entered in either parties favor. Ruling on summary judgment prior to or concurrent with Plaintiff's motion for class certification runs afoul of Rule 23's "one-way intervention doctrine", which requires notice to the class members of the pending litigation prior to a determination on the merits. *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352-355 (7th Cir. 1975); *Mendez v. The Radec Corp. et al*, 260 F.R.D. 38 (W.D.N.Y. 2009). *See also In re Cablevision Consumer Litigation*.  That is, a ruling on the merits, prior to notice to the class as to the pendency of the action, creates a "one-way intervention" problem whereby "a potential class member could await a resolution of the merits of the claim before deciding whether or not to join the lawsuit." *Peritz*, at 353.  However, should

5

>   Defendants' Position:  Defendants also intend on filing a motion for summary judgment.  With respect to footnote 2, Defendants have the right to determine when to move for summary judgment, including before any ruling on class certification, and the Court should not entertain argument in a scheduling order as to the legal effect of that determination.  But, if the Court is willing to take up that issue and has any inclination toward limiting Defendants' right, Defendants request an opportunity for briefing.
>
>   Joint Position:  At this time, it is unclear whether expert discovery will be needed for class certification, damages or summary judgment motions. The parties will be in a better position following the close of fact discovery to determine whether any expert testimony will be necessary.
>
>   As such, the parties request that this Court set a status hearing following the close of fact discovery to set deadlines for expert disclosures (if necessary) and for briefing the anticipated motions for class certification and summary judgment.

6.5   Reports from retained experts due:

*See above – To be set following the close of fact discovery.*

6.6   Expert Supplementations due:

*See above – To be set following the close of fact discovery.*

6.7   All expert discovery commenced in time to be completed by:

---

Defendants insist that the Court rule on its motion for summary judgment prior to Plaintiffs' motion for class certification, Defendants are effectively waiving any objections based on the "one-way intervention doctrine," in the event the Court denies Defendants' motion.

*See above – To be set following the close of fact discovery*

6.8   This case may be appropriate for trial in approximately:

The parties anticipate that most, if not all, of the issues in this case can be resolved through summary judgment motions. The parties therefore request that pretrial and trial dates not be set until there is a decision on the parties' motions for summary judgment.

6.9   Suggested date for the final Pretrial Conference:

*See above – To be set at a later date following this Court's rulings on class certification and summary judgment.*

6.10  Trial

6.10.1 Suggested Date for the Trial:

*See above – To be set at a later date following this Court's rulings on class certification and summary judgment.*

{The remainder of this page is intentionally blank.}

Dated:  November 21, 2023

                              Respectfully submitted,

| For Plaintiffs: | For Defendants: |
|---|---|
| s/Cassandra P. Miller<br>Cassandra P. Miller | /s/ Lisa M. Simonetti |
| Daniel A. Edelman (*Pro Hac Vice*)<br>Cassandra P. Miller (*Pro Hac Vice*)<br>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC<br>20 S. Clark Street, Suite 1500<br>Chicago, Illinois 60603<br>T: 312-739-4200<br>F: 312-419-0379<br>courtecl@edcombs.com | Lisa M. Simonetti (*Pro Hac Vice*)<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Phone (310) 586-7700<br>simonettil@gtlaw.com |
| Anthony Fiorentino<br>FIORENTINO LAW OFFICES, LTD<br>432 N. Clark St., Suite 202<br>Chicago, IL 60654<br>(312) 853-0050<br>anthony@fiorentinolaw.com | Christopher A. Mair (*Pro Hac Vice*)<br>GREENBERG TRAURIG, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Phone: (312) 456-1064<br>Facsimile: (312) 456-8435<br>MairC@gtlaw.com |
| Carlo Sabatini<br>SABATINI LAW FIRM, LLC<br>Bar Number PA 83831<br>216 N. Blakely Street<br>Dunmore, PA 18512<br>T: 570-341-9000<br>F: 570-504-2769<br>Email: ecf@bankruptcypa.com | Daniel T. Brier<br>Donna A. Walsh<br>MYERS BRIER & KELLY, LLP<br>425 Spruce Street, Suite 200<br>Scranton, PA 18503<br>T: 570-342-6100<br>dbrier@mbklaw.com<br>dwalsh@mbklaw.com |

## **ORDER**

**SO ORDERED** this \_\_\_\_ day of November, 2023.

_____
**Magistrate Judge Daryl F. Bloom**

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller hereby certify that on the 21st day of November, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to counsel of record for the defendant, namely:

Lisa M. Simonetti (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Phone (310) 586-7700
simonettil@gtlaw.com

Christopher A. Mair (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone: (312) 456-1064
Facsimile: (312) 456-8435
MairC@gtlaw.com

Daniel T. Brier
Donna A. Walsh
MYERS BRIER & KELLY, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T: 570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

/s/ Cassandra P. Miller
Daniel A. Edelman (*Pro Hac Vice*)
Cassandra P. Miller (*Pro Hac Vice*)
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
courtecl@edcombs.com