# EXHIBIT A

Exhibit A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO,
and MARK POKORNI on behalf of
themselves and the class members
described herein,

       Plaintiffs,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, INC., AND
NAVIENT SOLUTIONS, LLC,

       Defendants.

Civil No. 3:18-cv-00121-MEM-MCC

## DEFENDANT NAVIENT CORPORATION'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY
## REQUESTS RELATED TO CLASS SEARCHES ORDERED BY COURT

Pursuant to the Report and Recommendation dated May 2, 2023 (Dkt No. 88)

(the "Recommendation") and the Order Adopting the Recommendation dated June

29, 2023 (Dkt No. 89), defendant Navient Corporation ("Navient Corp."), hereby

responds and objects to Plaintiffs' Discovery Requests Related to Class Searches

Ordered by the Court (the "Requests") propounded by plaintiffs Jill Ballard, Rebecca

Varno, and Mark Pokorni (collectively, "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

Navient Corp. responds to the Requests based upon the investigation

conducted in the time available since service of the Requests. As of the date of these

Responses, Navient Corp. has had an insufficient opportunity to review all

documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties. As a consequence, Navient Corp.'s Responses are based upon information now known to Navient Corp. and that Navient Corp. believes to be relevant to the subject matter covered by the Requests.  In the future, Navient Corp. may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and Navient Corp.'s Responses thereto.  Without in any way obligating itself to do so, Navient Corp. reserves the right:   (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.  Navient Corp. incorporates this Preliminary Statement into each Response herein as if fully set forth.

## **GENERAL OBJECTIONS**

1.      Subject to the Preliminary Statement and to every general and specific objection stated herein, Navient Corp. responds to the Requests as set forth below. Navient Corp.'s statements in Response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2

2.      Navient Corp. objects to the Requests on the grounds that they seek to impose burdens on Navient Corp. that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Recommendation.

3.      Navient Corp. objects to the Requests on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4.      Navient Corp. objects to the Requests on the grounds that they are overbroad, unduly burdensome, and harassing.

5.      Navient Corp. objects to the Requests on the grounds that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

6.      Navient Corp. objects to the Requests on the grounds that they seek confidential and proprietary business information that belongs to Navient Corp. and/or third parties. Navient Corp. will provide information pursuant to the stipulated protective order entered by the Court on November 24, 2021.

7.      Navient Corp. incorporates the Preliminary Statement and these general objections into each Response herein as if fully set forth.

## SEARCH REQUESTS

For each of the search criteria stated below, state the following:

1.      Whether the search criteria are clearly understood by Defendants.  To the extent that any of the search criteria are deemed ambiguous, state the nature of the ambiguity.

2.      For each of the searches listed below, state whether the search criteria can be feasibly searched by Defendants' computer system.  If the search is feasible, state the following:

   a)  The total number of borrowers nationwide who meet the search criteria.

   b)  The total number of borrowers who belong to any stated sub-classes.

3.      If the search criteria cannot be feasibly searched, specifically state the reasons why.


## SEARCH NO. 1:

   a.      The borrower was enrolled in an IDR plan.
   b.      Prior to the annual renewal deadline, Navient received an IDR renewal application from the borrower to recertify the plan.
   c.      On or after the passage of the deadline, the borrower's income-driven payments were canceled, and the borrower's accrued interest was capitalized.[1]
   d.      When the borrower's application was thereafter processed, it was

---

[1] For reference only, the intent of this subsection is to refer to the expiration of the borrower's "partial financial hardship" status.

deemed complete and timely, and the IDR plan was recertified.

**California sub-class:** Members of the Class who were living in California when the events stated in subpart c. occurred.

## RESPONSE TO SEARCH NO. 1:

Navient Corp. objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.

Without waiving and subject to these objections, Navient Corp. responds as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. understands the search criteria, based on the language used. However, Navient Corp. does not have the data or personnel necessary to evaluate the feasibility of the search or to produce results, if any. Navient Solutions, LLC ("NSL") can do so.

## SEARCH NO. 2:

a.   The borrower was enrolled in an IDR plan.
b.   The income-driven payments were cancelled when the plan was not renewed before the annual renewal deadline.[2]
c.   Within 60 days thereafter, Navient enrolled the borrower in a

---

[2] For reference only, the intent of this subsection is to refer to the expiration of the borrower's "partial financial hardship" status.

discretionary forbearance.[3]

 d. At the time of enrollment in the discretionary forbearance, the loan was not in default, and Navient had not received a written request from the borrower for a discretionary forbearance.

 e. The interest that accrued during the forbearance was capitalized.

  **New York sub-class:** Members of the Class who were living in New York when the events stated in subpart c. occurred.

  **Illinois sub-class:** Members of the Class who were living in Illinois when the events stated in subpart c. occurred.

## RESPONSE TO SEARCH NO. 2:

Navient Corp. objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.

Without waiving and subject to these objections, Navient Corp. responds as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. understands the search criteria, based on the language used. However, Navient Corp. does not have the data or personnel necessary to evaluate the feasibility of the search or to produce results, if any. NSL can do so.

---

[3] For reference only, the intent of this subsection is to refer to the forbearance described in 34 CFR 682.211 (d)(2), and 34 CFR 685.205 (a)(8)(ii).

## SEARCH NO. 3:

a.  Navient received notice that the borrower was applying for initial enrollment in an IDR plan, or was changing repayment plans.
b.  Within 60 days after receiving such notice, Navient enrolled the borrower in a discretionary interest-capitalizing forbearance.[4]
c.  At least some interest that accrued during any part of the 60-day period following such notice was capitalized.

**New York sub-class:** Members of the Class who were living in New York when the events stated in subpart b. occurred.

## RESPONSE TO SEARCH NO. 3:

Navient Corp. objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.

Without waiving and subject to these objections, Navient Corp. responds as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. understands the search criteria, based on the language used. However, Navient Corp. does not have the data or personnel necessary to evaluate the feasibility of the search or to produce results, if any. NSL can do so.

---

[4] For reference only, the intent of this subsection is to refer to the forbearance described in 34 CFR 682.211 (d)(2), and 34 CFR 685.205 (a)(8)(ii)).

## SEARCH NO. 4:

    a.    The borrower applied to enroll in, or to renew, an IDR plan.

    b.    The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient.

    c.    Navient did not fully process the application until 45 days or more after it was received.

**Illinois sub-class:** Members of the Class who were living in Illinois when the events in subpart c. occurred.

## RESPONSE TO SEARCH NO. 4:

Navient Corp. objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.

Without waiving and subject to these objections, Navient Corp. responds as follows: Navient Corp. is a holding company, which does not own or service student loans. Navient Corp. understands the search criteria, based on the language used. However, Navient Corp. does not have the data or personnel necessary to evaluate the feasibility of the search or to produce results, if any. NSL can do so.

**SEARCH NO. 5:**

    a.    The borrower was enrolled in an IDR plan.

    b.    Navient timely received one paystub and the borrower's application to renew the plan.

    c.    Navient did not process the application.

    d.    Navient sent the borrower a written communication stating that the application could not be processed because the borrower did not submit two paystubs.

    e.    That communication did not identify any other deficiency with the application.

    f.    Thereafter, the borrower's partial financial hardship status expired and the standard repayment plan amount took effect.

    **New York sub-class:** Members of the Class who were living in New York when the events stated in subpart f. occurred.

**RESPONSE TO SEARCH NO. 5:**

Navient Corp. objects to this Request on the grounds that:  (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.

Without waiving and subject to these objections, Navient Corp. responds as follows:  Navient Corp. is a holding company, which does not own or service student loans.  Navient Corp. understands the search criteria, based on the language used. However, Navient Corp. does not have the data or personnel necessary to evaluate the feasibility of the search or to produce results, if any.  NSL can do so.

Dated:  September 14, 2023

Respectfully submitted,

Lisa M. Simonetti (*Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Phone:  (310) 586-7700
Facsimile:  (310) -586-7800
SimonettiL@gtlaw.com

Christopher A. Mair (*Pro Hac Vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone:  (312) 456-1064
Facsimile:  (312) 456-8435
MairC@gtlaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T:  570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC, formerly known
as Navient Solutions, Inc.

## <u>VERIFICATION</u>

I, Patrick Theurer, am the Vice President of Data Solutions at Navient Solutions, LLC ("NSL"), a party to this action and a subsidiary of Navient Corporation ("Navient Corp."). I am authorized to make this Verification on Navient Corp.'s behalf. I have read Navient Corp.'s Responses to Discovery Requests Related to Class Searches Ordered by the Court (the "Responses"). I am informed and believe, based on information that I have received during the course of my employment at NSL, that the matters set forth in the Responses are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of September 2023, in Wilkes-Barre, PA.

*Patrick Theurer*
_____
Patrick Theurer

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2023 a copy of the foregoing

**DEFENDANT NAVIENT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY REQUESTS RELATED TO CLASS SEARCHES ORDERED BY COURT** was served via electronic mail on

the parties listed below.

Carlo Sabatini
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
carlo@bankruptcypa.com

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
dedelman@edcombs.com
cmiller@edcombs.com

Anthony Fiorentino
FIORENTINO LAW OFFICES LTD.
432 N. Clark St., Suite 202
Chicago, Illinois 60654
anthony@fiorentinolaw.net

*Debi Del Grande*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO,
and MARK POKORNI on behalf of
themselves and the class members
described herein,

      Plaintiffs,

v.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, INC., AND
NAVIENT SOLUTIONS, LLC,

      Defendants.

Civil No. 3:18-cv-00121-MEM-MCC

## DEFENDANT NAVIENT SOLUTIONS, LLC'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY
## REQUESTS RELATED TO CLASS SEARCHES ORDERED BY COURT

Pursuant to the Report and Recommendation dated May 2, 2023 (Dkt No. 88) (the "Recommendation") and the Order Adopting the Recommendation dated June 29, 2023 (Dkt No. 89), defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL"), hereby responds and objects to Plaintiffs' Discovery Requests Related to Class Searches Ordered by the Court (the "Requests") propounded by plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni (collectively, "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

NSL responds to the Requests based upon the investigation conducted in the time available since service of the Requests.  As of the date of these Responses, NSL

has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties. As a consequence, NSL's Responses are based upon information now known to NSL and that NSL believes to be relevant to the subject matter covered by the Requests. In the future, NSL may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Requests and NSL's Responses thereto. Without in any way obligating itself to do so, NSL reserves the right: (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. NSL incorporates this Preliminary Statement into each Response herein as if fully set forth.

## **GENERAL OBJECTIONS**

1.    Subject to the Preliminary Statement and to every general and specific objection stated herein, NSL responds to the Requests as set forth below. NSL's statements in Response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2

2.     NSL objects to the Requests on the grounds that they seek to impose burdens on NSL that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Recommendation.

3.     NSL objects to the Requests on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4.     NSL objects to the Requests on the grounds that they are overbroad, unduly burdensome, and harassing.

5.     NSL objects to the Requests on the grounds that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

6.     NSL objects to the Requests on the grounds that they seek confidential and proprietary business information that belongs to NSL and/or third parties. NSL will provide information pursuant to the stipulated protective order entered by the Court on November 24, 2021.

7.     NSL incorporates the Preliminary Statement and these general objections into each Response herein as if fully set forth.

## SEARCH REQUESTS

For each of the search criteria stated below, state the following:

1.      Whether the search criteria are clearly understood by Defendants.  To the extent that any of the search criteria are deemed ambiguous, state the nature of the ambiguity.

2.      For each of the searches listed below, state whether the search criteria can be feasibly searched by Defendants' computer system.  If the search is feasible, state the following:

   a) The total number of borrowers nationwide who meet the search criteria.

   b) The total number of borrowers who belong to any stated sub-classes.

3.      If the search criteria cannot be feasibly searched, specifically state the reasons why.


## SEARCH NO. 1:

   a.      The borrower was enrolled in an IDR plan.
   b.      Prior to the annual renewal deadline, Navient received an IDR renewal application from the borrower to recertify the plan.
   c.      On or after the passage of the deadline, the borrower's income-driven payments were canceled, and the borrower's accrued interest was capitalized.[1]
   d.      When the borrower's application was thereafter processed, it was

---

[1] For reference only, the intent of this subsection is to refer to the expiration of the borrower's "partial financial hardship" status.

deemed complete and timely, and the IDR plan was recertified.

**California sub-class:** Members of the Class who were living in California when the events stated in subpart c. occurred.

## RESPONSE TO SEARCH NO. 1:

NSL objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information. Without waiving and subject to these objections, NSL responds as follows:

NSL understands the search criteria, based on the language used. However, the search is not feasible for several reasons:

(i)     Subsection b: Plaintiffs appear to assume that NSL received a complete application, and with sufficient time to allow for processing (*e.g.*, an application received one day before the annual renewal deadline might not be processed before expiration of that deadline). Also, the data in NSL's system shows that a document was received from a borrower at its mail center, and that the document was imaged and indexed to the borrower's account. The system would reflect that the document was an IDR application, but without an assessment of the completeness or correctness of the application.

5

(ii)   Subsection c:   Upon passage of the annual renewal deadline, a borrower's payments in an IDR program are not canceled. The payments are calculated under the standard payment plan. Also, in NSL's system, the reason for the addition of capitalized interest on an account in a particular instance is not reflected in a manner that allows for systematic identification. Capitalized interest may be imposed for many different reasons, including, but not limited to, requirements that pertain to IDR plans.

(iii)   Subsection d:   This phrase is contradictory. Plaintiffs seemingly assume that NSL did not timely process an application, but then did, and recertified the borrower into partial financial hardship.

## SEARCH NO. 2:

a.   The borrower was enrolled in an IDR plan.

b.   The income-driven payments were cancelled when the plan was not renewed before the annual renewal deadline.[2]

c.   Within 60 days thereafter, Navient enrolled the borrower in a discretionary forbearance.[3]

d.   At the time of enrollment in the discretionary forbearance, the loan was not in default, and Navient had not received a written request from the borrower for a discretionary forbearance.

e.   The interest that accrued during the forbearance was capitalized.

---

[2] For reference only, the intent of this subsection is to refer to the expiration of the borrower's "partial financial hardship" status.

[3] For reference only, the intent of this subsection is to refer to the forbearance described in 34 CFR 682.211 (d)(2), and 34 CFR 685.205 (a)(8)(ii).

**New York sub-class:** Members of the Class who were living in New York when the events stated in subpart c. occurred.

**Illinois sub-class:** Members of the Class who were living in Illinois when the events stated in subpart c. occurred.

## RESPONSE TO SEARCH NO. 2:

NSL objects to this Request on the grounds that: (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information. Without waiving and subject to these objections, NSL responds as follows:

NSL understands the search criteria, based on the language used, except with respect to the incorporation of 34 C.F.R. § 682.211(d)(2) and 34 C.F.R. § 685.205(a)(8)(ii). However, the search is not feasible for several reasons:

(i) <u>Subsection b</u>: Upon passage of the annual renewal deadline, a borrower's payments in an IDR program are not canceled. The payments are calculated under the standard payment plan.

(ii) <u>Subsection c</u>: From a processing/system standpoint, the incorporation of 34 C.F.R. § 682.211(d)(2) and 34 C.F.R. § 685.205(a)(8)(ii), which govern forbearances based on "default," is not meaningful. Plaintiffs

do not specify a definition of "default," which can be viewed as 270 days of delinquency or, alternatively, as 365 days of delinquency.

(iii)   <u>Subsection d</u>:  Plaintiffs do not specify a definition of "default," which can be viewed as 270 days of delinquency or, alternatively, as 365 days of delinquency.  However, viewed either way, Plaintiffs seemingly assume that a borrower would have been unable to make payments under an IDR plan, which could be as low as $0, for an extended period of time.

(iv)   <u>Subsection e</u>:  In NSL's system, the reason for the addition of capitalized interest on an account in a particular instance is not reflected in a manner that allows for systematic identification.  Capitalized interest may be imposed for many different reasons, including, but not limited to, requirements that pertain to IDR plans.

## **SEARCH NO. 3:**

a.   Navient received notice that the borrower was applying for initial enrollment in an IDR plan, or was changing repayment plans.

b.   Within 60 days after receiving such notice, Navient enrolled the borrower in a discretionary interest-capitalizing forbearance.[4]

c.   At least some interest that accrued during any part of the 60-day period following such notice was capitalized.

---

[4] For reference only, the intent of this subsection is to refer to the forbearance described in 34 CFR 682.211 (d)(2), and 34 CFR § 685.205 (a)(8)(ii)).

**New York sub-class:** Members of the Class who were living in New York when the events stated in subpart b. occurred.

**RESPONSE TO SEARCH NO. 3:**

NSL objects to this Request on the grounds that:  (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.  Without waiving and subject to these objections, NSL responds as follows:

NSL understands the search criteria, based on the language used, except with respect to the incorporation of 34 C.F.R. § 682.211(d)(2) and 34 C.F.R. § 685.205(a)(8)(ii).  However, the search is not feasible for several reasons:

(i)     Subsection a:  In NSL's system, the type of notice referenced is not tracked in a searchable form.   A customer service agent might document such notice in the free-text notes associated with an account.

(ii)    Subsection c:  In NSL's system, the reason for the addition of capitalized interest on an account in a particular instance is not reflected in a manner that allows for systematic identification.   Capitalized interest may be imposed for many different reasons, including, but not limited to, discretionary forbearances.

9

## SEARCH NO. 4:

    a.    The borrower applied to enroll in, or to renew, an IDR plan.

    b.    The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient.

    c.    Navient did not fully process the application until 45 days or more after it was received.

        **Illinois sub-class:** Members of the Class who were living in Illinois when the events in subpart c. occurred.

## RESPONSE TO SEARCH NO. 4:

NSL objects to this Request on the grounds that:  (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.  Without waiving and subject to these objections, NSL responds as follows:

NSL understands the search criteria, based on the language used.  The search is feasible, at least to some extent.  NSL is compiling existing data relevant to the search, which may not cover the entire time period allegedly at issue and may not correlate to Plaintiffs' definition of the alleged Illinois sub-class, among other things.

## SEARCH NO. 5:

    a.    The borrower was enrolled in an IDR plan.

    b.    Navient timely received one paystub and the borrower's application to renew the plan.

   c.     Navient did not process the application.

   d.     Navient sent the borrower a written communication stating that the application could not be processed because the borrower did not submit two paystubs.

   e.     That communication did not identify any other deficiency with the application.

   f.     Thereafter, the borrower's partial financial hardship status expired and the standard repayment plan amount took effect.

**New York sub-class:** Members of the Class who were living in New York when the events stated in subpart f. occurred.

## RESPONSE TO SEARCH NO. 5:

NSL objects to this Request on the grounds that:  (i) it is not limited to a time period relevant or even proximate to the events at issue in this action; (ii) it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this action; and (iii) it seeks confidential, proprietary business information.  Without waiving and subject to these objections, NSL responds as follows:

NSL understands the search criteria, based on the language used.  However, the search is not feasible.  NSL notifies a borrower when income information submitted with a renewal application is not sufficient.  However, in its system, NSL is not able to consistently identify the circumstances referenced in the search, and particularly Subsection d.

Dated:  September 14, 2023  Respectfully submitted,

             _____

Lisa M. Simonetti (*Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Phone:  (310) 586-7700
Facsimile:  (310) -586-7800
SimonettiL@gtlaw.com

Christopher A. Mair (*Pro Hac Vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone:  (312) 456-1064
Facsimile:  (312) 456-8435
MairC@gtlaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T:  570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

Counsel for Defendants
Navient Corporation and
Navient Solutions, LLC, formerly known
as Navient Solutions, Inc.

## **VERIFICATION**

I, Patrick Theurer, am the Vice President of Data Solutions at Navient Solutions, LLC ("NSL"), a party to this action, and am authorized to make this Verification on its behalf. I have read NSL's Responses to Discovery Requests Related to Class Searches Ordered by the Court (the "Responses"). I am informed and believe, including based on information that I have received during the course of my employment at NSL, as well as a review of records and information maintained by or belonging to NSL, that the matters set forth in the Responses are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of September 2023, in Wilkes-Barre, PA.

*Patrick Theurer*
_____
Patrick Theurer

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023 a copy of the foregoing

**DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY REQUESTS RELATED TO CLASS SEARCHES ORDERED BY COURT** was served via electronic mail on the parties listed below.

Carlo Sabatini
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
carlo@bankruptcypa.com

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
dedelman@edcombs.com
cmiller@edcombs.com

Anthony Fiorentino
FIORENTINO LAW OFFICES LTD.
432 N. Clark St., Suite 202
Chicago, Illinois 60654
anthony@fiorentinolaw.net

*Debi Del Grande*