# EXHIBIT D

Exhibit D

| | |
|---|---|
| **From:** | simonettil@gtlaw.com |
| **To:** | anthony@fiorentinolaw.net |
| **Cc:** | Cassandra Miller; carlo@bankruptcypa.com; Ingrid Hofeldt; Christopher.Mair@gtlaw.com |
| **Subject:** | RE: Ballard v. Navient - modified search queries |
| **Date:** | Friday, January 12, 2024 8:53:41 AM |
| **Attachments:** | image002.png |
| | image001.png |

External (simonettil@gtlaw.com)

Report This Email   FAQ   Protection by INKY

Tony, your email overlooks significant portions of the meet and confer discussion, including that NSL fully complied with the discovery requests, as served, and plaintiffs have not, in fact, served additional discovery around these revised searches.  Discovery in this matter should proceed under the Rules, not by email.  Setting that aside, we believe that plaintiffs should bear the burden of explaining and supporting these new searches, which, in reality, are proposed, amended class definitions.  However, you have tasked us with working through those issues, which we will do, as stated.  At this moment, we do not foresee a problem in getting back to you on Thursday, but Monday is a holiday, and this may take some time.

Further, we see no reason to entertain any proposal on the discovery cutoff today.  Let us do the work and have any further, necessary discussion next week.  If, at that point, there is a need to involve the Court, we can do so, including on scheduling.


**Lisa Simonetti**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7824  |  F +1 310.586.7800  |  C +1 310.365.5717
simonettil@gtlaw.com  |  www.gtlaw.com   |  View GT Biography






**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Friday, January 12, 2024 8:58 AM
**To:** Simonetti, Lisa (Shld-LA-LT) <simonettil@gtlaw.com>
**Cc:** cmiller@edcombs.com; carlo@bankruptcypa.com; ihofeldt@edcombs.com; Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Subject:** Re: Ballard v. Navient - modified search queries

Lisa,

We never heard back from you yesterday. We need to know if you agree to the conditions stated in my two emails below, or if we should contact the judge today to seek a hearing. To reiterate, those conditions are:

1. By next Thursday, Defendants provide a detailed, <u>written</u> basis for their objection to running the modified search queries, detailing how each modified search query would produce search results that contain borrowers who are not members of the classes defined in the amended complaint, and

2. Defendants agree to waive any objection to an extension of the discovery schedule if these discussions are not fruitful, and court intervention is ultimately needed to resolve the dispute.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Thursday, January 11, 2024 3:46 PM
**To:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Cc:** cmiller@edcombs.com <cmiller@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>; ihofeldt@edcombs.com <ihofeldt@edcombs.com>; Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Subject:** Re: Ballard v. Navient - modified search queries

I didn't clarify in my previous email, but the written explanation would have to detail how each modified search query would produce search results that contain borrowers who are not members of the classes defined in the amended complaint.

Anthony Fiorentino
Fiorentino Law Offices
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Thursday, January 11, 2024 3:37 PM
**To:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Cc:** cmiller@edcombs.com <cmiller@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>; ihofeldt@edcombs.com <ihofeldt@edcombs.com>; Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Subject:** Re: Ballard v. Navient - modified search queries

Lisa,

As you mentioned during our R37 conference, and in our hearing with the Magistrate, we are on a tight schedule to meet close of discovery.

We served the modified search queries on 12/22. Excluding all holidays, Defendants have had 16 days to tell us whether they will run the searches. As of today, they have still not agreed to do so. I believe 16 days, with no answer, amounts to an impasse.

Nonetheless, we will agree to extend these discussions until next Thursday on two conditions: 1) By next Thursday, Defendants provide a detailed, <u>written</u> basis for their objection to running the modified search queries; and 2) Defendants agree to waive any objection to an extension of the discovery schedule if these discussions are not fruitful, and court intervention is ultimately needed to resolve.

Please advise by today, so if we know if it's necessary to contact the judge tomorrow morning.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

**From:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Sent:** Thursday, January 11, 2024 12:05 PM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** cmiller@edcombs.com <cmiller@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>; ihofeldt@edcombs.com <ihofeldt@edcombs.com>; Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Subject:** Re: Ballard v. Navient - modified search queries

As I said, we will look at the issue ourselves, and get back to you next week. I'm not sure how you interpret that today as an impasse.

Sent from my iPad

> On Jan 11, 2024, at 1:01 PM, Anthony Fiorentino <anthony@fiorentinolaw.net> wrote:

We have provided you with the modified search queries, and you also have the class definitions. I don't see what you want us to explain.

If you are objecting that the search queries are inconsistent with the classes, it now falls to you to explain your own objection. I cannot explain your objection for you.

If we do not receive an explanation today, we're clearly at an impasse, and we will seek a hearing with the judge.

Anthony Fiorentino
Fiorentino Law Offices
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Sent:** Thursday, January 11, 2024 10:57 AM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** cmiller@edcombs.com <cmiller@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>; ihofeldt@edcombs.com <ihofeldt@edcombs.com>; Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Subject:** RE: Ballard v. Navient - modified search queries

This misses the point.  The parties already litigated the motion for leave to amend, which resulted in your inclusion of the classes based on the searches.  You have now revised those searches, so it is not clear to us that the operative class definitions remain in play.  Thus, we asked you for explanation, but you provided only a conclusion that the searches match the definitions.  We will look at these issues, and get back to you next week.

**Lisa Simonetti**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7824  |  F +1 310.586.7800  |  C +1 310.365.5717
simonettil@gtlaw.com   |   www.gtlaw.com   |   View GT Biography





**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Wednesday, January 10, 2024 6:58 PM
**To:** Simonetti, Lisa (Shld-LA-LT) <simonettil@gtlaw.com>
**Cc:** cmiller@edcombs.com; carlo@bankruptcypa.com; ihofeldt@edcombs.com
**Subject:** Re: Ballard v. Navient - modified search queries

Lisa,

We have reviewed the modified search terms and compared them to those in the operative complaint. We do not understand your position that the modified search queries would produce anything other than the current class definitions. We are not sure what you are seeking from us that would be useful to Defendants in deciding whether to run the searches.

Theurer testified that running the searches with these modifications will result in the production of a list of borrowers meeting the class definitions. Defendants have not identified any specific issues with the search terms to which we could provide an explanation, or from which a resolution can be made between the parties by further discussion.

Obviously, we would prefer to avoid further court intervention on this topic. However, based on our most recent discovery conference, it appears that Defendants' position is that they do not intend to run any searches because they have satisfied their discovery obligations through their October 2022 supplemental responses. If you believe there is some way the parties can reach a resolution, such that court intervention would not be required, please let us know.

Otherwise, I think we are all in agreement that we have reached an impasse, and the Court will need to decide if Defendants have an obligation to answer further. Please let us know by close of business tomorrow if there is some modification or other set of circumstances under which Defendants would be willing to run the searches.

Anthony Fiorentino

anthony@fiorentinolaw.com

Phone: 312-305-2850

---

**From:** simonettil@gtlaw.com <simonettil@gtlaw.com>
**Sent:** Wednesday, January 10, 2024 3:10 PM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** cmiller@edcombs.com <cmiller@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>; ihofeldt@edcombs.com <ihofeldt@edcombs.com>
**Subject:** Re: Ballard v. Navient - modified search queries


This is not what we discussed during the call.  I asked you to explain how the searches now match the class definitions. If we undertake this, it will be next week.


Sent from my iPhone


> On Jan 10, 2024, at 2:32 PM, Anthony Fiorentino <anthony@fiorentinolaw.net> wrote:
>
>
> ***EXTERNAL TO GT*
>
> Hi Lisa,
>
>
> We haven't heard back since sending the below email. Will you be identifying each inconsistency between the operative class definitions and the modified search queries propounded on 12/28/23? If so, how soon do you expect to be able to do provide that information? Thanks.
>
>
> Tony
>
>
>> On Jan 8, 2024, at 12:40 PM, Anthony Fiorentino <anthony@fiorentinolaw.net> wrote:

Hi Lisa,

Per our discussion during today's Rule 37 conference, Plaintiffs believe that the modified versions of the search queries that we propounded on 12/28/23 are narrowly tailored to the class definitions in the amended complaint and were modified solely to resolve technical searching obstacles claimed by Defendants.

You indicated that Defendants are not willing to execute the modified searches (including in the FFELP servicing platform) because, in Defendants' opinion, the modified searches do not comport with the class definitions. After re-evaluating the searches, and comparing them to the operative complaint, it seems clear to us that the searches would provide information that matches the class definitions. Simply because the technical language of the searches varies somewhat from the language in the complaint does not make the searches automatically inconsistent with the complaint.

Could you please identify each inconsistency between the operative class definitions and the modified search queries propounded on 12/28/23? Specifically, please note how the modified search queries would identify borrowers who are NOT members of the corresponding classes.

Anthony Fiorentino

anthony@fiorentinolaw.com

Phone: 312-305-2850

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.