# Exhibit C

# FIORENTINO LAW OFFICES

Anthony Fiorentino
Email: anthony@fiorentinolaw.com
Phone: 312-305-2850

April 29, 2024

*Via Email*

Andrew J. Soven
Holland & Knight
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Andrew.Soven@hklaw.com

**Re: Ballard et al v. Navient / Case No. 3:18-CV-121 – Plaintiff Deposition Requests**

Dear Mr. Soven,

      This letter is in response to your April 25th, 2024, letter regarding Defendants' request to re-depose Plaintiffs. As you know, Rule 26 requires a showing of good cause for a second round of depositions. During our phone conference on April 19, 2024, you stated that Defendants wish to re-depose Plaintiffs in order to ascertain whether they are members of the classes defined in the Second Amended Complaint. When we asked what new lines of questioning would be necessitated by those definitions, you offered to explain in a forthcoming letter. However, your April 25th, 2024, letter does not provide any information beyond what you stated during our call: that you wish to depose Plaintiffs "on issues related to the proposed new class definitions, which are fundamentally different than the definitions in place when each Plaintiff was deposed in 2022."

      The class definitions set forth in the Second Amended Complaint have been the operative class definitions since June 29, 2023, when Judge Mannion adopted the Magistrate's recommendation to allow that pleading. The Second Amended Complaint did not contain any new

factual allegations – only new legal theories. The question of whether those theories apply to Plaintiffs does not require new testimony. It can be answered by searching the account records, which Defendants already have.

Plaintiffs' motion to file their Third Amended Complaint does not change this analysis. As discussed during our phone conference, the latest amendments to the class definitions are technical in nature, to accommodate the search limitations of Navient's computer database. They do not raise any matters within the knowledge of Plaintiffs.

You indicated in your letter that a second deposition of Plaintiffs would address Rule 23 factors such as "adequacy, typicality, and predominance." The issue of adequacy usually involves conflicts of interest, motivation to vigorously prosecute the litigation, and knowledge of the case. None of these criteria would be affected by amendments to the class definitions. With respect to typicality and predominance, the best evidence on such matters is contained in the account records and the deposition testimony of Jeffrey Stine, Navient's Vice President of Loan Servicing.

The only class criterion based on information exclusively known to Plaintiffs would be their states of residency during the relevant periods. However, Defendants already had a basis to question Plaintiffs on this issue during their first round of depositions because the original class definitions had state-based sub-classes.

It should be noted that the class definitions in the Second Amended Complaint were not a surprise. Plaintiffs notified Navient of their intention to modify the class definitions long before they were deposed. In a November 11, 2021, email to Defense counsel, Plaintiffs stated that it may become necessary to amend the complaint, based on new evidence obtained through discovery. In that email, Plaintiffs agreed to an extension of Defendant's discovery response deadline in exchange for Defendants agreeing to extend Plaintiffs' deadline to amend the pleadings. (See

11/11/21 email from Cassandra Miller.) Thus, by late 2021, Defendants were aware that an amended complaint was being contemplated.

On April 29, 2022, Plaintiffs sent a Rule 37 letter to Defendants, stating their intention to modify the class definitions, *in order to base them on improper forbearance enrollment*:

> "Instead of identifying class members with respect to the dates and contents of their IDR submissions, Plaintiffs would be willing to define the class members based on the dates on which they were **enrolled in forbearances**, which would eliminate any need for you to make any determination as to whether any application was complete."

Thus, Defendants had notice that Plaintiffs intended to modify the class definitions, in order to base them on forbearance enrollment, several months *before* Plaintiffs were deposed. In fact, the "Forbearance without Written Consent" Class, as set forth in the operative complaint, was fully disclosed in Plaintiffs' April 29, 2022 letter.

On May 13, 2022, the parties held a Rule 37 conference, at which Defense counsel confirmed that she had received the modified class definitions – which were based on improper enrollment in hardship forbearances – and that Navient was reviewing them. (*See* May 16, 2022 email from Cassandra Miller, recapping a phone conference from May 13, 2022.)

On June 24, 2022, Plaintiffs deposed Jeffery Stine. During his deposition, Stine testified that Rebecca Varno was improperly enrolled in a discretionary "hardship" forbearance, rather than an administrative forbearance, during her IDR plan enrollment:

> **Plaintiffs' Counsel:** So based on our discussion earlier about how that second verbal forbearance was not really necessary, had the 60-day administrative forbearance had been applied, would you agree...that interest cap should be reversed?
>
> **Jeffrey Stine:** If the--**yes**, if we applied the 60-day administrative forbearance, it would have been a non-capping forbearance and the customer would not have incurred that capitalization.

(*See* Stine deposition transcript at pg. 157.) This testimony – which was given several weeks prior to Plaintiffs' depositions – formed the basis of the "No Administrative Forbearance" Class" in the Second Amended Complaint. Given Stine's testimony that the aforementioned interest capitalization should be reversed – an admission of Navient's liability – a class based on that testimony should have been anticipated. This is especially so because, one week after Stine's deposition, Plaintiffs made clear that they intended to use his testimony as the foundation of modified class definitions. On June 30, 2022, Plaintiffs emailed Defendants, stating as follows:

> "Now that we have completed the deposition of Jeff Stine, we think it would be a good time to circle back on our Rule 37 discussions. Please let us know your availability next week to schedule a Rule 37 conference. One issue that we want to revisit are the class member search queries which we previously provided. Based on last week's testimony, **we anticipate making some adjustments to the search query language**, however, we will need a copy of the deposition transcript before making those changes. **We have been advised that we should have the transcript around July 8th-11th**. In that regard, we wanted make sure Defendants did not expend additional time or resources on determining the feasibility of those searches until after we have had an opportunity **to review the transcript to determine what, if any, changes need to be made**. We can discuss this further during our Rule 37 meeting."

This email was received by Defendants several weeks before the scheduled depositions of Plaintiffs. However, Defendants did not request to postpone the depositions until after the aforementioned discovery conference, <u>or</u> until after the modified class definitions were served, <u>or</u> until after the transcript of Stine's deposition became available. Rather, they elected to proceed with the depositions of Plaintiffs in July 2022.

By August 1, 2022, Plaintiffs had still not received a response to their June 30, 2022 communication, so they sent a follow-up email, asking, once again, to have a Rule 37 meeting. In an August 2, 2022 reply, Defense counsel confirmed that Plaintiffs had previously "stated an intent

to amend the complaint," and asked for a copy of the proposed amendments. *That same day*, Plaintiffs provided a list of the class definitions that were ultimately included in their Second Amended Complaint. (*See* August 2, 2022 email from Cassandra Miller.) Had the Defendants not waited a full month before replying to Plaintiffs' email – *during which time they deposed the Plaintiffs* – the modified class definitions could have been made available much earlier. This history makes the following clear:

1. Plaintiffs advised Navient of their intent to modify the class definitions, based on newly-obtained evidence, long before Plaintiffs were deposed. In those communications, Plaintiffs disclosed that the new classes would be based on forbearance enrollment.

2. Defendants were aware that Plaintiffs intended to amend the complaint, yet made no efforts to postpone their depositions of Plaintiffs until after the amended complaint was filed.

Based on the foregoing, and the limited information provided in Defendants' April 25, 2024, letter, we do not believe Navient has established "good cause" to re-depose Plaintiffs.

As a final, unrelated matter, you asked during our phone conference if Plaintiffs needed any additional discovery. Aside from the pending computer searches of Navient's and ED's databases, we do not presently have any further class discovery that we intend to conduct. (Of course, there will be substantial post-certification merits discovery, including expert witnesses, if certification is granted.)


Sincerely,

*Anthony Fiorentino*

Anthony Fiorentino
Fiorentino Law Offices
anthony@fiorentinolow.com
312-305-2850