UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI on behalf of themselves and the class members described herein,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | Civil No. 3:18-cv-00121-MEM-DFB |

## DEFENDANTS' SUR REPLY RELATED TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

The two principal reasons offered by Plaintiffs in response to Navient's request to take short depositions of each Plaintiff do not withstand scrutiny.

### A. There is No Material Burden Associated with Navient's Request.

First, requiring each Plaintiff to appear by Zoom for a short deposition would not cause "substantial prejudice." This case was filed six years ago. Since then, each Plaintiff's direct participation in this matter has been limited to Ms. Varno appearing for a 94-minute deposition, Mr. Pokorni appearing for a 56-minute deposition, and Ms. Ballard appearing for a 65-minute deposition (and presumably some preparation by each). As of July 2022, when Plaintiffs were last deposed, Ms. Ballard was working out of her home as a part-time dog walker, Ms. Varno was

employed as an adjunct instructor at the University of Connecticut, and Mr. Pokorni worked in "real estate … mostly dealing with renters and management." Ballard Tr. at 20:19-21:3 (Exhibit 1); Varno Tr. 25:21-26:11 (Exhibit 2); Pokorni Tr. at 20:23-21:11 (Exhibit 3).  There is no reason to believe that participating in a short Zoom deposition would impose massive inconvenience.  As to needing time to prepare, presumably Plaintiffs are aware of their own account histories (or should be if they intend to represent one or more classes), including any changes with respect to the status of their loans.

## B. The Requested Limited Discovery is Warranted

The Court should reject Plaintiffs' main argument, essentially that Plaintiffs need only play a very limited role because Navient can review its own servicing records to determine the facts.  *See* ECF 127, p. 10.  Plaintiffs sum up their argument with the rhetorical question "Why not use that evidence?"  *Id.*

The answer to that question is straight-forward: our adversarial process is predicated on the right to confront the opposing party through a deposition, regardless of whether the deposition relates to evidence in the deposing party's possession.

Furthermore, the undersigned has learned that both Ms. Varno and Mr. Pokorni recently consolidated their loans into Federal Direct Consolidation loans, which many borrowers are doing to potentially gain access to certain loan

forgiveness and reduced payment programs. Two of three plaintiffs therefore have now taken steps that may fundamentally change their loan status, as well as impact any alleged damages. Consolidation also means their loans are no longer being serviced by Navient, so Navient does not know, for example, if Plaintiffs have taken advantage of any repayment or forgiveness programs that likewise could impact any claimed damages. Navient should be allowed to ask Plaintiffs about these and any other developments post-July 2022 when Plaintiffs were last deposed.

C. **Plaintiff's "Match the Data" Definitions**

Navient's limited opposition to Plaintiffs' motion should by no means be considered a concession that any of the eleven (11) proposed classes and sub-classes can ever be certified. Plaintiffs' latest round of class definitions contains a mishmash of at least four broad concepts ("Improper IDR Cancellation," "Forbearance without Written Consent," "No Administrative Forbearance," and "Improper Delay") that appear to be untethered to Plaintiffs' actual experiences and instead have been formulated to comport with purportedly feasible data searches.

Navient respectfully requests that the Court grant the limited relief it seeks here.

Respectfully submitted,

BY: /s/ *Andrew J. Soven*
Andrew J. Soven (PA ID 76766)
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
Andrew.Soven@hklaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
T: 570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

*Counsel for Navient Solutions, LLC and Navient Corporation*

Dated:  June 5, 2024

## CERTIFICATE OF SERVICE

I, Andrew J. Soven, hereby certify that, on June 5, 2024, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system.

By: /s/ *Andrew J. Soven*
Andrew J. Soven