IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, o/b/o themselves and the class members described herein, | Civ. No. 3:18-CV-121 |
| Plaintiff, | (Judge Saporito) |
| v. | (Chief Magistrate Judge Bloom) |
| NAVIENT CORP., et al., | |
| Defendants. | |

MEMORANDUM ORDER

I.  Statement of Facts and of the Case

This is a putative class action lawsuit filed by the plaintiffs in 2018 on behalf of a class of student loan borrowers alleging that their repayment program requests have been mishandled by Navient Corporation, Navient Solutions, Inc., and Navient Solutions, LLC (hereinafter "Navient" or "the defendants"). The case was assigned to the undersigned for pretrial management, and currently pending before the court is the plaintiffs' motion for leave to file a third amended complaint. (Doc. 118). The plaintiffs seek to amend several of the class definitions set forth in the second amended complaint.

For their part, the defendants do not necessarily object to the plaintiffs' request to file a third amended complaint. (*See* Doc. 125). However, the defendants have requested to re-depose the three named plaintiffs—Jill Ballard, Rebecca Varno, and Mark Pokorni. (Doc. 125 at 1-2). The defendants contend that these limited depositions will last no more than 90 minutes and are necessary to ascertain updated information as to the status of the plaintiffs' respective loans and to determine whether the plaintiffs' circumstances align with the proposed class definitions. (*Id.*). The plaintiffs object to these prospective deposition requests, arguing that the three individuals were already deposed in 2022, that the information Navient seeks is within its possession, and that the plaintiffs will be prejudiced if ordered to sit for a second deposition. (Doc. 126).

After consideration, we will grant the plaintiffs' motion for leave to file a third amended complaint. We will also grant the defendants' request for limited depositions of the three named plaintiffs. The second depositions of the three named plaintiffs shall last no more than 90 minutes and be limited to information pertaining to the amended class

definitions as set forth in the third amended complaint as they relate to the individual plaintiffs.

## II. Discussion

Rule 26 of the Federal Rules of Civil procedure governs the general scope of discovery, defining the scope as:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Resolution of disputes regarding the scope of discovery rest in the discretion of the Court and will not be disturbed absent an abuse of that discretion. *See Sadi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)) ("When a magistrate judge's decision is on a highly discretionary matter, courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.").

"To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings," *Trask v. Olin Corp.* 298 F.R.D. 244, 263 (W.D. Pa. 2014), as "[d]iscovery should be tailored to the issues involved in the particular case." *Kresefki v. Panasonic Communications & Systems Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). We begin with the presumption that "all relevant material is discoverable[.]" *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). However, the burden to show that the information sought is relevant falls to the party seeking to compel discovery. *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

As a general matter, Rule 30 requires that a party obtain leave of court to depose another party when "the deponent has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(ii). We apply the standards set forth in Rule 26(b)(2) when determining whether to grant or deny such a request. *Melhorn v. N.J. Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001). Rule 26(b)(2) permits the court to limit discovery if such discovery is cumulative or duplicative, can be obtained from less burdensome or less expensive means, or the party seeking

4

discovery already had the opportunity to obtain the information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). A party seeking a protective order against the requested discovery must "show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); Fed. R. Civ. P. 26(c).

Here, the plaintiffs contend that the defendants' request to depose the three named plaintiffs a second time should be denied for several reasons. First, they contend that the defendants were on notice of the theories to be used to modify the class definitions as early as 2022, prior to the plaintiffs' initial depositions, and that the initial depositions addressed those theories in depth. Second, the plaintiffs assert that the information regarding whether the plaintiffs are members of the modified classes can be ascertained by Navient's own account records. Finally, the plaintiffs argue that they would be burdened by requiring the three named Plaintiffs to sit for a second deposition. (*See* Doc. 126). Accordingly, the plaintiffs request a protective order to bar the defendants from deposing them a second time. (*Id.* at 18).

After consideration, we will grant the defendants' request to re-

depose the plaintiffs in a narrow and limited fashion. While the plaintiffs contend that the defendants were aware of the theories to be used to modify the class definitions as early as 2022, we note that this was more than two years ago and prior to the plaintiffs filing their second amended complaint in June of 2023. The plaintiffs subsequently moved again to amend their complaint to modify the class definitions in March of 2024. Accordingly, we are not persuaded by the plaintiffs' argument that the defendants had adequate notice in 2022 of the proposed amended class definitions—that are now set forth in the proposed third amended complaint filed nearly two years later—such that the initial depositions adequately addressed these proposed class definitions. However, we will direct that the second depositions of the plaintiffs be limited to exclude topics covered in the initial depositions.

We are similarly unpersuaded that the plaintiffs will be prejudiced by having to sit for a second deposition limited to 90 minutes. The plaintiffs contend that doing so would require them to take additional time off work and to prepare for the deposition. However, in our view, because the second deposition will be narrowly tailored and limited to

discussing the amended class definitions in the third amended complaint, we conclude that this burden is relatively low. We weigh that relatively low burden against the defendants' right to obtain relevant information regarding the amended class definitions. By tailoring the depositions to inquiries only regarding the amended class definitions and limiting the depositions to, at most, 90 minutes, we believe this strikes an appropriate balance between the defendants' need for the information sought and the inconvenience to the plaintiffs of having to sit for a second deposition.

As one court in this district has noted, "[t]he federal courts clearly favor the taking of depositions[,]" and "[u]nder Federal Rule of Civil Procedure 30(a)(2)(A)(i), the Court '*must* grant leave to the extent consistent with Rule 26(b)(2).'" *Beltz v. Univ. of Pittsburgh*, 2022 WL 4448946, at *1 (W.D. Pa. Sept. 22, 2022) (quoting *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*, 2013 WL 5797639, at *3 (M.D. Pa. Oct. 28, 2013) and *York Grp., Inc. v. Pontone*, 2012 WL 12895528, at *1-*2 (W.D. Pa. May 18, 2012)). Here, we find that ordering a second deposition of the three named plaintiffs, limited to inquiries regarding the amended class definitions as set forth in the third amended

complaint, is appropriate given the plaintiffs' filing of the third amended complaint. Accordingly, the plaintiffs' motion to amend will be granted, and the defendants will be permitted to re-depose the three named plaintiffs in the limited fashion set forth in our discussion above.

## III. Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for leave to file a third amended complaint (Doc. 118) is GRANTED. The plaintiffs third amended complaint, attached to the motion as Exhibit B (Doc. 118-3) shall be DEEMED FILED.

2. The defendants are permitted to re-depose the three named plaintiffs in the limited fashion we have described herein—the depositions will be limited to no more than 90 minutes, and the inquiries limited to the amended class definitions as set forth in the third amended complaint.

So ordered this 19th day of December 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge