## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JILL BALLARD**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | **NO. 18-cv-00121** |
| | : | |
| **v.** | : | **JUDGE CARABALLO** |
| | : | |
| **NAVIENT CORPORATION**, *et al.*, | : | **ELECTRONICALLY FILED** |
| | : | |
| **Defendants.** | : | |

## NAVIENT DEFENDANTS' BRIEF IN OPPOSITION TO
## <u>MOTION TO STRIKE</u>

## <u>INTRODUCTION</u>

More than 7 seven years, 4 Complaints, and 6 Answers by Defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc., (collectively the "Navient Defendants") into this litigation, Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni ("Plaintiffs") challenge the sufficiency of those Answers for the first time. This misguided effort should be denied. *First*, Navient Defendants meet the requirements of Federal Rule of Civil Procedure 8 by including a denial in each of the challenged responses within their Answers. Plaintiffs cannot cite a single binding case requiring that such a denial be stricken under these facts.

*Second*, Plaintiffs cannot point to any prejudice resulting from Navient Defendants' Answers to Plaintiffs' Third Amended Complaint (the "TAC"). Navient Defendants timely responded to Plaintiffs' First and Second Amended

Complaints with two sets of substantially similar Answers filed on June 11, 2021, and July 28, 2023, respectively. None of these Answers were challenged by Plaintiffs. Further, despite now spilling ink over purported prejudice in discovery, that allegation is directly contradicted by Plaintiffs' ability to conduct discovery over the past 4 years based on Navient Defendants' prior Answers. The touchstone in deciding whether to strike a pleading—prejudice to the moving party—is therefore absent and denial of Plaintiffs' Motion is proper on this alternative basis.

Based on the foregoing, as more fully set forth below, Plaintiffs' Motion to Strike Navient Defendants' Answers should be denied.

## BACKGROUND

Navient Corporation is the parent company of Navient Solutions, LLC. Formerly known as Sallie Mae, Inc., at the time of the relevant allegations set forth in the TAC, Navient Solutions, LLC was one of the largest, most well-established servicers of student loans. Through this action, Plaintiffs purport to challenge Navient Solutions, LLC's servicing with respect to income driven repayment ("IDR") programs on federal student loans. In particular, Plaintiffs advance the following claims: (1) breach of contract regarding loan servicing contracts with the Department of Education, on behalf of a nationwide class; (2) breach of, or tortious interference with, the Master Promissory Note, which is entered into between the Department of Education and federal student loan borrowers or, in the alternative,

breach of the covenant of good faith and fair dealing, on behalf of a nationwide class; (3) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, on behalf of a California class; (4) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 *et seq.*, on behalf of a nationwide class; (5) violation of New York General Business Law, N.Y. G.B.L. § 349 *et seq.*, on behalf of a New York class; (6) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, on behalf of an Illinois class; and (7) violation of the Rosenthal Act, California Civil Code § 1788.17, on behalf of a California class.

Pertinent to Plaintiffs' Motion, these claims have been advanced through an initial Complaint filed on January 16, 2018 (ECF 1), a First Amended Complaint filed on May 25, 2018 (ECF 29), and a Second Amended Complaint deemed filed on June 29, 2023 (ECF 80-1; 89).  Navient Defendants filed Answers to the First and Second Amended Complaints on June 11, 2021, (ECF 63-64) and July 28, 2023 (ECF 92-93).  Plaintiffs did not challenge the sufficiency of these Answers and discovery has been proceeding since July 28, 2021 (ECF 69).  On December 19, 2024, Plaintiffs were granted leave to file a Third Amended Complaint (118-3, 136), which Navient Defendants answered on January 16, 2025 (ECF 140, 142).

Plaintiffs filed a Motion to Strike certain responses within those Answers on February 6, 2025.  (ECF 143, 144).  In that Motion, Plaintiffs make a highly technical

request that the following responses be stricken from Navient Defendants' Answers because they assert that a document "speaks for itself" and/or that an allegation is a "conclusion of law": 8-14, 17-19, 20, 23, 34, 36, 37, 47-52, 54-58, 63-64, 66-70, 76, 77, 79, 81, 87-89, 90, 93-94, 113, 125-129, 136-137, 139, 146-147, 156-157, 167-169, 172-173, 175-176, and 178.   In each and every instance where Navient Defendants include the statement "speaks for itself" or asserts a "legal conclusion" in response to an allegation, however, they follow that statement by a denial of the allegation.  *See, e.g.,* Navient Corporation's Answer to Plaintiffs' Third Amended Complaint (ECF 140) at ¶ 8 ("Answering Paragraph 8 of the Complaint, NSL states that information from the Consumer Federation of America speaks for itself and denies any allegations that are inconsistent therewith."); ¶ 125 ("Answering Paragraph 125 of the Complaint, NSL states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, NSL denies the allegations set forth therein.")

Pursuant to Local Rule 7.6, Navient Defendants now file this brief in opposition to Plaintiffs' Motion to Strike.

## STANDARD OF REVIEW

A motion to strike made pursuant to Federal Rule of Civil Procedure 12(f) is a "drastic remedy" to be granted "only when required for the purposes of justice." *N. Penn Transfer, Inc. v. Victaulic Co. of America*, 859 F. Supp. 154, 158 (E.D. Pa. 1994). Such motions are "generally disfavored" and should be denied unless the challenged pleading (or portion of the pleading) has "no possible relation to the controversy, may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015). Prejudice to one or more of the parties is "a touchstone for deciding a motion to strike." *Fulton Fin. Advisors, Nat'l Ass'n v. NatCity Invs., Inc.*, No. 09-4855, 2013 WL 5635977, at *19 (E.D. Pa. Oct. 15, 2013)[1]; *Wincovitch v. Edwin A. Abrahamsen & Assocs.*, No. 3:12-CV-1846, 2013 WL 1909578, at *1 (M.D. Pa. May 8, 2013) ("Courts have required that the moving party demonstrate prejudice before the court will strike a pleading."). "Where a claim or defense is not utterly meritless, a motion to strike has the paradoxical effect of requiring extra time and expense by the parties in crafting and responding to the motion and depletion of precious Court resources in considering, researching, and ruling on that motion." *Beach v. Guardian Life Ins. Co. of America*, No. 1:23-cv-2190-MLB, 2024 WL 3551132, *1

---

[1]    Pursuant to Middle District Local Rule 7.8(a), copies of the unpublished opinions cited herein are reproduced in the attached Appendix.

(N.D. Ga. Jan. 26, 2024).  Finally, in deciding whether to strike a pleading under Rule 12(f), district courts possess "great discretion."  *Wirt*, 134 F. Supp.3d at 857.

## ARGUMENT

Against this backdrop, the Court should deny Plaintiffs' Motion to Strike.  In search of what amounts to a "gotcha moment," Plaintiffs mischaracterize Navient Defendants' Answers.

### A. Responses That State That a Document Speaks for Itself, and Deny any Inconsistent Allegation, Comply With Rule 8.

Each and every one of the challenged responses contain an unequivocal denial.  Courts have found that such a denial, when coupled with the phrase that a document "speaks for itself," satisfies the requirements of Federal Rule of Civil Procedure 8.  *See Noramco LLC v. Dishman USA, Inc.*, No. CV 21-1696-WCB, 2022 WL 2817876, at *3 (D. Del. July 19, 2022) ("[A] statement in an answer that a document 'speaks for itself' is permissible "if the answer also expressly includes an admission or denial of the allegation.") (collecting cases); *Savage v. Temple Univ.*, No. 19-6026-KSM, 2020 WL 5602651, at *2 (E.D. Pa. Sept. 18, 2020) (denying motion to strike responses to allegations which were in fact conclusions of law where the response also included a general denial); *Wigley v. Powe*, No. 2:23-CV-46-TBM-RPM, 2024 WL 5353375, at *2 (S.D. Miss. Mar. 14, 2024) (denying motion to strike where "Defendants went a step further by denying each of those allegations and putting them at issue"); *Agrelo v. Meloni Law Firm*, No. 14-21192-CIV, 2017 WL

6

10636451, at *1 (S.D. Fla. Sept. 22, 2017) (refusing to deem, as admitted, a response that the document "speaks for itself" where this response was accompanied by a general denial).  And in *Beach*, the court found "[t]here [was] nothing wrong" with the exact response at issue here.  *Beach*, 2024 WL 3551132 at *4.  Plaintiffs' Motion should be denied on this basis alone.

Notably, Plaintiffs cite no binding authority justifying the "drastic remedy" they now seek.  *Daubert v. NRA Group, LLC*, 861 F.3d 382, 395 (3d Cir. 2017) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case.") (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)).  What's more, the non-binding cases cited from within this district court are readily distinguishable.

Here, Navient Defendants' responses all include a denial regarding any allegations inconsistent with the documents at issue.  Many of the cases cited by Plaintiffs involve cases where no denial is present.  For example, in *State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001), the court included general statements involving the statement a document "speaks for itself," but did not address that standard where it was followed by a denial.  Here, Navient Defendants' denials are responses within the meaning of Rule 8.  And *Beard v. Helman* did not even involve the requirements of Rule 8, but rather those of Local

Rule 56.1 governing Responses to Statements of Fact in support of Motions for Summary Judgment. 722 F. Supp. 3d 521, 528 (M.D. Pa. 2024). It is thus inapplicable here.

Finally, *Graham Engineering Corp. v. Slusarz* presents a stark distinction. In that matter, the defendants' answers that a document "speaks for itself" came in response to allegations that did not "explicitly or implicitly refer to documents." No. 1:16-CV-2527, 2018 WL 1907124, at *2 (M.D. Pa. Apr. 23, 2018). The Court therefore found that these responses unduly burdened the plaintiff "with the task of speculating as to which specific document [defendant] refers and what allegation he denies." *Id.* That ambiguity and prejudice to the moving party is entirely absent in the instant matter. Each of challenged responses in Navient Defendants' Answers, in addition to containing a denial, includes a direct reference to the written document at issue. Unlike *Graham*, there is no guessing game here. Moreover, the responses at issue in *Graham* did not include the "inconsistent therewith" language included here.

### B. Responses That Refer To Legal Conclusions Followed by Denials are Appropriate.

Plaintiffs' efforts to strike allegations asserting that a document contains a legal conclusion, and are followed by a specific denial, should also be denied. Again, the case law upon which Plaintiffs rely is distinguishable. *Kegerise v. Susquehanna Twp. Sch. Dist.*, the primary case upon which Plaintiffs rely, did not

include the unequivocal denial present in each of the challenged responses here. 321 F.R.D. 121, 123 (M.D. Pa. 2016). Indeed, the Court in *Kegerise* refused to strike one challenged response where "the response to that paragraph had an adequate additional reason for a denial." *Id.* Another case cited by Plaintiffs, *Thomas v. Duvall,* similarly did not involve an unequivocal denial. No. 3:16-CV-00451, 2019 WL 8013742, at *6 (M.D. Pa. Oct. 3, 2019), *report and recommendation adopted by* 2019 WL 6769324, at *1 (M.D. Pa. Dec. 12, 2019).

Numerous courts have found that responses that refer to legal conclusions followed by denials are sufficient. *See, e.g., Emcyte Corp. v. XLMedica, Inc.*, No. 2:19-cv-769-JES-NPM, 2022 WL 394392, *3 (M.D. Fla. Feb. 9, 2022) (finding responses that refer to a legal conclusion "are sufficient under Rule 8(b)" when they "also state the allegations are denied."); *see also Beach*, 2024 WL 3551132, *3 (finding responses referring to a legal conclusion that contain a denial are adequate under Rule 8).

### C. Plaintiffs Have Articulated No Specific Prejudice Justifying the Drastic Remedy They Seek.

Even beyond Navient Defendants' compliance with Rule 8, Plaintiffs' Motion should be denied for lack of any prejudice. Navient Defendants' challenged Answers are in response to Plaintiffs' TAC. As noted above, Navient Defendants' prior Answers, substantially similar in all relevant respects, went unchallenged and Plaintiffs claimed no prejudice in discovery from these filings. Indeed, the parties

have engaged in a lengthy discovery period commencing on July 28, 2021. The absence of any prejudice to Plaintiffs further favors the denial of their Motion. *See Great West Life Assurance Co. v. Levithan*, 834 F.Supp. 858, 864 (E.D. Pa. 1993) ("Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party.")*; Lomma v. Ohio Nat'l Life Assurance Corp.*, No. 3:16-CV-2396, 2021 WL 772237, at **4-5 (M.D. Pa. Feb. 26, 2021) (denying motion to strike untimely answer for failure to demonstrate prejudice by plaintiffs); *Westport Ins. Corp. v. Stevens & Lee, P.C.*, No. 2:16-CV-937, 2016 WL 9775023, at *4 (E.D. Pa. June 30, 2016) (denying motion to strike numerous paragraphs and affirmative defenses in answer where plaintiff failed to adequately demonstrate any prejudice). Plaintiffs have articulated no specific prejudice here.

## <u>CONCLUSION</u>

For the foregoing reasons, Navient Defendants respectfully request that Court

deny Plaintiffs' request for the drastic remedy of striking their Answers to the TAC.

Respectfully submitted,

/s/ Cory W. Eichhorn
Cory W. Eichhorn (*Pro Hac Vice*)
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305-789-7576
cory.eichhorn@hklaw.com

Jonathan M. Marmo
Holland & Knight LLP
One Liberty Place
1650 Market Street, Suite 3300
Philadelphia, PA 19103
T: 215-867-6070
jonathan.marmo@hklaw.com

Daniel T. Brier
Donna A. Walsh
Myers Brier & Kelly, LLP
425 Spruce Street , Suite 200
Scranton, PA 18503
T:  570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

*Attorneys for Defendants
Navient Solutions, LLC and
Navient Corporation*

Dated: February 20, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Brief in Opposition to Motion to Strike was served upon all counsel of record via

the Court's ECF system on this 20th day of February 2025.


<u>/s/ Daniel T. Brier</u>
Daniel T. Brier