# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | Civil No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | (Judge Joseph F. Saporito) |
| v. | (Magistrate Judge Caraballo) |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC, | ELECTRONICALLY FILED |
| Defendant. | |

**Plaintiffs' Reply Brief in Support of Their Motion to Strike**

*A. Speaking Documents*

Defendants do not earnestly contend that it was proper to plead that "documents speak for themselves." Instead, they argue that any defect can be cured simply by tacking a complete denial to the end of the improper response. Defendants are wrong.

First, Defendants make no effort to distinguish *In re Richner*, No. 5-12-BK-02881-JJT, 2018 WL 1165759, (Bankr. M.D. Pa. Mar. 1, 2018). There, the challenged language was substantively identical to what Defendants have used here. The responses first stated that a document spoke for itself and that no response was required. But the answer went even further, "to indicate that to the

extent a response is deemed to be required, the Defendant denies any allegations inconsistent with that written document." *Id.* at *2. Defendants' attempted cure language here – "and denies any allegations that are inconsistent therewith" – is substantively identical to the language that Judge Thomas found improper in *Richner*.

Defendants do attempt to distinguish *Graham Eng'g Corp. v. Slusarz*, No. 1:16-CV-2527, 2018 WL 1907124, at *1 (M.D. Pa. Apr. 23, 2018) by pointing to the opinion's language finding the defendant's responses to be ambiguous because the allegations that the defendant denied did not actually refer to documents. However, before reaching that conclusion, Judge Connor first cited to *In re Richner* in holding that "even when followed by a general denial," the assertion that a document speaks for itself does not meet the requirements of Rule 8(b). That standard does not mention ambiguity, and such a finding does not seem to have been necessary to Judge Connor's decision. Instead, *Graham's* adoption of the standard used in *Richner* seems clear.

Defendants also claim that *Beard v. Helman*, 2024 WL 967837, at *3 (M.D. Pa. Mar. 6, 2024)(Brann, J.) is inapplicable because–as admitted in Plaintiffs' brief–the case was construing Local Rule 56.1 rather than Fed. R. Civ. P. 8. However, *Beard's* construction of LR 56.1 was based on a case that had interpreted Fed. R. Civ. P. 8: *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279

(N.D. Ill. 2001). Judge Brann cited that case simply to describe the "speaks-for-itself denial" as "much-maligned." *Id*. at *3. Plaintiffs do not claim that *Beard* is binding here. Instead, *Beard* shows that Judge Brann believes such denials have been widely criticized and that he agrees that such denials are inappropriate. He likely would not have used Rule 8 authority to interpret LR 56.1 unless he thought that the Rule 8 authority was convincing. So, by relying on *State Farm* outside of Rule 8, he showed that he agreed with *State Farm's* interpretation of Rule 8.

Defendants do not discuss the ambiguity created when a general denial follows a "speaks for itself" assertion. However, two cases cited in Plaintiffs' first brief explain why that vagueness is unacceptable.

> [The defendant's] denial of the allegations is equivocal, and thus, its denial language cannot remedy the insufficient response that a document "speaks for itself." After reciting that the document "speaks for itself," [the defendant] states: "To the extent that further response may be required, the paragraph is denied." A response that the document speaks for itself could either be interpreted as an admission or denial and does not directly respond to the allegations in the complaint. Therefore, in stating that the document "speaks for itself" and "to the extent that further response may be required, the paragraph is denied," [the defendant] could be denying none, some, or all of the paragraph. [The plaintiff] and the Court are left to wonder which it is. In sum, [the defendant's] qualified denial language cannot remedy its use of the phrase the document "speaks for itself."

*Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2015 WL 5730662, at *3 (N.D. Ind. Sept. 30, 2015)(cleaned up, quotations and citations omitted). *See also, F.D.I.C. v. Stovall,* No. 2:14–cv–00029–WCO, 2014 WL 8251465, at *11 (N.D. Ga. Oct. 2, 2014)("defendants' response *does* include a subsequent denial 'as to the truth of the remaining allegations,' but the initial statement that the document speaks for itself obscures what, if any, portion of the allegation the denial covers. This is more than a pedantic qualm; including the statement that the document speaks for itself can have significant consequences. Like general objections to discovery requests, the prefatory non-response obscures the value of the denial or admission.")(emphasis in original).

Defendants' response creates the same ambiguity that *Valley Forge* and *Stovall* denounced. One example is Defendants' response to paragraph 12 of the Complaint: "Answering Paragraph 12 of the Complaint, NSL states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith." Defendants "could be denying none, some, or all of the paragraph. [The plaintiff] and the Court are left to wonder which it is." The denial's value is obscured by "the prefatory non-response."

### B.  Conclusions of Law

Of course, the *Valley Forge* and *Stovall* logic applies just as well where the prefatory language is "conclusion of law" rather than "speaks for itself." In both

instances, the introductory wording makes the subsequent denial ambiguous. The responses should be stricken on that basis.

Additionally, Defendants claim that Plaintiffs' cases on the "conclusions of law" issue are distinguishable because they did not include unequivocal denials. (Br. at 8-9.) However, the first out-of-district case that Plaintiffs cited for this issue was *Calogero v. Shows, Cali & Walsh, LLP*, No. CV 18-6709, 2021 WL 5028250, at *2 (E.D. La. Oct. 29, 2021). (Plaintiffs' Brief at 8.) That case **did** involve explicit denials, just like what Defendants pleaded here. The answer that the plaintiffs had objected to contained numerous paragraphs where the defendant said "[t]he allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, *and are otherwise denied***." (See *Calogero* Answer at, e.g., ¶¶ 60 – 82, Ex. A, emphasis added). The defendant's reply was to argue that "courts have found that such responses do not violate Rule 8(b) . . . . and in any event defendants' response that the allegations are *otherwise denied* is a sufficient and acceptable response." (See the *Calogero* defendant's reply brief, Ex. B, pp. 2 – 3, **emphasis in original**.) Despite being presented with that argument, the court struck the answer.

### C. Prejudice

Defendants are correct that the caselaw is legion that striking a pleading is a "drastic remedy." A search of Westlaw's federal case database for "motion to

strike" in the same sentence as "drastic remedy" yields 2,128 results. Why? What is so *drastic* about a motion that simply asks the pleader to comply with Rule 8?

When the "drastic remedy" language developed, it did not refer to a mere amendment of the type sought here. Instead, it referred to something far more severe. The first time that the phrase "drastic remedy" was used in this context appears to have been in the Sixth Circuit's decision in *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953).

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. *Colorado Milling & Elevator Co. v. Howbert*, 10 Cir., 57 F.2d 769. It is a drastic remedy to be resorted to only when required for the purposes of justice. *Batchelder v. Prestman*, 103 Fla. 852, 138 So. 473; *Collishaw v. American Smelting & Refining Co.*, 121 Mont. 196, 190 P.2d 673. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Samuel Goldwyn, Inc., v. United Artists Corporation, D.C.*, 35 F.Supp. 633; *Wooldridge Mfg. Co. v. R. G. La Tourneau, Inc.*, D.C., 79 F.Supp. 908.
>
> We think that the District Court erred in striking the affirmative defenses of the answer. It has not been shown that these defenses have no relation to the controversy.

Id. at 822. Thus, the Sixth Circuit held that the district court had abused its discretion by putting a party out of court on a potentially meritorious affirmative defense without having any factual record. Such a dismissal is the type of severe measure that the "drastic remedy" language contemplates.

6

Here, Plaintiffs do not seek anything nearly so extreme. Defendants may deny anything they wish to, within the confines of Rule 11. However, their denials ought to be unequivocal. "A party is prejudiced when the challenged pleading 'confuses the issues' or places an undue burden on the responding party." *Graham* at *1, citing *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015). Equivocal pleadings do prejudice the receiving party by confusing the matters in dispute and burdening that party with having to "ferret[] out straightforward answers [thus, meriting] relief under Rule 12(f)." *Sinclair Cattle Co., Inc. v. Ward*, No. 1:14-CV-1144, 2015 WL 6125260, at *3 (M.D. Pa. Oct. 16, 2015).

The more pertinent prejudice inquiry would be to examine any prejudice suffered by Defendants in being forced to amend their answer to remove the ambiguous language. Plaintiffs submit that there would be no such prejudice and respectfully request that the motion be granted and that Defendants be allowed 21 days to re-plead.

Dated:  March 6, 2025                              s/ Carlo Sabatini

                                                   Carlo Sabatini, PA 83831
                                                   **Sabatini Law Firm, LLC**
                                                   216 N. Blakely St.
                                                   Dunmore, PA 18512
                                                   (570) 341-9000
                                                   carlo@sabatinilawfirm.com

Anthony Fiorentino
**Fiorentino Law Offices**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com


Daniel A. Edelman
**Edelman, Combs, Latturner
& Goodwin, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com


*Counsel for Plaintiffs Jill Ballard,
Rebecca Varno, and Mark Pokorni*