# Exhibit A

(Calogero Answer)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRIS CALOGERO, Ind. and obo all others similarly situated and MARGIE NELL RANDOLPH, Ind. and obo all others similarly situated** | **CASE: 2:18-cv-06709-BWA-DMD** |
| **v.** | **JUDGE: "M": BARRY W. ASHE** |
| **SHOWS, CALI & WALSH, LLP, a Louisiana Limited Liability Partnership; MARY CATHERINE CALI, an individual; and JOHN C. WALSH, an individual** | **MAG (3): DANA M. DOUGLAS** |

## ANSWER TO PLAINTIFF'S COMPLAINT – CLASS ACTION, FIRST AMENDED COMPLAINT – CLASS ACTION, AND SECOND AMENDED COMPLAINT – CLASS ACTION

**NOW INTO COURT**, through undersigned counsel, come defendants, SHOWS, CALI & WALSH, LLP, MARY CATHERINE CALI, AND JOHN C. WALSH (hereinafter "defendants"), who answer the allegations contained in plaintiff, IRIS CALOGERO's Complaint – Class Action, First Amended Complaint – Class Action, and Second Amended Complaint – Class Action, as follows:

### FIRST DEFENSE

Defendants assert all defenses to the Complaint that are or may be available to them under Fed. R. Civ. P. 12(b).

### SECOND DEFENSE

The Complaint fails to state claims against defendants upon which relief may be granted. Accordingly, defendants assert their rights to file a motion to dismiss under Fed. R. Civ. P. 12(b).

### INTRODUCTION

1.

Defendants contend that Paragraph 1 of plaintiff's Complaint does not require a response

as the Fair Debt Collection Practices Act ("FDCPA") speaks for itself and is the best evidence of its content. However, should this court find that a response is required, defendants deny all allegations in Paragraph 1 of plaintiff's Complaint.

## JURISDICTION AND VENUE

2.

All allegations in Paragraph 3 call for legal conclusions, to which no response is required.

3.

All allegations in Paragraph 3 call for legal conclusions, to which no response is required.

## PARTIES

4.

The allegations of Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of Paragraph 6 call for legal conclusions, to which no response is required, and are otherwise denied.

7.

The allegations of Paragraph 7 call for legal conclusions, to which no response is required, and are otherwise denied.

8.

The allegations of Paragraph 8 are admitted as to the status of defendant Shows, Cali &

Walsh, LLP.  Defendant admits that it has assisted clients in the collection of amounts owed, through its attorneys.

9.

The allegations of Paragraph 9 are admitted as to the status of defendant Cali.  Defendant Cali admits that she has assisted clients in the collection of amounts owed.

10.

The allegations of Paragraph 10 are admitted as to the status of defendant Walsh. Defendant Walsh admits that he has assisted clients in the collection of amounts owed.

11.

The allegations of Paragraph 11 call for conclusions of law, for which no response is required.

**FACTUAL ALLEGATIONS**

12.

The allegations of this Paragraph do not require answer from these defendants.

13.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

14.

The allegations of this Paragraph refer to written documents and statutes, which are best evidence of their contents.  The allegations of that paragraph further call for conclusions of law, not requiring answer from these defendants.

3

15.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

16.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

17.

The allegations of this Paragraph refer to written documents and statutes which are the best evidence of their contents.  The allegations of this Paragraph further call for conclusions of law, not requiring answer from these defendants.

18.

Admitted.

19.

It is admitted that the storms created a housing crisis.

20.

The allegations of this Paragraph refer to written documents and statutes which are the best evidence of their contents.  Defendants admit that the U.S. Government appropriated money for disaster relief for states, including Louisiana.

21.

The allegations of this Paragraph refer to written documents and statutes which are the best evidence of their contents.  Defendants admit that the U.S. Government appropriated money

for disaster relief for states, including Louisiana.

22.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents. The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

23.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents. The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

24.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents. The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

25.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents. The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

26.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents. The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

27.

Admitted.

28.

The allegations of this Paragraph refer to written documents and statutes which are the best evidence of their contents.  The allegations of this Paragraph further call for conclusions of law, not requiring answer from these defendants.  On information and belief, defendants admit that Louisiana submitted an application for the CDBG funds.

29.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

30.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.  Defendants admit that the LRA was the governmental body created in the aftermath of hurricanes Katrina and Rita by Governor Kathleen Blanco to plan for the recovery and rebuilding of Louisiana, and design all policy and programs for the Road Home Program, now administered by OCD.

31.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

32.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of

law, not requiring answer from these defendants, and are otherwise denied.

33.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.  Defendants admit that there were multiple grant programs issued by the Road Home Program, including the "Homeowner Grant."

34.

The allegations of this Paragraph refer to written documents and agreements, which are the best evidence of their terms, and are otherwise denied for lack of sufficient information to justify a belief therein.

35.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that Plaintiff Calogero entered into the contract attached as Exhibit 2 to the plaintiff's Complaint.

36.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that Plaintiff Randolph entered into the contract attached as Exhibit 3 to the plaintiff's Complaint.

37.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

38.

The allegations of this Paragraph refer to written documents and statutes, which are the

best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

39.

The allegations of this Paragraph refer to written documents and statutes, which are the best evidence of their contents.  The allegations of this paragraph further call for conclusions of law, not requiring answer from these defendants.

40.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

41.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

42.

The allegations of this Paragraph are denied for lack of information sufficient to justify a belief therein.

43.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

44.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

45.

The allegations of this Paragraph refer to written documents, which are the best evidence

of their contents.  Defendants admit that on or before 2017 they sent letters to grant recipients concerning overpayments.

46.

The allegations of this Paragraph are denied as written.

47.

The allegations of this Paragraph are denied as written.

48.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that they sent the letter attached to Plaintiff's Complaint as Exhibit 4.

49.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that they sent the letter attached to Plaintiff's Complaint as Exhibit 5.

50.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.

51.

The allegations of this Paragraph are admitted.

52.

The allegations of this Paragraph are denied for lack of information to justify a belief therein.

9

53.

The allegations of this Paragraph refer to a written document, which is the best evidence of its contents, and are otherwise denied.

54.

The allegations of this Paragraph are denied for lack of information to justify a belief therein.

55.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that they sent the letters attached to Plaintiff's Complaint as Exhibit 6.

56.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that they sent the letters attached to Plaintiff's Complaint as Exhibit 6.  The remaining allegations of this Paragraph are denied.

57.

The allegations of this Paragraph refer to a written document, which is the best evidence of its contents, and are otherwise denied.

58.

The allegations of this Paragraph refer to written documents, which are the best evidence of their contents.  Defendants admit that they did not send Plaintiff or her counsel any electronic confirmation.   The remaining allegations of this Paragraph are denied for lack of sufficient information to justify a belief therein.

59.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants.

60.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

61.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

62.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

63.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

64.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

65.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

66.

The allegations of this Paragraph call for conclusions of law, not requiring answer from

these defendants, and are otherwise denied.

67.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

## **CLASS ALLEGATIONS**

68.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

69.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

70.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

71.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

72.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

73.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

74.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

75.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

76.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

77.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

**PLAINTIFF'S CLAIMS FOR RELIEF**

78.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

79.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

80.

The allegations of this Paragraph call for conclusions of law, not requiring answer, and are otherwise denied.

13

81.

The allegations of this Paragraph call for conclusions of law, not requiring answer, and are otherwise denied.

82.

The allegations of this Paragraph call for conclusions of law, not requiring answer, and are otherwise denied.

83.

The allegations of this Paragraph are denied.

84.

The allegations of this Paragraph are denied.

85.

The allegations of this Paragraph are denied for lack of information to sufficiently justify belief therein.

86.

The allegations of this Paragraph are denied.

87.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

88.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

89.

The allegations of this Paragraph call for conclusions of law, not requiring answer from

these defendants, and are otherwise denied.

90.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

91.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

92.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

93.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

94.

The allegations of this Paragraph call for conclusions of law, not requiring answer, but are admitted.

95.

The allegations of this Paragraph are denied.

96.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

97.

The allegations of this Paragraph do not require answer from these defendants, and are

otherwise denied.

98.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

99.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

100.

The allegations of this Paragraph are denied.

101.

The allegations of this Paragraph do not require answer from these defendants, and are otherwise denied.

102.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

103.

The allegations of this Paragraph call for conclusions of law, not requiring answer from these defendants, and are otherwise denied.

104.

The allegations of this Paragraph are denied.

105.

The allegations of this Paragraph do not require answer from these defendants.

## PRAYER FOR RELIEF

The allegations of plaintiff's Prayer for Relief do not require answer from these defendants, and are otherwise denied.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to plaintiff's Complaint – Class Action, First Amended Complaint – Class Action, and Second Amended Complaint – Class Action, defendants, SHOWS, CALI & WALSH, LLP, MARY CATHERINE CALI, AND JOHN C. WALSH, plead the following affirmative defenses:

## THIRD DEFENSE

Defendants assert all rights, privileges, protections, and defenses available under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and regulations issued under the Act. Payment options and settlement offers that permit a peaceful resolution of a debt are permitted by the language and purpose of the FDCPA.

## FOURTH DEFENSE

Actions by defendants, if any as alleged, were not by any means violative of or prohibited by or actionable under the FDCPA or common law, including those alleged in the Complaint and, in any event, were in good faith, inadvertent, simple mistakes, not willful or intentional attempts to violate the FDCPA or common law, and, at most, were mere technical violations. No alleged acts give rise to an injunction or award of actual damages, punitive damages, costs, attorney's fees or other requested relief.

## FIFTH DEFENSE

Defendants affirmatively reserve the right to prove as to any alleged violation, whether specifically alleged in the Complaint or otherwise, to be the result of a *bona fide* error,

17

notwithstanding the maintenance of procedures reasonably adopted to avoid any such error as provided by 15 U.S.C. § 1692k(c). Any acts by defendants to collect any debt that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA. Defendants submit that prior to sending demand letters or filing suit, they adequately reviewed the pertinent documents, and research the proper time period applicable.

## SIXTH DEFENSE

Defendants assert all affirmative defenses that are or may become available (upon further investigation or discovery) under Fed. R. Civ. P. 8(c).

## SEVENTH DEFENSE

The Complaint is barred by the applicable statute of limitations and/or prescription.

## EIGHTH DEFENSE

Claims attempted to be raised by the plaintiff are barred by the defenses of waiver, compromise and/or *res judicata*.

## NINTH DEFENSE

Defendants deny any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of defendants' alleged violations.

## TENTHTH DEFENSE

Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## ELEVENTH DEFENSE

Any harm suffered by the plaintiff was legally and proximately caused by person or entities other than defendants and were beyond the control or supervision of defendants or for whom defendants were and are not responsible or liable.

## TWELFTH DEFENSE

The Complaint is barred, in whole or in part, by the conduct of plaintiff, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

## THIRTEENTH DEFENSE

The claims of plaintiff are subject to the defenses of offset and compensation.

## SIXTEENTH DEFENSE

The plaintiff is not a proper plaintiff and/or lacks proper standing to bring this action.

## SEVENTEENTH DEFENSE

Defendants' counsel has not had opportunity to fully investigate all of the facts and circumstances involved in this action and this Answer will be amended pursuant to the Federal Rules of Civil Procedure should other defenses be uncovered during investigation. Defendants reserve the right to amend its affirmative defenses.

**WHEREFORE**, defendants, SHOWS, CALI & WALSH, LLP, MARY CATHERINE CALI, AND JOHN C. WALSH, respectfully pray that this Court deem defendants' Answer to plaintiff's Complaint – Class Action, First Amended Complaint – Class Action, and Second Amended Complaint – Class Action good and sufficient, and after all due proceedings are had, enter judgment against the plaintiff and in favor of defendants; order plaintiff's' claims against defendants dismissed in their entirety, with prejudice; and award defendants their costs incurred in this action.

Respectfully submitted,

**FRILOT, LLC**

**/s/ David S. Daly**
**DAVID S. DALY (La. No. 20774)**
**ELLIOT M. LONKER (La. No. 24527)**
**ALLEN J. KROUSE (La. No. 14426)**
**SUZANNE M. RISEY (La. No. 25488)**
1100 Poydras St., Suite 3700
New Orleans, LA 70163
Daly Phone:    (504) 599-8329
Daly Fax:        (504) 599-8139
Daly Email:    DDaly@Frilot.com
Krouse Email:          AKrouse@Frilot.com
Risey Email:    SRisey@Frilot.com
*Counsel for Defendants, Shows, Cali &*
*Walsh, LLP, Mary Catherine Cali, and*
*John C. Walsh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court and all counsel of record using the CM/ECF system.

**/s/ David S. Daly**
**DAVID S. DALY**