# Exhibit B

(Calogero Defendant Brief)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRIS CALOGERO, Ind. and obo all others similarly situated and MARGIE NELL RANDOLPH, Ind. and obo all others similarly situated**<br><br>v.<br><br>**SHOWS, CALI & WALSH, LLP, a Louisiana Limited Liability Partnership; MARY CATHERINE CALI, an individual; and JOHN C. WALSH, an individual** | CASE: 2:18-cv-06709-BWA-DMD<br><br>JUDGE: "M": BARRY W. ASHE<br><br>MAG (3): DANA M. DOUGLAS |

<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**</u>
<u>**MOTION TO STRIKE OR REQUIRE REPLEADING OF ANSWER**</u>

**MAY IT PLEASE THE COURT:**

Defendants, SHOWS, CALI & WALSH, LLP, MARY CATHERINE CALI, AND JOHN C. WALSH (hereinafter "defendants"), submit the following Opposition to Plaintiffs' Motion to Strike or Require Repleading of Answer. As the following will show, plaintiffs' Motion should be denied.

        **I.**    <u>**BACKGROUND FACTS**</u>

As the court is aware, this suit is an FDCPA suit against Louisiana attorneys. Plaintiffs' allege that the defendant attorneys violated the provisions of the FDCPA while representing their client (the State of Louisiana – OCD) in efforts to re-capture grant payments, after the recipients breached their contracts with the State of Louisiana.

Plaintiffs have amended their complaints in this matter not once, but twice, adding new plaintiffs and new claims. They unsuccessfully filed Motions to Compel (denied by the Magistrate, and then by the District Judge[1]) and now seek to strike or require re-pleading of

---

[1] See R. Docs. 88 and 96.

defenses and responses set forth in defendants' Answer to plaintiffs' most recent Complaint. That Motion should be denied.

## II. LAW AND ARGUMENT

### 1. The Plaintiffs' Motion to Strike Law

With regard to plaintiffs' pending Motion to Strike, our courts have generally held that:

> Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)); *see also U.S. S.E.C. v. Ahmed*, No. 15-CV-675, 2020 WL 7321401, at *2 (D. Conn. Dec. 11, 2020) ("[M]otions to strike are generally disfavored, even when appropriately applied to the pleadings of a case.") (collecting cases); *Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, —— F. Supp. 3d ——, ——, 2020 WL 5519188, at *3 (E.D.N.Y. Aug. 13, 2020) ("Motions to strike are generally disfavored" (quoting *Coach, Inc.*, 756 F. Supp. 2d at 425); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015)) ("Motions to strike are generally disfavored, but are within the district court's sound discretion." (quoting *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008))).

*Wertzberger v. Shapiro, DiCaro & Barak LLC*, 19-CV-4272 (MKB), 2021 WL 327619, at *2 (E.D.N.Y. Feb. 1, 2021).

### 2. The Defendants' Numbered Responses to Plaintiffs' Complaint Allegations are Sufficient

Plaintiffs argue in their Motion that certain responses made by defendants to plaintiffs' 105 paragraph Amended Complaint are improper under FRCP 8(b). Plaintiffs initially address the instances where the defendants responded to a complaint allegedly stating either that the paragraph "calls for legal conclusions, for which no response is required", **or** "calls for legal conclusions, to which no response is required, **and are otherwise denied**" (emphasis added). Addressing the latter responses first (Paragraphs 6, 7, 24, 25, 32, 60-82, 87-93, 96-99, and 101-

2

103), courts have found that such responses do not violate Rule 8(b).  See: *Martinez v. Naranjo*, 328 FRD 581 (D. N.M. 10/31/18); and *San Francisco Herring Assn. v. Pac. Gas and Electric*, 2015 WL 8482187 (N.D. Cal. 12/10/15).  Plaintiffs' Complaint is replete with references to:  1) Federal Statutes (FDCPA); 2) Federal Appropriation Laws; 3) HUD Statutory Authority Grants; and 4) CFRs.  Plaintiffs' allegation attempt to *summarize* portions of laws, and then ask defendants to admit or deny that summary, or even plaintiffs' interpretation of it.  Defendants submit that those allegations are not proper themselves under FRCP Rule 8, and in any event defendants' response that the allegations are *otherwise denied* is a sufficient and acceptable response.

Concerning the defendants' responses to allegations that "call for conclusions of law, for which no response is required' (Paragraphs 2, 3, 11, 13-17, 22, 23, 26, 28-31, 33, 38, 39, and 59), those complaint allegations all state legal conclusions.  Paragraphs 2 and 3 refer to venue; Paragraphs 11 and 13-17 refer to plaintiffs' interpretations of the FDCPA provisions; Paragraphs 22, 23, 26, 28-31, and 33 refer to HUD's statutory authority and its agreements with the State of Louisiana (neither is a party to this suit); Paragraphs 38 and 39 refer to requirements of the Stafford Act; and Paragraph 59 again refers to interpretations of the FDCPA.  Defendants suggest that it is not appropriate for a plaintiff to refer to a portion of a law, or even to give their interpretation of that law, and then expect the defendants to admit or deny that statement.  The statutes and laws at issue almost always contain multiple other provisions, thus forcing defendants to perhaps admit that the law contains the words submitted by the plaintiffs, but also contains other words or provisions that can counter to the plaintiffs' assertions.  Defendants suggest that such legal interpretations of laws and statutes are more appropriately left for motion practice before the court, and that defendants' responses to these allegations are proper.

Concerning the plaintiffs' objections to responses that a document "speaks for itself", it is submitted that the responses which include "otherwise denied" are sufficient, for the same reasons set forth above. (See Answer, Paragraphs 24-25, 32, and 55-58). With respect to the other responses, several of the responses clearly call for legal conclusions (see discussion above), or refer to a law or document to which the plaintiffs are selectively referencing. It is submitted that the problem with these allegations (referring to and "re-stating" what is in a written document) is that the plaintiffs selectively include or interpret a document, and then the defendants must also reference other portions of the law or document (to which the plaintiffs would then object[2]). Additionally, where the Complaint allegations ask the defendants to admit or deny the plaintiffs' interpretation of the duties of *non-parties* under written laws or agreements, that also is improper. Defendants' responses are sufficient, and the Motion should be denied.

### 3. *The Defendants' Affirmative Defenses are Sufficient*

Plaintiffs also seek to strike or order re-pleaded several affirmative defenses raised by defendants in their Answer. While defendants suggest that the First, Third, and Sixth Defenses are designed to protect a party from waiver of issues determined during discovery, defendants of course will delete those Affirmative Defenses, if the court orders the defendants to re-plead its Answer (as opposed to allowing the pleading to stand).

Defenses Two, Seven, Eight, Ten, Eleven, Twelve, Thirteen and Sixteen are Affirmative Defenses, all recognized by courts and the FRCP. It appears that the plaintiffs are arguing that those defenses should not apply to *their claims*. However, discovery is still ongoing in this matter. This court will eventually decide what the applicable prescriptive period or statute of

---

[2] For example, in Responses 55-56, defendants admit they sent the letter attached as exhibits to the complaint, yet the plaintiff still argues the response should be stricken.

limitations is to be applied to the underlying grant re-capture efforts.  If the court agrees with defendants that the Louisiana ten-year prescriptive period applies, then defendants believe that all of plaintiffs' claims will fail to state a proper claim.  Additionally, while this court did allow the plaintiffs' Amended Complaints and the additions of a new plaintiff and new claims, defendants suggest that the court can re-visit the timeliness of those claims as the case progresses forward.  Defendants suggest that the defenses of waiver, compromise, res judicata (Eighth Defense); Failure to mitigate (Tenth); causation (Eleventh); plaintiffs' fault (Twelfth); offset and compromise (Thirteenth); and lack of standing (Sixteenth), do not appear to be sustainable at this time, other than as a defense to plaintiffs' claims for "actual damages" and "other legal and equitable relief", all as specifically set forth in plaintiffs' Complaint's prayer for relief.

      Finally, with regard to plaintiffs' arguments concerning defendants' Fourth and Fifth Defenses, those raise the FDCPA recognized defense of the "Bona Fide Error" doctrine.  As noted above, the central issue in this case concurs the prescriptive or statute of limitations period to be applied to the defendants' underlying efforts to re-capture grant payments for their client, the State of Louisiana – OCD.  As demonstrated in the defendants' previously filed 12(B)(6) Motion,[3] defendants submit that the Louisiana ten-year period found in C.C. art. 3499 applies, and thus they did not violate the FDCPA by trying to collect on a time barred debt.  Importantly, the plaintiffs have not submitted a single state or federal case that holds that the efforts to re-capture grant payments are actually subject to a six-year federal statute of limitations, as they posit in this case.  At best, the issue is *re-nova*.  Defendants are entitled to raise the defense of the bona fide error defense, and in this case they specifically pleaded that they reviewed the pertinent contractual documents between the State, and performed legal research, **before** sending demand letters or filing suit.  See Answer, Affirmative Defense Five.  The main problem with

---

[3] The court has not ruled on the applicable time period yet.

5

plaintiffs' demand for "more" concerning this defense is the fact that they are asking the defendant *lawyers* to disclose the privileged legal work and research they did for their clients. As noted by even the plaintiffs, there are numerous state court proceedings **ongoing** between the State and grant recipients, and in many of those cases prescription may be an issue. The disclosure of specific, privileged information (i.e. details of the attorneys' research) in this case could be argued to be a waiver of the privilege in other cases. This is probably why this court has already **denied** plaintiffs' discovery efforts to get this information. See R. Docs. 88 and 96.

Defendants submit that, given the above, the information provided in their Answer concerning the Bona Fide Error defense is sufficient. Plaintiffs have fair notice of the defense, have seen and responded to the defendants' position on the ten year prescriptive period in this court, and have deposed parties on the issue. Plaintiffs simply cannot legitimately contend that they have not received "fair notice" of the defense, and the prescriptive/statute of limitations issues which form it.[4] Again, if defendants are correct on the ten-year prescriptive period applying, all of the plaintiffs' claims should be dismissed, as there can be no other violation tied to the allegedly "untimely" efforts.

4. *If the Court Agrees with Plaintiffs' Position Concerning the Pleading Requirements, Defendants Should Be Provided with Leave to File An Amended Answer*

In the event that the court agrees with any of the plaintiffs' arguments concerning problems associated with any responses or affirmative defenses raised by the defendants herein, defendants suggest that they should be granted leave to file an amended Answer, to cure any deficiencies found by the court.

---

[4] See *Ruff v. Credit Adjustment*, 2018 WL 4019464 (S.D. Ohio, 8/23/18); *Dantone v. Credence Res. Mgmt.*, 2020 WL 1158105 (E.D. Mo. 3/9/20); *Feinschreiber v. Ocwen*, 2019 WL 4694301 (S.D. Fla. 2/26/19); and *Sexton v. Evergreen Vill.*, 2020 WL 7038501 (D. Utah 7/20/20).

### III.     CONCLUSION

In this case, plaintiffs are taking the novel position that the efforts by the State of Louisiana – OCD (and particularly its attorneys) to re-capture grant payments made by the State to Louisiana citizens (pursuant to a contract between the State and the grant recipients) are actually governed by *federal* statutes of limitations.  Plaintiffs' Complaint refers to federal statutes, public laws and guidelines, and written agreements between non-parties to this case, and then asks the defendants to admit to the plaintiffs' interpretations of these laws or agreements.  It is submitted that, as outlined above, defendants' responses to the plaintiffs' Complaints are proper and appropriate, and plaintiffs' Motion should be denied.

Respectfully submitted,

**FRILOT, LLC**

**/s/ David S. Daly**
**DAVID S. DALY (La. No. 20774)**
**ELLIOT M. LONKER (La. No. 24527)**
1100 Poydras St., Suite 3700
New Orleans, LA 70163
Daly Phone:    (504) 599-8329
Daly Fax:         (504) 599-8139
Daly Email:    DDaly@Frilot.com
Lonker Email: ELonker@Frilot.com
*Counsel for Defendants, Shows, Cali &*
*Walsh, LLP, Mary Catherine Cali, and*
*John C. Walsh*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October 2021, a copy of the foregoing was served on all counsel of record by email, facsimile, overnight delivery, hand delivery, and/or by placing same in the United States Mail, properly addressed and first class postage prepaid.

**/s/ David S. Daly**
**DAVID S. DALY**
