## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | : : : : : : | No. 3:18-CV-121 (Saporito, J.) (Caraballo, M.J.) |
| **Plaintiffs** | : : | |
| v. | : : | |
| NAVIENT CORPORATION; NAVIENT SOLUTIONS, INC.; and NAVIENT SOLUTIONS, LLC, | : : : : : | |
| **Defendants** | : | |

## REPORT & RECOMMENDATION

## I.    Introduction

Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni (collectively "the Plaintiffs") commenced this putative class action against several federal student loan servicing entities on January 16, 2018.  Doc. 1.   On December 19, 2024, the Court granted leave to file the live Third Amended Complaint (Doc. 118-3).  Doc. 136.  Defendants Navient Corporation and Navient Solutions, LLC ("Navient LLC"), f/k/a

Navient Solutions, Inc., lodged their answers on January 16, 2025.
Docs. 140, 142.

The Plaintiffs move to strike the answers ("the Motion,"
Doc. 143).[1]  The Motion argues that over one-third of each amended
answer is improper under Federal Rule of Civil Procedure 8(b), as the
pleadings state either that the information cited in the Third Amended
Complaint "speaks for itself," or that the allegations contain legal
conclusions, without an appropriate admission or denial.  Doc. 144 at 2.
In opposition, Navient Corporation and Navient LLC claim that their
responses are permissible under the same rule.  Doc. 148 at 6–11.

The Motion is fully briefed and ripe for decision, and was referred
to the undersigned to issue a Report & Recommendation.  For the
reasons set forth below, the undersigned recommends that: (1) the
Motion be granted in part and denied in part; (2) Navient Corporation
be required to file an amended answer that repleads six specific

---

[1]  The undersigned construes the Motion as one to strike the answers submitted by
both Navient Corporation and Navient LLC.  Although the Motion cites only specific
paragraphs in Navient LLC's amended answer, *see, e.g.*, Doc. 144 at 4–5 n.1–2, the
Plaintiffs repeatedly refer to the Defendants and their answers plurally throughout
the Motion.  *See generally* Doc. 144.  Navient Corporation and Navient LLC also
submit a collective opposition.  *See generally* Doc. 148.  Accordingly, the analysis
herein pertains to both answers, unless otherwise noted.

responses; and (3) Navient LLC be required to file another amended answer that repleads nine specific responses.

## II.    <u>Background</u>

In this putative class action, the Plaintiffs seek recovery for the Defendants' allegedly wrongful business practices in servicing federal student loans. *See generally* Doc. 118-3.  The Plaintiffs filed their first amended complaint on May 25, 2018.  Doc. 29.  Following motion practice, the Defendants lodged their answers on June 11, 2021. Docs. 63–64.  On September 21, 2022, after over four years of litigation, the Plaintiffs moved for leave to amend their first amended complaint. Doc. 118.  The Court granted the motion on June 29, 2023, leading to the filing of the second amended complaint.  Doc. 80-1.  The following month, the Defendants again lodged answers.  Docs. 92–93.

About eight months later, on March 28, 2024, the Plaintiffs moved for leave to file the Third Amended Complaint.  Doc. 118.  The motion was granted on December 19, 2024.  Doc. 136.  The Defendants submitted their third set of answers on January 16, 2025.  Docs. 140–141.  Later the same day, Navient LLC lodged an amended answer.

Doc. 142.  Then, on February 6, 2025, the Plaintiffs filed the Motion, requesting that the Court strike the amended pleadings.  Doc. 143.

The Plaintiffs contend that the amended answers are improper, as they would "force [them] to engage in discovery on issues that should not be controversial," and "shield [Navient Corporation and Navient LLC] from ever having to produce information at all if the discovery would be expensive or otherwise not proportional to the needs of the case."  Doc. 144 at 4.  Specifically, the Plaintiffs challenge two lines of responses.  *Id.* at 4–9.

The first type of response claims that the information cited by the Third Amended Complaint "speaks for itself."  A representative example is Paragraph 17 of the Third Amended Complaint, paired with Navient LLC's amended answer.  In the Third Amended Complaint, Paragraph 17 alleges:

> 17.    Jill Ballard is a resident of San Diego, California, where she resided at all times relevant hereto. Between 2004 and 2008 she took out a series of federal "Stafford" loans. Each of these loans is governed by a federal promissory note, attached as Exhibit A. The promissory note states that it is to be governed by applicable federal law, as well as state law that is not preempted by federal law.

Doc. 118-3 at 8–9.  In response, Navient LLC's amended answer states:

> 17.   Answering Paragraph 17 of the Complaint, [Navient LLC] states that Exhibit A speaks for itself and is the best evidence of its content. [Navient LLC] is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

Doc. 142 at 3.

The second category of responses asserts that the cited allegation "contains legal conclusions" and thus requires no response. A representative example is Paragraph 126 of the Third Amended Complaint, paired with Navient LLC's amended answer. In the Third Amended Complaint, Paragraph 126 alleges:

> 126.   Under the Department of Education's guidelines, IDR plan applications should be processed within 10-15 business days. Nonetheless, Navient did not process the IDR application of Plaintiff Mark Pokorni until 45 days after the date on which Defendants received it. Defendants thereby breached, and/o [sic] tortiously interfered with, the promissory note.

Doc. 118-3 at 46–47. In response, Navient LLC's amended answer states:

> 126.   Answering Paragraph 126 of the Complaint, [Navient LLC] states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, [Navient LLC] denies the allegations set forth therein.

Doc. 142 at 19.

Such responses, the Plaintiffs argue, fall short of the standard set forth in Rule 8(b), and thus warrant repleading.  Doc. 144 at 9.  The Defendants filed their opposition on February 20, 2025.  Doc. 148.  The companies reason that the speaks-for-itself paragraphs comply with Rule 8(b), as each response is accompanied by a denial stressing that Navient Corporation or Navient LLC "denies any allegations that are inconsistent therewith."  *Id.* at 6–8.  As for the responses alleging legal conclusions, the Defendants contend that, since those answers are also followed by denials ("to the extent a response is required, [Navient Corporation or Navient LLC] denies the allegations set forth therein."), they, too, are consistent with Rule 8(b).  *Id.* at 8–9.  Further, the Defendants assert that the responses do not prejudice the Plaintiffs, as evinced by their abstention from challenging similar responses in the Defendants' answers to both the amended and second amended complaints.  *Id.* at 9–10.  The Plaintiffs filed their reply brief on March 6, 2025, leaving the Motion ripe for review.

## III. <u>Discussion</u>

### A. **Legal Standards**

Central to this Report & Recommendation are the standards for responding and striking that are established by Federal Rules of Civil Procedure 8(b) and 12(f), respectively.

### 1. ***Responding under Rule 8(b)***

A party responding to a pleading "must admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). A denial "must fairly respond to the substance of the allegation." *Id.* R. 8(b)(2). Further, a partial denial "must either specifically deny designated allegations or generally deny all except those specifically admitted," *id.* R. 8(b)(3), with the understanding that such a denial "must admit the part that is true . . . ." *Id.* R. 8(b)(4). That is, "[a] defendant should respond to a complaint in such a way that a plaintiff will not be burdened with 'ferret[ing] out a straightforward answer.'" *Graham Eng'g Corp. v. Schilke*, 2018 WL 1907125, at *1 (M.D. Pa. 2018) (quoting *Sinclair Cattle Co., Inc. v. Ward*, 2015 WL 6125260, at *3 (M.D. Pa. 2015)).

### 2.    *Striking under Rule 12(f)*

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Court may do so "on motion made by a party . . . within 21 days after being served with the pleading," "if a response [to the pleading] is not allowed," as here.  *Id.* Rs. 12(f)(2), 7(a) (listing permissible pleadings).

The Court has "considerable discretion in resolving a Rule 12(f) motion."  *Graham*, 2018 WL 1907125, at *1 (quotation omitted) (first citing *Krisa v. Equitable Life Assurance Soc'y*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000); and then citing *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994)).  This is so partly since a motion to strike seeks to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Id.* at *2 (quotation omitted) (first quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); and then citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the

parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

At the same time, "[m]otions to strike are generally disfavored and rarely granted," as they are drastic remedies. *Bell v. Boone*, 2024 WL 759305, at *4 (quotation omitted) (first citing *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 438 (M.D. Pa. 2018); and then citing *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 572 (M.D. Pa. 2015)); *Dilmore v. Alion Sci. & Tech. Corp.*, 2011 WL 2690367, at *3 (W.D. Pa. 2011) (citations omitted). The burden of persuasion is on the movant. *See* Fed. Rs. Civ. P. 12(f) ("on motion by a party"), 7(b)(1)(B) (stating that a motion "must state *with particularity* the grounds for seeking [an] order" (emphasis added)); *see also Sanchez v. Bumann*, 2015 WL 1598097, at *5 (D.V.I. 2015).

Generally, a plaintiff must show prejudice resulting from the challenged pleading. *See, e.g., Lomma v. Ohio Nat'l Life Assurance Corp.*, 221 WL 772237, at *4–5 (M.D. Pa. 2021). "A party is prejudiced when the challenged pleading 'confuses the issues' or places an undue burden on the responding party." *Graham*, 2018 WL 1907125, at *1 (citing *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015)). The

Court may also grant a motion to strike if "the insufficiency of the defense is clearly apparent." *N. Penn*, 859 F. Supp. at 158 (quotations omitted) (first quoting *FDIC v. White*, 828 F. Supp. 304, 307 (D.N.J. 1993); and then citing *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1996)).  In other words, "[a] motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law." *Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *2 (D. Del. 2016) (citations omitted).

### B.    The Motion to Strike the Answers

The Plaintiffs, relying on Rule 8(b)'s text, assert that, in answering the Third Amended Complaint's allegations, Navient Corporation and Navient LLC only had "three choices: (1) admit, (2) deny, or (3) state that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation, which has the same effect as a denial." Doc. 144 at 4 (citing Fed. R. Civ. P. 8(b)). The Defendants respond that the contested responses include general denials, and thus comply with Rule 8(b).  Doc. 148 at 6–9.  The undersigned recommends that the Motion be granted in part, because

15 of the responses contain inapplicable language and do not pass Rule 8(b) muster.  The Plaintiffs' broader request to strike whole swaths of the answers, however, should be denied.

Again, a district court has "considerable discretion in resolving a Rule 12(f) motion." *Graham*, 2018 WL 1907125, at *1.  Perhaps due to this substantial leeway, and the lack of definitive guidance from the Court of Appeals, even courts within the Third Circuit differ in their approaches to responses mirroring those at issue here.  *Contrast id.* at *2 ("The bare assertion that a document speaks for itself and that 'no responsive pleading is required' falls short of the requirements of Rule 8(b)—even when followed by a general denial." (citations omitted)) *with Noramco LLC v. Dishman USA, Inc.*, 2022 WL 2817876, at *3 (D. Del. 2022) ("In general, a statement in an answer that a document 'speaks for itself' is permissible 'if the answer also expressly includes an admission or denial of the allegation.'" (citations omitted)).

In light of this jurisprudential dissonance, the undersigned relies on the Court's inherent discretion and the principles governing motions to strike.  And, after examining the specific contested responses under

those guidelines, the undersigned is unconvinced that most warrant the harsh remedy sought by the Plaintiffs.

To begin with, the averments in the challenged answers clearly respond to the Plaintiffs' allegations in the Third Amended Complaint. Each numbered paragraph in Navient Corporation's answer and Navient LLC's amended answer purports to respond to a corresponding allegation in the Third Amended Complaint by stating that it is "[a]nswering [the corresponding paragraph in] the Complaint." *See, e.g.*, Doc. 142 at 1.[2]  In providing those individualized answers, the Defendants do not raise novel or charged allegations of their own. *See generally* Docs. 140, 142.  Thus, none of the responses are, by definition, redundant, immaterial, impertinent or unrelated, or scandalous. *See* Fed. R. Civ. P. 12(f).  This leaves insufficiency and prejudice as the remaining potential grounds for striking.

---

[2] The Third Amended Complaint contains a formatting error, where Paragraph 169 is followed by Paragraph 162. Doc. 118-3 at 56.  Thus, while the Third Amended Complaint ends its numbered allegations with Paragraph 180, Paragraphs 162 through 180 should actually be Paragraphs 170 through 188.  The amended answers filed by Navient Corporation and Navient LLC mirror this formatting error.  Docs. 140 at 25; 142 at 25.  As some of the incorrectly numbered paragraphs fall among the challenged responses, the undersigned indicates what the actual paragraph number would be, as necessary.

Most of the Defendants' answers are neither insufficient nor prejudicial.  Rather, the disputed expressions are mere "terms of art," which would "not prevent [the Plaintiffs] from understanding or comprehending [the Amended] Answer."  *Eternal Invs., L.L.C. v. City of Lee's Summit*, 2006 WL 573919, at *1 (W.D. Mo. 2006), *quoted in Noramco*, 2022 WL 2817876, at *3.

First, a review of the allegations in the Third Amended Complaint in response to which the Defendants asserted speaks-for-itself language[3] concludes that most of those allegations do rely on a document, or on information that is publicly disseminated or concerns a third-party entity.  Further, Navient complements the "terms of art" with denials and responses, where necessary.  For instance, turning back to sample Paragraph 17 of the Third Amended Complaint, it alleges:

> 17.    Jill Ballard is a resident of San Diego, California, where she resided at all times relevant hereto.  Between 2004 and 2008 she took out a series of federal "Stafford" loans.  Each of these loans is governed by a federal promissory note, attached

---

[3] The undersigned's review is cabined to only those specific paragraphs challenged in the Motion, albeit in the answers filed by both Navient LLC and Navient Corporation.  Namely, Plaintiffs challenge the following responses on speaks-for-itself" grounds: Paragraphs 8–14, 17–19, 34, 36, 49–52, 54–58, 63–64, 66–70, 76, 79, 81, 87–89, 93–94, 136–37, 139, 146–47, 156–57, 167–68, 172–73 (actually 180–81), 175–76 (actually 183–84), and 178 (actually 186).  Doc. 144 at 4 n.1.

as Exhibit A. The promissory note states that it is to be governed by applicable federal law, as well as state law that is not preempted by federal law.

Doc. 118-3 at 8–9. In response, Paragraph 17 of Navient LLC's

amended answer states that:

17. Answering Paragraph 17 of the Complaint, [Navient LLC] states that Exhibit A speaks for itself and is the best evidence of its content. [Navient LLC] is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth there in and, on that basis, denies each and every allegation set forth therein.

Doc. 142 at 3.

In such an instance, the Plaintiffs should have no difficulty

understanding the Defendants' response. The answer acknowledges the

language contained in the Plaintiffs' referenced Exhibit A, and denies

the remaining allegations of the paragraph concerning Ballard's

residence and borrowing history, for want of knowledge. The

undersigned reviewed and reached similar conclusions for the following

challenged paragraphs in both Navient LLC's and Navient

Corporation's answers, to the extent that the responses included the

speaks-for-itself language: Paragraphs 8 (Navient Corporation's answer

only), 9–14, 17–19, 34, 36, 49–52, 54–58, 63–64, 66–68, 70, 76, 79, 87–

89, 93–94, 136–37, 139, 146, 156, 167–68, 172–73 (actually 180–81), and 175–76 (actually 183–84).

Second, a review of the allegations in response to which the Defendants asserted contains-legal-conclusions language[4] reveals that most of the allegations do assert legal and regulatory provisions.  Here, too, the Defendants supplement their contains-legal-conclusions responses with denials, where necessary.  Revisiting sample Paragraph 126 of the Third Amended Complaint, it avers that:

> 126.  Under the Department of Education's guidelines, IDR plan applications should be processed within 10-15 business days.  Nonetheless, Navient did not process the IDR application of Plaintiff Mark Pokorni until 45 days after the date on which Defendants received it.  Defendants thereby breached, and/o [sic] tortiously interfered with, the promissory note.

Doc. 118-3 at 46–47.  In response, the amended answer states:

> 126.  Answering Paragraph 126 of the Complaint, [Navient LLC] states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, [Navient LLC] denies the allegations set forth therein.

Doc. 142 at 19.

---

[4] As noted above, the undersigned's review is limited to only those paragraphs (in both answers) specifically challenged by Plaintiffs: Paragraphs 20, 23, 37, 47–52, 69–70, 77, 79–83, 90, 113, 125–29, 136–37, 139, 146–47, 156–57, 167–69, 172–73 (actually 180–81), 175–76 (actually 183–84), and 178 (actually 186).  *Id.* at 5 n.2.

This response, and those of a similar nature, should not confuse the Plaintiffs. The answer acknowledges the referenced Department of Education guidelines as "legal conclusions," and denies the factual averments concerning Pokorni's application processing and whether the Defendants engaged in any impropriety with the promissory note. The undersigned reviewed and reached similar conclusions for the following challenged paragraphs in both Navient LLC's and Navient Corporation's answers, to the extent that the responses included the contains-legal-conclusions language: Paragraphs 37, 47–52, 70, 77 (Navient Corporation's answer only), 79, 82 (Navient Corporation's answer only), 83, 90, 113, 125–29, 136–37, 139, 146–47, 156–57, 167–69, 172–73 (actually 180–81), and 175–76 (actually 183–84).

Notwithstanding whether the Defendant's use of the challenged phrases suffices under Rule 8(b), the undersigned "does not view these answers as so clearly insufficient as to merit the relief" sought. *See Dilmore*, 2011 WL 2690367, at *4. Further, as the Defendants correctly observe, more than seven years have passed since the commencement of this putative class action, but the parties have yet to reach the class certification stage. Since this litigation is still in its relative infancy,

the requested remedy, which would further delay the pleadings stage, is not warranted. *See Graham*, 2018 WL 1907125, at *1; *see also* Fed. R. Civ. P. 1 ("just, speedy, and inexpensive determination of every action and proceeding."). Other circumstances also weigh against granting the Motion.

Namely, the Plaintiffs do not establish any concrete prejudice triggered by the challenged responses at this stage of the litigation, and instead advance mere possibilities. *See, e.g.*, Doc. 144 at 4 ("a plaintiff *might* never be able to obtain the necessary information at all. . . . a defendant's failure to comply with Rule 8 *may* also ultimately shield it from ever having to produce information at all . . . ."); 154 at 4 (" . . . including the statement that the document speaks for itself *can* have significant consequences.") (emphases added) (citation and quotation omitted). Noticeably absent is any averment that the Defendants' answers have caused any actual, discernible prejudice to the Plaintiffs. Indeed, as the Defendants note, the Plaintiffs failed to raise the instant objections to the first two sets of answers containing near-identical language, which filed by the Defendants to earlier amended complaints, and have engaged in discovery in the interim.

17

While the Plaintiffs reference the prospect of unnecessary discovery resulting from the Defendants' answers, no specific instances are identified.  To the extent the Plaintiffs' allegations detail the contents of documents in their possession, public statements and information issued by third parties, or publicly available laws and regulations, it is not evident what, if any, additional discovery burden could be imposed by the Defendants' answers.  Thus, the Plaintiffs fail to carry the burden presented by their own motion.  *See* Fed. Rs. Civ. P. 12(f), 7(b)(1)(B); *see also Sanchez*, 2015 WL 1598097, at *5.

Although the Plaintiffs highlight cases from this district where courts struck answers containing language similar to those challenged here, those decisions hinged on starkly different circumstances.  For example, the nonmovant in *Graham Eng'g Corp. v. Slusarz*, 2018 WL 1907124 (M.D. Pa. 2018), repeatedly answered that "a document speaks for itself," even though the corresponding allegations in the complaint did not refer to any documents.  *Id.* at *2.  As detailed above, most of the speaks-for-itself responses in this case do survive judicial scrutiny because the relevant allegations cite to identifiable documents or information.

Similarly, *Thomas v. Duvall* involved a scenario where the nonmovant responded to factual allegations by stating that those allegations involved legal conclusions.  2019 WL 8013742, at *6–7 (M.D. Pa. 2019), *report and recommendation adopted*, 2019 WL 6769324 (M.D. Pa. 2019); *see also In re Richner*, 2018 WL 1165759, at *2 (M.D. Pa. 2018) (rejecting speaks-for-itself and contains-legal-conclusions language when the corresponding averments contained factual allegations).  As for *Beard v. Helman*, 722 F. Supp. 3d 521 (M.D. Pa. 2024), the decision concerned admissions and denials in a counterstatement of facts in the summary judgment context, a wholly different scenario and standard under the federal rules.  *Id.* at 526–28.

However, this analysis is not ubiquitous to all responses, and certain responses in the amended answers align with the Plaintiffs' authority.  For example, Paragraph 20 in both of those pleadings, Docs. 140 at 4; 142 at 4, asserts the contains-legal-conclusions language, even though the corresponding allegations include factual averments.  Paragraph 20 in the Third Amended Complaint alleges:

> 20.  In 1972, Congress created a government sponsored enterprise ("GSE"), the Student Loan Marketing Association (commonly referred to as "Sallie Mae"), to support the guaranteed student loan program created by the Higher

Education Act of 1965 ("HEA").  In 1984, Sallie Mae became a publicly-traded company, trading under the ticker symbol SLM.

Doc. 118-3 at 9–10.  In response, Navient LLC states (and Navient Corporation mirrors):

> 20.    Answering Paragraph 20 of the Complaint, [Navient LLC] states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, [Navient LLC] states that acts of Congress speak for themselves and denies any allegations that are inconsistent therewith.

Docs. 140 at 4; 142 at 4.

Although the contains-legal-conclusions language is offered in response to the description of an act of Congress, the subsequent general denial is tethered to that act of Congress through use of the phrase "inconsistent therewith."  Nothing in the answer, however, responds to the factual averment concerning Sallie Mae's listing on a stock exchange.  Such responses are insufficient, as Defendants "evade th[eir] responsibility" to directly address the allegations, in accordance with Rule 8(b).  *See Thomas*, 2019 WL 8013742, at *6–7.

Other problematic responses in the answer contain both the speaks-for-itself and contains-legal-conclusions phrases.  For example, Paragraph 82 in the Third Amended Complaint alleges:

> 82.    There were other occasions in 2015 and 2016 when Varno was improperly enrolled in discretionary forbearances, even though she was applying for a change in repayment plan, and was therefore entitled to a 60-day administrative forbearance, with no resulting capitalization of interest.

Doc. 118-3 at 34.  In response, Navient LLC states:

> 82.    Answering Paragraph 82 of the Complaint, [Navient LLC] states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, [Navient LLC] states that applicable loan servicing policies and/or guidelines speak for themselves and denies any allegations that are inconsistent therewith.

Doc. 142 at 13.

These responses are insufficient for two reasons.  First, the allegations in the Third Amended Complaint present what appear to be factual allegations, not any discernible legal conclusions.  Second, the responses merely reference "applicable loan servicing policies and/or guidelines," without any specificity.  The allegations, however, do not set forth any policy or guideline, and the answer does not clarify which policies or guidelines are referenced.  Such a pleading style might readily confuse the issue, *Graham*, 2018 WL 1907125, at *1, and thus fails to comply with Rule 8(b).  *See Thomas*, 2019 WL 8013742, at *6–7; *Graham*, 2018 WL 1907124, at *2.

In sum, the undersigned found that Paragraphs 20, 23, 69, 80–81, and 178 (actually 186) in Navient Corporation's answer; and Paragraphs 8, 20, 23, 69, 77, 80–82, and 178 (actually 186) in Navient LLC's amended answer suffer from similar deficiencies. While those paragraphs are indeed insufficient, a common remedy is to order the nonmovant to file an amended pleading, not to strike the challenged pleading. *See, e.g., Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 122 (M.D. Pa. 2016); *Dilmore*, 2011 WL 2690367, at *4. That approach is appropriate under the circumstances here. Accordingly, the undersigned recommends that Navient Corporation and Navient LLC be permitted to replead the specific paragraphs that fall short of Rule 8(b)'s requirements.

## IV.  Recommendation

The undersigned **RECOMMENDS** that the motion to strike the Defendants' answers to the Third Amended Complaint (Doc. 143) be **GRANTED IN PART AND DENIED IN PART** as follows:

1.    Navient Corporation be **ORDERED** to file an amended answer that restates Paragraphs 20, 23, 69, 80–81, and 178

(actually 186), in full compliance with Rule 8(b), within 21 days; and

2.    Navient Solutions, LLC, be **ORDERED** to file a second amended answer that restates Paragraphs 8, 20, 23, 69, 77, 80–82, and 178 (actually 186), in full compliance with Rule 8(b), within 21 days.

All parties are further placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

M.D. Pa. L.R. 72.3.  The failure to file timely objections to the foregoing Report & Recommendation may constitute a waiver of any appellate rights.  *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).


Date:  September 8, 2025          **_s/ Phillip J. Caraballo_**
                                  Phillip J. Caraballo
                                  United States Magistrate Judge