IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC,<br><br>    Defendants. | Case No. 3:18-cv-00121-JFS-PJC<br>Hon. Phillip J. Caraballo<br><br>Electronically Filed |

**NAVIENT DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR
<u>PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 252-9600

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

# **INTRODUCTION**

Plaintiffs' Opposition (the "Opposition" or "Opp'n") (ECF 169) to Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC's (together "Defendants" or "Navient") Motion for Partial Judgment on the Pleadings (the "Motion") (ECF 163) misses the mark as it confuses issues and misconstrues Navient's well-reasoned arguments in an effort to cloud the basic deficiency of their claims. Notably, Plaintiffs fail to demonstrate *any* cognizable basis that would permit a claim grounded on the mistaken legal theory that a discretionary forbearance based upon oral affirmation can only be granted when the loan is in default under 34 C.F.R. § 682.211, *or* that a specific legal timeframe governed the processing of Plaintiffs' IDR applications. Instead, Plaintiffs devote 14 pages of their Opposition to general background information concerning student loans and the procedural posture of this case, while the remaining 11 pages provide no basis to save their claims from a judgment on the pleadings.

Moreover, Plaintiffs' numerous concessions (and lack of counter-arguments) make clear that the regulations at issue do not stand for the propositions asserted. Plaintiffs should not be permitted to manufacture a class action (and ostensibly seek to hold Navient responsible for the attendant classwide liability and purported damages) when they cannot provide support for these claims.

For the reasons set forth in Navient's opening brief and below, the Court should grant judgment on the pleadings as to Count VI in its entirety, and as to Counts I, II, IV, V and VI to the extent those claims depend on the flawed legal theories addressed herein, which would also dispose of the "Forbearance Without Written Consent" Class and the "Improper Delay" Class.

## ARGUMENT

I. **TITLE 34 OF THE CODE OF FEDERAL REGULATIONS, SECTION 682.211 CANNOT SERVE AS A PREDICATE FOR PLAINTIFFS' CLAIMS THAT NAVIENT IMPROPERLY PLACED THEM IN A DISCRETIONARY FORBEARANCE UPON ORAL AFFIRMATION WHEN THE LOAN WAS NOT IN DEFAULT.**

Under ordinary principles of statutory construction, a court must start with the text of a statute to ascertain its plain meaning. *See, e.g, Rusello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of that same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotations omitted). Thus, a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004).

Plaintiffs argue that certain provisions of 34 C.F.R. § 682.211 create an "ambiguity" (Opp'n at 8, 16-17) that should be resolved with the Court concluding that a verbal forbearance can only be granted when a loan is in default. But a full

reading of that regulation makes it clear that a discretionary forbearance based upon an oral affirmation (*i.e.,* a verbal forbearance) can also be granted when a loan is not in default.

Section 682.211, for example, provides in pertinent part that a lender may grant forbearance if:

> (1) The lender and the borrower or endorser agree to the terms of the forbearance and, **unless the agreement was in writing**, the lender sends, within 30 days, a notice to the borrower or endorser confirming the terms of the forbearance and records the terms of the forbearance in the borrower's file; or
>
> (2) In the case of forbearance of interest during a period of deferment, if the lender informs the borrower at the time the deferment is granted that interest payments are to be forborne.
>
> \*\*\*
>
> Except as provided in paragraph (d)(2) of this section, a lender may grant forbearance for a period of up to one year at a time if both the borrower or endorser and an authorized official of the lender agree to the terms of the forbearance. If the borrower or endorser **requests the forbearance orally and the lender and the borrower or endorser agree to the terms of the forbearance orally**, the lender must notify the borrower or endorser of the terms within 30 days of that agreement.

34 C.F.R. § 682.211(b) and (c). The plain language of the regulation is clear that a

borrower and lender can agree to a verbal forbearance and nothing in Section 682.211(b) and (c) states or suggests that the borrower's loan must be in default.

Plaintiffs attempt to avoid well-settled principles of statutory construction by contending that the provisions in Section 682.211 and Section 682.205 "taken together" supposedly "imply" that a discretionary forbearance can only be granted upon oral affirmation when the loan is in default. Specifically, Plaintiffs argue that Sections 682.211(b) and (c) are somehow ambiguous because subsection 682.211(d) refers to the granting of forbearances after a loan is in default. Plaintiffs further assert that other provisions taken together and out of context (*e.g.,* Sections 682.211(a)(2), (h)(ii)(2)) also "imply" that "the exception stated in subsection (d)(2) . . . is the only situation in which a discretionary forbearance may be granted *without* supporting documentation." Opp'n at 8. But Plaintiffs' suggested interpretation would require the Court to impose limitations or restrictions on the use of verbal forbearances before default by "implication" when the plain language of the regulation does not support any such limitation. Plaintiffs are essentially combining various provisions of Section 682.211 to manufacture an "ambiguity" without properly considering the specifics of each provision in the regulation.

In sum, Plaintiffs cannot simply rewrite Section 682.211 and ignore its explicit text. A plain reading of this regulation does not restrict discretionary

5

forbearances based on oral affirmation only to situations when the borrower is in default.[1]

## II. PLAINTIFFS FAIL TO PROVIDE A LEGAL BASIS FOR THEIR MISGUIDED CONTENTION THAT FEDERAL LAW REQUIRES NAVIENT TO PROCESS IDR APPLICATIONS WITHIN 10 DAYS.

Plaintiffs concede that the Mitchell Memorandum, the primary "directive" upon which they rely for the proposition that an IDR application must be processed within 10-15 days of receipt by a loan servicer, was only "guidance" intended to inform future rulemaking and was withdrawn shortly after being issued. *See* Opp'n at 20 (stating that "[e]ven if ED reversed the policy in 2017 . . ."). To that end, Plaintiffs do not even attempt to distinguish – because they cannot – *U.S. ex rel. Hlywiak v. Great Lakes Educ. Loan Servs., Inc.*, No. 1:20-cv-13590, 2022 WL 787957 (D.N.J. Mar. 15, 2022),[2] which found that a purported failure to comply with the Mitchell Memorandum could not serve as a basis for liability.

---

[1] To the extent Plaintiffs rely on Section 682.205 to argue that discretionary forbearances can only be granted on ED loans upon oral affirmation when the borrower is in default, similar reasoning applies. The provisions of Section 682.205(a) do not restrict discretionary forbearances only to instances when the loan is in default. While Section 682.205(8)(i) and (ii) allow a lender to grant a discretionary forbearance when the loan is in default by "oral affirmation," it does not restrict the granting of verbal discretionary forbearances to only these circumstances.

[2] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rules 7.8(a).

Plaintiffs instead ignore *Hlywiak* and argue that the time to process IDR applications is a factual averment and that the matter "must be resolved when the Court decides Plaintiffs' motion to certify the classes . . ." Opp'n at 20-21. Not so. Any limits on the processing time for IDR applications would be found in a rule or regulation and therefore constitutes an issue of law for the Court to decide. Plaintiffs cannot avoid judgment by trying to transform what constitutes a legal conclusion into a factual matter.³

Knowing that there is no legal requirement that Navient process IDR applications within a specific timeframe, Plaintiffs seek an end-around, pointing to an allegedly "existing policy of 10-15 days" for IDR application processing. Opp'n at 20. Even if such a policy existed, any failure by Navient to adhere to it would not give rise to a legal claim.

---

³ Plaintiffs contend that a loan servicer must "promptly" determine a borrower's new monthly payment amount under 34 C.F.R. 682.215(e)(8)(ii) and then attempt to graft a 10-15 business day requirement upon this regulation. The 10-15 business day requirement, however, is simply not contained within the regulation. Navient also notes that Plaintiffs' reference to a Washington Post news article entitled "*Delays, Backlogs, and Confusing applications. Obama's latest student loan plan is having growing pains*," April 5, 2016, a copy of which is attached as **Exhibit A**, does not support their assertion that there is a federal law mandate for processing IDR applications. Instead, the article states "Officials at the department say the majority of servicers are meeting or exceeding the target turn around time of 15 days." This "target" is akin to the "policy guidance" referenced in *Hlywiak* and is not a specific requirement for loan servicers.

## III. PLAINTIFFS LACK ARTICLE III STANDING TO CLAIM DAMAGES IN THE FORM OF A DELAY IN REACHING LOAN FORGIVENESS.

Plaintiffs contend that they have suffered a concrete injury under Article III as a result of an alleged delay in reaching loan forgiveness because of Navient's purported failure to process their IDR applications within 10-15 business days.[4] Plaintiffs cite two inapposite cases for the proposition that a delay in loan forgiveness confers standing (even though Plaintiffs concede they have not made the required qualifying payments). Neither can save their theory of standing.

Plaintiffs first cite *Chery v. Conduent Educ. Servs.*, LLC, 581 F. Supp. 3d 436 (N.D.N.Y. Jan. 1, 2022) as support for Article III standing. *Chery*, however, concerned a delay in processing certain forms that resulted in loan payments being applied to the wrong loans. *Id*. at 450-51. In other words, there was a direct and traceable line between the delay and the alleged harm – a harm that already occurred. Here, any purported delay in eventually obtaining loan forgiveness over the course of many years because of an alleged delay processing an IDR application is far too attenuated and speculative to confer Article III standing.

---

[4] Plaintiffs contend that Navient raised similar arguments in support of its Rule 12(b)(6) motion. But Navient did not specifically raise the issue of standing as it relates to a purported delay in obtaining loan forgiveness. In any event, a court has an independent obligation to assess standing. *See Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("[the court's] continuing obligation to assure that we have jurisdiction requires we raise [the] issue[] of standing . . .sua sponte.").

Plaintiffs also cite *Nigro v. Penn. Higher Educ. Assist. Agency*, Civil No. 1:19-CV-02000, 2020 WL 5369980 (M.D. Pa. Sept. 8, 2020). In *Nigro*, plaintiff alleged that *he should have already been eligible for loan forgiveness* but a servicing error caused it to be postponed. *Id*. at *7. Again, the harm in *Nigro* was directly traceable to the alleged conduct and had already occurred. In this case, Plaintiffs are alleging a speculative, future harm.

Plaintiffs' attempt to distinguish *In re Fedloan Student Loan Servicing Litig.*, MDL No. 18-2833, 2025 WL 539681 (E.D. Pa. Feb. 18, 2025) falls flat. Plaintiffs assert that the plaintiffs' claims in *In re Fedloan* were dismissed because "ED was providing administrative relief to correct borrower's accounts." Opp'n at 23. This misstates the holding in *In re FedLoan*, which made clear that the case was dismissed because the plaintiffs "either lack standing or the claims have become moot." *Id*. at *15. Indeed, the court in *In re Fedloan* dismissed a virtually identical claim as being purely hypothetical because plaintiffs "may or may not make all their loan payments on time over the next few years . . . ." *Id*. at *9. The court also noted that the plaintiffs had "not applied for loan forgiveness nor . . . alleged that they are currently eligible to do so." *Id*. The court concluded that plaintiffs' "future application for loan forgiveness depends on future contingencies that may or may not occur, and therefore, are not 'certainly impending.'" *Id*. Plaintiffs here have not alleged that they are eligible for loan forgiveness or that they applied for loan forgiveness and

were denied. Instead, they assert speculative harm in eventually reaching loan forgiveness. Under *In re FedLoan*, they lack Article III standing to make such a claim.[5]

## IV. THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IS PROPER AS IT SEEKS DISMISSAL OF CERTAIN CAUSES OF ACTION THAT FORM THE BASIS FOR THE "FORBEARANCE WITHOUT WRITTEN CONSENT" AND "IMPROPER DELAY" CLASS DEFINITIONS.

Plaintiffs assert that Navient's Motion should be denied because it has not filed a motion to strike, *see* Opp'n at 15, but in the same breath contend any motion to strike would be premature. *Id.* at 24. Plaintiffs misconstrue Navient's arguments.[6]

A motion to strike is not necessary to dismiss the "Forbearance Without Written Consent" and "Improper Delay" classes because the bases for those claims (*i.e.*, that (i) Navient was prohibited as a matter of law from granting Plaintiffs a discretionary forbearance based upon oral affirmation when the loan was not in

---

[5] To the extent Plaintiffs also claim that they accrued additional interest on their loans as a result of a purported delay in processing their IDR applications, Navient (without waiving its right to do so) is not challenging standing as it relates to additional accrued interest for purposes of this Motion.

[6] Plaintiffs contend that Navient already raised some of these arguments in a previous motion to dismiss filed in 2018 (ECF 39). This assertion lacks merit given that the arguments raised in the Motion were not made in the previous motion to dismiss and the complaint has been amended twice since the filing of that motion. *See Ballard v. Navient Corp., et al*, Civ. No. 18-CV-21, 2021 WL 1899874 (M.D. Pa. March 31, 2021) (addressing motion to dismiss filed by Navient raising third party beneficiary arguments, failure to name a necessary party, and contesting the legal sufficiency of certain state law claims).

default and (ii) Navient was required to process their IDR applications within 10-15 business days of receipt) lack a legal foundation. Accordingly, to the extent that the Court grants Navient's Motion, it will dispose of those two classes and significantly narrow this case. *See, e.g., Alexander v. Secore*, Civil Action No. 24-cv-00704, 2024 WL 5204176, *2 (E.D. Pa. Dec 23, 2024) (determining that "Rule 12(c) is an appropriate procedural vehicle to rule that Plaintiff does not have standing to sue the putative defendant class.").

Because a motion to strike is unnecessary to obtain the relief Navient seeks here, Plaintiffs' argument that a motion to strike would be premature is not relevant.

## CONCLUSION

For the reasons set forth in the Motion and this Reply, the Court should grant judgment on the pleadings as to Count VI in its entirety, and as to Counts I, II, IV, V and VI to the extent those claims depend on the flawed legal theories as addressed herein, which would also dispose of the "Forbearance Without Written Consent" Class and the "Improper Delay" Class.

Respectfully submitted,

By:   s/ *Jonathan Marmo*
     Jonathan Marmo
     Holland & Knight LLP
     1650 Market Street, Suite 3300
     Philadelphia, PA 19103
     (215) 252-9600
     jonathan.marmo@hklaw.com

     Cory Eichhorn
     Bar No. FL 576761
     Holland & Knight LLP
     701 Brickell Avenue, Suite 3300
     Miami, FL 33131
     (305) 374-8500
     cory.eichhorn@hklaw.com

     Daniel T. Brier
     Donna A. Walsh
     Richard L. Armezzani
     Myers Brier & Kelly, LLP
     425 Spruce Street, Suite 200
     Scranton, PA 18503
     (570) 342-6100
     dbrier@mbklaw.com
     dwalsh@mbklaw.com
     rarmezzani@mbklaw.com

     *Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16th, 2025, a copy of the foregoing was sent to the counsel of record including those listed below via email.

>Carlo Sabatini, Esquire
>Sabatini Law Firm, LLC
>216 N. Blakely Street
>Dunmore, PA 18512
>carlo@bankruptcypa.com
>
>Daniel A. Edelman, Esquire
>Cassandra P. Miller, Esquire
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1500
>Chicago, IL 60603
>dedelman@edcombs.com
>cmiller@edcombs.com
>
>Anthony Fiorentino, Esquire
>Fiorentino Law Offices
>6119 North Kenmore Avenue, Suite 410
>Chicago, IL 60660
>anthony@fiorentinolaw.com

*Attorneys for Plaintiffs and Proposed Class*

By: *s/ Jonathan Marmo*
 Jonathan Marmo