## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO, and
MARK POKORNI on behalf of themselves and
the class members described herein,

               Plaintiffs,

v.

NAVIENT CORPORATION, NAVIENT
SOLUTIONS, INC., AND NAVIENT
SOLUTIONS, LLC,

               Defendants.

Civil No. 3:18-cv-00121-MEM-MCC

(Saporito, J.)
(Caraballo, M.J.)

## DEFENDANT NAVIENT CORPORATION'S
## AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Navient Corporation ("Navient Corp."), by and through undersigned counsel, and pursuant to the Court Order dated September 8, 2025 [ECF No. 172], hereby files its Amended Answer and Affirmative Defenses to the Third Amended Complaint ("Complaint") of plaintiffs Jill Ballard ("Ballard"), Rebecca Varno ("Varno") and Mark Pokorni ("Pokorni," and together with Ballard and Varno, "Plaintiffs") and states as follows:

1.    Answering Paragraph 1 of the Complaint, Navient Corp. states that Plaintiffs purport to bring this action relating to the servicing of federal student loans. Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## NATURE OF THE ACTION

2.    Answering Paragraph 2 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

3.    Answering Paragraph 3 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any

contractual or other relationship with Plaintiffs.  Navient Corp. further states that it is the parent company of defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL").  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

4.      Answering Paragraph 4 of the Complaint, Navient Corp. states that student loan servicers for the United State Department of Education ("ED") perform various tasks in connection with servicing. Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

5.      Answering Paragraph 5 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

6.      Answering Paragraph 6 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

7.      Answering Paragraph 7 of the Complaint, Navient Corp. denies the allegations set forth therein.

8.      Answering Paragraph 8 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Navient Corp. further states that information from the Consumer Federation of America speaks for itself.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

9.      Answering Paragraph 9 of the Complaint, Navient Corp. states that information from the Consumer Financial Protection Bureau ("CFPB") speaks for itself and denies any allegations that are inconsistent therewith.

10.    Answering Paragraph 10 of the Complaint, Navient Corp. states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith.

11.    Answering Paragraph 11 of the Complaint, Navient Corp. states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith.

12.    Answering Paragraph 12 of the Complaint, Navient Corp. states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith.

13.    Answering Paragraph 13 of the Complaint, Navient Corp. states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith.

14.    Answering Paragraph 14 of the Complaint, Navient Corp. states that information from the CFPB speaks for itself and denies any allegations that are inconsistent therewith.

15.    Answering Paragraph 15 of the Complaint, Navient Corp. denies the allegations set forth therein.

16.    Answering Paragraph 16 of the Complaint, Navient Corp. denies the allegations set forth therein.

## PLAINTIFF – JILL BALLARD

17.    Answering Paragraph 17 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

## PLAINTIFF – REBECCA VARNO

18.    Answering Paragraph 18 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

## PLAINTIFF – MARK POKORNI

19.     Answering Paragraph 19 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

<u>**DEFENDANTS**</u>

20.     Answering Paragraph 20 of the Complaint, the paragraph contains no allegations against Navient Corp., but rather purports to summarize the congressional record concerning the formation of Sallie Mae, and therefore no response is required. To the extent a response is required, Navient Corp. admits the allegations contained within Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, Navient Corp. admits the allegations set forth therein.

22.     Answering Paragraph 22 of the Complaint, Navient Corp. states that Sallie Mae, Inc. was a loan servicing entity and SLM Corporation was its parent.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

23.     Answering Paragraph 23 of the Complaint, Navient Corp. admits the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Navient Corp. states that it is a publicly trading holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Navient Corp. further states that it was formed in connection with a corporate transaction in 2014 that resulted in the separation of SLM Corporation into a loan management, servicing and asset recovery business (Navient Corp.) and a consumer banking business (Sallie Mae).

25.     Answering Paragraph 25 of the Complaint, Navient Corp. states that 10-K filings speak for themselves and denies any allegations that are inconsistent therewith.

26.     Answering Paragraph 26 of the Complaint, Navient Corp. states that it is a publicly traded holding company and is engaged in a loan management, servicing and asset recovery business through its subsidiaries.

27.     Answering Paragraph 27 of the Complaint, Navient Corp. states that 10-K filings speak for themselves and denies any allegations that are inconsistent therewith.

28.     Answering Paragraph 28 of the Complaint, Navient Corp. denies the allegations set forth therein.

29.     Answering Paragraph 29 of the Complaint, Navient Corp. denies the allegations set forth therein.

30.     Answering Paragraph 30 of the Complaint, Navient Corp. states that 10-K filings speak for themselves and denies any allegations that are inconsistent therewith.

31.     Answering Paragraph 31 of the Complaint, Navient Corp. admits the allegations set forth therein.

32.     Answering Paragraph 32 of the Complaint, Navient Corp. states that 10-K filings speak for themselves and denies any allegations that are inconsistent therewith.

## JURISDICTION AND VENUE

33.     Answering Paragraph 33 of the Complaint, Navient Corp. states that this Court has subject matter jurisdiction.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## PERSONAL JURISDICTION

34.     Answering Paragraph 34 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Further, Navient Corp. states that Exhibit D speaks for

itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

35.     Answering Paragraph 35 of the Complaint, Navient Corp. admits the allegations set forth therein.

36.     Answering Paragraph 36 of the Complaint, Navient Corp. states that Exhibit E speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

37.     Answering Paragraph 37 of the Complaint, Navient Corp. denies the allegations set forth therein.

38.     Answering Paragraph 38 of the Complaint, Navient Corp. states that it is the parent of NSL. Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

39.     Answering Paragraph 39 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

40.     Answering Paragraph 40 of the Complaint, Navient Corp. denies the allegations set forth therein.

41.     Answering Paragraph 41 of the Complaint, Navient Corp. states that it is a publicly traded holding company, which does not originate, service or collect on student loans and does not have any contractual or other relationship with Plaintiffs.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## VENUE

42.     Answering Paragraph 42 of the Complaint, Navient Corp. states that it does not contest venue for this action only.   Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## SUBSTANTIVE ALLEGATIONS

43.     Answering Paragraph 43 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

44.     Answering Paragraph 44 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

45.     Answering Paragraph 45 of the Complaint, Navient Corp. states that ED provides for various repayment programs on federal student loans.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

46.     Answering Paragraph 46 of the Complaint, Navient Corp. states that ED requires certification and re-certification of income driven repayment programs.   Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

47.     Answering Paragraph 47 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 34 C.F.R. § 682.215 (e)(7) and 34 C.F.R. § 682.215(b)(5) speak for themselves and denies any allegations that are inconsistent therewith.

48.     Answering Paragraph 48 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient

Corp. states that 34 C.F.R. § 682.215 (e)(8)(i), (ii) and directives from ED speak for themselves and denies any allegations that are inconsistent therewith.

49.    Answering Paragraph 49 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 34 C.F.R. § 682.211(a) speaks for itself and denies any allegations that are inconsistent therewith.

50.    Answering Paragraph 50 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, NSL states that 34 C.F.R. § 682.211(d)(1) speaks for itself and denies any allegations that are inconsistent therewith.

51.    Answering Paragraph 51 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, NSL states that 34 C.F.R. § 682.211(a)(4) speaks for itself and denies any allegations that are inconsistent therewith.

52.    Answering Paragraph 52 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, NSL states that 34 C.F.R. § 682.211(f)(11) speaks for itself and denies any allegations that are inconsistent therewith.

53.    Answering Paragraph 53 of the Complaint, Navient Corp. denies the allegations set forth therein.

## NAVIENT CORP.'S CONTRACT WITH THE DEPARTMENT OF EDUCATION

54.    Answering Paragraph 54 of the Complaint, Navient Corp. states that Exhibit D speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

55.    Answering Paragraph 55 of the Complaint, Navient Corp. states that Exhibit D speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

56.     Answering Paragraph 56 of the Complaint, Navient Corp. states that Exhibit D speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

57.     Answering Paragraph 57 of the Complaint, Navient Corp. states that Figure 1 speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

58.     Answering Paragraph 58 of the Complaint, Navient Corp. states that Exhibit D speaks for itself and is the best evidence of its content.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

59.     Answering Paragraph 59 of the Complaint, Navient Corp. denies the allegations set forth therein.

## CLASS REPRESENTATIVE ALLEGATIONS – JILL BALLARD

60.     Answering Paragraph 60 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

61.     Answering Paragraph 61 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

62.     Answering Paragraph 62 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

63.     Answering Paragraph 63 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that

basis, denies each and every allegation set forth therein. Further, Navient Corp. states that Exhibit F speaks for itself and is the best evidence of its content.

64.    Answering Paragraph 64 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein. Further, Navient Corp. states that Exhibit H speaks for itself and is the best evidence of its content.

65.    Answering Paragraph 65 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

66.    Answering Paragraph 66 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein. Further, Navient Corp. states that Exhibit F speaks for itself and is the best evidence of its content.

67.    Answering Paragraph 67 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein. Further, Navient Corp. states that Exhibit I speaks for itself and is the best evidence of its content.

68.    Answering Paragraph 68 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein. Further, Navient Corp. states that Exhibit J speaks for itself and is the best evidence of its content.

69.    Answering Paragraph 69 of the Complaint, Navient Corp. denies the allegations contained therein.

70.     Answering Paragraph 70 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 34 C.F.R. § 682.215 (e)(8)(i) speaks for itself and denies any allegations that are inconsistent therewith.

71.     Answering Paragraph 71 of the Complaint, Navient Corp. denies the allegations set forth therein.

72.     Answering Paragraph 72 of the Complaint, Navient Corp. denies the allegations set forth therein.

## CLASS REPRESENTATIVE ALLEGATIONS – REBECCA VARNO

73.     Answering Paragraph 73 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

74.     Answering Paragraph 74 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

75.     Answering Paragraph 75 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

76.     Answering Paragraph 76 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.  Further, Navient Corp. states that Exhibit G speaks for itself and is the best evidence of its content.

77.    Answering Paragraph 77 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

78.    Answering Paragraph 78 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

79.    Answering Paragraph 79 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 34 C.F.R. § 682.215 (e)(8)(ii) speaks for itself and denies any allegations that are inconsistent therewith.

80.    Answering Paragraph 80 of the Complaint, Navient Corp. denies the allegations contained therein.

81.    Answering Paragraph 81 of the Complaint, Navient Corp. admits only that 34 C.F.R. § 682.211(a), states, in part, that a discretionary forbearance is permitted only if "the lender reasonably believes, and documents in the borrower's file, that the borrower or endorser intends to repay the loan but, due to poor health or other acceptable reasons, is currently unable to make scheduled payments….or other acceptable reasons." Navient Corp. denies any remaining allegations asserted in Paragraph 81.

82.    Answering Paragraph 82 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

83.    Answering Paragraph 83 of the Complaint, Navient Corp. denies the allegations set forth therein.

84.     Answering Paragraph 84 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

85.     Answering Paragraph 85 of the Complaint, Navient Corp. denies the allegations set forth therein.

## CLASS REPRESENTATIVE ALLEGATIONS – MARK POKORNI

86.     Answering Paragraph 86 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

87.     Answering Paragraph 87 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.  Further, Navient Corp. states that Exhibit K speaks for itself and is the best evidence of its content.

88.     Answering Paragraph 88 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.  Further, Navient Corp. states that Exhibit L speaks for itself and is the best evidence of its content.

89.     Answering Paragraph 89 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.  Further, Navient Corp. states that Exhibit M speaks for itself and is the best evidence of its content.

90.     Answering Paragraph 90 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient

Corp. states that directives and statements from ED speak for themselves and denies any allegations that are inconsistent therewith.

91.    Answering Paragraph 91 of the Complaint, Navient Corp. denies the allegations set forth therein.

92.    Answering Paragraph 92 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

93.    Answering Paragraph 93 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.  Further, Navient Corp. states that Exhibit D speaks for itself and is the best evidence of its content.

94.    Answering Paragraph 94 of the Complaint, Navient Corp. states that Pokorni's promissory note speaks for itself and denies any allegations that are inconsistent therewith.  Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## CLASS ACTION ALLEGATIONS[1]

95.    Answering Paragraph 95 of the Complaint, Navient Corp. states that Plaintiffs purport to bring this supposed class action on behalf of themselves and all others similarly situated.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

96.    Answering Paragraph 96 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

---

[1] Plaintiffs' class definitions in this section contain a mishmash of at least four broad concepts ("Improper IDR Cancellation," "Forbearance without Written Consent," "No Administrative Forbearance," and "Improper Delay") that appear to be untethered to Plaintiffs' actual experiences and instead have been formulated to comport with purportedly feasible data searches. On that basis, Navient Corp. denies that any class could be certified in this action, that Plaintiffs are appropriate class representatives, and that this action is appropriate for class treatment.

97.     Answering Paragraph 97 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

98.     Answering Paragraph 98 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

99.     Answering Paragraph 99 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

100.    Answering Paragraph 100 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

101.    Answering Paragraph 101 of the Complaint, Navient Corp. denies the allegations set forth therein.

102.    Answering Paragraph 102 of the Complaint, Navient Corp. denies the allegations set forth therein.

103.    Answering Paragraph 103 of the Complaint, Navient Corp. denies the allegations set forth therein.

104.    Answering Paragraph 104 of the Complaint, Navient Corp. states that Plaintiffs purport to fairly and adequately represent themselves and all others similarly situated.  Further, Navient Corp. states that Plaintiffs purport to have retained counsel competent and experienced in complex nationwide class actions and will fairly, adequately and vigorously protect the supposed class members.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

105.    Answering Paragraph 105 of the Complaint, Navient Corp. denies the allegations set forth therein.

106.    Answering Paragraph 106 of the Complaint, Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

## <u>COUNT I – BREACH OF CONTRACT</u>

**(Nationwide Class against Defendants for Breach of Servicing Contract)**

107.    Answering Paragraph 107 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 106, inclusive, as if fully set forth herein.

108.    Answering Paragraph 108 of the Complaint, Navient Corp. states that Plaintiffs purport to bring this breach of contract count on behalf of themselves and the supposed class members.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

109.    Answering Paragraph 109 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

110.    Answering Paragraph 110 of the Complaint, Navient Corp. denies the allegations set forth therein.

111.    Answering Paragraph 111 of the Complaint, Navient Corp. admits that federal law and regulations apply to the servicing of loans for ED.

112.    Answering Paragraph 112 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

113.    Answering Paragraph 113 of the Complaint, Navient Corp. denies the allegations set forth therein.

114.    Answering Paragraph 114 of the Complaint, Navient Corp. denies the allegations set forth therein.

115.    Answering Paragraph 115 of the Complaint, Navient Corp. denies the allegations set forth therein.

116.    Answering Paragraph 116 of the Complaint, Navient Corp. denies the allegations set forth therein.

117.    Answering Paragraph 117 of the Complaint, Navient Corp. denies the allegations set forth therein.

118.    Answering Paragraph 118 of the Complaint, Navient Corp. denies the allegations set forth therein.

119.    Answering Paragraph 119 of the Complaint, Navient Corp. denies the allegations set forth therein.

120.    Answering Paragraph 120 of the Complaint, Navient Corp. denies the allegations set forth therein.

## <u>COUNT II – BREACH OF CONTRACT</u>

**(Nationwide Class against Defendants for Breach of, and/or interference with, the Promissory Note)**

121.    Answering Paragraph 121 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 119, inclusive, as if fully set forth herein. Further, Navient Corp. answers the allegations in this Count II only as to the claim for breach of the promissory note.  Plaintiffs' claim for tortious interference is dismissed pursuant to the Court's Report and Recommendation dated March 31, 2021 (the "Report").

122.    Answering Paragraph 122 of the Complaint, Navient Corp. states that Plaintiffs purport to bring this claim on behalf of themselves and the supposed class members.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

123.    Answering Paragraph 123 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

124.    Answering Paragraph 124 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

125.    Answering Paragraph 125 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

126.    Answering Paragraph 126 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

127.    Answering Paragraph 127 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

128.    Answering Paragraph 128 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

129.    Answering Paragraph 129 of the Complaint, Navient Corp. denies the allegations set forth therein.

130.    Based on the Report, Navient Corp. is not required to answer Paragraph 130.

131.    Answering Paragraph 131 of the Complaint, Navient Corp. denies the allegations set forth therein.

132.    Answering Paragraph 132 of the Complaint, Navient Corp. denies the allegations set forth therein.

## COUNT III – VIOLATIONS OF THE CONSUMER [sic] LEGAL REMEDIES ACT
### California Civil Code § 1750 et seq.

**(Jill Ballard, California Class, Against Defendants)**

133.    Answering Paragraph 133 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 132, inclusive, as if fully set forth herein.

134.    Answering Paragraph 134 of the Complaint, Navient Corp. states that Ballard purports to bring this count for violations of the Consumers Legal Remedies Act ("CLRA") on behalf of herself and the California class.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

135.    Answering Paragraph 135 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

136.    Answering Paragraph 136 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that California Civil Code Section 1761(c) speaks for itself and denies any allegations that are inconsistent therewith.

137.    Answering Paragraph 137 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that Section 1770(a)(14) of the CLRA speaks for itself and denies any allegations that are inconsistent therewith.

138.    Answering Paragraph 138 of the Complaint, Navient Corp. denies the allegations set forth therein.

139.    Answering Paragraph 139 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that Section 1770(a)(5) of the CLRA speaks for itself and denies any allegations that are inconsistent therewith.

140.    Answering Paragraph 140 of the Complaint, Navient Corp. denies the allegations set forth therein.

141.    Answering Paragraph 141 of the Complaint, Navient Corp. denies the allegations set forth therein.

142.    Answering Paragraph 142 of the Complaint, Navient Corp. denies the allegations set forth therein.

## COUNT IV – VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 Pa. Stat. § 201-1 et seq.

**(Plaintiffs, National Class, Against Defendants)**

143.    Answering Paragraph 143 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 142, inclusive, as if fully set forth herein.

144.    Answering Paragraph 144 of the Complaint, Navient Corp. states that Plaintiffs purport to bring this count on behalf of a National Class.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

145.    Answering Paragraph 145 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

146.    Answering Paragraph 146 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that the Pennsylvania Unfair Trade Practices and Consumer Protection Law speaks for itself and denies any allegations that are inconsistent therewith.

147.    Answering Paragraph 147 of the Complaint, Navient Corp. denies the allegations set forth therein.

148.    Answering Paragraph 148 of the Complaint, Navient Corp. denies the allegations set forth therein.

149.    Answering Paragraph 149 of the Complaint, Navient Corp. denies the allegations set forth therein.

150.    Answering Paragraph 150 of the Complaint, Navient Corp. denies the allegations set forth therein.

151.    Answering Paragraph 151 of the Complaint, Navient Corp. denies the allegations set forth therein.

152.    Answering Paragraph 152 of the Complaint, Navient Corp. denies the allegations set forth therein.

## COUNT V – VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
### NY GBL Sec. 349

### (Rebecca Varno and the New York Class)

153.    Answering Paragraph 153 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 152, inclusive, as if fully set forth herein.

154.    Answering Paragraph 154 of the Complaint, Navient Corp. states that Varno purports to bring this count for violations of the New York General Business Law on behalf of herself and the New York class.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

155.    Answering Paragraph 155 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

156.    Answering Paragraph 156 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient

Corp. states that New York General Business Law § 349 speaks for itself and denies any allegations that are inconsistent therewith.

157.    Answering Paragraph 157 of the Complaint, Navient Corp. denies the allegations set forth therein.

158.    Answering Paragraph 158 of the Complaint, Navient Corp. denies the allegations set forth therein.

159.    Answering Paragraph 159 of the Complaint, Navient Corp. denies the allegations set forth therein.

160.    Answering Paragraph 160 of the Complaint, Navient Corp. denies the allegations set forth therein.

161.    Answering Paragraph 161 of the Complaint, Navient Corp. denies the allegations set forth therein.

162.    Answering Paragraph 162 of the Complaint, Navient Corp. denies the allegations set forth therein.

163.    Answering Paragraph 163 of the Complaint, Navient Corp. denies the allegations set forth therein.

## COUNT VI – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 502/2

### (Mark Pokorni and the Illinois Class)

164.    Answering Paragraph 164 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 163, inclusive, as if fully set forth herein.

165.    Answering Paragraph 165 of the Complaint, Navient Corp. states that Pokorni purports to bring this count for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act on

behalf of himself and the Illinois class.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

166.    Answering Paragraph 166 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

167.    Answering Paragraph 167 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 815 ILCS 505/1(c) speaks for itself and denies any allegations that are inconsistent therewith.

168.    Answering Paragraph 168 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that 815 ILCS 505/2 speaks for itself and denies any allegations that are inconsistent therewith.

169.    Answering Paragraph 169 of the Complaint, Navient Corp. denies the allegations set forth therein.

162.    Answering Paragraph 162 of the Complaint, Navient Corp. denies the allegations set forth therein.[2]

163.    Answering Paragraph 163 of the Complaint, Navient Corp. denies the allegations set forth therein.

164.    Answering Paragraph 164 of the Complaint, Navient Corp. denies the allegations set forth therein.

---

[2] Starting at this Paragraph, the Complaint appears to repeat paragraph numbers out of chronological order.  Navient Corp. has mirrored the Complaint's formatting and numbering structure to avoid any confusion.

165.        Answering Paragraph 165 of the Complaint, Navient Corp. denies the allegations set forth therein.

166.        Answering Paragraph 166 of the Complaint, Navient Corp. denies the allegations set forth therein.

167.        Answering Paragraph 167 of the Complaint, Navient Corp. denies the allegations set forth therein.

168.        Answering Paragraph 168 of the Complaint, Navient Corp. denies the allegations set forth therein.

## COUNT VII – VIOLATIONS OF THE ROSENTHAL ACT
### California Civil Code § 1788.17

**(Jill Ballard and the California Class)**

169.        Answering Paragraph 169 of the Complaint, Navient Corp. incorporates its responses to the allegations in Paragraphs 1 through 168, inclusive, as if fully set forth herein.

170.        Answering Paragraph 170 of the Complaint, Navient Corp. states that Ballard purports to bring this count for violations of the Rosenthal Act on behalf of herself and the California class.  Navient Corp. denies that any class could be certified in this action and that this action is appropriate for class treatment.

171.        Answering Paragraph 171 of the Complaint, Navient Corp. states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies each and every allegation set forth therein.

172.        Answering Paragraph 172 of the Complaint, Navient Corp. denies the allegations set forth therein.

173.        Answering Paragraph 173 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient

Corp. states that the Rosenthal Act speaks for itself and denies any allegations that are inconsistent therewith.

174.    Answering Paragraph 174 of the Complaint, Navient Corp. denies the allegations set forth therein.

175.    Answering Paragraph 175 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that the Rosenthal Act speaks for itself and denies any allegations that are inconsistent therewith.

176.    Answering Paragraph 176 of the Complaint, Navient Corp. states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Navient Corp. states that Section 1692f of Title 15 of the United States Code speaks for itself and denies any allegations that are inconsistent therewith.

177.    Answering Paragraph 177 of the Complaint, Navient Corp. denies the allegations set forth therein.

178.    Answering Paragraph 178 of the Complaint, Navient Corp. denies the allegations set forth therein.

179.    Answering Paragraph 179 of the Complaint, Navient Corp. denies the allegations set forth therein.

180.    Answering Paragraph 180 of the Complaint, Navient Corp. denies the allegations set forth therein.

## **PRAYER FOR RELIEF**

Answering Plaintiffs' Prayer for Relief, Navient Corp. denies that Plaintiffs and the supposed class members are entitled to any relief whatsoever.

## **JURY DEMAND**

Answering Plaintiffs' Jury Demand, Navient Corp. states that Plaintiffs purport to demand a trial by jury. Except as expressly stated, Navient Corp. denies each and every other allegation set forth therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs and the supposed class members, Navient Corp. asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against Navient Corp.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

The Complaint is barred, in whole or in part, by the conduct of Plaintiffs and the supposed class members, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

The Complaint, and each purported claim alleged therein, is barred by the conduct of Plaintiffs and the supposed class members, which amounts to and constitutes a waiver of any right or rights that Plaintiffs and the supposed class members may or might have in relation to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

To the extent that Plaintiffs and the supposed class members have suffered any damages as a result of the matters alleged in the Complaint, which Navient Corp. denies, Plaintiffs and the supposed class members failed to mitigate those damages, and the claims therefore are barred, in whole or in part.

## FIFTH AFFIRMATIVE DÉFENSE
(Intervening Cause)

Navient Corp. alleges, based upon information and belief, that Plaintiffs' and the supposed class members' alleged injures, if any, were proximately and solely caused by an independent and/or intervening cause or causes, for whom or for which Navient Corp. is neither liable nor responsible.

## SIXTH AFFIRMATIVE DEFENSE
(Lack of Standing)

The asserted claims are barred in whole or in part to the extent that Plaintiffs and the supposed class members did not suffer an injury in fact and have no relationship, contractual or otherwise, with Navient Corp.

## SEVENTH AFFIRMATIVE DEFENSE
(Preemption)

Navient Corp. is informed and believes, and on that basis alleges, that Plaintiffs and the supposed class members are barred, in whole or in part, from maintaining their state law claims because the claims are preempted by the Higher Education Act of 1965, as amended, and applicable ED regulations.

## EIGHTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Navient Corp. expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Navient Corp. requests the following relief:

1.      That Plaintiffs take nothing by virtue of the Complaint;

2.      For judgment to be entered against Plaintiffs and in favor of Navient Corp.;

3.      That Navient Corp. be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.      That this Court grant Navient Corp. such other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Navient Corp. demands a trial by jury on all counts.


Dated:  October 9, 2025                    Respectfully submitted,

                                           NAVIENT SOLUTIONS, LLC


                                            */s/ Jonathan Marmo*

                                           Jonathan Marmo (PA ID 312669)
                                           HOLLAND & KNIGHT LLP
                                           1650 Market Street, Suite 3300
                                           Philadelphia, PA 19103
                                           (215) 252-9600
                                           Jonathan.marmo@hklaw.com

                                           Cory Eichhorn (*admitted pro hac vice*)
                                           Florida Bar No. 576761
                                           HOLLAND & KNIGHT LLP
                                           701 Brickell Avenue, Suite 3300
                                           Miami, FL 33131
                                           Telephone: (305) 374-8500
                                           Facsimile: (305) 789-7799
                                           cory.eichhorn@hklaw.com


                                           Daniel T. Brier
                                           Donna A. Walsh
                                           Myers Brier & Kelly, LLP
                                           425 Spruce Street, Suite 200
                                           Scranton, PA 18503
                                           T: 570-342-6100
                                           dbrier@mbklaw.com
                                           dwalsh@mbklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, a copy of the foregoing **DEFENDANT NAVIENT CORPORATION'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiffs' counsel as described below. Parties may access this filing through the Court's system.

Carlo Sabatini
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Anthony Fiorentino
FIORENTINO LAW OFFICES LTD.
432 N. Clark St., Suite 202
Chicago, Illinois 60654
(312) 853-0050

*Attorneys for Plaintiffs and Proposed Class*

*/s/ Jonathan Marmo*

Jonathan Marmo