IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, <br><br> Plaintiffs, <br> v. <br><br> NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, <br><br> Defendants. | ) ) ) ) ) ) Case No. 3:18-cv-00121-JFS-PJC ) Hon. Phillip J. Caraballo ) ) ) ) ) ) Filed Electronically ) ) |

**MOTION TO FILE A BRIEF IN SUPPORT
OF CLASS CERTIFICATION EXCEEDING THE WORD COUNT LIMIT**

Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni, by and through their undersigned counsel, hereby seek leave to file a brief of no more than 15,000 words in support of their Motion for Class Certification, and in support thereof, state as follows:

1. A district court must conduct a "rigorous analysis" to determine whether a case is suitable for class treatment under Fed. R. Civ. P. Rule 23. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

2. The party seeking class certification must demonstrate that all requirements of Rule 23(a) are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

345 (2011). Once beyond the prerequisites of Rule 23(a), plaintiffs must then seek to certify the class under of one of three "types" set forth in Rule 23(b).

3. The Court's rigorous analysis must find that each of Rule 23's requirements are "met by a preponderance of the evidence before granting certification," even if this involves "judging credibility, weighing evidence, or deciding issues that overlap with the merits of a plaintiff's claims." *Harnish v. Widener Univ. Sch. of L.*, 833 F.3d 298, 304 (3d Cir. 2016).

4. In deciding a motion to certify a class, the court must also "resolve all factual or legal disputes relevant to certification, even if they overlap with the merits." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012).

5. To enable the court to conduct a rigorous analysis, a lengthier brief is necessary.

6. This Court and other courts have allowed briefs up to 15,000 words on certification-related briefing in complex class action cases. *See e.g. Hammond et al v. Department of Corrections et al*, 2:24-CV-00922, ECF No. 82 (M.D. Pa. July 7, 2025) (Latella, Mag. J.) (claims against a correctional facility); *Wallace v. Powell et al*, 3:09-cv-00286, ECF Nos. 1220, 1224, 1228 (M.D. Pa.) (Caputo, J.) (Motion for Final Approval of Settlement and Class Certification in RICO case)

7. Defendants concur, provided that they can file a response brief of the same length.

8.  Pursuant to Local Rule 7.5, a supporting brief is not required for this motion because the reasons for this request are fully stated herein.

WHEREFORE, the Plaintiffs respectfully request that the Court permit a brief in support of class certification of up to 15,000 words, and a response in opposition to class certification of the same length.

Dated:  November 7, 2025   Respectfully Submitted,

s/ Anthony Fiorentino
Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

## **Certificate of Concurrence**

Defendants concur with the relief requested herein.

Dated:  November 7, 2025                               s/ Anthony Fiorentino
                                                                        Anthony Fiorentino