# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Cory W. Eichhorn
+1 305-789-7576
Cory.Eichhorn@hklaw.com

November 21, 2025

**VIA ECF**

Honorable Magistrate Judge Phillip Caraballo
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

   Re: *Ballard, et al. v. Navient Corporation, et al.* - No. 3:18-cv-121

Dear Judge Caraballo:

We write to advise the Court that the Navient Defendants received from Plaintiffs at 8:02 p.m. on November 20, 2025, the Declaration of Lisa Aton (the "Aton Declaration"). The Aton Declaration references a data dump of certain interest capitalization figures as Attachment A. Plaintiffs delayed providing Attachment A to Navient Defendants until 11:26 a.m. on November 21, 2025. It consists of over a half a million unique records purporting to represent interest capitalization figures relevant to the amended class definitions. Plaintiffs presumably intend to put the Aton Declaration and the data before the Court in their Motion for Class Certification, due in 4 business days on December 1, 2025.

While we have not had an opportunity to meaningfully evaluate the information given the amount of data provided, we are raising this issue at the earliest opportunity in light of the case management conference set for 9:30 a.m. on Monday, November 24, 2025.

## BRIEF PROCEDURAL BACKGROUND

As Your Honor will recall, Plaintiffs have requested multiple unopposed extensions of time with respect to obtaining certain information responsive to the Subpoena issued to the Department of Education ("ED") in February of 2025 (the "Subpoena"). Paragraph 1 of the Subpoena requests computer searches for the head counts and Paragraph 2 requests a data compilation of interest capitalization figures.

Throughout this case, Plaintiffs have represented both to counsel for Defendants and this Court that they needed these extensions for ED to provide "headcounts" or responses to "computer searches" and have never referenced a data compilation or interest capitalization figures. To that

end, on October 27, 2025, this Court extended the time period until November 20, 2025 only "for the completion of computer searches for class members within the federal Department of Educations databases." [ECF No. 189]. Plaintiffs should not be permitted to produce an interest capitalization data compilation at this late hour given their previous representations and the fact that the Court Order only extended the time period for the production of computer searches for class members within ED's databases.

During the close to 9-month time period in which the Subpoena has been pending, the Navient Defendants have – subject to a reservation of their rights – worked with Plaintiffs by providing coding and answering questions concerning that coding without requiring the issuance of formal discovery. Notably, Plaintiffs would not have been able to obtain much of this information through formal discovery given the September 15, 2025 fact discovery cutoff.

**THE NAVIENT DEFENDANTS HAVE SUFFERED SIGNIFICANT PREJUDICE**

Plaintiffs waited until the eleventh hour – months after the close of fact discovery, more than a month after the expert disclosure deadline, and 4 business days before the deadline to file class certification and *Daubert* motions - to provide a bare-bones declaration along with a spreadsheet containing half a million unique records.

Plaintiffs' tactics are grossly prejudicial. Plaintiffs through these efforts seek to inflate the value of this case with untested interest capitalization figures amounting to hundreds of millions of dollars. Plaintiffs have elected not to retain an expert in this case and there is testimony in the record indicating interest capitalization figures for the specific transactions raised in the third amended complaint cannot be derived on a systematic basis. This includes expert testimony from the Navient Defendant's Expert Ling-Ling Ang. The Aton Declaration and Attachment constitute an untimely rebuttal expert report filed after the November 3, 2025 rebuttal expert deadline by an expert that was never disclosed.

Based on the foregoing, the Navient Defendants request this Court strike the interest capitalization statements made in the Aton Declaration, as well as the data compilation figures provided in Attachment A to the Aton Declaration from the record based on, among other things, the fact that these documents were served well beyond the fact discovery and expert deadlines and without an extension from this Court.

In the alternative, the Navient Defendants request that the Court extend the briefing schedule on the class certification motion so that the Navient Defendants can take discovery related to, *inter alia*, the Aton Declaration, including the coding used to create the interest capitalization figures and the communications between Plaintiffs' counsel and Maximus related to the Declaration and Attachment, neither of which Plaintiffs have provided. In addition, the Navient Defendants request that they be permitted to take the deposition of Ms. Aton and any others involved in the analysis of the data.

Navient reserves the right to seek further remedies.

*Honorable Magistrate Judge Phillip Caraballo*
*November 21, 2025*
*Page 3*

We look forward to speaking to the Court about these issues on Monday.

Sincerely yours,
HOLLAND & KNIGHT LLP

Cory W. Eichhorn

CWE:dlp
Enclosures
cc:     Counsel of Record (via ECF)