## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) | |
| | ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | ) | Hon. Phillip J. Caraballo |
| v. | ) | |
| | ) | |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, | ) ) ) | Filed Electronically |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs hereby move for certification of the following classes, subclasses, issues, and claims, pursuant to Fed. R. Civ. P. 23 ("Rule 23"), and in support thereof, state as follows:

1.     Under Rule 23(a), members of a class may bring suit as representative parties on behalf of all members only if the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

2.     Rule 23(b) sets forth the different types of cases that may be certified as a class action. Under Rule 23(b)(3), a class may be certified if questions of law

or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3.    Pursuant to Rule 23(b)(3), Plaintiffs move for certification of the following classes and subclasses:

| **"Improper IDR Cancellation" class** | |
| --- | --- |
| a. | On or after January 16, 2012, the borrower was enrolled in an IDR plan. |
| b. | The borrower submitted an IDR renewal application, which was received by NSL within 90 days or less prior to the renewal deadline. |
| c. | The borrower's partial financial hardship status expired, at which time the borrower's payments were recalculated under the standard repayment plan. |
| d. | At the time the application received its first review, it was deemed complete. |
| California Sub-class: Members of the Class who were living in California when the events stated in subpart c. occurred. | |

| **"Modified Forbearance Class"** | |
|---|---|
| a. | On or after January 16, 2012, the borrower submitted an application to enroll in, or renew, an IDR plan. |
| b. | Within 60 days of Navient receiving the application, the borrower was enrolled in a discretionary forbearance, which was based on oral affirmation. |
| c. | At the time of enrollment in the discretionary forbearance, the borrower was not in default. |
| <u>New York Sub-class</u>: Members of the Class who were living in New York when the events stated in subpart b. occurred. | |

| **"Improper Delay" Class** | |
|---|---|
| a. | On or after January 16, 2012, the borrower applied to enroll in, or to renew, an IDR plan. |
| b. | The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient. |
| c. | Navient did not fully process the application until 45 days or more after it was received. |
| <u>Illinois Sub-class</u>: Members of the Class who were living in Illinois when the events stated in subpart c. occurred. | |

4.      Plaintiff Jill Ballard seeks to be appointed as class representative of the "Improper IDR Cancellation" class and its California subclass.

5.      Plaintiff Rebecca Varno seeks to be appointed as class representative of the "Modified Forbearance Class" and its New York subclass.

6.      Plaintiff Mark Pokorni seeks to be appointed as class representative of the "Improper Delay" class and its Illinois subclass.

7.      Plaintiffs seek to have their attorneys, Daniel Edelman, Carlo Sabatini, and Anthony Fiorentino appointed as class counsel.

8.      Under Rule 23(c)(1)(B), an order certifying a class must "define the class and the class claims, issues, or defenses." This means that the text of the order or an incorporated opinion must include: (1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues or defenses to be treated on a class basis." *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 187–88 (3d Cir. 2006).

9.      Accordingly, Plaintiffs request that the following issues and claims be certified for class treatment:

a.      Whether Defendants' conduct toward Plaintiffs and members of the proposed classes violated Defendants' Servicing Contract with the United

States Department of Education ("ED"), which is attached to Plaintiffs'

Memorandum in Support of Class Certification (Exhibit 1);

      b.     Whether Defendants' conduct toward Plaintiffs and members of

the proposed classes violated their Master Promissory Notes ("MPNs"), which are

attached to Plaintiffs' Memorandum in Support of Class Certification (Exhibit 2);

      c.     Whether Defendants' conduct toward Plaintiffs and members of

the proposed classes violated the Pennsylvania Unfair Trade Practices and

Consumer Protection Law (73 Pa. Stat. § 201-3 et seq.);

      d.     Whether Defendants' conduct toward Plaintiff Jill Ballard and

members of the proposed California subclass violated California Civil Code § 1788

("The Rosenthal Act");

      e.     Whether Defendants' conduct toward Plaintiff Rebecca Varno

and members of the proposed New York subclass violated New York's General

Business Law § 349;

      f.     Whether Defendants' conduct toward Plaintiff Mark Pokorni

and members of the proposed Illinois subclass violated the Illinois Consumer

Fraud Act (815 ILCS 505/2);

      g.     Whether Plaintiffs and class members are entitled to monetary

relief from Defendants under the aforementioned contracts and statutes.

10.     The evidence and arguments offered by Plaintiffs in support of this motion are attached to, and stated in, Plaintiffs' Memorandum in Support of Class Certification.

WHEREFORE, Plaintiffs seek the following relief:

1.     Certification of the classes and subclasses set forth above;

2.     Appointment of Jill Ballard as class representative of the "Improper IDR Cancellation" class and its California subclass;

3.     Appointment of Rebecca Varno as class representative of the "Modified Forbearance Class" and its New York subclass;

4.     Appointment of Mark Pokorni as class representative of the "Improper Delay" class and its Illinois subclass;

5.     Appointment of Daniel Edelman, Carlo Sabatini, and Anthony Fiorentino as class counsel for all classes;

6.     Certification of all issues and claims stated above for class treatment under Rule 23.


Dated:  November 24, 2025                    Respectfully Submitted,

                                            *s/ Anthony Fiorentino*
                                            Anthony Fiorentino
                                            **FIORENTINO LAW OFFICES**
                                            6119 North Kenmore Ave., Ste. 410
                                            Chicago, IL 60660
                                            (312) 305-2850
                                            anthony@fiorentinolaw.com

s/ Daniel A. Edelman
Daniel A. Edelman
**EDELMAN, COMBS,
LATTURNER & GOODWIN,
LLC** 20 South Clark Street, Suite
1800 Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
**SABATINI LAW
FIRM, LLC**
216 N. Blakely St. Dunmore,
PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard,
Rebecca Varno, and Mark Pokorni*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Plaintiff's counsel has sought concurrence in this motion from defense counsel, and it has been denied.

<u>/s/ Anthony Fiorentino</u>
Anthony Fiorentino
**FIORENTINO LAW OFFICES**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on Monday, November 24, 2025, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

*<u>s/ Daniel A. Edelman</u>*
Daniel A. Edelman
