# Exhibit 24-A

8/2/22 Email

# Outlook

# RE: Ballard v. Navient (34715) - Rule 37 Correspondence Follow-up

From Cassandra Miller <cmiller@edcombs.com>
Date Tue 8/2/2022 8:17 AM
To   simonettil@gtlaw.com <simonettil@gtlaw.com>
Cc   mairc@gtlaw.com <mairc@gtlaw.com>; Rufus Coates Welsh <rcoateswelsh@edcombs.com>; dbrier@mbklaw.com <dbrier@mbklaw.com>; dwalsh@mbklaw.com <dwalsh@mbklaw.com>; Carly Roman <croman@edcombs.com>; Anthony Fiorentino <anthony@fiorentinolaw.net>; allenmayed@gtlaw.com <allenmayed@gtlaw.com>; bookhardts@gtlaw.com <bookhardts@gtlaw.com>; carlo@sabatinilawfirm.com <carlo@sabatinilawfirm.com>; Dan Edelman <dedelman@edcombs.com>

📎 1 attachment (112 KB)
ECLG Revised Class Definitions 7-29-22 Sent_Discovery.PDF;

Lisa- Attached are the revised class definitions/search queries. I will confirm a time with you for a Friday R37 conference as soon as I hear back from my co-counsel on availability.

Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

From: simonettil@gtlaw.com <simonettil@gtlaw.com>
Sent: Tuesday, August 02, 2022 5:43 AM
To: Cassandra Miller <cmiller@edcombs.com>
Cc: mairc@gtlaw.com; Rufus Coates Welsh <rcoateswelsh@edcombs.com>; dbrier@mbklaw.com; dwalsh@mbklaw.com; Carly Roman <croman@edcombs.com>; anthony@fiorentinolaw.net; allenmayed@gtlaw.com; bookhardts@gtlaw.com; carlo@sabatinilawfirm.com; Dan Edelman <dedelman@edcombs.com>
Subject: Re: Ballard v. Navient (34715) - Rule 37 Correspondence Follow-up

I'm traveling this week, but Friday May work. I'm open except 9-12 PT. In connection with data issues, you had stated an intent to amend the complaint. Do you have a draft that we can review before a call?

Sent from my iPhone

On Aug 1, 2022, at 6:15 PM, Cassandra Miller <cmiller@edcombs.com> wrote:

*EXTERNAL TO GT*

Lisa,

I wanted to circle back on scheduling a time to have our R37 conference regarding (1) production of emails associated with the plaintiffs and identified in the Stine deposition; (2) running the class definitions search queries (see attached); (3) scheduling the deposition of an IT person related to those queries and (4) Defendants' recent transcript designation as confidential.

Please let me know your availability this week to discuss.

Thanks.
Cassandra

Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

**From:** Cassandra Miller
**Sent:** Thursday, June 30, 2022 3:18 PM
**To:** 'simonettil@gtlaw.com' <simonettil@gtlaw.com>; mairc@gtlaw.com; Rufus Coates Welsh <rcoateswelsh@edcombs.com>; dbrier@mbklaw.com; dwalsh@mbklaw.com
**Cc:** Carly Roman <croman@edcombs.com>; anthony@fiorentinolaw.net; allenmayed@gtlaw.com; bookhardts@gtlaw.com; carlo@sabatinilawfirm.com; Rufus Coates Welsh <rcoateswelsh@edcombs.com>; Dan Edelman <dedelman@edcombs.com>
**Subject:** Ballard v. Navient (34715) - Rule 37 Correspondence

Lisa,
Now that we have completed the deposition of Jeff Stine, we think it would be a good time to circle back on our Rule 37 discussions. Please let us know your availability next week to schedule a Rule 37 conference.

One issue that we want to revisit are the class member search queries which we previously provided. Based on last week's testimony, we anticipate making some adjustments to the search query language, however, we will need a copy of the deposition transcript before making those changes. We have been advised that we should have the transcript around July 8th-11th. In that regard, we wanted make sure Defendants did not expend additional time or resources on determining the feasibility of those searches until after we have had an opportunity to review the transcript to determine what, if any, changes need to be made. We can discuss this further during our Rule 27 meeting.


Also, we requested all correspondence between Defendants and the Plaintiffs, but to date, have not received any emails related to the Plaintiffs. Stine testified that there were emails associated with Plaintiffs' loans and specifically related to their IDR renewal applications. Please supplement your production with any correspondence not already produced, including any emails sent or received from the Plaintiffs' related to their student loans. If any such documents/correspondence are being withheld, please identify the basis for that withholding.

Finally, as you are aware, we served a subpoena on the Department of Education who recently requested that we provide a proposed stipulation similar to that agreed to by the DOE in a related case against Nelnet. Attached for your review and consideration is the agreement reached in the Nelnet litigation which we intend to use as a model for this litigation. We can discuss further at the Rule 37 conference.

We look forward to discussing these matters further at our Rule 37 meeting.

Thanks,
Cassandra

Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (Fax)

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# Exhibit 24-B

## Class Definitions

**Class 1 (Jill Ballard):**

a. The borrower was enrolled in an IDR plan.

b. Prior to the annual renewal deadline, Navient received an IDR renewal application from the borrower to recertify the plan.

c. On or after the passage of the deadline, the borrower's income-driven payments were canceled, and the borrower's accrued interest was capitalized.

d. When the borrower's application was thereafter processed, it was deemed complete and timely, and the IDR plan was recertified.

**California sub-class**: Members of the Class who were living in California when the events stated in subpart c. occurred.

**Class 2 (Varno/Pokorni):**

a. The borrower was enrolled in an IDR plan.

b. The income-driven payments were cancelled when the plan was not renewed before the annual renewal deadline.

c. Within 60 days thereafter, Navient enrolled the borrower in a discretionary forbearance.

d. At the time of enrollment in the discretionary forbearance, the loan was not in default, and Navient had not received a written request from the borrower for a discretionary forbearance.

e. The interest that accrued during the forbearance was capitalized.

**New York sub-class**: Members of the Class who were living in New York when the events stated in subpart c. occurred.

**Illinois sub-class**: Members of the Class who were living in Illinois when the events stated in subpart c. occurred.

**Class 3 (Varno):**

a. Navient received notice that the borrower was applying for initial enrollment in an IDR plan, or was changing repayment plans.

b. Within 60 days after receiving such notice, Navient enrolled the borrower in a discretionary interest-capitalizing forbearance.

    c. At least some interest that accrued during any part of the 60-day period following such notice was capitalized.

    **New York sub-class**: Members of the Class who were living in New York when the events stated in subpart b. occurred.

**Class 4 (Pokorni):**

    a. The borrower applied to enroll in, or to renew, an IDR plan.

    b. The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient.

    c. Navient did not fully process the application until 45 days or more after it was received.

    **Illinois sub-class**: Members of the Class who were living in Illinois when the events in subpart c. occurred.

**Class 5 (Varno):**

    a. The borrower was enrolled in an IDR plan.

    b. When the borrower applied to recertify the plan, it was renewed with a lower monthly payment amount (including $0.00), but the reduced amount was not scheduled to take effect until after one or more additional billing cycles.

    c. Navient enrolled the borrower in an interest-capitalizing discretionary forbearance to cover the intervening billing cycles under the higher monthly payment amount.

    **New York sub-class**: Members of the Class who were living in New York when the events stated in subpart c. occurred.

**Class 6 (Varno):**

    a. The borrower was enrolled in an IDR plan.

    b. Navient timely received one paystub and the borrower's application to renew the plan.

    c. Navient did not process the application.

    d. Navient sent the borrower a written communication stating that the application could not be processed because the borrower did not submit two paystubs.

    e. That communication did not identify any other deficiency with the application.

    f. Thereafter, the borrower's partial financial hardship status expired and the standard repayment plan amount took effect.

**New York sub-class**: Members of the Class who were living in New York when the events stated in subpart f. occurred