# Exhibit 33-A

8/1/2025 Email

### Ballard v. Navient - subpoena and computer searches

**Anthony Fiorentino**
To: Sheppard Southall, Christle <christle.southall@ed.gov>; +1 other
Cc: Carlo Sabatini <carlo@bankruptcypa.com>; Dan Edelman <dedelman@edcc
Fri 8/1/2025 2:29 PM

You replied on Wed 9/10/2025 9:03 AM

📎 revised class definitions.pdf
58 KB

Dear Christle and Irena,

I finally have updates on the status of our case, and the computer searches. Thanks for your patience while we sorted this out.

The searches we provided earlier (Searches 1-4) will not require any changes. However, given recent developments in the case, it may be necessary to conflate the two forbearance classes into a single class.

To that end, we have devised a fifth search query (Search 5), which uses criteria from Searches 2 and 3, but synthesizes them into a single class. I have attached the complete set of search queries. As you'll see, Searches 1-4 are the same as before, but Search 5 has now been added. It's pretty simple, so I don't think it will add substantially to the data team's work load.

Could we plan on meeting **Tuesday, August 5th, at our usual time (2:00 pm eastern)** to discuss? The judge is very eager to have us a file a motion to certify the classes, so we're hoping the searches can be executed as soon as possible.

Irena, could you ask your data team if 3 weeks would be sufficient time? The extra column on the interest capitalizations is less urgent, so that could be provided later, if necessary. But if the raw head counts for class members could be provided within that timeframe, it would be extremely helpful.

And, as we discussed earlier, all search queries can use the novation date as the cut-off date for class membership.

Thanks again for your patience, and we look forward to speaking with you on Tuesday. Have a great weekend.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

# Exhibit 33-B

ED Searches

### Search 1

1) On or after January 16, 2012, the borrower was enrolled in an IDR plan.

2) The borrower submitted an IDR renewal application, which was received by NSL within 90 days or less prior to the renewal deadline.

3) The borrower's partial financial hardship status expired, at which time the borrower's payments were recalculated under the standard repayment plan.

4) At the time the application received its first review, it was deemed complete.

California sub-class: Members of the Class who were living in California when the events stated in subpart C occurred.

### Search 2

1) On or after January 16, 2012, the borrower was enrolled in an IDR plan.

2) The IDR plan was not renewed before the annual renewal deadline, at which point the borrower's Partial Financial Hardship (PFH) status expired, and payments were recalculated under the standard repayment plan.

3) After the expiration of the borrower's PFH status, NSL enrolled the borrower in a discretionary forbearance, based on the borrower's oral affirmation, and the posting date of the forbearance was within the 90-day period which began 30 days before the PFH status expired. (For example, if the PFH status expired on May 1, 2015, then the 90-day period would begin on April 1, 2015 and would end on June 30, 2015.)

4) At the time of the enrollment in the discretionary forbearance, the loan was not in default, with "default" being defined as a period of 270 days without any payments.

New York sub-class: Members of the Class who were living in New York when the events stated in subpart C occurred. Illinois sub-class: Members of the Class who were living in Illinois when the events stated in subpart C occurred.

### Search 3

1) On or after January 16, 2012, the borrower submitted an application to enroll in an IDR plan.

2) NSL enrolled the borrower in a 60-day, "non-capping" administrative forbearance, which was in effect while that application was under review.

3) During the 60-day administrative forbearance period, the borrower's account status changed from administrative forbearance status to discretionary forbearance status, and the discretionary forbearance was supported by oral affirmation.

New York sub-class: Members of the Class who were living in New York when the events stated in subpart B occurred.

### Search 4

1) On or after January 16, 2012, the borrower applied to enroll in, or to renew, an IDR plan.

2) The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient.

3) Navient did not fully process the application until 45 days or more after it was received.

Illinois sub-class: Members of the Class who were living in Illinois when the events in subpart c. occurred.

## Search 5

1) On or after January 16, 2012, the borrower submitted an application to enroll in, or renew, an IDR plan.

2) During the 60-day period following Navient's receipt of the IDR application, the borrower was enrolled in a discretionary forbearance, based on the borrower's oral affirmation, which went into effect sometime during that 60-day period.

3) The borrower did not submit a written request for the forbearance.

4) At the time of the enrollment in the discretionary forbearance, the loan was not in default, with "default" being defined as a period of 270 days without any payments.

New York sub-class: Members of the Class who were living in New York when the events stated in subpart C occurred.