# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, ) ) ) ) ) | |
| ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, ) | Hon. Phillip J. Caraballo |
| v. ) ) | |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, ) ) ) ) | Filed Electronically |
| Defendants. ) | |

## MEMORUNDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE REPORT OF DR. XIAOLING LIM ANG

## I. INTRODUCTION

Plaintiffs are individuals whose federal loans were serviced by Defendants, Navient Solutions LLC and Navient Corp. ("Navient" collectively). They seek to certify three nationwide classes under Fed. R. Civ. P. 23.

Under Rule 23(b)(3), a class may be certified if "questions of law or fact common to class members predominate over any questions affecting only individual members." Accordingly, the proponent of class certification under Rule 23(b)(3) must establish that "damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 133 (2013).



However, her opinions are based on assertions that are not within the province of her expertise. Thus, her opinions are improper.

Furthermore, because the improper material is pervasive and foundational to Ang's analysis, her report should be excluded in its entirety. *See Sec. & Exch. Comm'n v. Gel Direct Tr.*, No. 22-CV-9803 (JSR), 2024 WL 1374902, at *11 (S.D.N.Y. Mar. 31, 2024) (holding that an expert's report was inadmissible in its entirety because the analysis was "inextricably intertwined with th[e] inadmissible opinions.")

## II.   STATEMENT OF QUESTIONS INVOLVED

1. **Should Ang's opinions be ruled improper**? Yes, because they are based on assertions that are not within the purview of her expertise.

2. **Should Ang's report be excluded in its entirety?** Yes, because her improper opinions are pervasive and foundational to her analysis, tainting her entire report.

## III.   STATEMENT OF FACTS

In the Third Amended Complaint ("TAC"), Plaintiffs alleged that Navient, their loan servicer, engaged in abusive and predatory practices in the course of servicing their federal loans, including the following:

- Navient delayed or failed to process Plaintiffs' applications for Income-Driven Repayment plans ("IDR plans") in order to maximize profits. ECF 118-3 at ¶ 5. These processing failures delayed Plaintiffs' progress toward

loan forgiveness, which is available after 20-25 years of qualifying payments under an IDR plan. ECF 118-3 at ¶¶ 119-120.

- Navient improperly placed Plaintiffs' loans into deferment or forbearance status, causing their accrued interest to be wrongfully "capitalized," or added to their principal balance. ECF 118-3 at ¶ 6.

- Plaintiffs also incurred improper interest capitalizations when Navient unlawfully canceled their IDR plans. *See* ECF 118-3 at ¶¶ 114-115.

## IV. RELEVANT PROCEDURAL HISTORY

In June 2022, Plaintiffs took the deposition of Jeffrey Stine, Navient's Vice President of Servicing Operations. Stine was presented with Plaintiffs' account records and asked about various account transactions. His testimony formed the basis of the class definitions in the TAC.

In December 2023, Plaintiffs took the deposition of Patrick Theurer, Navient's Vice President of Data Solutions (*i.e.*, Navient's chief information technology official). He was questioned regarding the capability of Navient's computer database to identify members of the proposed classes on a systemwide basis. He testified that, subject to certain modifications, the class criteria were searchable with respect to the portfolio of loans that Navient owned and serviced during the relevant timeframe.

However, Theurer did not reach the same conclusion with respect to a portfolio of loans owned by the Department of Education ("ED"), which Navient managed as a third-party servicer. He testified that Navient would be unable to identify class members in that portfolio because the relevant servicing data was transferred to another servicer in 2021, pursuant to a novation of Navient's servicing contract. Accordingly, Plaintiffs issued a subpoena to ED to obtain that data directly from the government.

In October 2025, Defendants disclosed the report of their opinion witness, Xiaoling Lim Ang, Ph.D. ("Ang").



V.   **STATEMENT OF LAW**

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a fact in issue." Fed R. Evid. 702(a). In applying this rule, the Court must determine whether the expert's testimony "would be reliable or trustworthy in light of [their] practical background and training." *Lauria v. Nat'l R.R. Passenger Corp.*, 145 F.3d 593, 599 (3d Cir. 1998).

The expert should not render any opinions "as to what [i]s required under the law." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006). This "restrictive approach" is necessary to prevent a witness from "invading the province" of the factfinder and "attempting to introduce law as evidence." *Orner v. Nat'l Beef Packaging Co., LLC*, No. 4:13-CV-0837, 2015 WL 8334544, at *6 (M.D. Pa. Dec. 9, 2015) (citing *United States v. Leo*, 941 F.2d 181, 197 (3d Cir. 1991)).

If an expert report contains improper material, and there is an "overwhelming imbalance between unreliable and reliable" portions, the report may be excluded in its entirety. *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82, 96 (1st Cir. 2014). This rule is based on the principle that "requiring judges to sort through all inadmissible testimony in order to save the remaining portions, however small, would effectively shift the burden of proof and reward experts who fill their testimony with as much borderline material as possible." *Id.*; *see also In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 665 (2d Cir. 2016) ("[D]istrict courts are not obligated to prune away all of

5

the problematic elements of an expert's proposed testimony to save the remaining portions..." *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 665 (2d Cir. 2016).

## VI. ARGUMENT

███████████████████████████████████████ Ex. 1 at 5. However, her report contains many assertions regarding issues of liability, the credibility of Plaintiffs, and the requirements to certify a class action under Fed. R. Civ. P. 23. These assertions do not involve any economic or statistical analysis. Instead, they consist mainly of legal arguments.

**1. Ang offers improper opinions on issues of liability**

In the TAC, Plaintiffs alleged that Navient charged them improper fees, known as "interest capitalizations." *See* ECF 118-3 at ¶¶ 80-84. █████





## 2. Ang offers improper opinions on the issue of credibility



## 3. Ang improperly opines on the Rule 23(b)(3) issue of predominance

Under Rule 23(b)(3), a class may be certified if "questions of law or fact common to class members predominate over any questions affecting only individual members."



This is a legal argument as to whether Plaintiffs can meet the predominance requirement under Rule 23(b)(3). It requires no specialized knowledge in economics or statistics. As noted above, Ang has no expertise that would qualify her to render opinions involving the interpretation of loan servicing account records.

4. **Ang improperly opines on the "mootness" of certain damages**

In the TAC, Plaintiffs alleged that Navient's servicing errors delayed their progress toward loan forgiveness, which is available after 20-25 years of qualifying payments under an IDR plan. *See* ECF at ¶¶ 119-120.



### 5. Ang makes a legal argument regarding Plaintiffs' burden of proof

The proponent of class certification under Rule 23(b)(3) must establish that "damages are capable of measurement on a classwide basis." *Comcast*, 569 U.S. at 133. However, the Supreme Court has noted that damages calculations "need not be exact," so long as the method used by the plaintiff is "consistent with its liability case." *Id*. at 35.



In the TAC, Plaintiffs asserted claims on behalf of putative class members under the

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 Et Seq. *See* ECF 118-3 at ¶¶ 143-152. The statute authorizes payment of "actual damages, or one hundred dollars, whichever is greater." 73 Pa. Stat. § 201-9.2(a).

Given the availability of $100 in statutory damages, it is not necessary for an expert to quantify actual damages. *See Santos v. Healthcare Revenue Recovery Grp., LLC.*, 90 F.4th 1144, 1158 (11th Cir. 2024) (holding that the plaintiff in a class action involving claims under the Fair Credit Reporting Act "doesn't need to prove actual damages to recover" because the statute "allows the consumer to recover a minimum amount of damages of not less than $100" for any a willful violation of the Act.); *see also Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 501 (E.D. Pa. 2009) ("[S]tatutory damages may be awarded in any amount between $100 and $1,000…Given the nature of plaintiff's claims, this is not a case in which the amount of the damage award is likely to differ from consumer to consumer…Thus, I find that issues common to the class predominate over individual issues...").

### 6. Ang improperly opines on the issue of manageability



Ang is not qualified to opine on whether a class action lawsuit is manageable from a "practical perspective." That issue does not involve any specialized knowledge in economics or statistical analysis. The manageability of a class action is a question for the Court, as factfinder, to decide. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 191 (3d Cir. 2001), *as amended* (Oct. 16, 2001) ("Here we must address the difficulties likely to be encountered in the management of a class action.") (citing Rule 23(b)(3)).

### 7. Ang improperly opines on the search capabilities of a computer system



[redacted]

This opinion is not based on any economic or statistical analysis. It involves the search functionalities of a computer system, and whether those functionalities would render this case manageable. Ang has no specialized knowledge in the area computer science or information technology which would qualify her to render such an opinion. Neither does Stine, who was merely speculating on matters that are not within his area of knowledge or experience. Thus, the opinion did not rest on sound methodology and was not within the scope of Ang's expertise.

## VII. CONCLUSION

Ang's report does little more than "make legal argument in the form of testimony, and as such, it should be precluded." *Laverdi v. Jenkins Township,* 3:98cv1548, 2001 U.S. Dist. LEXIS 26379 (M.D. Pa. May 30, 2001), *aff'd*, 49 Fed. Appx. 362 (2002), *2.

Furthermore, because Ang's improper opinions are pervasive throughout her report and foundational to her analysis, the report should be excluded in its entirety. *See Thomas v. Barze*, 57 F. Supp. 3d 1040, 1064 (D. Minn. 2014) ("In light of these myriad problems with [the expert's] report…the Court determines that the report in its entirety should be struck…The Court is not required to do such detailed extrication of proper opinions for Defendants.").

WHEREFORE, Plaintiffs request that the Report of Xiaoling Lim Ang, Ph.D., attached hereto as Exhibit 1, be ruled inadmissible.

Dated:  December 2, 2025

Respectfully submitted,

*s/Anthony Fiorentino*
Anthony Fiorentino

*s/ Daniel A. Edelman*
Daniel A. Edelman

Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

Carlo Sabatini, PA 83831
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on Tuesday, December 2, 2025, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

                                               *s/ Daniel A. Edelman*
                                               Daniel A. Edelman