## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) | |
| | ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | ) | Hon. Phillip J. Caraballo |
| v. | ) | |
| | ) | |
| NAVIENT CORPORATION, | ) | |
| NAVIENT SOLUTIONS, INC. and | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | Filed Electronically |
| | ) | |
| Defendants. | ) | |

## MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION BRIEFS TO PLAINTIFFS' CLASS CERTIFICATION AND *DAUBERT* MOTIONS

Defendants Navient Corporation, Navient Solutions, Inc., and Navient Solutions, LLC, by and through their undersigned counsel, hereby move for an extension of the deadline to file opposition briefs to Plaintiffs' class certification and *Daubert* motions, and in support thereof state as follows:

1.     On August 7, 2025, the Court entered an Order setting the following deadlines:

| | |
|---|---|
| Disclosures for experts whose testimony is relevant to class certification | 10/1/2025 |
| Completion of computer searches to identify class members by DOE/Maximus | 10/1/2025 |
| Expert reports relevant to class certification | 10/15/2025 |
| Telephone Status Conference | 10/16/2025 at 9:30 a.m. |

| Rebuttal expert reports relevant to class certification | 11/3/2025 |
|---|---|
| Telephone Status Conference | 11/24/2025 at 9:30 a.m. |
| Motions for Class Certification/Daubert Motions and supporting briefs | 12/1/2025 |
| Oppositions to Motions for Class Certification/Daubert Motions | 1/9/2026 |
| Replies in Support of Motions for Class Certification/Daubert Motions | 1/30/2026 |
| Oral Argument | 2/13/2026 at 9:30 a.m. |

2.      Pursuant to Orders issued on October 15 and October 27, 2025, the deadlines for production of expert reports relevant to class certification and for "completion of computer searches for class members within the federal Department of Education's database" were extended to October 22, 2025 and November 20, 2025, respectively.  *See* ECF 186, 189.[1]

3.      On November 20, 2025, Plaintiffs produced the Declaration of Lisa Aton (the "Aton Declaration").

---

[1]  The computer searches at issue were based on a Subpoena directed to the Department of Education ("ED") dated February 19, 2025 (the "Subpoena").  The Subpoena generally sought the following: (i) that ED direct Maximus Loan Servicing, LLC ("Maximus") to search its database to identify the number of borrowers within certain search queries proposed by Plaintiffs (Subpoena at ¶ 1) and (ii) that Maximus generate "a data compilation that states the interest capitalizations incurred by each borrower in connection with the transactions described in those search queries." (Subpoena at ¶ 2).

4.      While the Aton Declaration references data detailing certain interest capitalization figures as Attachment A, Plaintiffs delayed providing Attachment A to Navient Defendants until 11:26 a.m. on November 21, 2025, the day after the deadline to identify class members.

5.      Plaintiffs have never disclosed Ms. Aton as an expert much less by the October 1, 2025 deadline to designate experts as required by the August 7, 2025 Order.

6.      Although Plaintiffs had previously represented to both counsel for Defendants and the Court that they needed extensions of time for ED/Maximus to provide "headcounts" and responses to "computer searches," they never referenced or disclosed in advance their intent to produce a data compilation including interest capitalization.  Moreover, the Court's October 27 Order extended the time period until November 20, 2025 only "for the completion of computer searches for class members within the federal Department of Education's databases."  ECF No. 189. That Order did not extend the time to produce substantive interest capitalization data or witness testimony.[2]

---

[2]  The interest capitalization data belatedly produce by Plaintiffs, such as it is, seeks to represent the interest capitalized on putative class members' loans on a systemic basis, even though prior testimony in this case is undisputed that interest capitalization for the specific transactions alleged in the Third Amended Complaint cannot be derived on a systematic, or class wide, basis.

7.    Had Defendants been aware that Plaintiffs intended to dump voluminous interest capitalization figures and additional testimony on Defendants at the eleventh hour, more than 7 months after the original Subpoena production deadline and after both the discovery cutoff and the expert disclosure deadline, Defendants would not have consented to such extensions.

8.    The late disclosure of the Aton Declaration (and its voluminous Attachment A), made a mere 4 business days before the deadline to file class certification and *Daubert* motions, is highly prejudicial to Defendants' ability to respond to those motions.  Under the circumstances, Plaintiffs' late disclosure of this information is not substantially justified.

9.    Defendants respectfully request an extension of 60 days from January 9, 2026, or until March 10, 2026, to file their opposition briefs to Plaintiffs' class certification and *Daubert* motions.

10.    This extension is necessary to allow for limited discovery (both written and deposition discovery) regarding the Aton Declaration and its purported calculation of interest capitalization for putative class members.

11.    Defendants' request for a brief extension to file their opposition to Plaintiff's class certification and *Daubert* motions is not made for the purpose of delay and is based on good cause as shown herein.  In seeking the relief set forth in the Motion, Defendants reserve all of their applicable rights, including moving to

strike testimony set forth in the Aton Declaration as well as the interest capitalization data.

12.    During the December 2, 2025 conference call with the Court, counsel for Plaintiffs, Anthony Fiorentino, stated that he will not concur to Defendants' request for an extension.

13.    Pursuant to Local Rule 7.5, a supporting brief is not required for this motion for an extension of time because the reasons for this request are fully stated herein.

WHEREFORE, Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC respectfully request a 60-day extension of the deadline to file opposition briefs to Plaintiffs' class certification and *Daubert* motions, or until March 10, 2026.

Dated:  December 2, 2025                     Respectfully Submitted,

                                            /s/ Daniel T. Brier
                                            Daniel T. Brier
                                            Donna A. Walsh
                                            Richard L. Armezzani
                                            Myers Brier & Kelly, LLP
                                            425 Biden Street, Suite 200
                                            Scranton, PA 18503
                                            T: 570-342-6100
                                            dbrier@mbklaw.com
                                            dwalsh@mbklaw.com
                                            rarmezzani@mbklaw.com

Cory W. Eichhorn (*Pro Hac Vice*)
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305-789-7576
cory.eichhorn@hklaw.com

Jonathan M. Marmo
Holland & Knight LLP
One Liberty Place
1650 Market Street, Suite 3300
Philadelphia, PA 19103
T: 215-867-6070
jonathan.marmo@hklaw.com

*Attorneys for Defendants Navient Solutions, LLC and Navient Corporation*

## **<u>CERTIFICATE OF NONCONCURRENCE</u>**

I, Daniel T. Brier, hereby certify that counsel for Plaintiffs, Anthony Fiorentino, Esquire, *does not* concur in the relief sought in this Motion.

Date:  December 2, 2025         <u>/s/ Daniel T. Brier</u>
                                     Daniel T. Brier

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Motion was filed on this 2nd day of December 2025 through the Court's ECF system

on the following counsel of record via the Court's electronic filing system:

> Carlo Sabatini
> Sabatini Law Firm, LLC
> 216 N. Blakely Street
> Dunmore, PA  18512
>
> Daniel A. Edelman
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1800
> Chicago, IL  60603
>
> Anthony Fiorentino
> 6119 North Kenmore Ave., Ste. 410
> Chicago, IL  60660
> *Attorneys for Plaintiffs and Proposed Class*

> <u>/s/ Daniel T. Brier</u>
> Daniel T. Brier