IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | No. 3:18-cv-00121-JFS-PJC<br><br>Judge Joseph F. Saporito, Jr.<br><br>**Magistrate Judge Phillip J. Caraballo** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION BRIEFS TO PLAINTIFFS' CLASS CERTIFICATION AND DAUBERT MOTIONS**

In response to Defendants' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION BRIEFS TO PLAINTIFFS' CLASS CERTIFICATION AND DAUBERT MOTIONS, Plaintiffs state as follows:

1.      During a case management conference on December 2, 2025, the Court ordered Defendants to contact Plaintiffs in order to inquire whether, in light of the parties' discussion during that conference, Plaintiffs would concur in Defendants' request for an extension of Navient's response deadline and/or their request for additional discovery. However, Defendants did not contact Plaintiffs before filing their motion (ECF 211), so Plaintiffs have not have an opportunity to

request that any such extensions and/or discovery be conditioned upon certain limitations. In this response, Plaintiffs seek to request such limitations, and to correct certain representations made in Defendants' motion.

### *Plaintiffs' Compliance with Discovery Deadlines*

2. In their motion, Defendants assert that Plaintiffs did not comply with the November 20, 2025 deadline regarding the computer searches executed by the Department of Education (ED), through its agent, Ms. Lisa Aton. ECF 211, ¶ 4. In fact, the November 20, 2025 deadline was not a *production* deadline imposed on Plaintiffs, but a deadline for ED's "completion of computer searches to identify class members by DOE/Maximus." (ECF 168). Ms. Aton's declaration, which Plaintiffs provided to Defendants on the November 20, 2025 deadline, establishes that ED completed the searches in strict compliance with that deadline.

3. The interest capitalization data that Plaintiffs served on Defendants on November 21, 2025, was not produced pursuant to the November 20, 2025 deadline. As explained above, ED had already complied with that deadline. The production of interest capitalization data was produced in accordance with Plaintiffs' ongoing duty to seasonably supplement the disclosure of relevant documents.

4. In their motion, Defendants state that the "late disclosure of the Aton Declaration" is "highly prejudicial" to Defendants. (ECF 211, ¶ 8). Defendants fail

to explain how the Aton declaration is a "late disclosure" if it was served on the deadline established by the Court.

### *Correspondence Relating to Interest Capitalizations*

5.  In their motion, Defendants state that Plaintiffs "never referenced or disclosed in advance their intent to produce a data compilation including interest capitalization." (ECF 211, ¶ 6). In fact, the parties had multiple communications about the interest capitalization data.

6.  On February 26, 2025, Plaintiffs served Defendants with a copy of Plaintiffs' subpoena to ED. *See* Exhibit 1, Email 2/26/25, at 3. The subpoena requested that ED: 1) execute four "search queries" in ED's loan servicing computer database and provide "the number of Federal Direct Loan Program borrowers identified by each of the four searches"; and 2) generate "a **data compilation** that states the amount of any **interest capitalizations** incurred by each borrower in connection with the transactions" described in those search queries. *See* Exhibit 2, ED Subpoena, at ¶¶ 1–2 (emphasis added).

7.  On March 18, 2025, Defense Counsel sent an email to Plaintiffs' Counsel, objecting to the subpoena's request for a "**data compilation** that states the amount of any **interest capitalizations** incurred by each borrower" because the request was "overbroad" and "ambiguous." Ex. 1 at 2 (emphasis added).

8. On March 19, 2025, Plaintiffs' Counsel replied as follows to Defendants' email: "We believe that the limiting language 'in connection with the transactions described in those search queries' appropriately avoids [the complained of] ambiguity. However, we are willing to consider any other language that you propose to address the ambiguity that you believe is there. How would you want this request changed to eliminate your concerns?" Ex. 2 at 1.

9. On May 8, 2025, after a period of negotiation, the following stipulation was entered by the Court: "Within seven (7) days of the entry of this Order, Navient Defendants will respond in writing to Plaintiffs' proposed clarifying language to resolve Defendants' objections to the search query language in Plaintiffs' subpoena to the Department of Education dated February 19, 2025 (the "DOE subpoena"). If Plaintiffs' proposed clarifying language has not fully resolved Navient Defendants' objections, Navient Defendants will timely notify the Court so that a conference can be scheduled to address any outstanding issues concerning the DOE Subpoena." ECF 157.

10. On May 13, 2025, Defense Counsel sent Plaintiffs' Counsel a pair of emails, stating as follows:

> "I should be able to get you language on the DOE subpoena by close of business today. Our primary concern related to the request to compile **interest capitalization figures**." Exhibit 3, Email 5/13/25 at 2:55 pm, at 1 (emphasis added).

> * * *

> "On the **interest capitalization data compilation**, we suggest the following modification be included: '**interest capitalizations incurred during the relevant class period by each borrower** in connection with any discretionary forbearance based upon oral affirmation that meets the criteria set forth in Search Queries 2 and 3.'" <u>Exhibit 4</u>, Email 5/13/25 at 3:27 pm, at 1 (emphasis added).

In other words, by at least May 2025, Defendants *agreed* that ED's computer searches would include a data compilation of interest charges, which they now call a data "dump." *See* ECF 211, ¶ 7.

11.  Despite the Court's May 8, 2025 order (ECF 157), which instructed Defendants to "notify the Court" if they had "any outstanding issues concerning the DOE Subpoena," Defendants did not notify the Court of any other objections to the data sought in the subpoena.

12.  On June 27, 2025, Plaintiffs' Counsel emailed Defense Counsel to stipulate that "any **data compilations <u>or</u> search results** generated" by ED's computer searches would be designated "confidential information" under the protective order. <u>Exhibit 5</u>, Email 6/27/25, at 2 (emphasis added). On July 3, 2025, Defense Counsel replied: "We would slightly modify the stipulation to the following: 'ED reserves the right to seek leave to amend the protective order, as needed, to ensure that the computer coding language, and any **data compilations <u>or</u> search results** produced by it, remain subject to the protective order.' Otherwise, this looks ok." Ex. 5 at 1 (emphasis added).

13. These communications reflect the mutual understanding of the parties: that any interest capitalization data requested in Plaintiffs' subpoena was *inextricably linked* to the "head counts" of individuals who incurred those interest charges, and that such data **would be produced along with the head counts**.

14. Despite the foregoing, Defendants did not seek leave of Court for additional time to take discovery on the interest capitalization data until the *week before* Plaintiffs' deadline to move for class certification. Additionally, Defendants never served a subpoena on ED to obtain the computer coding used for the computer searches, nor did they request this information from Plaintiffs. Accordingly, it is Defendants, not Plaintiffs, who have failed to exercise diligence.

### Ms. Aton is not Plaintiffs' expert witness

15. Defendants assert that Plaintiffs failed to "disclose Ms. Aton as an expert" by the October 1, 2025 deadline to designate experts. ECF 211, ¶ 5.

16. There is no basis to argue that Ms. Aton is Plaintiffs' rebuttal expert. An expert witness is a person qualified by knowledge, experience, or education to "testify in the form of an opinion." *See* Fed. R. Evid. 702. Neither ED, nor its agent, Ms. Aton, have rendered any opinions in this case. *See* ECF 208–35. They

have simply produced the data responsive to the subpoena, which was issued long before Defendants ever disclosed their intention of retaining an expert.

17.   During a case management conference on December 2, 2025, Defendants sought leave to issue discovery requests for written communications between Plaintiffs' Counsel and Ms. Aton.

18.   Fed. R. Civ. P. 26(b)(4)(C) provides that, with limited exceptions, any communications between a party's attorney and that party's expert witness are privileged from discovery. Thus, in seeking copies of written communications between Plaintiffs' Counsel and ED or its agents, Defendants concede that ED and its agents are *not* rebuttal expert witnesses for Plaintiffs.

19.   Defendants should be estopped from arguing that Ms. Aton, who is a records custodian and agent of ED, is a rebuttal expert for Plaintiffs if, at the same time, they seek to argue that Plaintiff Counsels' communications with ED and its agents are non-privileged communications.

### *Prejudice to Plaintiffs of additional discovery*

20.   In their motion, Defendants seek leave of court to take "limited discovery (both written and deposition discovery) regarding the Aton Declaration and its purported calculation of interest capitalization for putative class members." (ECF 211, ¶ 10). Thus, Defendants intend to take substantial class discovery *after* having read Plaintiffs' brief in support of class certification, *and* Plaintiffs' brief in

opposition to Defendants' expert report, which were due on December 1, 2025. This gives Defendants an extraordinary strategic advantage in conducting the additional discovery.

21. Based on the foregoing, Plaintiffs oppose the relief sought by Defendants. However, insofar as such discovery is permitted, it should be strictly circumscribed in the following manner, to limit the prejudice Plaintiffs will suffer as a result of any undue advantage gained by Defendants.

    a. Because Defendants knew that ED's computer searches included interest capitalization data – and they *agreed in writing* to the production of such data before disclosing their expert – Defendants should not be permitted to disclose any additional expert witnesses to opine on evidence obtained through additional discovery. Given that Defendants have already read Plaintiffs' briefs on class certification and expert testimony, this would be highly prejudicial to Plaintiffs and would violate the rules of expert disclosure. Moreover, Plaintiffs would suffer prejudice because they are now unable retain a rebuttal expert to use in their class certification brief.

    b. With respect to newly-obtained evidence, Defendants should not be allowed to offer opinion testimony from any witness who was not previously disclosed as an expert. This limitation should extend to any

documents, data, or testimony obtained through additional discovery. Accordingly, Defendants should not be permitted to adduce, by way of affidavit or otherwise, the opinion of any IT official employed by, or retained by Navient, including but not limited to Mr. Patrick Theuer (Navient's chief IT officer), or any other undisclosed expert, based on that individual's review of newly-acquired evidence, such as ED's computer coding. To permit otherwise would violate the rules of expert disclosure and be highly prejudicial to Plaintiffs, since they have already moved for class certification.

  c. Defendants' questioning of Ms. Aton should be strictly limited to the methods used to calculate and itemize interest capitalizations. Defendants should not be permitted to explore unrelated topics, such as ED's methods for identifying class members, because Defendants did not seek leave of Court to obtain such evidence prior to the closure of fact discovery, and Plaintiffs have now moved class certification, precluding them from addressing any such newly-obtained evidence in their own brief.

WHEREFORE, Plaintiffs respectfully request that Defendants' requests for additional discovery be denied, or, the alternative, that any additional discovery be subject to the following conditions:

a. That Defendants be barred from disclosing additional expert witnesses to opine on newly-obtained evidence.

b. That Defendants be barred from introducing any opinion testimony, by way of affidavit or otherwise, from any individual who was not disclosed as an expert witness by the court-ordered deadline, regardless of whether such witness is employed by Navient, such as Patrick Theuer, or is a retained expert.

c. That Defendants be barred from issuing any discovery requests for copies of communications between Plaintiffs' Counsel and ED or its agents unless and until Defendants voluntarily strike any arguments in their motion (ECF 211) asserting that Ms. Aton is an expert witness for Plaintiffs, or unless and until Defendants file an admission with the Court to that effect.

d. That Defendants' questioning of Ms. Aton be strictly limited to her methods for calculating and itemizing interest capitalization data, and that Defendants be barred from asking any questions on unrelated topics, such as the methods used to identify class members, since Plaintiffs have now lost the opportunity to address such evidence in their class certification brief.

        Respectfully submitted,

        */s/ Anthony Fiorentino*
        Anthony Fiorentino

        */s/ Daniel A. Edelman*
        Daniel A. Edelman

| | |
|---|---|
| Anthony Fiorentino<br>**FIORENTINO LAW OFFICE**<br>6119 North Kenmore Ave., Ste. 410<br>Chicago, IL 60660<br>(312) 305-2850<br>anthony@fiorentinolaw.com | Daniel A. Edelman<br>Tara L. Goodwin<br>**EDELMAN, COMBS,**<br>**LATTURNER & GOODWIN, LLC**<br>20 South Clark Street, Suite 1800<br>Chicago, IL 60603<br>Phone (312) 739-4200<br>dedelman@edcombs.com<br>tgoodwin@edcombs.com |
| Carlo Sabatini, PA 838311<br>**SABATINI LAW FIRM, LLC**<br>216 N. Blakely St.<br>Dunmore, PA 18512<br>(570) 341-9000<br>ecf@bankruptcypa.com | |

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on Wednesday, December 3, 2025, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

                                        *s/ Daniel A. Edelman*
                                        Daniel A. Edelman