# **EXHIBIT 1**

12/3/25, 11:11 AM
Case 3:18-cv-00121-JFS-PJC   Document 212-1   Filed 12/03/25   Page 2 of 5
Re: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC) - Anthony Fiorentino Outlook

 Outlook

**Re: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC)**

**From** Anthony Fiorentino <anthony@fiorentinolaw.net>

**Date** Wed 3/19/2025 11:46 AM

**To** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>; Blaine Lehman <blehman@edcombs.com>; Jonathan.Marmo@hklaw.com <Jonathan.Marmo@hklaw.com>; dwalsh@mbklaw.com <dwalsh@mbklaw.com>; dbrier@mbklaw.com <dbrier@mbklaw.com>

**Cc** Dan Edelman <dedelman@edcombs.com>; Tara Goodwin <tgoodwin@edcombs.com>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>

We have reviewed your email regarding the subpoena in this case and discern three separate objections. To facilitate discussion, I am reproducing your letter below, numbering those three objections, and providing our response immediately after each of your objections. Are you available to have a discovery conference regarding these objections tomorrow or Friday?

1. The Subpoena asks ED to direct Maximus Education, LLC ("Maximus") to "generate a data compilation that states the amount of any interest capitalizations incurred by each borrower in connection with the transactions described in the [sic] search queries." See Paragraph 2 of p. 4 of the Subpoena. We believe this request is not only confusing and ambiguous but is overbroad to the extent it seeks a calculation of any interest capitalizations (and not solely directed to verbal discretionary forbearances or specific time frames) as interest could capitalize outside of those periods and not be covered by the claims raised in the Third Amended Complaint.

We are having a hard time seeing the ambiguity that you assert. Our best reading is that you are concerned that the compilation may include interest capitalizations that are unrelated to the transactions described in the search queries, and which instead occur at some other point in the servicing process. We believe that the limiting language "in connection with the transactions described in those search queries" appropriately avoids that ambiguity. However, we are willing to consider any other language that you propose to address the ambiguity that you believe is there. How would you want this request changed to eliminate your concerns?

2. Moreover, for some search queries (See Search 1) verbal discretionary forbearances are not even mentioned.

The reason that this search query does not reference forbearances is because the interest capitalization that occurred as a result of these transactions does not relate to forbearance enrollment. The interest capitalization associated with Search Query 1 is triggered as a result of the expiration of the partial financial hardship status. Please let us know whether you are willing to withdraw this portion of your objection.

3. Finally, the subpoena requests DOE to direct Maximus to "generate a data compilation that states the number of days it took to process the referenced application from the date of receipt to the date of approval," Paragraph 3 at p. 4, however, this request is overbroad to the extent it doesn't take into account that the application may not have approved earlier in any time period from receipt to approval

because the borrower may have been required to, among other things, submit additional information which could have delayed the process.

With respect to this objection, Plaintiffs would be willing to change paragraph 3 of the subpoena to read as follows below. Please let us know if this modification completely addresses your objection.

That, with respect to Search Query 4, ED direct Maximus to generate a data compilation that states the number of days it took to process the referenced

IDR application (from the date of receipt to the date of approval) for each borrower identified by that search query. This compilation shall include only those borrowers whose IDR application was approved in the form in which the borrower originally submitted the application, i.e., without any amendment or supporting documentation provided after the date of the original submission.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>
**Sent:** Tuesday, March 18, 2025 4:07 PM
**To:** Blaine Lehman <blehman@edcombs.com>; Jonathan.Marmo@hklaw.com <Jonathan.Marmo@hklaw.com>; dwalsh@mbklaw.com <dwalsh@mbklaw.com>; dbrier@mbklaw.com <dbrier@mbklaw.com>
**Cc:** Dan Edelman <dedelman@edcombs.com>; Tara Goodwin <tgoodwin@edcombs.com>; Anthony Fiorentino <anthony@fiorentinolaw.net>; carlo@bankruptcypa.com <carlo@bankruptcypa.com>
**Subject:** RE: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC)

Counsel, we have reviewed the Subpoena dated February 19, 2025, to the DOE. We object to certain requests. The Subpoena asks ED to direct Maximus Education, LLC ("Maximus") to "generate a data compilation that states the amount of any interest capitalizations incurred by each borrower in connection with the transactions described in the search queries." *See* Paragraph 2 of p. 4 of the Subpoena. We believe this request is not only confusing and ambiguous but is overbroad to the extent it seeks a calculation of any interest capitalizations (and not solely directed to verbal discretionary forbearances or specific time frames) as interest could capitalize outside of those periods and not be covered by the claims raised in the Third Amended Complaint. Moreover, for some search queries (See Search 1) verbal discretionary forbearances are not even mentioned. Finally, the subpoena requests DOE to direct Maximus to "generate a data compilation that states the number of days it took to process the referenced application from the date of receipt to the date of approval," Paragraph 3 at p. 4, however, this request is overbroad to the extent it doesn't take into account that the application may not have approved earlier in any time period from receipt to approval because the borrower may have been required to, among other things, submit additional information which could have delayed the process.

We have also attached a request for copies of any information produced by DOE in response to the Subpoena.

If you have any questions, please contact us.

Best Regards,


**Cory Eichhorn | Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131

12/3/25, 11:11 AM RE: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC) - Anthony Fiorentino | Outlook

Case 3:18-cv-00121-JFS-PJC    Document 212-1    Filed 12/03/25    Page 4 of 5

Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com

_____
Add to address book | View professional biography

---

**From:** Blaine Lehman <blehman@edcombs.com>
**Sent:** Wednesday, February 26, 2025 12:38 PM
**To:** Marmo, Jonathan M (PHL - X49568) <Jonathan.Marmo@hklaw.com>; Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>; dwalsh@mbklaw.com; dbrier@mbklaw.com
**Cc:** Dan Edelman <dedelman@edcombs.com>; Tara Goodwin <tgoodwin@edcombs.com>
**Subject:** RE: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC)

*[External email]*
Dear Counsel,

Attached please find the Subpoena as sent to the U.S Department of Education.

Please let me know if you have any questions, or any difficulties opening the document.

Thank you,
Blaine Lehman
Paralegal
**Edelman, Combs, Latturner & Goodwin, LLC**
20 S. Clark St., Suite 1800
Chicago, IL 60603
(312)917-4180
blehman@edcombs.com

---

**From:** Jonathan.Marmo@hklaw.com <Jonathan.Marmo@hklaw.com>
**Sent:** Wednesday, February 26, 2025 11:15 AM
**To:** Blaine Lehman <blehman@edcombs.com>; Cory.Eichhorn@hklaw.com; dwalsh@mbklaw.com; dbrier@mbklaw.com
**Cc:** Dan Edelman <dedelman@edcombs.com>; Tara Goodwin <tgoodwin@edcombs.com>
**Subject:** RE: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC)

Good Afternoon,

Please provide a copy of the Subpoena that was sent to the U.S. Department of Education, and which is reverenced below.

Thank you,

**Jonathan Marmo | Holland & Knight**
Associate
Holland & Knight LLP
1650 Market Street, Suite 3300 | Philadelphia, Pennsylvania 19103
Phone 215.252.9568 | Fax 215.867.6070 | Mobile 516.395.1230
jonathan.marmo@hklaw.com | www.hklaw.com

_____
Add to address book | View professional biography

12/3/25, 11:11 AM  Re: Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC) - Anthony Fiorentino - Outlook

Case 3:18-cv-00121-JFS-PJC    Document 212-1    Filed 12/03/25    Page 5 of 5

**From:** Blaine Lehman <blehman@edcombs.com>
**Sent:** Friday, February 21, 2025 3:32 PM
**To:** Marmo, Jonathan M (PHL - X49568) <Jonathan.Marmo@hklaw.com>; Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>; dwalsh@mbklaw.com; dbrier@mbklaw.com
**Cc:** Dan Edelman <dedelman@edcombs.com>; Tara Goodwin <tgoodwin@edcombs.com>
**Subject:** Jill Ballard, et al. v. Navient Corporation, et al. (3:18-cv-00121-JFS-PJC)

*[External email]*
Dear Counsel,

Attached please find a Notice of Subpoena as to the U.S. Department of Education.

Please let me know if you have any questions, or any difficulties opening the documents.

Thank you,
Blaine Lehman
Paralegal
**Edelman, Combs, Latturner & Goodwin, LLC**
20 S. Clark St., Suite 1800
Chicago, IL 60603
(312)917-4180
blehman@edcombs.com

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.