# **EXHIBIT 2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | | |
|---|---|---|
| JILL BALLARD et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-CV-121 |
| NAVIENT CORPORATION et al., | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ATTN: General Counsel, U.S. Department of Education Office of the General Counsel, 400 Maryland Avenue, SW Washington, D.C. 20202 and 550 12th Street, SW, 10th Floor, Washington, DC 20024

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please See Attached Document Rider.

| Place: Edelman, Combs, Latturner & Goodwin, LLC<br>20 S. Clark St, Ste. 1800, Chicago, IL 60603-1841<br>Or via email to courtecl@edcombs.com | Date and Time:<br>03/20/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/19/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | *s/ Daniel A. Edelman* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff__
__Jill Ballard__, who issues or requests this subpoena, are:

Daniel A. Edelman, 20 S. Clark St., Ste. 1800, Chicago, IL 60603, Courtecl@edcombs.com, 312-739-4200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-CV-121

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to Plaintiffs' subpoena to the Department of Education in the above-captioned matter, Plaintiffs hereby request:

1. That the Department of Education ("ED") authorize and direct Maximus Education LLC ("Maximus") to execute Search Queries 1–4 (below) in its loan servicing computer database and provide the number of Federal Direct Loan Program borrowers identified by each of the four searches.

2. That, with respect to the borrowers identified by the Search Queries 1-3, ED direct Maximus to generate a data compilation that states the amount of any interest capitalizations incurred by each borrower in connection with the transactions described in those search queries.

3. That, with respect to Search Query 4, ED direct Maximus to generate a data compilation that states the number of days it took to process the referenced IDR application (from the date of receipt to the date of approval) for each borrower identified by that search query.

4. That if any logistical or technical limitations prevent Maximus from obtaining the information described in paragraphs 2 and 3, ED and/or Maximus, as ED's agent, randomly select 500 borrowers from each of the four groups identified by the search queries and, for each randomly selected borrower (2,000 in total), provide the following records, subject to redaction of any Personally Identifiable Information:

    a. The complete transaction history for the borrower, stating the dates, amounts, and types of each transaction taken on the borrower's account, and

    b. A record stating the basis, date, and amount of all interest capitalizations.

The random borrowers will be selected through the following process: Maximus shall select from a table comprising only customer social security numbers without consideration to or of other borrower account information. Maximus will then use an ORDER BY RANDOM clause in conjunction with a LIMIT clause when accessing the table, which will assign a random number to each borrower prior to producing a result. The result will return, in ascending order of the random number assignment, the prescribed limit of 500 borrowers. Maximus will provide a certification that this process was followed with their response.

{The remainder of this page is intentionally blank.}

**Search Query 1**

1) On or after January 16, 2012, the borrower was enrolled in an IDR plan.

2) The borrower submitted an IDR renewal application, which was received by NSL within 90 days or less prior to the renewal deadline.

3) The borrower's partial financial hardship status expired, at which time the borrower's payments were recalculated under the standard repayment plan.

4) At the time the application received its first review, it was deemed complete.

   **California sub-class:** Members of the Class who were living in California when the events stated in #3 occurred.

**Search Query 2**

On or after January 16, 2012, the borrower was enrolled in an IDR plan.

1) The IDR plan was not renewed before the annual renewal deadline, at which point the borrower's Partial Financial Hardship (PFH) status expired, and payments were recalculated under the standard repayment plan.

2) After the expiration of the borrower's PFH status, NSL enrolled the borrower in a discretionary forbearance, based on the borrower's oral affirmation, and the posting date of the forbearance was within the 90-day period which began 30 days before the PFH status expired. (For example, if the PFH status expired on May 1, 2015, then the 90-day period would begin on April 1, 2015 and would end on June 30, 2015.)

3) At the time of the enrollment in the discretionary forbearance, the loan was not in default, with "default" being defined as a period of 270 days without any payments.

**New York sub-class**: Members of the Class who were living in New York when the events stated in #2 occurred.

**Illinois sub-class**: Members of the Class who were living in Illinois when the events stated in #2 occurred.

| |
|---|
| **Search Query 3** |
| 1) On or after January 16, 2012, the borrower submitted an application to enroll in an IDR plan. |
| 2) NSL enrolled the borrower in a 60-day, "non-capping" administrative forbearance, which was in effect while that application was under review. |
| 3) During the 60-day administrative forbearance period, the borrower's account status changed from administrative forbearance status to discretionary forbearance status, and the discretionary forbearance was supported by oral affirmation. |
| **New York sub-class:** Members of the Class who were living in New York when the events stated in #3 occurred. |
| **Search Query 4** |
| 1) On or after January 16, 2012, the borrower applied to enroll in, or to renew, an IDR plan. |
| 2) The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient. |
| 3) Navient did not fully process the application until 45 days or more after it was received. |
| **Illinois sub-class**: Members of the Class who were living in Illinois when the events in #3 occurred. |