# **EXHIBIT 5**

 Outlook

### RE: Ballard v. Navient- PO

| | |
|---|---|
| **From** | Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com> |
| **Date** | Thu 7/3/2025 9:19 AM |
| **To** | Anthony Fiorentino <anthony@fiorentinolaw.net> |
| **Cc** | Dan Edelman <dedelman@edcombs.com>; dbrier_mbklaw.com <dbrier@mbklaw.com>; Jonathan.Marmo@hklaw.com <Jonathan.Marmo@hklaw.com>; Carlo Sabatini <carlo@bankruptcypa.com> |

Anthony, we would slightly modify the stipulation to the following: "ED reserves the right to seek leave to amend the protective order, as needed, to ensure that the computer coding language, and any data compilations or search results produced by it, remain subject to the protective order."

Otherwise, this looks ok.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com
_____

Add to address book | View professional biography

---

**From:** Eichhorn, Cory W (MIA - X27576)
**Sent:** Wednesday, July 2, 2025 1:22 PM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** Dan Edelman <dedelman@edcombs.com>; dbrier_mbklaw.com <dbrier@mbklaw.com>; Marmo, Jonathan M (PHL - X49568) <Jonathan.Marmo@hklaw.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** RE: Ballard v. Navient- PO

Hi Anthony, as an update, we have followed up with the client but may not be able to get an answer before 1:00 p.m.  We will continue to follow up.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com

_____

Add to address book | View professional biography

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Wednesday, July 2, 2025 11:19 AM
**To:** Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>
**Cc:** Dan Edelman <dedelman@edcombs.com>; dbrier_mbklaw.com <dbrier@mbklaw.com>; Marmo, Jonathan M (PHL - X49568) <Jonathan.Marmo@hklaw.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** Ballard v. Navient- PO

*[External email]*
Cory,

We have spoken to ED and Maximus about the issue of the protective order. ED's position seems to be in alignment with Defendants' original position - that both the computer coding language, and any resulting search data, are covered by the PO. Plaintiffs are agreeable to this.

ED has asked if the parties would be willing to enter into a stipulation that includes some language to the effect of what I pasted below. Please let us know if defendants would agree, if possible, before 1:00 eastern time today. We're meeting with ED in the afternoon and would like to advise them of your position. Thanks.

1. The parties agree that any computer coding language produced by defendants to identify putative class members is "confidential information" under the protective order entered in this case.

2. The parties further agree that any data compilations or search results generated by said computer coding language is "confidential information" covered by the protective order entered in this case.

3. ED reserves the right to amend the protective order, as needed, to ensure that the computer coding language, and any data compilations or search results produced by it, remain subject to the protective order.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.