IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, <br><br> Plaintiffs, <br> v. <br><br> NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, <br><br> Defendants. | ) ) ) ) ) ) Case No. 3:18-cv-00121-JFS-PJC ) Hon. Phillip J. Caraballo ) ) ) ) ) ) Filed Electronically ) ) |

### DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION BRIEFS TO PLAINTIFFS' CLASS CERTIFICATION AND *DAUBERT* MOTIONS

Defendants Navient Corporation, Navient Solutions, Inc., and Navient Solutions, LLC, ("Defendants"), by and through their undersigned counsel, hereby file the following short Reply in support of their Motion for Extension of Time to File Opposition Briefs to Plaintiffs' Class Certification and *Daubert* Motions [ECF No. 211] (the "Motion").

Plaintiffs' Response unnecessarily complicates what is a straightforward request from Defendants and generally seeks evidentiary rulings prematurely. The Response also asserts positions that *were not* expressed at the December 2, 2025 case management conference and *were not* the subject of a meet and confer. Defendants' Motion simply seeks an extension of time to allow for limited discovery

regarding the Aton Declaration and the interest capitalization calculations that accompany it. Among other reasons for allowing this limited discovery is the fact that this Court permitted an extension for Plaintiffs to obtain information from the Department of Education/Maximus, *but only as to the identification of class members* − not for the purpose of proffering additional witness testimony regarding interest capitalization.

Plaintiffs' premature request for evidentiary rulings, dependent on mischaracterized communications between counsel, should be denied on that basis alone.

To the extent the Court considers Plaintiffs' request for evidentiary rulings at this time, Defendants respectfully request that the Court defer ruling until after Defendants have had the opportunity to conduct limited discovery from Maximus concerning the interest capitalization figures, including deposing Ms. Aton. This will ensure fairness and allow the Court to assess the necessity of any further relief based on the record developed.

WHEREFORE, Defendants respectfully request that the Court grant their Motion for Extension of Time File Opposition Briefs to Plaintiffs' Class Certification and *Daubert* Motions through March 10, 2026.

Dated: December 4, 2025                    Respectfully Submitted,

/s/ Cory W. Eichhorn
Cory W. Eichhorn (*Pro Hac Vice*)
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305-789-7576
cory.eichhorn@hklaw.com

Jonathan M. Marmo
Holland & Knight LLP
One Liberty Place
1650 Market Street, Suite 3300
Philadelphia, PA 19103
T: 215-867-6070
jonathan.marmo@hklaw.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street , Suite 200
Scranton, PA 18503
T: 570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendants Navient Solutions, LLC and Navient Corporation*

# **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Reply was filed on this 4th day of December 2025 through the Court's ECF system on the following counsel of record via the Court's electronic filing system:

>Carlo Sabatini
>Sabatini Law Firm, LLC
>216 N. Blakely Street
>Dunmore, PA  18512
>
>Daniel A. Edelman
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1800
>Chicago, IL  60603
>
>Anthony Fiorentino
>6119 North Kenmore Ave., Ste. 410
>Chicago, IL  60660
>*Attorneys for Plaintiffs and Proposed Class*

>>/s/ Daniel T. Brier
>>Daniel T. Brier