IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No. 3:18-cv-00121-JFS-PJC |
| v. | )  ELECTRONICALLY FILED |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, | )  (JUDGE SAPORITO)<br>)<br>)<br>) |
| Defendants. | ) |

**NAVIENT DEFENDANTS' BRIEF IN SUPPORT OF
OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC (together "Navient Defendants"), by and through their undersigned counsel, respectfully object to the January 23, 2026 Report and Recommendation of Magistrate Judge Phillip J. Caraballo ("R&R") [ECF 218] denying the Navient Defendants' Motion for Partial Judgment on the Pleadings (the "Motion") [ECF 158].

**INTRODUCTION**

Counts I, II, IV, V and IV in Plaintiffs' Third Amended Complaint ("TAC"), including the Forbearance Without Written Consent and Improper Delay proposed

1

classes, are premised on faulty legal theories. Through these objections, Navient Defendants request that the Court address three key errors within the R&R and grant the Motion in its entirety.

*First*, judgment on the pleadings should be entered on Counts IV and V to the extent those claims are premised on the theory that a discretionary forbearance based on oral affirmation (*i.e.* a verbal forbearance) is not permitted when a loan is not in default. Plaintiffs cannot point to—and the R&R did not identify—any substantive law or governing regulations that restrict a loan servicer from placing a borrower's loan in a verbal forbearance unless the loan is in default. The plain language of Section 682.211(d)(1) of Title 34 of the Code of Federal Regulations—the subsection cited by the TAC—does not impose any such limitation. And the R&R recognized that many other subsections of 34 C.F.R. § 682.211 allow for a verbal forbearance pre-default. (ECF 218 at 27, 30). The R&R nevertheless declined to grant judgment in the Navient Defendants' favor on this legally unsupported theory. The Court should correct this error.

*Second*, judgment on the pleadings should also be entered on Counts I, II, IV, and VI because federal law does not require a loan servicer to process an income-drive repayment ("IDR") plan within 10-15 days of receiving a fully completed IDR application. Neither Plaintiffs nor the R&R can provide any statutory, regulatory, or

2

other legal basis for this deadline and instead rely on legal conclusions within the TAC. This too was an error.

*Finally*, the R&R's errors are not without consequence. The suggested denial of Navient Defendants' Motion misses a key opportunity to narrow the issues in this case. *See* Ann. Manual Complex. Lit. § 11.32 (4th ed.) (noting that "[f]inalizing pleadings and resolving . . . legal issues will help to define and narrow issues" and that the "legal insufficiency of a claim . . . may be raised by motion . . . for partial judgment on the pleadings.") While the R&R characterizes Navient Defendants' proposed dismissal of the Forbearance Without Written Consent and Improper Delay classes as an improper motion to strike barred by the law of the case doctrine, that portrayal is wrong. Navient Defendants' Motion would eliminate both the Forbearance Without Written Consent and Improper Delay classes because, for the reasons advanced herein, Plaintiffs' theories underlying those claims are without legal basis.

For these reasons and the reasons set forth below, the R&R should be rejected in its entirety and partial judgment on the pleadings should be granted in favor of the Navient Defendants.

## BACKGROUND

Plaintiffs' TAC asserts seven claims. (*See generally* TAC (ECF No. 118-3).) Pertinent to the Motion, Plaintiffs assert in Counts I and II that Navient breached and/or tortiously interfered with the terms of Plaintiffs' student loan promissory notes and the Navient Defendants' former servicing contract with the U.S. Department of Education by, among other things, failing to process their IDR applications within 10–15 business days. (*Id.* ¶¶ 112, 116, 126, 128.) In Counts IV, V, and VI, Plaintiffs allege that this same conduct violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 *et seq.*; the New York General Business Law § 349; and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. (*Id.* ¶¶ 147(a), (c), 157(a), ¶ 169(a).) Count V also alleges that Navient improperly placed Plaintiff Rebecca Varno's loans into a discretionary forbearance based on oral affirmation (*i.e.* a verbal forbearance), relying on 34 C.F.R. § 682.211(d)(2)(i). (*Id.* ¶¶ 50, 77, 157(a), (c).)

Plaintiffs now seek to certify three primary classes, and various state-specific subclasses, including: (i) Improper IDR Cancellation Class, with the California sub-class; (ii) a Modified Forbearance Class,[1] with the New York sub-class; and (iii) an Improper Delay Class, with the Illinois sub-class. (*See* Plaintiffs' Mot. for Class

---

[1] The Modified Forbearance Class, proposed for certification in Plaintiffs' pending Motion for Class Certification (ECF 196), was not referenced in the TAC.

4

Certification (ECF 196) at ¶ 3.)  Two classes are at issue in this Motion: the Forbearance Without Written Consent and Improper Delay classes.  The Forbearance Without Written Consent Class and subclasses are defined as follows in the TAC:

> a. On or after January 16, 2012, the borrower was enrolled in an IDR plan;
> b. The IDR plan was not renewed before the annual renewal deadline, at which point the borrower's Partial Financial Hardship (PFH) status expired, and payments were recalculated under the standard repayment plan;
> c. After the expiration of the borrower's PFH status, NSL enrolled the borrower in a discretionary forbearance, based on the borrower's oral affirmation, and the posting date of the forbearance was within the 90-day period which began 30 days before the PFH status expired.  (For example, if the PFH status expired on May 1, 2015, then the 90-day period would begin on April 1, 2015 and would end on June 30, 2015.);
> d. At the time of enrollment in the discretionary forbearance, the loan was not in default, with "default" being defined as a period of 270 days without any payments.
> *New York sub-class:* Members of the Class who were living in New York when the events stated in subpart C occurred.
> *Illinois sub-class:* Members of the Class who were living in Illinois when the events stated in subpart C occurred.

(TAC (ECF No. 118-3) ¶ 95.)  The Improper Delay Class and subclass are defined as follows in the TAC:

> a. On or after January 16, 2012, the borrower applied to enroll in, or to renew, an IDR plan;

5

      b. The borrower submitted a completed IDR application, accompanied by proof of income, which was subsequently approved by Navient;

      c. Navient did not fully process the application until 45 days or more after it was received.
*Illinois sub-class:* Members of the Class who were living in Illinois when the events in subpart c. occurred.

(*Id.*)

On June 20, 2025, the Navient Defendants filed the Motion, seeking judgment on Counts IV and V to the extent those Counts are premised on the legal theory that a discretionary forbearance based on oral affirmation is not permitted if a loan is not in default, and judgment on Counts I, II, IV, and VI to the extent those Counts are premised on an alleged improper delay in processing IDR applications. (*See* Motion (ECF 158) at pp.1-2.) The Motion also sought dismissal of the Forbearance Without Written Consent Class and the Improper Delay Class in their entirety. (*Id.* at p. 2.) On January 23, 2026, Magistrate Judge Caraballo issued a Report and Recommendation denying the Motion in its entirety. (ECF 218.)

## ARGUMENT

In resolving objections to a Magistrate Judge's Report and Recommendation, the District Judge's statutory duty is to make a *de novo* determination of the portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district]

judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### A. The Report and Recommendation Erred Because Counts IV and V Fail as a Matter of Law to the Extent They Are Premised on the Flawed Legal Theory That a Verbal Discretionary Forbearance Cannot Be Granted Pre-Default.

The R&R incorrectly declined to enter judgment on certain theories underlying Counts IV and V of the TAC. (*See* R&R (ECF 218) at 25.) At the outset, the R&R incorrectly posits that any challenge to these counts is barred by a prior motion to dismiss the First Amended Complaint. (*Id.* at 29.) Navient Defendant's prior motion to dismiss, however, did not advance this legal challenge. (*See* ECF 40, 48.) And they cannot now be barred from raising it at this procedural juncture. Indeed, a motion for judgment on the pleadings provides an additional opportunity to advance a purely legal argument. *See Oliver v. Roquet*, 858 F.3d 180, 188 n.3 (3d Cir. 2017) ("We note, however, that a defense omitted from an earlier motion may nonetheless be raised in a motion for judgment on the pleadings.").

The R&R also errs on the merits of Navient Defendants' challenge. First, while finding that 34 C.F.R. § 682.211(d)(1)—the legal basis for Plaintiffs' theory that a verbal discretionary forbearance is not permitted if a borrower is not in default—is ambiguous, *see* R&R (ECF 218) at 28, the R&R nevertheless avoids employing the tools of statutory interpretation to determine the meaning of that regulation. *See Kisor v. Wilkie*, 588 U.S. 558, 575 (2019) ("[B]efore concluding that

a rule is genuinely ambiguous, a court must exhaust all the 'traditional tools' of construction."). That failure resulted in error. Indeed, interpretation of a regulation is question of law, which must be decided in the first instance by the Court. *See Helen L. v. DiDario*, 46 F.3d 325, 329 (3d Cir. 1995) ("The district court's interpretation of a federal regulation is a question of law subject to plenary review.").

The language of Section 682.211(d)(1) is clear:

> A guaranty agency ***may*** authorize a lender to grant forbearance to permit a borrower or endorser to resume honoring the agreement to repay the debt after default but prior to claim payment.

(Emphasis added.) While this provision authorizes a forbearance in the context of post-default repayment, it does not state or imply that forbearance can *only* be granted under such circumstances. Rather, it describes just one permissible use of forbearance.

Moreover, Section 682.211(c) – immediately preceding subsection (d) – states that "if the borrower or endorser ***requests the forbearance orally and the lender and the borrower or endorser agree to the terms of the forbearance orally***, the lender must notify the borrower or endorser of the terms within 30 days of that agreement" (emphasis added); *see also* Section 682.211(a)(1) (encouraging lenders to grant a forbearance "to prevent the borrower or endorser from defaulting . . . or to permit the borrower or endorser to resume honoring that obligation after default," thereby recognizing that a forbearance can be granted both pre-default and post-default).

8

The R&R makes no effort to analyze Section 682.211(d)(1) in conjunction with these neighboring subsections. *S.F. by K.F. v. School Dist. of Upper Dublin*, No. 17-4328, 2021 WL 1979501, at *9 (E.D. Pa. May 18, 2021) ("If the Court can determine an unambiguous meaning of a regulation by reviewing its text, structure, history, and purpose, then the Court must apply the regulation without further resort to other means of construction.").[2]

\* \* \*

In sum, Plaintiffs' allegation in Paragraph 50 of the TAC that the only time a discretionary forbearance may be applied without the borrower's written consent "is after the borrower's loans have gone into default status, but before the loans have been transferred to collections" is thus not accurate and is contrary to the plain language of the applicable regulations. The R&R should be rejected to the extent it denies judgment on the pleadings on Counts IV and V.

> **B.  The Report and Recommendation Erred Because Counts I, II, IV, and VI Fail as a Matter of Law to the Extent They Are Premised on an Improper Delay in Processing Income Driven Repayment (IDR) Applications.**

The R&R also erred in failing to grant Navient Defendants' Motion as to Counts I, II, IV and VI. (*See* R&R (ECF 218) at 31-32.) While the R&R recognized the non-binding nature of the Mitchell Memorandum, *see id.* at 34, it nevertheless declined to

---

[2] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

9

enter judgment on Plaintiffs' improper delay theory because "the parties dueling positions" create a factual dispute. *Id.* at 33. But Plaintiffs failed to cite any contract, statute or regulation that Navient Defendants allegedly violated through a purported delay in processing IDR applications. The R&R thus incorrectly created a factual dispute where no such dispute existed given Plaintiffs' lack of opposing legal authority supporting their delay theory. *See Williams v. Allstate Ins. Co.*, 595 F. Supp. 2d 532, 537 (E.D. Pa. 2009) (When deciding Rule 12(c) motion, "[t]he court will not, however, accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.").

Moreover, the R&R was wrong to reject the significance of *U.S. ex rel Hlywiak v. Great Lakes Educ. Servs., Inc.,* No. 1:20-cv-13590, 2022 WL 787957 (D.N.J. Mar. 15, 2022). That decision lays bare the paucity of support for Plaintiffs' theory that the Navient Defendants were obligated to process an IDR application within a specified period of time. Specifically, the Court in *Hlywiak* found that the Mitchell Memorandum merely expressed a policy preference, not a binding legal requirement. *Hlywiak,* 2022 WL 787957 at *8. While the R&R attempts to distinguish *Hlywiak* by noting that "the *Hlywiak* relator premised her claims entirely" on the Mitchell Memorandum, *see* R&R (ECF 218) at 34, that is a distinction without a difference where neither Plaintiffs nor the R&R cite ***any*** legal authority for Plaintiffs' theory that IDR applications must be processed within a

10

certain timeframe. Moreover, while Plaintiffs' TAC generally refers to a Washington Post Article dated April 5, 2016, TAC at ¶ 90, a news article is clearly not sufficient to satisfy the requirement that Plaintiffs provide *some* legal authority for their position. Accordingly, the Court should reject the R&R's suggested denial of judgment on the pleadings for Counts I, II, IV and VI.

    **C.    The Report and Recommendation Erred Because, While Not Eliminating Any Claim in Its Entirety, the Motion Eliminates the Forbearance Without Written Consent and the Improper Delay Classes in Their Entirety.**

Finally, the R&R erred by concluding that seeking the dismissal of the Forbearance Without Written Consent and Improper Delay classes is an improper motion to strike barred by the law of the case doctrine. (*See* R&R (ECF 218) at 34-35.) The Navient Defendants made no such motion implicating the law of the case doctrine. Rather, the Navient Defendants simply posited that, because judgment on the pleadings is appropriate for the legal theories underpinning the Forbearance Without Written Consent and Improper Delay classes, those classes must be dismissed. That request is supported by the law of this Circuit. *See Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004) ("Because no class has been certified here, if [plaintiff's] claim fails, the entire action must be dismissed."); *Donacy v. Intrawest U.S. Holdings, Inc.*, No. 10-4038, 2012 WL 869007, at *9 (D.N.J. Mar. 14, 2012) ("Because this Court dismisses all of Plaintiffs' individual claims, and Plaintiffs' purported class has not yet been certified, Plaintiffs' class allegations must also be dismissed."). The R&R's

11

decision regarding the Forbearance Without Written Consent and Improper Delay classes should therefore be overturned.

## CONCLUSION

For the reasons set forth above, Navient Defendants respectfully request that, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reject the January 23, 2026 Report and Recommendation in its entirety and grant judgment on the pleadings as to Count VI in its entirety, and as to Counts I, II, IV, V and VI to the extent those claims depend on the flawed legal theories as addressed herein, which would also dispose of the Forbearance Without Written Consent Class and the Improper Delay Class.

Dated: February 6, 2026                             Respectfully submitted,

/s/ Daniel T. Brier

Jonathan Marmo
Bar No. PA 312669
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Bar No. FL 576761
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that on February 6, 2026, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiffs' counsel below.

>Carlo Sabatini
>Sabatini Law Firm, LLC
>216 N. Blakely St.
>Dunmore, PA 18512
>Phone (570) 341-9000
>Facsimile (570) 504-2769
>
>Daniel A. Edelman
>Cassandra P. Miller
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1500
>Chicago, Illinois 60603
>(312) 739-4200
>(312) 419-0379 (FAX)
>
>Anthony Fiorentino
>Fiorentino Law Offices Ltd.
>432 N. Clark St., Suite 202
>Chicago, Illinois 60654
>(312) 853-0050
>
>*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier