IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br> NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:18-cv-00121-JFS-PJC <br> Hon. Phillip J. Caraballo <br><br><br> Filed Electronically |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT REPORT OF DR. XIAOLING LIM ANG

### I.　INTRODUCTION

Defendants Navient Corporation, Navient Solutions, Inc., and Navient Solutions, LLC (collectively, "Navient" or "Defendants") respectfully submit this Memorandum in opposition to Plaintiffs' Motion to Exclude the Expert Report of Dr. Xiaoling Lim Ang.[1] Plaintiffs seek to disqualify a highly qualified economist, who previously worked at the Consumer Financial Protection Bureau ("CFPB"),

---

[1] A true and correct copy of Dr. Ang's Expert Report, Exhibit 1 to this Memorandum, will be filed under seal.

based on Plaintiffs' misguided contention that her opinions are not within the purview of her expertise. The Motion should be denied because it rests on a fundamental mischaracterization of Dr. Ang's opinions and a misapplication of the standards governing the admissibility of expert testimony under Federal Rule of Evidence 702.

Plaintiffs' Memorandum in Support of their *Daubert* Motion [ECF No. 209] attempts to re-cast these proper economic opinions as impermissible legal conclusions, credibility assessments, and arguments on ultimate issues. This is incorrect. Dr. Ang does not opine on what the law requires or who to believe; rather, she correctly identifies evidentiary gaps, factual inconsistencies, and methodological hurdles that preclude common proof with respect to Plaintiffs' assertion (unsupported by any Plaintiffs' expert opinion) that there is a class-wide methodology for damages. All of Dr. Ang's opinions are squarely within the purview of an economist. Her report provides precisely the type of specialized knowledge that will assist the Court in its gatekeeping role. For these reasons, and as detailed below, the Court should deny the Motion in its entirety.

## II.  STANDARD OF REVIEW

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the principles established in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Rule 702 provides that a qualified expert may testify if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Third Circuit has held that expert testimony is admissible under 702 if (1) "the expert is qualified"; (2) "the proposed testimony is reliable and concerns matters requiring scientific, technical, or specialized knowledge"; and (3) "the expert's testimony is 'sufficiently tied to the facts of the case' . . . so that it fits the dispute and 'will assist the trier of fact[.]'" *Cohen v. Cohen*, 125 F.4th 454, 460 (3d Cir. 2025) (citing *Daubert*, 509 U.S. at 591). "Rule 702 . . . has a liberal policy of admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008).

Challenges to the factual basis of an opinion, the data relied upon, or the conclusions reached go to the weight of the evidence, not its admissibility, and are "a proper subject for cross-examination." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002); *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138–39 (3d Cir. 1983).

"The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony. That interest is not implicated at the class

certification stage where the judge is the decision maker." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011).

### III. BRIEF SUMMARY OF DR. ANG'S QUALIFICATIONS AND OPINIONS.

Dr. Ang is an economist who has filed numerous expert reports in federal district courts. *See* Expert Rep. at p. 4 (detailing qualifications as Managing Director at National Economic Research Associates ("NERA") and as an economist at the CFPB, where she "performed economic and statistical analysis, research and guidance related to consumer financial services policy and regulation, including policy related to student loans.").

Dr. Ang's Expert Report reaches two conclusions: (i) her review of Plaintiffs' and putative borrowers' experiences demonstrate that a "formulaic economic analysis" based on "structured account data" cannot "assess impact and damages" for Plaintiffs and the classes they seek to represent, and (ii) Plaintiffs have failed to put forward a workable, formulaic approach to calculating damages.

Dr. Ang's analysis involved: (i) review of the named Plaintiffs' individual loan histories to determine if their experiences are representative of the class; (ii) application of established economic frameworks for damages, which when applied to Plaintiffs' proposed classes show them to be speculative and dependent on numerous uncertain, individual-specific variables; and (iii) assessment of whether

4

the available data is sufficient to conduct a common, formulaic analysis of damages for the proposed classes.

## IV. ARGUMENT

Plaintiffs appear to seek exclusion of Dr. Ang's opinions on the basis that she did not apply her economic expertise in forming her opinions. *See* Pls.' Mem. at p. 6 (asserting that the report contains many "assertions regarding issues of liability, the credibility of Plaintiffs, and the requirements to certify a class action under Fed. R. Civ. P. 23."). Yet, Plaintiffs cite no case where a court has granted a *Daubert* motion in the context of class certification based on opinions similar to those of Dr. Ang. *See* Pls.' Mem. at pp. 6-13.

### A. Dr. Ang Does Not Offer Improper Legal Opinion.

Plaintiffs contend that Dr. Ang offers improper legal opinion on the issue of liability because she states that her review of account records demonstrate that the information is ████████████████████████████████████████ ████████████████████████ *Id.* at p. 6. Plaintiffs misinterpret these opinions. Dr. Ang's background and expertise as an economist, particularly in the area of student loans, qualifies her to reach a factual conclusion based on her review of account records relevant to a class certification motion. *See In re Alum. Warehousing Antitrust Litig.*, 336 F.R.D. 5, 32 (S.D.N.Y. 2020) (denying *Daubert* motion where expert opined that individualized inquiries were necessary to ascertain class

5

membership); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 466 (S.D.N.Y. 2018) (rejecting challenge to expert opinion that "[c]ommon evidence cannot show [impact of alleged LIBOR suppression]" and explaining that "to the extent [the expert's] class certification opinions overlap with the merits of whether LIBOR was in fact persistently suppressed, the 'rigorous analysis' to be undertaken at class certification often 'will entail some overlap with the merits of plaintiff's underlying claim.'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *In re Welbutrin XL Antitrust Litig.*, 308 F.R.D. 134, 139-41 & 144-46 (E.D. Pa. 2015) (denying *Daubert* challenge to economist opinion that "identifying class members would require extensive individual analysis").

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Courts within the Third Circuit have denied *Daubert* motions where expert reports include statements that a defendant "wrongfully" used a visa program, finding such statements to be proper in the context of the *Daubert* analysis. *See, e.g., Sugg v. Virtusa*, Case No. 18-08036, 2026 WL 91995, *16 (D.N.J. Jan. 13, 2026). Plaintiffs' position is also misguided because "[an] expert is allowed to articulate the 'factual underpinning' upon which he bases his opinion." *Pledger v. Reliance Trust Co.*, Case No. 1:15-cv-4444-MHC, 2019 WL 4439606, *12 (Feb. 25, 2019) (citations omitted). Finally, Plaintiffs' arguments concerning improper legal

6

opinion are "Rule 403 *in limine* issue[s] for trial" and to the extent a court "does not find [an expert] report helpful for resolving issues related to class certification," it is not required to rely on the report. *See, e.g., In re: Univ. of South. Cal. Tuition and Fees Covid-19 Refund Litig.*, 695 F. Supp. 3d 1128, 1152 (C.D. Cal. 2023).

Plaintiffs' remaining arguments that Dr. Ang's statements are legal opinions fail largely for the same reasons. *See* Pls.' Mem. pp. 8-11.[2] The fact that opinions may overlap with the merits is not an appropriate basis to exclude them. *See In re Aluminum*, 336 F.R.D. at 32 (noting expert reached economic conclusion that fact intensive inquiries were necessary and finding that an expert "'may testify on questions of fact as well as mixed questions of law'") (citing *Fiataruolo v. United States*, 8 F.3d 930, 941 (2d Cir. 1993). The Court should consider Dr. Ang's opinions when conducting the rigorous analysis required to decide class certification.

Plaintiffs' reliance on *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) is misplaced. In *Berckeley*, the Third Circuit determined that an

---

[2] Plaintiffs also contend that Dr. Ang offers an improper opinion on the ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊. Pls.' Mem. at p. 9. This argument fails because it misrepresents the nature of her testimony. Dr. Ang does not render an opinion ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊. This is a permissible and necessary step for an economist tasked with evaluating the feasibility of a class-wide damages model.

7

expert could not testify as to whether a defendant "complied with legal duties that arose under the federal securities laws." *Id.* at 218. The Third Circuit held that any "testimony that defendant's sales of NMFS stock were exempt from registration requirements" and "testimony as to the legal effect of the various SEC pronouncements regarding Rule 144 and Regulation S" were inadmissible as improper legal opinions. *Id.* Here, Dr. Ang provides no opinion on any legal standards or duties that Navient allegedly owed Plaintiffs, nor does she opine as to whether class certification is appropriate.

**B.    Dr. Ang Does Not Offer an Improper Credibility Opinion.**

Plaintiffs also contend that Dr. Ang is offering an improper opinion on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Pls.' Mem at p. 7. But identifying facts that conflict with Plaintiffs' claims or theories to support her expert opinion is firmly within Dr. Ang's purview. *See Perez v. Townsend Eng'g Co.*, 545 F. Supp. 2d 461, 466 (M.D. Pa. 2008) ("An expert is… permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury.") (internal quotations omitted). Dr. Ang's discussion of inconsistencies between Plaintiffs' allegations and their account records is not a judgment on credibility; it is a necessary part of her economic analysis showing why a single, uniform model of harm cannot be applied to the class. Such challenges go

to the weight of her opinion, not its admissibility, and are properly explored through cross-examination. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 746 (3d Cir. 1994) ("The focus must be solely on principles and methodology, not on the conclusions that they generate") (internal quotations omitted); *see also Watts v. Hollock*, Case No. 3:10cv92, 2011 WL 6026998, *5 (M.D. Pa. Dec. 5, 2011) (finding disputes about whether an expert's testimony will be "useful should generally be resolved in favor of admissibility" under Rule 702 and holding expert's opinion was "derivative of the methodology [expert] employed in conducting his . . . analysis).[3]

### C. Dr. Ang's Reference to Mootness and Critique of Plaintiffs' Damages Theory Are Proper.

Plaintiffs contend that Dr. Ang improperly opines ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Pls.' Mem at p. 8. This argument isolates phrases from Dr. Ang's report and strips them of their proper context. Her analysis does not offer legal instruction; rather, it correctly identifies economic realities and methodological deficiencies that have direct bearing on the calculation of damages—a core task of an expert.

While Plaintiffs attack Dr. Ang's observation that damages ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[3] An expert is not only permitted, but expected, to analyze the factual record. An expert opinion that ignores inconsistencies in the evidence would lack the "good grounds" required for admissibility. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994).

███████████████████████████████████

█████████████. She is instead asserting a fundamental point: a borrower who pays off a loan cannot suffer damages from not receiving a loan forgiveness benefit they were never eligible to receive. This variable—whether a borrower would ever actually reach loan forgiveness—is a critical contingency that any "well-developed and scientifically sound methodology for measuring individual damages" must consider. Her use of the word "moot" is in its practical, not legal, sense to describe a scenario where no economic harm occurs.

Plaintiffs also mischaracterize Dr. Ang's critique of their damages theory as an improper opinion on Plaintiffs' burden of proof. Pls.' Mem at p. 9. Dr. Ang notes that Plaintiffs have not presented ████████████████████████████ ███████. This is not a legal conclusion but an expert economic assessment of the insufficiency of Plaintiffs' methodology. In the wake of *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), an expert economist is expected to analyze whether a plaintiff's damages model is consistent with their liability theory and capable of class-wide application. Dr. Ang's opinion that Plaintiffs have failed to propose such a model is a direct and permissible critique of their economic case for certification, not an instruction on the law.

### D. Plaintiffs' Request to Exclude the Entire Report Is Improper.

Plaintiffs demand the "drastic remedy" of excluding Dr. Ang's report in its entirety, a measure reserved for reports that are pervasively and irredeemably flawed. Wholesale exclusion is unwarranted here. Even if the Court were to find isolated statements objectionable—a premise Defendants dispute—the proper remedy is to strike only the specific improper passages, not to discard the entire body of sound and relevant economic analysis.

Plaintiffs cite cases like *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82, 96 (1st Cir. 2014), for the proposition that a court may exclude an entire report where an "overwhelming imbalance" of unreliable material exists. This standard is not even remotely met here. Dr. Ang's core opinion—her economic analysis of class-wide proof, her critique of Plaintiffs' speculative damages models, and her assessment of the need for individualized inquiries—is methodologically sound, factually grounded, and directly relevant to the class certification inquiry.

These substantive economic opinions are not "inextricably intertwined" with the handful of phrases Plaintiffs improperly challenge. For example, Dr. Ang's conclusion that Plaintiffs' damages theory is speculative because it fails to account for individualized variables stands on its own, regardless of whether she used the

word "moot" to describe one such variable. Her core analysis is separable from any allegedly improper commentary.

Even if the Court were to find certain statements in Dr. Ang's report objectionable, the proper course would be to address any specific flaws surgically, through redaction or a limiting instruction, rather than performing a wholesale exclusion that would deprive the Court of valuable expert analysis. Accordingly, Plaintiffs' request to strike Dr. Ang's entire report should be denied.

### V. CONCLUSION

Based on the foregoing, Plaintiffs' Motion To Exclude Dr. Ang's Report should be denied.

Dated: February 17, 2026

Respectfully Submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
T: 570-342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Cory W. Eichhorn (*Pro Hac Vice*)
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305-789-7576
cory.eichhorn@hklaw.com

Jonathan M. Marmo
Holland & Knight LLP
One Liberty Place
1650 Market Street, Suite 3300
Philadelphia, PA 19103
T: 215-867-6070
jonathan.marmo@hklaw.com

*Attorneys for Defendants Navient Solutions, LLC and Navient Corporation*

# CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Opposition to Motion To Exclude was filed on this 17th day of February 2026 through the Court's ECF system on the following counsel of record via the Court's electronic filing system:

>Carlo Sabatini
>Sabatini Law Firm, LLC
>216 N. Blakely Street
>Dunmore, PA  18512
>
>Daniel A. Edelman
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1800
>Chicago, IL  60603
>
>Anthony Fiorentino
>6119 North Kenmore Ave., Ste. 410
>Chicago, IL  60660
>*Attorneys for Plaintiffs and Proposed Class*

>/s/ Daniel T. Brier
>Daniel T. Brier