# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | No. 3:18-cv-00121-JFS-PJC<br><br>Judge Joseph F. Saporito, Jr.<br><br>**Magistrate Judge Phillip J. Caraballo**<br><br>ELECTRONICALLY FILED |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO NAVIENT DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION

Anthony Fiorentino
**FIORENTINO LAW OFFICE**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com


Carlo Sabatini, PA 838311
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
ecf@bankruptcypa.com

Daniel A. Edelman
Tara L. Goodwin
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
Phone (312) 739-4200
dedelman@edcombs.com
tgoodwin@edcombs.com

## Table of Contents

TABLE OF AUTHORITIES ................................................................................... ii

I.   INTRODUCTION ............................................................................................. 1

II.  ARGUMENT ..................................................................................................... 3

   A. The Court properly declined to interpret 34 C.F.R. § 682.211(d)(1) because regulatory interpretation is not necessary to decide Navient's motion. ................. 3

   B. The R&R correctly observed that Pokorni advanced a legal basis for his allegations, which raised a factual dispute. ........................................................... 4

   C. The Court properly found that the relief sought by Navient was barred by the law of the case doctrine. ....................................................................................... 6

III. CONCLUSION ................................................................................................. 8

# **Table of Authorities**

<u>Cases</u>

*Bass v. Butler*,
   116 F. App'x 376 (3d Cir. 2004)...........................................................................7

*Hall v. Beals*,
   396 U.S. 45 (1969) ...............................................................................................4

*U.S. ex rel Hlywiak v. Great Lakes Educ. Servs., Inc.*,
   No. 1:20-cv-13590, 2022 U.S. Dist. LEXIS 45532, 2022 WL 787957 (D.N.J.
   Mar. 15, 2022) .....................................................................................................5

*United States v. Roberts*,
   229 F. App'x 172 (3d Cir. 2007) ..........................................................................3

*Williams v. Allstate Ins. Co.*,
   595 F. Supp. 2d 532 (E.D. Pa. 2009) ...................................................................6

<u>Statutes</u>

42 U.S.C. § 1983 .......................................................................................................7

<u>Other Authorities</u>

21 C.J.S. Courts § 179 (2025)...............................................................................2, 3

<u>Regulations</u>

34 C.F.R. § 682.211(d)(1) ............................................................................ 1, 2, 3, 4

I. **INTRODUCTION**

In their objection to the January 23, 2026 Report and Recommendation of Magistrate Judge Phillip J. Caraballo ("R&R") [ECF 218], Defendants assert that the R&R contains "three key errors." ECF 220 at 2. Those alleged errors are as follows:

1. The R&R made "no effort to analyze [34 C.F.R.] Section 682.211(d)(1)," which – according to Defendants – does not support Rebecca Varno's forbearance claims. ECF 220 at 9.

2. The R&R did not "provide any statutory, regulatory, or other legal basis" that would support Mark Pokorni's claims regarding the delayed processing of his Income-Driven Repayment ("IDR") plan. ECF 220 at 2-3.

3. The R&R erred by concluding that Navient's Motion for Judgment on the Pleadings is "an improper motion to strike barred by the law of the case doctrine" because, according to Navient, Defendants "made no such motion." ECF 220 at 11.

Plaintiffs contend that the R&R was based on sound reasoning and clear precedent, and should be adopted by the Court in its entirety for the following reasons:

1. Statutory construction of 34 C.F.R § 682.211(d)(1) is not necessary at the present stage of the litigation because Varno's forbearance claims are

1

predicated on multiple legal theories and do not rely on § 682.211(d)(1). *See* 21 C.J.S. Courts § 179 (2025) ("The doctrine of judicial restraint dictates that generally courts decide cases on the best and narrowest grounds available.").

2. The R&R noted that Pokorni did, in fact, allege a legal basis for his allegations of delayed IDR plan processing – Navient's servicing contract with the Department of Education ("ED"). The R&R also correctly found that those allegations raise a factual dispute, which cannot be decided on the instant motion. ECF 218 at 33.

3. The R&R correctly found that Navient's motion sought to strike the class definitions, and that such a request is barred by a prior ruling of this Court. *See* ECF 218 at 39, citing ECF 56 at 13-14 ("This is not one of those rare cases where class certification could be denied [by]…striking class averments at the outset of the litigation."). Because this case, for present purposes, remains at the pleading stage, it is subject to the Court's prior ruling. Thus, the R&R correctly found that the Court's prior ruling was law of the case.

## II. ARGUMENT

### A. The Court properly declined to interpret 34 C.F.R. § 682.211(d)(1) because regulatory interpretation is not necessary to decide Navient's motion.

Navient argues that the Court erred because it "avoids employing the tools of statutory interpretation" to construe the meaning of 34 C.F.R. § 682.211(d)(1), which Plaintiffs cited in support of Rebecca Varno's forbearance claims. ECF at 220 at 7. However, the R&R noted that Plaintiffs have advanced *four* legal predicates for Varno's forbearance claims, and Navient is disputing only one of them. ECF 218 at 29. Thus, the Court correctly found that it was not necessary to interpret 34 C.F.R. § 682.211(d)(1) at the present time because the Plaintiffs' claims were "premised on additional allegations." ECF 218 at 29.

The R&R's reasoning is supported by Third Circuit precedent. *See United States v. Roberts*, 229 F. App'x 172, 179 (3d Cir. 2007) ("Long-standing and sound jurisprudential practice dictates that decisions be made on the narrowest grounds available."). *See also* 21 C. J. S. Courts § 179 (2025) ("Cases should be decided on the narrowest legal grounds available, and a court should avoid unnecessary decisions."). Thus, the Court showed the proper judicial restraint by refraining to decide a question of regulatory interpretation that is not outcome-determinative at the present stage.

3

Indeed, if further factual development establishes that Varno's forbearance claims are supported by alternative legal theories, the dispute over 34 C.F.R. § 682.211(d)(1) would become moot, requiring no regulatory construction at all. *See Hall v. Beals*, 396 U.S. 45, 48 (1969) (holding that a judicial opinion should resolve a "live controversy" and "avoid advisory opinions on abstract propositions of law."

### B. The R&R correctly observed that Pokorni advanced a legal basis for his allegations, which raised a factual dispute.

Defendants argue that the R&R did not "provide any statutory, regulatory, or other legal basis" that could support Pokorni's claim of delayed IDR plan processing. ECF 220 at 2-3. In fact, the R&R cited two relevant allegations in Plaintiffs' complaint:

1. Defendants' servicing contract with ED required Navient to service Plaintiffs' loans in a manner consistent with ED's policies and guidance. ECF 218 at 32; and

2. By April 2016, ED had directed loan servicers to process IDR requests within 10-15 business days. ECF 218 at 32-33.

These allegations state a legal basis for Pokorni's claim – Navient's servicing contract with ED. Accordingly, there is no support for Defendants' claim that the Court failed to "cite ***any*** legal authority for Plaintiffs' theory that IDR

4

applications must be processed within a certain timeframe." ECF 220 at 10-11 (emphasis in original).

Defendants also argue that the Court erred by distinguishing the present case from *U.S. ex rel Hlywiak v. Great Lakes Educ. Servs., Inc.*, No. 1:20-cv-13590, 2022 U.S. Dist. LEXIS 45532, 2022 WL 787957 (D.N.J. Mar. 15, 2022). In that case, a district court held that a claim of improper loan servicing must be dismissed to the extent that it "**relies on**" non-binding policy guidance issued by the Obama administration. *Id*. at *5 (emphasis added). This policy guidance included a July 2016 memorandum by former Under Secretary of Education Ted Mitchell ("Mitchell Memorandum"), which was titled "Policy Direction on Federal Student Loan Servicing." *Id*. at *8. The district court granted a motion to dismiss a cause of action brought under the False Claims Act ("FCA") because the plaintiff "base[d] her FCA claim" on the aforementioned policy guidance, which was "never implemented." *Id*. at *7-8.

The R&R was correct in distinguishing the instant case from *Hlywiak* because Pokorni's claim does not "rely on" the Mitchell Memorandum. The complaint alleges that by April of 2016 – four months *before* the Mitchell Memorandum was issued – ED "directed loan servicers to process IDR requests within 10-15 business days." ECF 118-3 at ¶ 48. Thus, the Court was correct in finding that *Hlywiak* presented a different set of facts and should not be followed.

5

The Court also correctly observed that, insofar as Defendants *deny* that ED directed Navient to process IDR applications within 10-15 days, there is a factual dispute between the parties, which cannot be decided on a Rule 12(c) motion. ECF 218 at 32.

Defendants also cite *Williams v. Allstate Ins. Co.*, 595 F. Supp. 2d 532, 537 (E.D. Pa. 2009), for the proposition that a court, in deciding a Rule 12(c) motion, should not accept "unsupported conclusions" or "sweeping legal conclusions cast in the form of factual allegations." ECF 220 at 10. However, Plaintiffs' allegation that ED "directed loan servicers to process IDR requests within 10-15 business days" is not a legal conclusion. It is a factual claim, which – as the Court correctly noted – must be viewed in the light most favorable to the Plaintiffs. ECF 218 at 33.

### C. The Court properly found that the relief sought by Navient was barred by the law of the case doctrine.

Defendants assert that the Court erred by finding that Navient's motion was essentially a motion to strike the class definitions, which is barred by the law of the case doctrine. ECF 220 at 11. According to Defendants, they "made no such motion;" they "simply posited" that the "classes must be dismissed" because the current class definitions are not based on valid "legal theories." ECF 220 at 11. It is difficult to distinguish this formulation from a motion to strike class definitions. Thus, the R&R was correct in finding:

1. That Defendants' motion is essentially "a motion to strike appearing in the guise of a Rule 12(c) motion," (ECF 218 at 35); and

2. That this Court has already decided that the present case is "not one of those rare cases where class certification could be denied [by] . . . striking class averments at the outset of the litigation." ECF 218 at 39, citing ECF 56 at 13-14.

Because this case, for present purposes, remains at the pleading stage, it is subject to the Court's prior ruling. Thus, the Court correctly found that the relief sought by Defendants was precluded by the law of the case doctrine.

Defendants also cite *Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004), which held that a class action lawsuit must be dismissed if the named plaintiff's individual claim fails. ECF 220 at 11. *Butler* involved a putative class action lawsuit brought by a single named plaintiff with a single cause of action (brought under 42 U.S.C. § 1983). When that single claim was dismissed, the Court denied the Plaintiff's request to continue serving as class representative because there was "no class for anyone to represent." *Id*. at 385.

These facts are not analogous to the instant case, which involves three named plaintiffs, with claims under two contracts and four state laws. The only individual claims brought by Plaintiffs that failed as a matter of law were those based on tortious interference with contract. ECF 57 at 7. The remaining claims –

7

breach of contract and violations of state consumer laws – survived Defendants' Rule 12(b)(6) motion, and Plaintiffs' legal theories and factual allegations have not changed since that motion was decided. Thus, *Butler* is inapposite.

## III. CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request that the Court adopt the January 23, 2026 Report and Recommendation in its entirety.

Dated:  February 18, 2026            Respectfully submitted,

*/s/ Anthony Fiorentino*
**Anthony Fiorentino**
FIORENTINO LAW OFFICES
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

*/s/ Daniel A. Edelman*
Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

*/s/ Carlo Sabatini*
Carlo Sabatini, PA 83831
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

8

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on Wednesday, February 18, 2026, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

                                               *s/ Daniel A. Edelman*
                                               Daniel A. Edelman