UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,<br><br>        Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,<br><br>        Defendants. | Civil No. 3:18-cv-00121-JFS-PJC<br>Hon. Phillip J. Caraballo<br>**FILED UNDER SEAL** |

## NAVIENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN EVIDENTIARY HEARING

Defendants Navient Corporation[1] and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL") (collectively, "Navient") respectfully submit the following memorandum of law in support of their motion for an evidentiary hearing on the motion for class certification filed by Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni (collectively, "Plaintiffs").

### I. INTRODUCTION

As set forth more fully in the memorandum submitted by Navient in opposition to Plaintiffs' motion for class certification, Plaintiffs have not met their

---

[1] Navient Corporation is a holding company that does not engage in loan servicing activity. As a result, it is improperly named as a Defendant.

evidentiary burden to satisfy the requirements of Fed. R. Civ. P. 23, and their motion for class certification should be summarily denied. In the event that the Court is not inclined to deny Plaintiffs' motion on the papers, however, and instead determines that Plaintiffs have presented evidence sufficient to warrant further consideration, Navient respectfully submits that an evidentiary hearing should be held on the class certification issue so that the Court can undertake the exacting analysis required by controlling precedents of the United States Supreme Court as well as the Third Circuit.

The certification decision turns on the evidentiary record. Here, that record, presented in the parties' papers, shows Plaintiffs cannot satisfy Rule 23. The claims Plaintiffs purport to assert on behalf of ▇▇▇▇▇▇▇▇▇▇▇▇ of differently-situated borrowers concern income-driven repayment plans and discretionary forbearances—matters that are inherently individualized and require examination of each borrower's unique circumstances, communications with Navient, and account history. Student loan servicing is a complex, individualized process, and as a result, the claims arising out of student loan servicing necessarily involve highly individualized issues that cannot be resolved without detailed review of borrowers' loan servicing files. Evidence regarding loan servicing for Navient borrowers reinforces these critical facts. *See* Navient's Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Navient Mem.") [ECF 232] at 5-19.

2

Plaintiffs have not demonstrated how their claims can be adjudicated on a classwide basis. Thus, if the Court does not deny Plaintiffs' motion on the papers, there are fundamental questions that must be addressed before a certification decision is made. An evidentiary hearing would help the Court make the factual determinations necessary for the requisite "rigorous analysis." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).[2]

## II.   FACTUAL BACKGROUND

The factual background relevant to this motion is set forth below. A more complete factual background is set forth in Navient's opposition to Plaintiffs' motion for class certification. *See* Navient Mem. at 5-19.

In their motion for class certification ("Pls.' Mem."), Plaintiffs argue that all members of their proposed classes and subclasses were injured by alleged loan servicing practices. *See* Pls.' Mem. at 56. Plaintiffs seek to certify the following classes and subclasses:

- **Improper IDR Cancellation Class**: All borrowers who, on or after January 16, 2012, were enrolled in an IDR plan, timely submitted an IDR renewal application (received within 90 days or less prior to the renewal deadline), whose partial financial hardship status expired and payments were recalculated under the standard repayment plan, and whose application was deemed complete at the time of its first review. *Id.* at 48.[3]

---

[2] Unless stated otherwise, all emphasis is supplied, and all internal citations and quotations are omitted from all quoted material herein

[3] "IDR" stands for "income-driven repayment." *See* Navient Mem. at 4.

- **California Subclass**: Members of the Improper IDR Cancellation Class who were living in California when the recalculation to the standard repayment plan occurred. *Id.*

- **Modified Forbearance Class**: All borrowers who, on or after January 16, 2012, submitted an application to enroll in, or renew, an IDR plan; within 60 days of Navient receiving the application, were enrolled in a discretionary forbearance based on oral affirmation; and were not in default at the time of enrollment in the discretionary forbearance. *Id.* at 51.

- **New York Subclass**: Members of the Modified Forbearance Class who were living in New York when enrolled in the discretionary forbearance. *Id.*

- **Improper Delay Class**: All borrowers who, on or after January 16, 2012, applied to enroll in, or renew, an IDR plan; submitted a completed IDR application accompanied by proof of income, which was subsequently approved by Navient; and whose application was not fully processed until 45 days or more after it was received. *Id.* at 52.

- **Illinois Subclass**: Members of the Improper Delay Class who were living in Illinois when the delayed processing occurred. *Id.*

But as explained in Navient's Memorandum, student loan servicing is inherently individualized and depends on the particularized circumstances of each borrower, including their repayment plan selections, income, family size, delinquencies on their accounts, and communications with their servicer. *See* Navient Mem. at 5-9. Thus, whether any absent class member has a claim against Navient and, if so, the alleged damages purportedly attributable to Navient's conduct are inherently individualized questions not amenable to class treatment. *See id.* at 24-28, 45-58. These individualized issues—highlighted by the unique experiences of each Plaintiff—underscore the complexity of student loan servicing and the fact-

4

intensive, borrower-specific inquiries necessary to establish liability and damages. *See id.* at 9-19, 27-44.

## III. ARGUMENT

The operative standards for evidentiary hearings on the issue of class certification are set forth below.

### A. As Part of the Required "Rigorous Analysis," Evidentiary Hearings Are Appropriate in Order to Address and Resolve Factual Issues That Bear Upon the Class Issue

The Supreme Court has made clear that "a party seeking class certification must *affirmatively* demonstrate" through competent evidence "compliance with" Fed. R. Civ. P. 23. *See Dukes*, 564 U.S. at 350; *see also Gen. Tel. v. Falcon*, 457 U.S. 147, 161 (1982) ("[A] class action[] may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008) ("[T]he decision to certify a class calls for findings by the court, not merely a threshold showing by a party, that each requirement of Rule 23 is met."). "Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence," and "the court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits—including disputes touching on elements of the cause of action." *Hydrogen Peroxide*, 552 F.3d at 307.

5

In light of this heavy standard, courts in this Circuit and elsewhere routinely hold that evidentiary hearings are appropriate to assist the court in determining whether plaintiffs have carried their burden of satisfying each of the requirements under Fed. R. Civ. P. 23. *See, e.g., Value Drug Co. v. Takeda Pharms., U.S.A., Inc.*, 2022 WL 17177267, at *1 (E.D. Pa. 2022)[4] (denying class certification and noting analysis was based on "evidence adduced at and before our evidentiary hearing"); *Gates v. Rohm & Haas Co.*, 265 F.R.D. 208, 222 n.25 (E.D. Pa. 2010), *aff'd*, 655 F.3d 255 (3d Cir. 2011) (denying class certification after holding evidentiary hearing); *Humphreys v. Budget Rent a Car Sys. Inc.*, 2016 WL 3940807, at *7, *12 (E.D. Pa. 2016) (same); *see also Morrison v. Booth*, 730 F.2d 642, 643 (11th Cir. 1984) ("Our precedent requires the court to conduct an evidentiary hearing on class certification when there is any doubt about the issue, even when counsel fails to move for such a hearing.").

An evidentiary hearing is plainly justified when the Court encounters hard questions regarding class certification. Indeed, the Manual for Complex Litigation provides that "[a] hearing under Fed. R. Civ. P. 23(c) is a routine part of the certification decision." *Manual for Complex Litigation* (Fourth) § 21.21 (2010). "[A] district judge may not duck hard questions by observing that each side has some

---

[4] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

support, or that considerations relevant to class certification also may affect the decision on the merits. Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives." *West v. Prudential Sec. Inc.*, 282 F.3d 935, 938 (7th Cir. 2002).

If it is clear that the requirements of Rule 23 cannot be met, as is the case here, an evidentiary hearing need not be held:

> [W]e have stated on numerous occasions that the district court should ordinarily conduct an evidentiary hearing on this question . . . Only in cases free from doubt, where clear grounds exist for denial of class certification may a district court escape this obligation.

*Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986). For the reasons detailed in Navient's opposition to Plaintiffs' motion for class certification, Plaintiffs plainly do not satisfy the requirements of Fed. R. Civ. P. 23 in this case. *See* Navient Mem. at *passim*. But if there is any question as to whether Plaintiffs' claims are entitled to class treatment, Navient respectfully submits that this Court should conduct an evidentiary hearing. *See, e.g., Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 384 (4th Cir. 2009) ("[A]n evidentiary hearing is typically held on the certification issue[.]"); *Doninger v. Pacific Northwest Bell*, 564 F.2d 1304, 1313 (9th Cir. 1977) (recognizing that the "better and more advisable practice" is to afford litigants an opportunity to present evidence on whether a class action is maintainable); *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood*, 659 F.2d

7

1259, 1269 (4th Cir. 1981) (if there is any doubt as to the propriety of class certification, an evidentiary hearing should be held).

    **B.    Given the Importance of the Certification Decision to this Litigation, an Evidentiary Hearing Is Warranted**

The decision regarding class certification will likely be the most critical decision this Court will make in this case. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 162 (3d Cir. 2001) (noting grant of class certification can "create unwarranted pressure to settle nonmeritorious claims on the part of defendants"), *as amended* (Oct. 16, 2001); *see also Chamberlan v. Ford*, 402 F.3d 952, 958 (9th Cir. 2005) (discussing that "the grant [of class certification] can put considerable pressure on the defendant to settle independent of the merits of the plaintiffs' claims"); *Thorogood v. Sears*, 547 F.3d 742, 744-46 (7th Cir. 2008) (discussing the "downsides" of the class action device and suggesting "caution in class certification generally").

The contours of this lawsuit will differ dramatically depending upon this Court's determination of the class issue. *See generally Thorogood*, 547 F.3d at 744-46; *see also Missing Link v. eBay*, 2010 WL 94268, *3 (N.D. Cal. 2010) ("Class certification or its denial will have a substantial impact on further proceedings, including the scope of future discovery, the definition of issues, the length and complexity of trial, and the opportunities for settlement."). Among other things, the scope of remaining merits discovery will vary substantially depending upon whether

or not a class is certified. *See, e.g., Sloane v. Gulf Interstate Field Servs., Inc.*, 2017 WL 11318794, at *2 (M.D. Pa. 2017) (collecting cases and recognizing that the scope of permissible discovery may be significantly narrowed if class certification is denied); *Am. Nurses Ass'n v. State of Ill.*, 1986 WL 10382, at *3 (N.D. Ill. 1986) (recognizing that the scope of permissible discovery may be "significantly narrowed" if class certification is denied).

Plaintiffs seek certification of six proposed classes and subclasses, which they allege to comprise ▮▮▮▮▮▮ of borrowers. *See* Pls. Mem. at 48–52. Accordingly, it is clear that the scope of discovery, the issues that would need to be resolved, and the length and complexity of trial would vary substantially depending on whether the case involves ▮▮▮▮▮▮ of class members across all 50 states as opposed to adjudication of the individual claims of the three Plaintiffs.

For example, if the Court were to certify the proposed "Modified Forbearance Class," the parties would need to prepare for mini-trials to determine the reason each proposed class member was enrolled in discretionary forbearance, such as to resolve existing account delinquencies or because he or she was ineligible for a non-capping administrative forbearance. *See* Navient Mem. at 7-11, 32-33. Likewise, individualized determinations would be necessary to determine whether each proposed class member received communications from Navient with alleged errors regarding documentation required for their IDR application. *See id.* at 32-33. If the

9

Court is not inclined to deny Plaintiffs' motion on the papers, an evidentiary hearing in advance of the Court's class certification decision would, however, be necessary and useful to address such complex issues. *See Dukes*, 564 U.S. at 51; *Hydrogen Peroxide*, 552 F.3d at 320 (requiring "definitive determination" that each Rule 23 requirement has been met by a preponderance of the evidence); *see also, e.g.*, *Sirota v. Solitron Devices*, 673 F.2d 566, 571 (2d Cir. 1982) (noting that "[t]here can be no doubt that it is proper for a district court, prior to certification of a class . . . to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied"); *Weathers v. Peters Realty*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("[t]he parties should be afforded an opportunity to present evidence on maintainability of class action"); *Value Drug Co.*, 2022 WL 17177267, at *1; *Gates*, 265 F.R.D. at 222 n.25; *Humphreys*, 2016 WL 3940807, at *7, *12.

### C. An Evidentiary Hearing Will Conclusively Establish That Plaintiffs' Claims Are Inappropriate for Class Treatment

Both the Supreme Court and the Third Circuit have made clear that the party seeking class certification bears the burden of establishing that a proposed class satisfies *each* of the requirements of Rule 23. *See Dukes*, 564 U.S. at 350; *Falcon*, 457 U.S. at 161; *Hydrogen Peroxide*, 552 F.3d at 320-321. As discussed above, the Supreme Court has emphasized the need for district courts to engage in a thorough analysis of class issues *prior* to certifying a class. *Dukes*, 564 U.S. at 350-51; *Falcon*, 457 U.S. at 161; *Hydrogen Peroxide*, 552 F.3d at 320.

The rigorous analysis required in this case favors an evidentiary hearing to address *at least* the following issues:

- The evidence necessary to determine if proposed class members suffered any harm;

- The evidence necessary to determine if members of the proposed "IDR Cancellation Class" ultimately chose not to enroll in an IDR plan or chose to make standard payments;

- The evidence necessary to determine if members of the proposed "Modified Forbearance Class" received communications incorrectly stating what documentation was needed to enroll in or renew an IDR plan;

- The evidence necessary to determine why members of the proposed "Modified Forbearance Class" were enrolled in discretionary forbearances;

- The evidence necessary to determine if members of the proposed "Improper Delay Class" were damaged as a result of alleged misrepresentations in communications from Navient;

- Whether and to what extent the proof required for breach of contract claims under the laws of each of the 50 states will vary;

- Whether and to what extent evidence of Navient's defenses to breach of contract claims under the laws of each of the 50 states will vary; and

- The evidence necessary to determine the triggering event for interest capitalization and the amount attributable to any specific event.[5]

If the Court receives evidence on these issues, it will be in a much better position to assess whether Plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23, though it seems apparent based on Plaintiffs' moving papers that they cannot.

---

[5] The primary damages Plaintiffs seek arise from interest capitalization. *See* Navient Mem. at 4, 51-52.

11

Indeed, Navient anticipates that such evidence will only serve to further demonstrate that Plaintiffs cannot meet those requirements.[6] Accordingly, unless the Court is inclined to summarily deny Plaintiffs' motion for class certification, Navient respectfully submits that an evidentiary hearing on Plaintiffs' motion will assist the Court in fulfilling its duty to conduct the careful scrutiny called for by *Dukes* and other precedent. *See Dukes*, 564 U.S. at 350-351; *see also Hydrogen Peroxide*, 552 F.3d at 320; *Newton*, 259 F.3d at 166.

---

[6] Should Plaintiffs attempt to submit additional evidence in their reply brief—a tactic that would be procedurally improper—the value of an evidentiary hearing would only be heightened, as it would afford the Court the opportunity to evaluate any such late-sponsored evidence and provide Navient a meaningful opportunity to respond.

## IV. CONCLUSION

For the foregoing reasons, Navient respectfully requests that this Court hold an evidentiary hearing to consider whether Plaintiffs can possibly meet the requirements of Fed. R. Civ. P. 23. Navient further requests any other relief the Court deems appropriate.

Dated: February 26, 2026                     Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Redacted Memorandum of Law in Support of Motion for Evidentiary Hearing on Class Certification was served upon all counsel of record the Court's ECF system on this 26th day of February 2026:

>Carlo Sabatini
>Sabatini Law Firm, LLC
>216 N. Blakely St.
>Dunmore, PA  18512
>
>Daniel A. Edelman
>Cassandra P. Miller
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1500
>Chicago, IL  60603
>
>Anthony Fiorentino
>Fiorentino Law Offices Ltd.
>432 N. Clark St., Suite 202
>Chicago, IL  60654
>
>*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier