IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 3:18-cv-00121-JFS-PJC |
| v. ) ) | ELECTRONICALLY FILED |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, ) ) ) ) ) | (JUDGE SAPORITO) |
| Defendants. ) | |

**NAVIENT'S REPLY BRIEF IN SUPPORT OF
<u>OBJECTIONS TO REPORT AND RECOMMENDATION</u>**

Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC (together "Navient"), by and through their undersigned counsel, respectfully submit this Reply in Support of their Objections to the January 23, 2026 Report and Recommendation of Magistrate Judge Phillip J. Caraballo ("R&R") [ECF No. 218]. Plaintiffs' Response in Opposition to Navient's Objections ("Pls.' Response") [ECF No. 228] does not, and cannot, explain away the errors of the R&R.

I.  **<u>INTRODUCTION</u>**

Navient's objections to the R&R raise three grounds upon which the Court erred: (i) failing to enter judgment on the pleadings on Counts IV and V of the Third Amended Complaint ("TAC") to the extent those claims are premised on the contention that a verbal discretionary forbearance cannot be provided to a borrower who is not in default pursuant to 34 C.F.R. § 682.211, (ii) failing to enter judgment on the pleadings on Counts I, II, IV and VI to the extent any improper delay claim is based on the Mitchell Memorandum, and (iii) determining that dismissal of the "Forbearance Without Written Consent" and "Improper Delay" classes was barred by the law of the case doctrine. [ECF No. 220 at 7-12].[1]

Plaintiffs' Response merely regurgitates arguments set forth in their initial response to the Motion or otherwise mischaracterizes case law. For example, Plaintiffs contend that the Court showed "judicial restraint" by not ruling on Navient's argument that a verbal discretionary forbearance is not prohibited by 34 C.F.R. § 682.211 (Pls.' Resp. at 3-4), but the law is clear that matters of statutory interpretation are questions of law that are appropriate to be considered on a motion

---

[1] To the extent the Court denied Navient's Motion for Partial Judgment on the Pleadings (the "Motion") [ECF No. 158] on the basis that matters outside the pleadings were referenced [ECF No. 218 at 30-31], a district court must convert a motion for judgment on the pleadings into a motion for summary judgment if "matters outside the pleadings are presented and not excluded by the court," and "all parties . . .[are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).

for judgment on the pleadings.  In addition, while Plaintiffs contend that an April 2016 directive from the Department of Education ("ED") required loan servicers to process Income-Driven Repayment ("IDR") requests within 10-15 business days (*Id*. at 4-6), they fail to explain how this "directive" – assuming it was given at all – constitutes a binding legal requirement that can support Plaintiffs' claims, particularly given that Plaintiffs have failed to identify any law or regulation that would impose any such time limit on Navient.  Finally, the law of the case doctrine does not preclude Navient's motion for judgment on the pleadings directed to the "Forbearance Without Written Consent" and "Improper Delay" classes where a previous motion to dismiss and motion to strike class allegations raised different issues.[2]  For these reasons, as more fully set forth herein, Navient requests that the Court modify the R&R.

---

[2] The TAC is also tantamount to a shotgun pleading as each count adopts every allegation from any previous count.  *See Litwak v. Tomko*, CIVIL ACTION NO. 3:16-CV-00446, 2018 WL 1378633, *5 (M.D. Pa. March 19, 2018) (dismissing amended complaint as shotgun pleading where it contained "multiple counts where each count adopts the allegations of all preceding counts."); *see also* TAC [ECF No. 118-3] at ¶¶ 107, 121, 133, 143, 153, 164, and 169 (stating that "Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein."). (The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).)  To that end, by incorporating all preceding allegations, Plaintiffs include factual averments that could not possibly be material to that specific count and confuse the issues.  This pleading practice is an additional reason why the Court should rule on the merits of Navient's Motion and narrow the issues in this case.

## II. ARGUMENT

### A. Analysis of § 682.211 Is a Matter of Statutory Interpretation That Is Appropriate to Consider on a Motion for Judgment on the Pleadings.

Plaintiffs' Response does not specifically contest that Navient was permitted to grant a verbal discretionary forbearance to a borrower not in default under 34 C.F.R. § 682.211, but rather argues that the R&R correctly permitted Counts IV and V to proceed on alternative grounds. That is not right. Navient's Motion is clear that it challenged these claims (and the entirety of the Forbearance Without Written Consent class upon which that claim is based) to the extent premised on a violation of 34 C.F.R. § 682.211. Plaintiffs cannot avoid adjudication of this purely legal issue even if Counts IV and V would otherwise survive, because determining the meaning of Section 682.211 as Navient advocates here will at least narrow the bases on which Plaintiffs' claims can proceed while streamlining the issues this Court will need to decide going forward. *See LD Gelato LLC v. Hartford Underwriters Ins. Co., Inc.*, 676 F. Supp. 3d 317, 323 n.7 (D. N.J. 2023) (finding "matters of statutory interpretation . . . are questions of law") (citations omitted); *see also American Honda Motor Co. v. Bernardi's Inc.*, 113 F. Supp. 2d 58, 59 (D. Mass. 1999) (determining matters of "statutory interpretation" were appropriate to be construed on a motion for judgment on the pleadings).

On the merits, a full reading of Section 682.211 makes it clear that a verbal discretionary forbearance can be granted when a loan is not in default. For one, the plain language of 34 C.F.R. § 682.211(d)(1) does not limit verbal forbearances to only defaulted loans. Indeed, while it authorizes forbearance in the context of post-default repayment, it does not state that forbearance can only be granted under such circumstances. *See* 34 C.F.R. § 622.211(d)(1) ("A guaranty agency may authorize a lender to grant forbearance to permit a borrower or endorser to resume honoring the agreement to repay the debt after default but prior to claim payment.").

Nor can Plaintiffs rely on other subsections of § 682.211, which undercut their assertion that a forbearance pre-default cannot be granted on oral affirmation. *See id.* § 622.211(c) ("If the borrower . . . requests the forbearance ***orally*** and the lender and the borrower . . . agree to the terms of the forbearance ***orally***, the lender must notify the borrower . . .of the terms within 30 days of that agreement ") (emphasis added); *id.* § 622.211(b)(1) (requiring lender to confirm the terms of the forbearance within 30 days ***unless the agreement was in writing***) (emphasis added). There is simply no statutory or regulatory basis for Counts IV and V to the extent premised on an allegation that a pre-default verbal forbearance is not allowed.

Finally, to the extent that Plaintiffs contend the R&R correctly decided the issue on narrow grounds because Plaintiffs' claims are "premised on other allegations," (Pls.' Resp. at 3), this argument misses the mark because the Court can

5

dismiss portions of a specific count even if other parts survive. *See Jackson v. Demaske*, No. 2:20-cv-1226, 2022 WL 22680202, *1 (W.D. Pa. March 15, 2022) (granting motion to dismiss as to count "only with respect to that portion of Count I that attempts to assert a claim based upon allegations relating to a racial slur . . ."). Plaintiffs cite *United State v. Roberts*, 229 F. App'x 172, 179 (3d Cir. 2007) (J. Jordan concurring) to assert that the Court should refrain from addressing Navient's arguments. *Roberts*, however, actually supports Navient's position as the Third Circuit instructed the district court on remand to address the defendants' request for modification of a release based on an alleged violation of a statute and the defendants' constitutional rights. *Id*. at 178. The concurrence in *Roberts* merely stated that the district court need not address an issue if it can be resolved on other grounds. *Id*. at 179. Here, the question of whether Navient is permitted to apply a verbal discretionary forbearance to borrowers not in default is not an issue that can be decided on other grounds.

> **B.  Plaintiff Pokorni's Claim That Navient Delayed Processing His IDR Application Is Based on a Legal Issue That Can Be Decided on a Motion for Judgment on the Pleadings.**

Plaintiffs appear to concede (as they must) that the Mitchell Memorandum, which they previously asserted required that IDR applications be processed within 10-15 days, does not carry the force of law. Plaintiffs then pivot to the argument that their claims can survive even if there exists no statutory or regulatory basis requiring

6

Navient to process IDR applications within a set period of time. In support, Plaintiffs contend that Navient was required to service loans in accordance with ED's "policies" and "guidance," and that at some point ED directed loan servicers to process IDR requests within 10-15 business days. But Plaintiffs fail to identify with any specificity the purported policies, guidance, or direction that Navient was bound by, or why Navient was required to follow them as a matter of law. Instead, Plaintiffs continue to rely on the conclusory allegations of their TAC. *See Williams v. Allstate Ins. Co.*, 595 F. Supp. 2d 532, 537 (E.D. Pa. 2009) (when deciding Rule 12(c) motion, "[t]he court will not . . . accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.").

Plaintiffs also disregard the significance of *U.S. ex rel Hlywiak v. Great Lakes Educ. Servs., Inc.*, which found that the Mitchell Memorandum merely expressed a policy preference, not a binding legal requirement. *U.S. ex rel. Hlywiak v. Great Lakes Educ. Loan Servs., Inc.,* No. 1:20-cv-13590, 2022 WL 787957 (D. N.J. Mar. 15, 2022). Although Plaintiffs argue that their claims do not rely entirely on the Mitchell Memorandum, they still fail to point to any binding statutory or regulatory provision requiring that IDR applications be processed within 10-15 days. Counts I, II, IV and VI should be dismissed as a matter of law to the extent premised on any improper delay in processing IDR applications.

### C.   The Law of the Case Doctrine Does Not Apply.

Plaintiffs mischaracterize Navient's Motion with respect to the Forbearance Without Written Consent and Improper Delay classes. As explained above and more fully in Navient's opening brief, those classes lack any legal foundation. Thus, while Navient's Motion would not dispose of any claim in its entirety, it would resolve two significant classes and streamline this litigation. Navient seeks this relief through a judgment on the pleadings, not a motion to strike.[3] Moreover, in the event the Court construes Navient's Motion as a motion to strike, these issues were not raised in Navient's prior request to strike class allegations. *See* Mem. in Supp. of Mot. to Strike [ECF No. 40 at 18-22] (moving to strike because Plaintiffs cannot generally demonstrate compliance with Rule 23).

Accordingly, the law of the case doctrine does not apply. *See Council v. Tree Commc'ns, Inc. v. FCC,* 503 F.3d 284, 292 n.5 (3d Cir. 2007) (holding that "only legal issues decided expressly or by necessary implication are law of the case."); *see also Meyers v. Protective Ins. Co.*, NO. 3:16-CV-0182, 2018 WL 1899285, *3 n.2 (M.D.

---

[3] This relief is properly granted by way of motion for judgment on the pleadings and Plaintiffs fail in their attempt to distinguish *Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004). Plaintiffs aver that *Bass* is distinguishable because it involved a "single named plaintiff with a single cause of action (brought under 42 U.S.C. § 1983)." ECF 228 at 7. But *Bass* is instructive because when the plaintiff's individual claims fell, so did his class allegations. *Bass*, 116 F. App'x at 385. The Court should follow *Bass* here and dismiss the Forbearance Without Written Consent and Improper Delay classes in their entirety for lack of legal basis.

Pa. April 20, 2018) (determining that "[w]hile 'a motion for judgment on the pleadings is not an opportunity to re-litigate issues raised and decided in a motion to dismiss, the Federal Rules do not flatly bar a defendant from asserting a Rule 12(c) motion for judgment on the pleadings simply because he or she previously asserted a Rule 12(b)(6) motion to dismiss.'") (citations omitted).

### III. CONCLUSION

For the reasons set forth above and in Navient's opening brief, Navient respectfully requests that, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court modify the January 23, 2026 Report and Recommendation and grant judgment on the pleadings as to Count VI in its entirety, and as to Counts I, II, IV, V and VI to the extent those claims depend on the flawed legal theories addressed herein, which would also dispose of the "Forbearance Without Written Consent" class and the "Improper Delay" class.

Dated: March 4, 2026                    Respectfully submitted,

/s/ Daniel T. Brier

Jonathan Marmo
Bar No. PA 312669
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Bar No. FL 576761
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that on March 4, 2026, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiffs' counsel below.

>Carlo Sabatini
>Sabatini Law Firm, LLC
>216 N. Blakely St.
>Dunmore, PA 18512
>Phone (570) 341-9000
>Facsimile (570) 504-2769
>
>Daniel A. Edelman
>Cassandra P. Miller
>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street, Suite 1500
>Chicago, Illinois 60603
>(312) 739-4200
>(312) 419-0379 (FAX)
>
>Anthony Fiorentino
>Fiorentino Law Offices Ltd.
>432 N. Clark St., Suite 202
>Chicago, Illinois 60654
>(312) 853-0050
>
>*Attorneys for Plaintiffs*

>/s/ Daniel T. Brier
>Daniel T. Brier