# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO, and
MARK POKORNI, on behalf of themselves
and the class members described herein,

             Plaintiff,

      vs.

NAVIENT CORPORATION,
NAVIENT SOLUTIONS, INC., AND
NAVIENT SOLUTIONS, LLC,

            Defendants.

No. 3:18-cv-00121-JFS-PJC

Judge Joseph F. Saporito, Jr.

**Magistrate Judge Phillip J. Caraballo**

ELECTRONICALLY FILED

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
## TO EXCLUDE THE REPORT OF ███████████

Anthony Fiorentino
**FIORENTINO LAW OFFICES**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com


Carlo Sabatini, PA 838311
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
ecf@bankruptcypa.com

Daniel A. Edelman
Tara L. Goodwin
**EDELMAN, COMBS,
LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
Phone (312) 739-4200
dedelman@edcombs.com
tgoodwin@edcombs.com

## **Table of Contents**

TABLE OF AUTHORITIES.............................................................................. ii

I.    INTRODUCTION................................................................................1

II.   STATEMENT OF LAW ......................................................................1

III.  ARGUMENT .....................................................................................2

    A. Defendants have not established that ▉▉▉▉▉ had the requisite expertise to opine on key matters of liability. ............................................................2

    B. Defendants have not provided a sound basis for ▉▉▉ opinions regarding the search capabilities of Navient's computer system....................................5

    C. Defendants have not established that ▉▉▉ credibility determination rested on a sound basis...................................................................................7

IV.   CONCLUSION .................................................................................8

## Table of Authorities

<u>Cases</u>

*Calhoun v. Yamaha Motor Corp.,*
   *U.S.A.*, 350 F.3d 316 (3d Cir. 2003) ....................................................................3

*Cohen v. Cohen*,
   125 F.4th 454 (3d Cir. 2025)...........................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
   43 F.3d 1311 (9th Cir. 1995).........................................................................11

*Daubert v. Merrell Dow Phrams., Inc.*,
   509 U.S. 579 (1993) ........................................................................................4

*In re Aluminum Warehousing Antitrust Litigation*,
   336 F.R.D. 5 (S.D.N.Y. 2020)........................................................................7

*In re Blood Reagents Antitrust Litig.*,
   783 F.3d 183 (3d Cir. 2015)................................................................... 4, 5, 9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   299 F. Supp. 3d 430 (S.D.N.Y. 2018)............................................................7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   801 F. Supp. 3d 330 (S.D.N.Y. 2025)............................................................7

*In re Zurn Pex Plumbing Prods. Liab. Litig.*,
   644 F.3d 604 (8th Cir. 2011).........................................................................4

*Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW,
   2012 WL 3116355, at *6 (N.D. Cal. July 31, 2012)...........................................10

*Perez v. Townsend Eng'g Co.*,
   545 F. Supp. 2d 461 (M.D. Pa. 2008)..............................................................10

*White v. Ford Motor Co.*,
   312 F.3d 998 (9th Cir. 2002), *opinion amended on denial of reh'g,* 335 F.3d 833
   (9th Cir. 2003).................................................................................................5

<u>Rules</u>

Rule 23 .....................................................................................................................4, 9
Rule 702 ....................................................................................................................11

## I.    INTRODUCTION

In Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude ███████████████████████████ ("Defendants' Memorandum," ECF 224), Defendants cite numerous cases from multiple jurisdictions, but they fail to address the principal contention of Plaintiffs ████████████████ ███████████████████████████████████████████ ████████

It is this repeated error that renders her opinions inadmissible. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 322 (3d Cir. 2003) ("An expert may be generally qualified but may lack qualifications to testify outside his area of expertise."). Defendants assert that █████ is a "highly qualified economist." ECF 224 at 1. Plaintiffs do not disagree, but many of her opinions rest on determinations that do not involve any economic analysis and are thus inadmissible.

## II.    STATEMENT OF LAW

Defendants cite *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604 (8th Cir. 2011), for the proposition that the principles established in *Daubert v. Merrell Dow Phrams., Inc.*, 509 U.S. 579 (1993) are "not implicated at the class certification stage where the judge is the decision maker" because the main purpose of *Daubert* exclusion is to "protect juries from being swayed by dubious scientific testimony." ECF 224 at 4, citing *id*. at 613.

However, *In Re Zurn Pex* did not hold that a *Daubert* analysis is unnecessary at the point of class certification. Rather, it adopted a "focused *Daubert* analysis which scrutinized the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Id*. at 614.

This is consistent with the approach of the Third Circuit. *See In re Blood Reagents Antitrust Litig.*, 783 F.3d 183 (3d Cir. 2015), which held that the proponent of expert testimony "cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless [the proponent] also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*." *Id*. at 187. This is because Rule 23's "rigorous analysis" applies to "expert testimony critical to proving class certification requirements." *Id*.

## III.  ARGUMENT

### A. Defendants have not established that ▮▮▮▮ had the requisite expertise to opine on key matters of liability.

As noted in Plaintiffs' Memorandum In Support Of Plaintiffs' Motion To

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This is an opinion on a key issue of liability, but it requires no statistical or economic analysis; only an ability to read and interpret loan account records,

██████████████████████████████████████████████ *See*

*White v. Ford Motor Co.*, 312 F.3d 998, 1008–09 (9th Cir. 2002), *opinion amended on denial of reh'g,* 335 F.3d 833 (9th Cir. 2003) ("A layman, which is what an expert witness is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion.").

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████

Moreover, Defendants do not identify any analysis of an economic nature that underlies ██████████████████████████████████████ ██████ They merely assert, in conclusory fashion, that her conclusion was based on her "background and expertise as an economist." ECF 224 at 5. This does not meet the stringent requirements of *Daubert*, which states that an expert's opinion

3

must be based on "matters requiring scientific, technical, or specialized knowledge." *Cohen v. Cohen*, 125 F.4th 454, 460 (3d Cir. 2025).

██████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ ECF 209 at 8.

Defendants ignored this argument altogether.

██████████████████████████████████████████

█████████████████████████ *See Calhoun,* 350 F.3d at 322

("While the background, education, and training may provide an expert with general knowledge to testify about general matters, more specific knowledge is required to support more specific opinions.").

Additionally, the cases cited by Defendants do not support an argument that ███████████████████ Defendants rely on *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430 (S.D.N.Y. 2018), in which a district court allowed economic testimony concerning the impact of LIBOR manipulation on prices. However, much of the expert's testimony was later excluded because it failed to demonstrate "a sufficiently rigorous analytical connection between [the expert's] methodology and [his] opinion." *In re LIBOR-*

4

*Based Fin. Instruments Antitrust Litig.,* 801 F. Supp. 3d 330, 389 (S.D.N.Y. 2025).



Defendants also rely on In *In re Aluminum Warehousing Antitrust Litigation,* 336 F.R.D. 5 (S.D.N.Y. 2020). In that case, the court allowed expert economic testimony on whether the accumulation and delayed release of aluminum impacted its pricing, but only after finding that such testimony was "grounded in accepted economic principles and statistical analysis—methodology which [the expert] is qualified to deploy based on his extensive experience as an economist." *Id.* at 31.

**B. Defendants have not provided a sound basis for Ang's opinions regarding the search capabilities of Navient's computer system.**



*See In*

*re Blood Reagents*, 783 F.3d at 187 (holding that "expert testimony that is insufficiently reliable to satisfy the *Daubert* standard" cannot 'prove' that the Rule 23(a) prerequisites have been met 'in fact,' nor can it establish 'through evidentiary proof' that Rule 23(b) is satisfied.").

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ For this reason also, her opinion should be excluded. *See Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2012 WL 3116355, at *6 (N.D. Cal. July 31, 2012) (holding that the "lack of an articulated methodology for choosing which sources to rely upon is particularly troubling, in light of evidence that the sources consulted may have been systematically skewed.")

### C. Defendants have not established that ████ credibility determination rested on a sound basis.

██████████████████████████████████████████

███████████████████████████████████████████

███████████████ Defendants argue that this opinion was proper because an expert is "permitted to base his opinion on a particular version of disputed facts." ECF 224 at 8, citing *Perez v. Townsend Eng'g Co.*, 545 F. Supp. 2d 461, 466 (M.D. Pa. 2008). ████████████████████████████████████████

7

██████████████████████████████████

████████████████████████████████████

█████████████████████████

A credibility assessment should take into account the complete statements of both witnesses, not just those made by employees of the proponent. *See State Farm*, 2012 WL 3116355 at *6 (noting that the expert did not "make any effort to seek out sources that would support a contrary view," which was "precisely the type of methodology that is biased toward a particular conclusion and therefore does not comport with the dictates of good science.") (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995).

## IV.    CONCLUSION

Because Defendants have failed to establish that ████████████████

██████████████████████████████████ opinions should be excluded.


Dated:  March 9, 2026                              Respectfully Submitted,

                                                   */s/ Anthony Fiorentino*
                                                   Anthony Fiorentino
                                                   6119 North Kenmore Ave., Ste. 410
                                                   Chicago, IL 60660
                                                   (312) 305-2850
                                                   anthony@fiorentinolaw.com


8

/s/ Daniel A. Edelman
Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

/s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

## <u>CERTIFICATE OF SERVICE</u>

     I, Daniel A. Edelman, hereby certify that on Monday, March 9, 2026, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

<u>*s/ Daniel A. Edelman*</u>
Daniel A. Edelman
