IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, <br><br> Plaintiffs, <br> v. <br><br> NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., and NAVIENT SOLUTIONS, LLC, <br><br> Defendants. | Case No. 3:18-cv-00121-JFS-PJC <br> Hon. Phillip J. Caraballo <br><br><br><br> Filed Electronically |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR AN EVIDENTIARY HEARING**

Plaintiffs oppose Defendants' Motion for an Evidentiary Hearing (ECF 237) and, in response, state as follows:

**I.    INTRODUCTION**

Defendants have moved for an evidentiary hearing on the issue of class certification under Fed. R. Civ. P. 23 ("Rule 23"). However, they have not identified any important factual dispute that would be advanced by such a hearing. The court should deny Defendants' motion because:

1. The main disputes in this case are legal in nature, not factual.

2. The parties have already submitted lengthy briefs, with voluminous exhibits, which are sufficient to conduct a thorough Rule 23 analysis.

1

3. This case has been in class discovery for nearly five years, and preparation for an evidentiary hearing could substantially delay a ruling on class certification.

4.  The parties have now fully briefed the issue of whether this expert's opinions are admissible, and Plaintiffs would be prejudiced if the expert is permitted to offer new opinions at a hearing.

For these reasons, and as explained more fully below, the Court should deny Defendants' motion for an evidentiary hearing.

## II. STATEMENT OF LAW

District courts retain "ample discretion" as to whether an evidentiary hearing is necessary to decide a motion for class certification, to ensure that such hearings do "not become a pretext for a partial trial of the merits." *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 204 (2d Cir. 2008). In many cases, a court need only receive "enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Id*.

The *Manual for Complex Litigation* (Fourth) § 21.21 (2013) provides helpful guidance on this issue. It states: "When there is disagreement over the legal

standards, but not over the facts material to the certification decision, the court may rely on the parties' stipulations of fact, affidavits, declarations, and relevant documents to establish the factual record." In such cases, courts are encouraged to forgo an evidentiary hearing in favor of oral argument over "whether the certification requirements are met." *Id*.

### III. ARGUMENT

#### a. Defendants have failed to explain how an evidentiary hearing would advance any material factual dispute.

In Navient's Memorandum in Support of its Motion for an Evidentiary Hearing (ECF 238), Defendants fail to explain how any evidence they intend to offer at a hearing would advance an important factual dispute between the parties. They do not even indicate what evidence they intend to present. Their brief contains a bulleted list of issues that, according to Navient, must be resolved before the court can rule on certification. *See* ECF 238 at 11. However, they do not explain why the current record is insufficient to address those issues, and that it is instead necessary to present additional evidence *at a hearing*.

Although Defendants' brief does not identify the documentary evidence they would seek to introduce, or the testimony that they would hope to elicit from any witness, during a Rule 37 conference, Defense Counsel did at least identify three proposed witnesses:

███████████████████████████████████████████████

3



███ Allowing these witnesses to give live testimony would not advance any dispute in this case. ███

███

███ These transcripts were also cited at length in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Response Brief," ECF 232). ███

███

Plaintiffs' Certification Brief and Defendants' Response Brief already total nearly 30,000 words in length, with over 50 exhibits adding over another 1,000 pages. *See* ECF 208-1 and ECF 232. Defendants do not explain why such an extensive record is insufficient for a Rule 23 analysis.

███

███

███

███

███

4



Thus, the evidentiary record is replete with exhibits and testimony.

Additionally, all of the major disputes in this case turn on legal interpretations of loan servicing regulations, as demonstrated by Defendants' Memorandum of Law in Support of Motion for Partial Judgment on the Pleadings (ECF 163). There are no significant factual disputes over the relevant account transactions.

In cases like this, many courts have found that the benefits of an evidentiary hearing would outweigh the costs. *See Kleen Prods. LLC v. Int'l Paper,* 306 F.R.D. 585 (N.D. Ill. 2015), *aff'd*, 831 F.3d 919 (7th Cir. 2016), in which the court declined to hold an evidentiary hearing. The opinion is worth quoting at length:

> Defendants seek a full evidentiary hearing prior to the Court deciding whether to certify the class. Plaintiffs oppose such a hearing, arguing that it is unnecessary and would waste time and money…the parties have submitted an avalanche of briefing and opposing expert reports that set forth the parties' positions on the issues. Included in

5

> this briefing are thousands of pages of documents substantiating the parties' arguments. Moreover, the parties' central dispute is legal, not factual…For the most part, the parties agree on the basic facts, and both parties' experts rely upon the same data, so there are little if any factual disputes that the Court must resolve to decide class certification. Given the extensive paper record and the completeness of the parties' briefing, an evidentiary hearing would not add much to the Court's analysis. Thus, the Court is confident that it can determine class certification based on a careful examination of the evidentiary record the parties have submitted.

*Id*. at 590.

Affirming, the Seventh Circuit held that the district court's ruling "was a case-management decision," and that there was "no reason to second-guess" the court's denial of the requested hearing. *Kleen Prods. LLC v. Int'l Paper* 831 F.3d 919 (7th Cir. 2016).

Courts in other circuits have reached the same conclusion in similar cases. *See Webb v. City of Maplewood,* 4:16-cv-1703, 2021 U.S. Dist. LEXIS 17403, 2021 WL 307551 (E.D. Mo., Jan. 29, 2021):

> After having had more than an adequate opportunity to conduct discovery on the issue, plaintiffs have submitted testimonial, documentary, and other evidence in support of its motion. Indeed, both sides have engaged in extensive discovery in this action for several years…And because the deadline by which to complete all discovery in this action closed, there is no additional discovery to cull in relation to plaintiffs' motion for class certification. Both sides should already have the evidence they need to present on the motion.

6

*Id*. at *3-5.

The same court addressed the failure of the defendants to fully explain how an evidentiary hearing would assist the court's analysis:

> Plaintiffs filed their motion for class certification and have submitted fifty-four exhibits in support, including deposition excerpts, affidavits, expert reports…In its request for an evidentiary hearing, however, defendant makes no showing as to the specific evidence it seeks to present at such a hearing; nor does it identify the factual disputes its evidence would address. Defendant's vague references [to such evidence] are too nebulous for me to grant its request for evidentiary hearing.

*Id*. at *3-5. *See also Desai v. Geico Cas. Co.*, 574 F. Supp. 3d 507, 527 (N.D. Ohio 2021) ("the Court declines to exercise its discretion to hold a hearing. Considering the reports of the experts that each side proffered, the supporting materials on which each relies, and the deposition testimony presented, the Court sees only marginal value at best in further development of the expert record. Whatever minimal value there might be is outweighed by the added cost and delay associated with a formal hearing.").

These cases are analogous to the instant case in three important respects: 1) the evidentiary record is replete with exhibits and testimony; 2) the disputes between the parties are mainly legal nature; and 3) Navient has failed to identify any evidence that it intends to introduce at a hearing, or why such evidence could not be included in its Response Brief.

7

### b. Plaintiffs would be prejudiced if Defendants' expert is permitted to offer new opinions after the deadline to disclose such opinions.

In addition to the reasons stated above, Navient's request for an evidentiary hearing should be denied because it would prejudice Plaintiffs. ███

███

███

███

███

███

The parties have now fully briefed the issue of whether ███ testimony is admissible under the framework of *Daubert v. Merrell Dow Phrams., Inc.*, 509 U.S. 579 (1993). ███

███

8

Plaintiffs would be substantially prejudiced if ▆ is permitted to offer new opinions during an evidentiary hearing, now that Plaintiffs have lost the opportunity to vet such opinions. ▆

▆. These very concerns were raised in *Webb*:

> Nor does defendant state why the evidence could not be added to the record by other means. And given that the deadline to complete all discovery in this action has passed, defendant's articulated intent to elicit testimony from witnesses on issues that were not addressed during their depositions could in effect serve as an end-run around this firmly set discovery deadline and risks needlessly reopening discovery in this five-year-old case.

2021 WL 307551 at *3-5.

The same concerns are implicated here. Defendants have not explained why ▆ could not have submitted a supplemental report if she had more to say. Moreover, the deadlines for completing fact discovery and disclosing expert opinions have both passed. Plaintiffs would be highly prejudiced if ▆ were allowed to offer new, previously undisclosed opinions on the eve of a certification ruling. Navient's motion should be denied.

Dated: March 12, 2026

Respectfully Submitted,

*/s/ Anthony Fiorentino*
Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410

9

>Chicago, IL 60660
>(312) 305-2850
>anthony@fiorentinolaw.com
>
>*/s/ Daniel A. Edelman*
>Daniel A. Edelman
>Edelman, Combs, Latturner
>& Goodwin, LLC
>20 South Clark Street, Suite 1800
>Chicago, IL 60603
>(312) 739-4200
>dedelman@edcombs.com
>
>*/s/ Carlo Sabatini*
>Carlo Sabatini, PA 83831
>Sabatini Law Firm, LLC
>216 N. Blakely St.
>Dunmore, PA 18512
>(570) 341-9000
>carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

## **CERTIFICATE OF SERVICE**

     I, Daniel A. Edelman, hereby certify that on Thursday, March 12, 2026, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

                                        *s/ Daniel A. Edelman*
                                        Daniel A. Edelman