# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,

          Plaintiffs,

   v.

NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,

          Defendants.

Civil No. 3:18-cv-00121-JFS-PJC

## NAVIENT'S REPLY IN SUPPORT OF ITS MOTION FOR AN EVIDENTIARY HEARING

Defendants Navient Corporation and Navient Solutions, LLC (collectively, "Navient") respectfully submit the following reply in support of their motion for an evidentiary hearing on the motion for class certification filed by Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni (collectively, "Plaintiffs").

## I.    INTRODUCTION

If Plaintiffs were confident in their ability to satisfy the requirements of Rule 23, they would welcome an evidentiary hearing. The fact that they instead strenuously oppose Navient's motion points to one inescapable conclusion: Plaintiffs know that they have not satisfied their evidentiary burden under Rule 23 and that a hearing would further expose the fatal defects in their class certification

arguments.

The truth is that Plaintiffs' class certification motion depends heavily on the assumption that claims rooted in individualized student-loan servicing decisions can be resolved without examining each borrower's circumstances, communications with Navient, and account history. They cannot. Plaintiffs have offered no method for trying these claims on a classwide basis because there is no such method. In seeking to avoid an evidentiary hearing that would underscore that fact, Plaintiffs blithely advance four reasons to deny Defendants' request for an evidentiary hearing on class certification. Response to Defendants' Motion for an Evidentiary Hearing [ECF 248] ("Response") 1-2. But these arguments, individually and in sum, only reinforce the propriety and utility of an evidentiary hearing. *See infra.* And when Plaintiffs' bluster and mischaracterizations are stripped away, it is laid bare that Plaintiffs do not want an evidentiary hearing precisely because it would be useful— and because they do not have, and cannot present, evidence necessary to certify the classes they have proposed under Rule 23.

An evidentiary hearing is warranted because class certification here turns on contested factual issues that must be resolved via the requisite "rigorous analysis." *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). A tailored evidentiary hearing will materially aid the Court in deciding those issues without undue delay or prejudice to any party. If the Court proceeds on the current record without an

2

evidentiary hearing, however, it should deny class certification because Plaintiffs bear the burden to prove that Rule 23's requirements are met, and the fact and expert evidence already before the Court show that individualized inquiries required to adjudicate liability and damages overwhelm any common questions.

## II.   AN EVIDENTIARY HEARING WILL AID THE COURT WITHOUT CAUSING UNDUE DELAY OR PREJUDICE

### A.   An Evidentiary Hearing Would Enable the Court To Resolve Factual Disputes That Are Central to Class Certification.

Plaintiffs assert that "the main disputes in this case are legal in nature, not factual." *See* Resp. at 1. They also contend that the parties have "submitted lengthy briefs, with voluminous exhibits, which are sufficient to conduct a thorough Rule 23 analysis." *Id*. Both arguments fall flat. Plaintiffs cannot—for purposes of this motion or, more importantly, for their class certification motion—wave away the many disputed issues of fact that must be decided to adjudicate class certification.

First, the parties dispute the evidence required to establish whether proposed class members suffered any harm at all. *See* ECF 238 at 11; Navient's Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Navient Mem.") [ECF 232] at 12-13. Plaintiffs assume that each and every borrower included on the class lists generated by certain database searches was harmed by Navient's alleged conduct. *See* ECF 232 at 12-13, 56-57. But the record shows there are numerous legitimate reasons why borrowers would fall within each of the proposed class

3

definitions, meaning many members of the proposed classes suffered no injury. *See id*. at 12-13, 24-25. An evidentiary hearing would permit the Court to hear testimony from Dr. Xiaoling Ang and Jeffrey Stine that would further elucidate the issue. *See id*. at 52-53.

Second, the parties dispute whether any alleged damages are traceable to the loan-servicing practices Plaintiffs challenge, as opposed to individual borrower choices or other triggers that require borrower-specific analysis. *Id*. Plaintiffs incorrectly contend that causation can be conclusively established using lists of proposed class members generated by computer searches. *See id*. at 58. But as set forth in Navient's opposition to Plaintiffs' class certification motion, the evidence shows it cannot. For example, why a particular borrower was placed in discretionary forbearance would depend on, among other things, whether he or she was eligible for a non-capping administrative forbearance as well as communications between the borrower and Navient representatives. *See id*. at 33-35; *see also* ECF 238 at 10–11. Whether a member of the proposed "Modified Forbearance Class" or a member of the proposed "Improper Delay Class" was damaged as a result of alleged misrepresentations from Navient would depend on his or her communications with Navient. *See* ECF 232 at 32-33, 36-37; *see also* ECF 238 at 10-11. An evidentiary hearing would help the Court resolve the parties' factual disputes regarding individualized proof of causation.

4

Third, the parties dispute whether damages could be established on a classwide basis. *See* ECF 232 at 46-57. The primary damages sought by Plaintiffs arise from interest capitalization. *See id.* at 4. Plaintiffs contend damages can be proven using the lists of proposed class members and a spreadsheet Plaintiffs produced (after the close of class discovery) through the Declaration of Lisa Aton ("Aton Declaration").[1] *See* Plaintiffs' Memorandum for Class Certification, [ECF 208] at 56. Although the Aton Declaration ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████—concessions that make clear the spreadsheet is not reliable evidence supporting classwide damages. ECF 232 at 52-53 (citing Aton Dep. 13:19-24, 25:24-26:18, 46:9-12).

Navient's witnesses, in turn, have explained that ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████. *Id.* at 52-53 (citing Stine Dep. 97:18-25; Theurer Dep; Ang Report at 28-41). Testimony from these witnesses under examination from the

---

[1] Ms. Aton is an employee at Maximus Education LLC.

parties and the Court would help clarify the proper interpretation of the borrower lists and spreadsheet on which Plaintiffs rely for their damages theory.[2]

In attempting to gloss over these disputed factual issues and avoid a hearing where their evidence would be tested through live testimony, Plaintiffs quote at length from two out of Circuit cases, each of which is distinguishable. In *Kleen Products LLC v. International Paper*, 306 F.R.D. 585 (N.D. Ill. 2015), the district court declined to hold an evidentiary hearing because the parties "agree[d] on the basic facts" and their submissions largely raised legal disputes—namely, "the proper legal standard under Rule 23 and whether Plaintiffs' experts' reports [were] enough to satisfy that standard." *See id.* at 590; *see also id.* at 593 (noting parties disputed legal standard for determining predominance). Here, in contrast, the parties' briefs raise contested factual disputes, resolution of which will benefit from an evidentiary hearing. *See supra*.

And in *Webb v. City of Maplewood*, No. 4:16 CV 1703 CDP, 2021 WL 307551 (E.D. Mo. Jan. 29, 2021), the court declined to hold an evidentiary hearing where the defendant did not "identify the factual disputes its evidence would

---

[2] In service of their argument that the present record suffices, Plaintiffs list a litany of evidence developed by Navient and cited in Navient's briefing. Response at 3-5. The volume and strength of the evidence opposing certification only further undermine Plaintiffs' misguided contention that their proposed classes could be certified here without an evidentiary hearing.

address."[3] *Id*. at 1–2.  Here, however, Navient has identified several factual disputes, the resolutions of which are central to the class certification decision.  *See supra*; *see also* ECF 238 at 11; *supra*; *see also West v. Prudential Sec. Inc.*, 282 F.3d 935, 938 (7th Cir. 2002) (noting at class certification, "[t]ough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives").[4]

In sum, an evidentiary hearing will help the Court resolve the parties' conflicting interpretations of the record evidence on liability and damages and will ultimately show that the individualized inquiries required to adjudicate those questions preclude class certification.

**B.    An Evidentiary Hearing Would Not Introduce Undue Delay.**

Plaintiffs argue that "preparation for an evidentiary hearing could substantially delay a ruling on class certification."  Resp. at 2.  But nowhere in their

---

[3]  The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to L.R. 7.8(a).

[4]  The other cases on which Plaintiffs rely do not help their case.  In *Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.*, 546 F.3d 196 (2d Cir. 2008), the appellant failed to request an evidentiary hearing on class certification. *See id.* at 203.  And while the court in *Desai v. Geico Casualty Company*, 574 F. Supp. 3d 507 (N.D. Ohio 2021) declined to hold an evidentiary hearing, many courts in this Circuit and elsewhere have found evidentiary hearings important to the class certification decision.  *See* ECF 238 at 6 (collecting cases).

Response do they explain how and to what extent a hearing (or "preparation for" a hearing) would inject undue delay. Nor can they.

In asserting that a hearing would somehow cause improper delay, Plaintiffs rely heavily on the length of the class discovery period. *See* Resp. at 2. But the reason for the extended class discovery period is that Plaintiffs amended the complaint several times, each time changing their proposed class definitions, which, in turn, required extending the class discovery schedule. *See* ECF 232 at 18-19.[5] And class certification briefing was *further* delayed because on the eve of class certification (and after the close of class discovery), Plaintiffs produced new evidence they contend supports their interest capitalization damages; fundamental fairness dictated that Navient have the opportunity to take discovery related to that new evidence. *See id.* at 50.

Having themselves caused repeated and substantial delays in the case schedule, Plaintiffs cannot credibly cite delay as a reason not to hold an evidentiary hearing on what may be the most critical decision in this case. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 162 (3d Cir. 2001) (noting grant of class certification can "create unwarranted pressure to settle nonmeritorious

---

[5]  Plaintiffs have attempted to alter their proposed class definitions yet again in their class certification motion by proposing a "Modified Forbearance" class that was neither included in Plaintiffs' operative complaint nor disclosed during discovery. *See* ECF 232 at 21-23.

claims on the part of defendants"), *as amended* (Oct. 16, 2001).  And Plaintiffs' purported concern about delay rings particularly hollow given they sought and received a 39-day extension of the deadline for their reply brief in support of class certification—a brief in which Plaintiffs are not permitted to introduce new evidence or argument.  *See* ECF 242.

### C.    Defendants Would Not Introduce New Opinions at a Hearing.

Plaintiffs lastly express concern that they would be "prejudiced if [Defendants' expert Dr. Xiaoling Ang] is permitted to offer new opinions at a hearing."  Resp. at 2, 8-9.  This is a red herring.  Navient does not intend to elicit new opinions from Dr. Ang; nor does Navient need to do so, as the opinions Dr. Ang would present are outlined in her expert report.

Navient seeks a hearing to test and clarify the existing record under Rule 23, not to circumvent deadlines or sandbag Plaintiffs with new evidence.  Navient proposes that Dr. Ang would testify regarding her previously disclosed opinions, and the Court can readily cabin the hearing accordingly as it sees fit.  The very authority Plaintiffs cite confirms that whether to hold an evidentiary hearing rests in the district court's sound discretion, and that courts have considerable leeway in deciding how to test the reliability of the parties' evidence.  *See Desai*, 574 F. Supp. 3d at 527; *Teamsters*, 546 F.3d at 204.

Here, an evidentiary hearing will be an effective means to pressure-test Dr. Ang's opinions and the stated bases for them. The opinions and analysis in Dr. Ang's report, Ang Report at 19-44, are the only expert opinions and analysis in this case. And delivery and cross-examination of her testimony is a far more useful scrutiny of her expert opinions than Plaintiffs' motion to exclude these opinions (because they do not like what she has said).[6] *See* ECF 224 at 5-9. An evidentiary hearing will thus promote, not prejudice, a fair and reliable Rule 23 determination grounded in a fully tested record.

*  *  *

In sum, courts recognize that prudence and accuracy at the class certification stage justify additional process where it will materially aid the analysis. *Newton*, 259 F.3d at 162. Courts also have broad discretion to determine the scope and nature of evidentiary proceedings at class certification, and they routinely exercise that discretion to convene hearings that are fit-for-purpose and time-bounded. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, (1999); *Teamsters*, 546 F.3d at 204;

---

[6] If any party should be concerned about improper introduction of expert opinions, it is Navient, as Plaintiffs have provided a curriculum vitae of an individual they have retained—but did not timely present any expert opinions or analysis from this individual. ECF 232 at 46. Doing so in their reply brief or at an evidentiary hearing would, of course, be improper. *See Aussie Painting Corp. v. Allied Painting, Inc.*, No. 1:20-cv-02677-NLH-KMW, 2021 WL 960825, at *5 (D.N.J. Mar. 15, 2021) (noting "it is well-established that new arguments cannot be raised for the first time in reply briefs").

*Desai*, 574 F. Supp. 3d at 527.  Here, a concise evidentiary hearing focused on disputed factual and expert issues will enable the Court to make the definitive determinations that Rule 23 and controlling precedents require.

## III.    ABSENT AN EVIDENTIARY HEARING, THE EXISTING RECORD REQUIRES DENIAL OF CLASS CERTIFICATION

Plaintiffs ask the Court to grant their motion for class certification without a hearing on the evidence bearing on that motion.  The burden of satisfying Rule 23 rests squarely with Plaintiffs, who must "affirmatively demonstrate" compliance through admissible evidence that withstands the Court's "rigorous analysis," not mere allegations or promises of proof to come, and they must do so by a preponderance of the evidence.  *See Comcast*, 569 U.S. at 33; *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 485 (3d Cir. 2015).  That burden is a significant one because class actions are an exception to the usual rule of individual litigation, and courts must be prepared to "probe behind the pleadings" and make "definitive determination[s]" on contested facts material to Rule 23. *See Comcast*, 569 U.S. at 33; *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008).

As set forth in Navient's opposition to Plaintiffs' class certification motion, the class device is particularly unsuited to resolve individual borrowers' claims regarding student loan servicing, because student loan servicing is a highly individualized process.  *See* ECF 232 at 2, 59.  If the Court decides Plaintiffs' motion on the papers, certification should be denied as the record shows that multiple

grounds defeat Plaintiffs' motion, including:

- Determining whether each putative class member suffered an alleged injury, and thus whether each putative class member has Article III standing, would depend on variables unique to each borrower's account and thus require would require hundreds of thousands of mini-trials. *See* ECF 232 at 24-25 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)).

- Plaintiffs fail to identify common questions the answers to which would resolve issues central to their claims "in one stroke." *See* ECF 232 at 26-27 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 901 (3d Cir. 2022)).

- Plaintiffs fail to satisfy Rule 23(b)(3) because individual issues predominate over common questions. Plaintiffs' consumer-protection claims will turn on individualized, account-specific inquiries regarding a borrower's payment decisions, communications between the borrower and Navient, the borrower's individual circumstances (*e.g.*, his or her financial status and loan status), and whether the borrower justifiably relied on alleged representations from Navient. *See* ECF 232 at 29-37.

- To resolve Plaintiffs' contract-based claims, the Court will need to apply, and a jury will need to be instructed on, up to 50 different states' laws. *See id*. at 37-38.

- Adjudicating Plaintiffs' contract-based claims and Navient's defenses thereto will turn on individualized issues, including (i) account-level review of each borrower's payment status and default history at the time of any alleged breach; (ii) whether a borrower waived their claims and/or failed to mitigate their alleged damages and (iii) whether a borrower's claim is time-barred. *See id*. at 40-45.

- Plaintiffs failed to put forth a reliable method to determine damages on a classwide basis, instead promising future expert analysis in lieu of actual evidence. *See id*. at 46-48. And the record shows any damages determination would require an account-by-account review of each borrower's unique loan history, repayment status and account activity. *See id*. at 48-56.

12

Plaintiffs have not met their burden to establish that common issues predominate over individual ones and that their claims can be resolved on a classwide basis, and if the Court does not hold an evidentiary hearing, it should deny Plaintiffs' motion.

## IV.   CONCLUSION

For the reasons set forth above, the Court should grant Navient's motion for an evidentiary hearing. In the alternative, if the Court declines to order an evidentiary hearing, it should deny Plaintiffs' motion for class certification.

Dated: March 26, 2026                    Respectfully submitted,


/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

13

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient*
*Corporation, Navient Solutions, Inc. and*
*Navient Solutions, LLC*

14

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Reply Brief was served upon all counsel of record via electronic mail on this 26th day of March 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603

Anthony Fiorentino
Fiorentino Law Offices Ltd.
432 N. Clark St., Suite 202
Chicago, IL  60654

*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier