## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) | |
| | ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | ) | Hon. Phillip J. Caraballo |
| v. | ) | |
| NAVIENT CORPORATION, | ) | |
| NAVIENT SOLUTIONS, INC. and | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC (together "Navient"), by and through their undersigned counsel and pursuant to the provisions of Local Rule 7.7, respectfully request leave to file a sur-reply in opposition to Plaintiffs' Motion for Class Certification, and, in support therefore, state as follows:

1.    On April 24, 2026, Plaintiffs filed their Reply in support of class certification [ECF No. 260].  The Reply totals 14,964 words and 72 pages.  The Reply is replete with new evidence and arguments not contained within Plaintiffs' initial brief in support of class certification including but not limited to:

- Plaintiffs' contention that Navient is relying on a "retroactive forbearance" that should have been raised as an affirmative defense [ECF No. 260 at 12];

- Plaintiffs' reliance on the following new exhibits: (i) CFPB Report dated August, 2016 (Ex. A to reply) [*Id*. at 15], (ii) audio recording and transcript of certain Navient disclosures (Exs. B and C to reply) [*Id*. at 24], (iii) March 11, 2025 Navient letter to Plaintiff Varno (Ex. D to reply) [*Id*. at 25], (iv) August 7, 2017 Navient letter to Plaintiff Varno (Ex. E to reply) [*Id*.] and (v) CFPB webpage referencing certain settlement checks (Ex. J to reply) [*Id*.];

- Plaintiffs' admission that the "Modified Forbearance" Class set forth in their initial brief was broader than the classes in the Third Amended Complaint [*Id*. at 37];

- Plaintiffs' argument that borrower conduct is irrelevant to class certification [*Id*. at 76];

- Plaintiffs' contention that Navient can extract capitalization figures [*Id*. at 46-47];

- Plaintiffs' assertion that the manageability requirement is satisfied for class certification [*Id*. at 81]; and

- Plaintiffs' allegation that the lack of similar litigation supports class certification [*Id*. at 82-83].

2

3.      Navient requests leave to address this new evidence and arguments (as well as additional new arguments intertwined and referenced throughout the reply brief) in a sur-reply of no more than 5,000 words to be filed by June 4, 2026.

4.      Navient's Motion for Leave is an accordance with this District's practice of permitting sur-replies to "address the arguments and absence of arguments" contained in a reply brief. *See, e.g.*, *Dumont Aircraft Charter, LLC v. Valvano*, 2022 WL 4472457, *1, n.1 (M.D. Pa. Sept. 26, 2022).

5.      At the April 3, 2026 telephonic status conference, Plaintiffs' counsel represented to the Court that they would not oppose Navient's request for a sur-reply of 5,000 words given that Plaintiffs planned on referencing new evidence and arguments in their reply in support of class certification.

6.      Pursuant to Local Rule 7.1, Navient has sought concurrence in the Motion. Plaintiffs have now indicated, however, that while they concur in Navient seeking a sur-reply of 5,000 words, they oppose the relief sought in the Motion on the basis that Navient seeks to address information other than purported new evidence.  Navient's position is that the topics it seeks to address are well within the scope of topics courts in this District allow, particularly in a complex putative class action case such as this matter.  To that end, the Court should grant Navient's Motion for Leave.

WHEREFORE, Defendants Navient Corporation, Navient Solutions, Inc. and

Navient Solutions, LLC respectfully request the Court grant their request for a sur-

reply of no more than 5,000 words to be filed by June 4, 2026.

Dated: May 4, 2026                    Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Bar No. PA 312669
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Bar No. FL 576761
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient
Corporation, Navient Solutions, Inc. and
Navient Solutions, LLC*

4

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Daniel T. Brier, hereby certify that counsel for Plaintiffs, Anthony Fiorentino, Esquire does not concur in the relief sought by this Motion.

Date: May 4, 2026                     /s/ Daniel T. Brier
                                      Daniel T. Brier

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Motion for Leave to File a Sur-Reply Brief was served on the following counsel of

record via the Court's ECF system on this 4th day of May 2026:

> Carlo Sabatini
> Sabatini Law Firm, LLC
> 216 N. Blakely Street
> Dunmore, PA  18512
>
> Daniel A. Edelman
> Cassandra P. Miller
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL  60603
>
> Anthony Fiorentino
> Fiorentino Law Offices Ltd.
> 432 N. Clark Street, Suite 202
> Chicago, IL  60654
> *Attorneys for Plaintiffs and Proposed Class*

> /s/ Daniel T. Brier
> Daniel T. Brier