# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) ) ) ) | |
| | ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | ) | Hon. Phillip J. Caraballo |
| v. | ) | |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs JILL BALLARD, REBECCA VARNO, and MARK POKORNI, by and through their undersigned counsel, state as follows in response to Defendants' Motion For Leave To File A Sur-Reply In Opposition To Plaintiffs' Motion For Class Certification:

1.    As represented during the April 3, 2026 status conference, Plaintiffs attached rebuttal evidence to their reply brief in order to rebut an affirmative defense involving retroactive forbearances, which Defendants raised for the first time in their brief opposing certification. *See* ECF 260 at 12-14.

2.    Plaintiffs do not oppose Navient's request for a sur-reply, provided that it be limited to addressing the rebuttal evidence attached to Plaintiffs' reply brief,

and any arguments relating to such evidence, and that it also comply with the 5,000 word count limit prescribed by Local Rule 7.8.

3.      "The purpose of a sur-reply is to address any new issues or legal bases which are asserted for the first time in a reply brief, not to allow similar arguments repetitive of prior arguments in the answering brief, or could have been raised in the answering brief. *Kabbaj v. Simpson*, No. CIV.A. 12-1322-RGA, 2013 WL 867751, at *6 (D. Del. Mar. 7, 2013). "Generally, courts grant leave for sur-reply briefing when a party raises new arguments in its reply brief different from the opening brief, or are beyond responding to the answering brief." *Id*.

4.      When permitted, a sur-reply should be "relatively short" and limited to discussion of "newly presented evidence." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co*., 291 F.R.D. 75, 80 (D. Del. 2013). *See also EMC Corp. v. Pure Storage, Inc*., 154 F. Supp. 3d 81, 103 (D. Del. 2016) (granting a motion for a sur-reply because the "proposed sur-reply is short and directed specifically to the question" raised by new evidence in the reply brief); *Geib v. James*, No. CIV. 1:CV-04-1923, 2007 WL 2595423, at *9 (M.D. Pa. 2007) (denying a request for a sur-reply because the requesting party did "not articulate any argument made by [the opposing party] that fell outside the scope" of the previously-disputed issues).

2

5.    From April 28-30, 2026, the parties engaged in a series of email communications to discuss Navient's proposed sur-reply. *See* Email communications, attached as Ex. A. Defendants proposed having 30 days to draft the sur-reply, and Plaintiffs agreed to that timeline. *Id.* at 4. The parties also agreed that 5,000 words was an appropriate word count limit. *Id.* at 1. However, the parties could not reach agreement over the topics that the sur-reply would be permitted to address. Plaintiffs indicated that the sur-reply should be limited to the following:

   a.  Any evidence attached as exhibits to Plaintiffs' reply brief;

   b.  Any arguments relating to such evidence;

   c.  The issue of whether Navient's computer system is capable of extracting capitalization figures; and

   d.  The issue of whether Navient failed to timely raise an affirmative defense involving retroactive forbearances.

6.    The parties agree that the four items listed above are proper areas of discussion for a sur-reply. However, Defendants also seek to address four issues that do not involve any new evidence or new arguments. On those issues, the parties disagree.

7.    Defendants seek to address "Plaintiffs' argument that borrower conduct is irrelevant to class certification." ECF 265 at 3. Plaintiffs made this

3

argument in their reply brief in response to Navient's argument that borrower-specific conduct creates individualized issues that preclude a finding of predominance. ECF 260 at 76. Thus, it was not a "new argument," but a response to Navient's argument, and it did not rely on any new evidence; only applicable case law. *See id*. Navient had a full and fair opportunity to address this topic in its opposition brief, so additional briefing on this issue should not be permitted.

8.      Defendants seek to address "Plaintiffs' assertion that the manageability requirement is satisfied for class certification." ECF 265 at 3. This topic does not involve any new evidence or new arguments. Plaintiffs addressed the issue of manageability in their opening brief. ECF 208 at 74. Any additional discussion of manageability in Plaintiffs' reply brief was in response to arguments raised in Navient's opposition brief, and did not rely on, or cite, any newly-proffered evidence. *See* ECF 260 at 59, 70-73, 79-80. Thus, additional briefing on this issue should not be permitted.

9.      Defendants seek to address "Plaintiffs' allegation that the lack of similar litigation supports class certification." ECF 265 at 3. This is not a new argument. In their opening brief, Plaintiffs stated that they "surveyed the litigation currently pending against Navient in federal courts and found 17 cases," which involve claims that differ from those at issue in this case. ECF 208 at 65. Plaintiffs also attached a chart summarizing those cases to their opening brief. ECF 208-37.

Any additional discussion of this topic in Plaintiffs' reply brief was in response to arguments raised in Navient's opposition brief and did not cite any new evidence. *See* ECF 260 at 80-83. Accordingly, this topic is not a proper area of discussion for a sur-reply.

10.    Defendants seek to address "Plaintiffs' admission that the 'Modified Forbearance' Class set forth in their initial brief was broader than the classes in the Third Amended Complaint." ECF 265 at 2. Plaintiffs made this concession in their reply brief, agreeing to proceed with the class definitions in the Third Amended Complaint, in order to resolve Navient's objection to amending the class definitions. ECF 260 at 36-37. This was not a new argument, nor did it rely on any new evidence. Plaintiffs simply conceded the point argued by Defendants in their opposition brief, in order to narrow the field of disputed issues. *See id*. Because there is no longer an active dispute between the parties relating to this issue, it does not warrant further briefing.

11.    In the email communications between the parties, Plaintiff explained their basis for refusing to agree that the sur-reply should be permitted to cover the topics referenced in paragraphs 7-10 above. *See* Ex. A at 3. Rather than engaging with Plaintiff on these issues, or explaining why they disagree, Defendants simply expressed their belief that the topics "are reasonable and well within the scope of sur-replies in the Middle District." Ex. A at 1.

WHEREFORE, Plaintiffs respectfully request that Navient's sur-reply be limited to 5,000 words, and that it be strictly limited to discussion of 1) any evidence attached to Plaintiffs' reply brief; 2) any arguments directly related to such evidence; 3) the issue of whether Navient's computer system is capable of extracting capitalization figures; and 4) the issue of whether Navient's affirmative defense involving retroactive forbearances was timely raised.

Dated: May 4, 2026

Respectfully Submitted,

*/s/ Anthony Fiorentino*
Anthony Fiorentino
**FIORENTINO LAW OFFICE**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

*/s/ Daniel A. Edelman*
Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

*/s/ Carlo Sabatini*
Carlo Sabatini, PA 83831
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com
*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Carlo Sabatini, hereby certify that on May 4, 2026, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

*s/ Carlo Sabatini*
Carlo Sabatini
