5/4/26, 3:26 PM

RE: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply - Anthony Fiorentino - Outlook

Case 3:18-cv-00121-JFS-PJC   Document 266-1   Filed 05/04/26   Page 1 of 8

 **Outlook**

---

## RE: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

---

**From** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>

**Date** Mon 5/4/2026 9:50 AM

**To** Anthony Fiorentino <anthony@fiorentinolaw.net>

**Cc** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>

Hi Tony, we will agree to limit our sur-reply to 5,000 words, but believe the topics we are seeking to address are reasonable and well within the scope of sur-replies in the Middle District.  To that end, unless we hear back by 3 pm, we will file the motion for leave as opposed.

**Cory Eichhorn** | **Holland & Knight**

Partner

Holland & Knight LLP

701 Brickell Avenue, Suite 3300 | Miami, Florida 33131

Phone 305.789.7576 | Fax 305.789.7799

cory.eichhorn@hklaw.com | www.hklaw.com

---

Add to address book | View professional biography

---

**From:** Eichhorn, Cory W (MIA - X27576)
**Sent:** Friday, May 1, 2026 4:50 PM
**To:** 'Anthony Fiorentino' <anthony@fiorentinolaw.net>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** RE: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

Tony, we are discussing internally and will get back to you by Monday.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**

Partner

Holland & Knight LLP

701 Brickell Avenue, Suite 3300 | Miami, Florida 33131

Phone 305.789.7576 | Fax 305.789.7799

cory.eichhorn@hklaw.com | www.hklaw.com

––––––––––––––––––––––––––––––

Add to address book | View professional biography

––––––––––––––––––––––––––––––––––––––––––––––––––

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Thursday, April 30, 2026 2:40 PM
**To:** Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** Re: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

*[External email]*

Cory,

Thank you for reaching out regarding Navient's Motion for Leave to File a Sur-Reply. As represented at the April 3rd status conference, and confirmed during our April 28-29 conferrals, Plaintiffs do not oppose Navient's right to file a sur-reply addressing genuinely new material introduced in our reply brief. However, we wish to clarify the scope of our concurrence and to propose limitations that we believe are proportional to the new material actually at issue. Plaintiffs concur that a sur-reply may appropriately address the following:

1. The new exhibits attached to the reply brief (Exhibits A–L). These exhibits were introduced for the first time in our reply, mainly to address an affirmative defense that was never pleaded. We also attached new evidence that did not exist when we moved for certification (*i.e.*, Pokorni's check from the CFPB, and Varno and Ballard's non-receipt of CFPB checks during the same period). In the interests of fairness, Navient should have an opportunity to address this evidence, and arguments based thereon, so a focused response is appropriate.

2. "Plaintiffs' contention that Navient is relying on a 'retroactive forbearance' that should have been raised as an affirmative defense." Plaintiffs agree that it would be appropriate for Defendants to address whether this defense was timely raised.

3. "Plaintiffs' contention that Navient can extract capitalization figures." This argument was in direct response to assertions raised in the opposition brief regarding the search capabilities of Navient's computer system. However,

because it relies on newly cited testimony from Patrick Theurer, a targeted rebuttal is appropriate, provided that it is limited to that discrete technical question.

Our concurrence with a sur-reply is conditioned on your agreement that it will be strictly limited to the foregoing topics. Plaintiffs oppose the use of a sur-reply to address the other topics referenced in your motion, for the following reasons:

1. "Plaintiffs' argument that borrower conduct is irrelevant to class certification." This argument was in direct response to Navient's arguments involving borrower-specific issues, and it does not rely on any new evidence. Navient had a full and fair opportunity to address this topic in its opposition brief, so a sur-reply on this point would simply be a second bite at the apple on an issue that's been fully briefed.

2. "Plaintiffs' assertion that the manageability requirement is satisfied for class certification." This is not a new argument. Plaintiffs directly addressed the issue of manageability in their opening brief. See Pls. Mem. at 66. Any additional discussion of manageability was in direct response to arguments raised in the opposition brief, and does not rely on, or cite, any newly-proffered evidence. Sur-reply briefing on manageability would go beyond the scope of addressing new evidence or arguments.

3. "Plaintiffs' allegation that the lack of similar litigation supports class certification." The superiority analysis under Rule 23(b)(3)(B), including the absence of parallel litigation, was a topic briefed by both parties in the opening and opposition rounds. In support of this argument, we attached a chart of related cases against Navient to our opening brief. We reiterated this argument in our reply in direct response to Navient's claim that this is the "sole remaining case" involving IDR plans. That assertion implied that a lack of similar litigation supports a denial of certification. We responded by reiterating our original position. We also noted that the individual cases cited by Navient did not involve IDR plans. These arguments do not involve new evidence or new issues and do not warrant further briefing.

4. "Plaintiffs' admission that the 'Modified Forbearance' Class set forth in their initial brief was broader than the classes in the Third Amended Complaint." This concession was made in direct response to Navient's argument against that class definition, and is therefore not a new argument. Plaintiffs' admission does not rely on any newly-proffered evidence; it simply concedes the point argued by Defendants. Accordingly, this issue does not warrant further briefing.

If your sur-reply is properly limited to the three topics set forth at the beginning of this email, then a 5,000-word limit is more than sufficient.

A sur-reply is not a presumptively authorized filing under Local Rule 7.7, and it should therefore be smaller than the 5,000-word limitation under the rules for a standard brief — not larger, as Navient proposes.

The topics on which Plaintiffs concur — the retroactive forbearance/affirmative defense issue, the new exhibits, and Theurer's testimony regarding search capabilities — collectively account for much less than 5,000 words. Allowing 5,000 words to respond to these issues is more than sufficient. That is the maximum we can agree to.

As for your requested briefing schedule of 30 days, we feel this is excessive, given the limited scope of the sur-reply, but we are willing to concur with this request, in the interests of compromise.

Finally, please note that we are not, at this time, requesting leave for a sur-sur reply. However, we reserve our right to seek leave for such relief if Defendants file a sur-reply that exceeds the proper scope.

We are happy to discuss over the phone if you would like to meet.


Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>
**Sent:** Thursday, April 30, 2026 8:47 AM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** RE: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

Tony, please find attached a draft motion for leave that contains the information you are looking for.  Happy to discuss.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com

---

Add to address book | View professional biography

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Wednesday, April 29, 2026 4:04 PM

**To:** Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** Re: Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

*[External email]*

Cory,

I spoke to my co-counsel, and we are open to concurring in your motion for a sur-reply, without conditioning our concurrence on a sur-sur reply. However, we do think that the sur-reply should be limited in scope.

During our phone conversation yesterday, I indicated that any sur-reply should be limited to addressing the new evidence that was attached to our reply brief, and arguments relating to that evidence. You indicated that Defendants were not inclined to agree to any limitations. However, we do believe such limitations would be proper. See St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., 291 F.R.D. 75, 80 (D.Del.2013) ("Generally, leave to file a sur-reply is granted only where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief."). A sur-reply should be "relatively short" and limited to discussion of "newly presented evidence." *Id*. See also EMC Corp. v. Pure Storage, Inc., 154 F. Supp. 3d 81, 103 (D. Del. 2016) (granting a motion for a sur-reply because the "proposed sur-reply is short and directed specifically to the question" raised by new evidence in the reply brief.).

Before we can agree to any specific word count or briefing schedule, we would need to see a list of the topics that Navient intends to address in the sur-reply. We also believe those topics should be stated in your motion.

If the proposed topics fall within the legitimate scope of a sur-reply (limited to discussion of new evidence and arguments relating thereto), will concur in the motion. Based on the number of topics on your list, we will have a better idea what type of word count and briefing schedule would be reasonable.

If you wish to meet sometime this week to discuss, let me know. Thanks.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>
**Sent:** Wednesday, April 29, 2026 10:08 AM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini

<carlo@bankruptcypa.com>

**Subject:** Ballard, et al. v. Navient Corp., et al. -- Navient's Motion for Leave to File Sur-Reply

Tony, we have discussed internally on our end and do not agree to condition our request for a sur-reply on Plaintiffs obtaining a sur-reply of the same length.  Not only is Plaintiffs' request for a sur-reply premature given that Navient has not yet filed its sur-reply, but this condition was not mentioned to us or the Court at our last telephone status conference on April 3, 2026.  In fact, Plaintiffs represented to the Court that it would not oppose a sur-reply that addressed new evidence in the reply (which is 70 pages long).  Under these circumstances, we plan on seeking leave to file a sur-reply within 30 days of no more than 7,500 words.  We believe this request is reasonable and will style the motion as opposed unless we hear back from you by close of business.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com

---

Add to address book | View professional biography

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Tuesday, April 21, 2026 10:59 AM
**To:** Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** Re: motion to file under seal

*[External email]*
Thanks, Cory.

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

**From:** Cory.Eichhorn@hklaw.com <Cory.Eichhorn@hklaw.com>
**Sent:** Tuesday, April 21, 2026 7:59 AM
**To:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Cc:** rarmezzani@mbklaw.com <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>;

Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** RE: motion to file under seal

Hi Tony, no opposition to the motion to seal your reply brief.

Best Regards,

**Cory Eichhorn** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone 305.789.7576 | Fax 305.789.7799
cory.eichhorn@hklaw.com | www.hklaw.com

---

Add to address book | View professional biography

---

**From:** Anthony Fiorentino <anthony@fiorentinolaw.net>
**Sent:** Monday, April 20, 2026 7:53 PM
**To:** Eichhorn, Cory W (MIA - X27576) <Cory.Eichhorn@hklaw.com>
**Cc:** rarmezzani <rarmezzani@mbklaw.com>; Dan Brier <dbrier@mbklaw.com>; Dan Edelman <dedelman@edcombs.com>; Carlo Sabatini <carlo@bankruptcypa.com>
**Subject:** motion to file under seal

*[External email]*
Hey Cory,

We intend to file a motion to file our reply brief under seal, and publicly file a redacted version. Can you confirm that Defendants concur in the motion?

Anthony Fiorentino
anthony@fiorentinolaw.com
Phone: 312-305-2850

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.