**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) | |
| Plaintiffs, | ) | Case No. 3:18-cv-00121-JFS-PJC<br>Hon. Phillip J. Caraballo |
| v. | ) | |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. and NAVIENT SOLUTIONS, LLC, | ) | Filed Electronically |
| Defendants. | ) | |

**MOTION TO FILE A BRIEF**
**EXCEEDING THE WORD COUNT LIMIT**

Pursuant to Local Rule 7.08(b), Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni seek leave to file a 15,000-word brief in support of their objections to the Report and Recommendation (Doc. 287, “R&R”), which was issued with respect to their Motion for Class Certification. In support thereof, Plaintiffs state as follows:

1. To obtain de novo review of a magistrate’s findings, 28 U.S.C. § 636(b)(1) requires specific objections to the report. *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). The objections cannot be “general in nature.” *Id*. at 7. De novo review is granted only if the objecting party presents specific, substantive objections to each finding and recommendation. *Id*.

2. Every issue that is not specifically raised in Plaintiffs' objections risks being deemed waived or subject only to plain error review on appeal. *Marsalis v. Pennsylvania Dep't of Corr*., 37 F.4th 885 (3d Cir. 2022).

3. The R&R is a thorough, detailed, 99-page comprehensive report that contains factual findings and legal conclusions with respect to all three Plaintiffs, each of whom seeks to represent a different proposed class. *See* Doc. 278.

4. The R&R has recommended that Plaintiffs' Motion for Class Certification be denied with prejudice for the classes proposed by Jill Ballard and Mark Pokorni. Doc. 278 at 98. A dismissal with prejudice would foreclose any opportunity for Ballard or Pokorni to cure deficiencies in their motion and briefing and refile for certification. This means that their objections to the R&R could be their last opportunity to advocate for certification before the matter proceeds to a Rule 23(f) petition for interlocutory appeal.

5. Class certification is the defining moment in class actions because a denial of certification often sounds the death knell of the litigation on the part of plaintiffs. *In re Constar Int'l Inc. Sec. Litig*., 585 F.3d 774 (3d Cir. 2009). The stakes are considerably higher in this instance because the R&R recommends a denial with prejudice.

6. When a denial of certification effectively terminates the litigation – such as a denial with prejudice – interlocutory appellate review is much more

likely. *Forsythe v. Teva Pharm. Indus. Ltd*, 102 F.4th 152 (3d Cir. 2024). Accordingly, it behooves Plaintiffs to make a comprehensive development of the record in their brief supporting the objections, which will be critical to any subsequent Rule 23(f) petition.

7. The need to orient the district judge to the case through background information is critical. Because the review is de novo, the objecting party must provide sufficient factual and procedural context to enable that review. *See* Wright & Miller, § 3070.2 Practice and Procedure with Regard to Dispositive Motions—De Novo Review by District Judge, 12 Fed. Prac. & Proc. Civ. § 3070.2 (3d ed.). Accordingly, Plaintiffs seek to include the following in their brief:

a. An overview of the federal loan programs;

b. An overview of the applicable contract provisions;

c. An overview of the relevant statutory provisions;

d. A statement of facts;

e. Argument as to the merits of Plaintiffs' claims; and

f. Argument as to the requirements of Rule 23;

g. Specific objections as to each relevant finding in the R&R.

8. Including this information will allow the district judge to apply the same "rigorous analysis" standard that applied to the R&R. Such an analysis is

necessary to determine whether a case is suitable for class treatment under Fed. R. Civ. P. Rule 23. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

9. This Court and other courts have allowed briefs up to 15,000 words on dispositive motions in complex class action cases (including on Plaintiffs' Motion for Class Certification in the instant matter). *See*, *e.g*., *Hammond et al v. Department Of Corrections et al*, 2:24-CV-00922, ECF No. 82 (M.D. Penn. July 7, 2025) (Latella, Mag. J.); *Wallace v. Powell et al*, 3:09-cv-00286, ECF Nos. 1332, 700, 1020, 1224, 1232, 1526, 1704 (M.D. Penn.) (Caputo, J.).

10. Plaintiffs consulted with defense counsel, seeking concurrence with a 15,000 word brief. Defendants were willing to concur with a maximum brief of 7,500 words. This would not give the district court judge the opportunity to conduct the same rigorous analysis that applied to the R&R, nor is it sufficient for Plaintiffs to preserve their objections on all key issues.

11. Plaintiffs would not oppose a brief of 15,000 words for Defendants' Response. However, given the substantial possibility of a denial with prejudice, Plaintiffs anticipate that a 15,000 word reply will also be appropriate and necessary.

12. Pursuant to Local Rule 7.5, a supporting brief is not required for this motion because the reasons for this request are fully stated herein.

WHEREFORE, the Plaintiffs respectfully request that the Court permit briefs of up to 15,000 words for Plaintiffs' Memorandum Supporting their Objections to the R&R, Defendants' Response brief, and Plaintiffs' Reply Brief.

Dated: September 14, 2026

Respectfully Submitted,

______________________
Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

______________________
Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

______________________
Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com