**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **Civil No. 3:18-cv-00121-JFS-PJC**<br><br>**FILED ELECTRONICALLY** |

**NAVIENT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A BRIEF EXCEEDING THE WORD COUNT LIMIT**

Defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. (collectively "Navient"), by and through their undersigned counsel, hereby offer this short response to Plaintiffs' Motion to File a Brief Exceeding the Word Count Limit. [ECF No. 285.]

Plaintiffs have not demonstrated a need for a 15,000-word brief—triple the amount allowable under the Local Rule 7.8(b)(2). While their principal justification is that they must provide extensive "background information" to permit *de novo* review, ECF 285 at ¶ 7, that explanation does not comport with Local Rule 72.3, which permits objections to "portions of the proposed findings, recommendations, or report." M.D. Pa. L.R. 72.3; *see also* 28 U.S.C. § 636(b)(1); *Goney v. Clark*, 749

F.2d 5, 6–7 (3d Cir. 1984) (requiring specific objections to the portions of the magistrate judge's report subject to review). It does not require Plaintiffs to include an overview of the loan programs, contracts, statutes, a statement of facts, merits arguments, and Rule 23 arguments irrelevant to their specific objections. [ECF 285 at ¶ 7.] Indeed, Plaintiffs already had a full opportunity to present that material in two briefs before Magistrate Judge Caraballo totaling 30,000 words, and the 99-page R&R comprehensively addresses the relevant factual and legal issues necessary for the Court to understand relevant background.

And while Plaintiffs contend that this Court and other courts have allowed up to 15,000 words on dispositive motions in complex class action cases [ECF No. 285 at ¶ 9], Plaintiff's objections are not a dispositive motion. Therefore, the cases cited by Plaintiffs are distinguishable on their face.

Plaintiffs can adequately present their specific objections to the R&R in 7,500 words as agreed by Navient. There is no need to repeat material already before the Court by turning objections to the R&R into a second round of class-certification briefing.

Accordingly, the Court should deny Plaintiffs' Motion to File a Brief Exceeding the Word Count Limit or, in the alternative, should extend the word limit for Plaintiffs' objections to the 7,500 words to which Navient agreed.

Dated: September 15, 2026

Respectfully Submitted,

/s/ Cory W. Eichhorn

Cory W. Eichhorn (*Pro Hac Vice*)
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 789-7576
cory.eichhorn@hklaw.com

Jonathan M. Marmo
Holland & Knight LLP
One Liberty Place
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 867-6070
jonathan.marmo@hklaw.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street , Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendants Navient Solutions, LLC and Navient Corporation*

**CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Response in Opposition was served on the following counsel of record via the Court's ECF system on this 15th day of September 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

Anthony Fiorentino
Fiorentino Law Offices Ltd.
432 N. Clark Street, Suite 202
Chicago, IL 60654
*Attorneys for Plaintiffs and Proposed Class*

/s/ Daniel T. Brier
Daniel T. Brier