**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | ) | |
| | ) | Case No. 3:18-cv-00121-JFS-PJC |
| Plaintiffs, | ) | |
| v. | ) | (Judge Joseph Saporito, Jr.) |
| | ) | |
| NAVIENT CORPORATION, | ) | (Magistrate Judge Phillip J. Caraballo) |
| NAVIENT SOLUTIONS, INC. and | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | Filed Electronically |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY TO NAVIENT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A BRIEF EXCEEDING THE WORD COUNT LIMIT**

In reply to Navient's Response In Opposition To Plaintiffs' Motion To File a Brief Exceeding The Word Count Limit (Doc. 286), Plaintiffs state as follows:

1. Navient does not defend the 5,000-word limit of Local Rule 7.8(b)(2). Before this motion was filed, Navient agreed to a brief of 7,500 words — a fifty percent enlargement. Doc. 285 at ¶ 10. The parties therefore agree that the default limit is inadequate for objections to this Report and Recommendation. They disagree only about how many words are required. That question is answered by the scope of the R&R and by the governing rules, not by the number Navient selected.

2. Navient argues that Plaintiffs do not need to include background information in their objections to the Report and Recommendation (Doc. 278, "R&R") because "[t]here is no need to repeat material already before the Court." Doc. 286 at 2. That position requires Plaintiffs either to incorporate by reference the material contained in their earlier filings or to omit it altogether. Neither is permissible.

3. Incorporation by reference would violate Local Rule 7.8(a), which provides that "[n]o brief may incorporate by reference all or any portion of any other brief." M.D. Pa. L.R. 7.8(a). *See Turkey Run Props., L.P. v. Air Structures Worldwide, Ltd.*, No. 4:CV-09-0217, 2011 WL 2491518, at *2 (M.D. Pa. June 22, 2011).

4. The Third Circuit likewise rejects the practice of incorporating by reference arguments made in earlier filings. *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 (3d Cir. 2016) (declining to consider an argument that a party sought to support by incorporating arguments he had made before the district court, and deeming that argument forfeited).

5. Because incorporation by reference is prohibited, Plaintiffs must be given a word count sufficient to present their objections fully and independently, so that the District Judge conducting de novo review has before him the same factual and legal background that was before Magistrate Judge Caraballo.

6. In *Baker v. Juniata Cnty. Child Care & Dev. Servs., Inc.*, No. 1:07-CV-0438, 2009 WL 790110, at *2 (M.D. Pa. Mar. 19, 2009), this Court applied Local Rule 7.8 to require that the brief of a moving party contain a "procedural history of the case, a statement of facts, a statement of questions involved and argument," and reiterated that "no brief may incorporate by reference all or any portion of any other brief." Plaintiffs must therefore supply all of that material in a single brief — the very material Navient asks the Court to exclude.

7. Nor can the R&R itself supply that background. Navient says the R&R "comprehensively addresses the relevant factual and legal issues." Doc. 286 at 2. But the R&R is the document Plaintiffs contend is erroneous. A judge conducting de novo review cannot take his statement of the facts and the law from the findings under challenge without abandoning the review itself.

8. Navient argues that the authorities cited in Plaintiffs' motion are "distinguishable on their face" because objections to an R&R "are not a dispositive motion." Doc. 286 at 2. The label "dispositive motion" is irrelevant here. Local Rule 7.8(b)(3) requires prior authorization for any brief exceeding the word limit, and it draws no distinction between dispositive and non-dispositive matters. Navient identifies no rule that does. Plaintiffs cited *Hammond* and *Wallace* as

instances of this Court granting that authorization where the briefing burden warranted it, which is the comparison that matters.

9. In any event, the R&R recommends denial of certification with prejudice as to two of the three proposed classes. Doc. 278 at 98. A denial of that kind "may sound the death knell of the litigation" for those classes, *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774,780 (3d Cir. 2009) (internal quotation marks omitted), and makes interlocutory review under Rule 23(f) substantially more likely, *Forsythe v. Teva Pharm. Indus. Ltd.*, 102 F.4th 152 (3d Cir. 2024). Whether labeled a dispositive motion or not, a recommendation with that practical effect warrants briefing commensurate with the stakes. It is also why Congress withheld from magistrate judges the authority to determine a motion "to permit maintenance of a class action," 28 U.S.C. § 636(b)(1)(A), why Magistrate Judge Caraballo proceeded by report and recommendation rather than by order, § 636(b)(1)(B), and why the District Judge must review that recommendation de novo, § 636(b)(1)(C).

10. The most instructive comparison is to this case. On the class-certification motion itself, briefs of up to 15,000 words were permitted. Navient's observation that Plaintiffs have already filed "two briefs before Magistrate Judge Caraballo totaling 30,000 words," Doc. 286 at 2, confirms the point rather than undermining it: 15,000 words per brief was necessary to present these issues in the first instance. Navient offers no reason why review of that decision — on a record

now enlarged by a 99-page R&R — should require half the words the decision itself required.

11. Navient also argues that there is "[n]o need to repeat material already before the Court by turning objections to the R&R into a second round of class-certification briefing." Doc. 286 at 2. The Third Circuit has rejected that position. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011), which held:

> In considering these objections [to the report and recommendation], the District Court stated that "objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review." *Morgan v. Astrue,* No. 08–2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). That is not correct; any appeal to a district court based on an objection to a Magistrate Judge's order will "rehash arguments presented to and considered by" the Magistrate Judge. That is—by definition—the very nature of "review."

12. The Third Circuit meant what it said. An objecting party is entitled to "rehash" the arguments it made to the Magistrate Judge, because that is what review is. If briefs of 15,000 words were necessary for Magistrate Judge Caraballo to conduct the "rigorous analysis" that Rule 23 requires, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982), the same allowance is necessary for the District Judge, who must make that determination de novo and cannot certify without conducting the analysis himself. Capping Plaintiffs at 7,500 words would leave the reviewing judge

with less than the recommending judge had, and would penalize Plaintiffs for pressing the very arguments *Brown* holds they are entitled to press.

13. The cap Navient proposes also carries a forfeiture cost that Navient does not address. Under 28 U.S.C. § 636(b)(1)(C), de novo review extends only to "those portions of the report or specified proposed findings or recommendations to which objection is made," and objections that are general rather than specific do not trigger it. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The scope of the District Judge's review is therefore no broader than the objections Plaintiffs have the words to make. The R&R runs 99 pages, resolves distinct factual and legal questions as to three named Plaintiffs and three separate proposed classes, and recommends denial with prejudice as to two of them. Doc. 278 at 98. Within 7,500 words, Plaintiffs would be forced to abandon meritorious objections in order to preserve others. Navient, for its part, identifies no prejudice to itself — and there is none, because Plaintiffs have offered Navient the same word count for its response. Doc. 285 at ¶ 11.

14. Finally, the Third Circuit has emphasized that district courts must clearly articulate their reasons for granting or denying class certification, so that the court of appeals can adequately review the decision. *Beck v. Maximus, Inc.*, 457 F.3d 291 (3d Cir. 2006). A 99-page R&R addressing 15,000-word briefs necessarily covers extensive factual and legal

ground that Plaintiffs must address in their objections. Limiting Plaintiffs to 7,500 words — half the length of the original briefing — while prohibiting incorporation by reference would make it practically impossible to present the specific, well-developed objections required to trigger de novo review under *Goney*.

WHEREFORE, the Plaintiffs respectfully request that the Court permit briefs of up to 15,000 words for Plaintiffs' Memorandum Supporting their Objections to the R&R, Defendants' Response brief, and Plaintiffs' Reply Brief.

Dated: September 16, 2026

Respectfully Submitted,

*/s/ Anthony Fiorentino*
Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

*/s/ Daniel A. Edelman*
Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512

(570) 341-9000
carlo@sabatinilawfirm.com

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on Wednesday, September 16, 2026, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF online system, which sent notice via email to all counsel of record.

*/s/Daniel A. Edelman*
Daniel A. Edelman