**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **Civil No. 3:18-cv-00121-JFS-PJC**<br><br>**ELECTRONICALLY FILED** |

# NAVIENT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON CLASS CERTIFICATION


Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 252-9600

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

Pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b)(2) of the Federal Rules of Civil Procedure, and Local Rule 72.3, Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC (together "Navient"), by and through their undersigned counsel, respectfully object to the August 10, 2026 Report and Recommendation of Magistrate Judge Phillip J. Caraballo ("R&R") (ECF 278) that denied certification of the No Administrative Forbearance Class, the Forbearance Without Consent Class (collectively the "Forbearance Classes") and the portion of the Improper Delay Class that alleges delayed loan forgiveness *without prejudice* and in support thereof, state as follows:

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "shall make a de novo determination upon the record" when reviewing objections to a magistrate judge's report and recommendation. *See* M.D. Pa. L.R. 72.3.

## OBJECTIONS

1. *First*, under Third Circuit precedent, Plaintiffs forfeited their ability to seek certification of the Forbearance Classes by failing to address those classes in their Motion for Class Certification. *See, e.g., Servis One, Inc. v. OKS Grp. LLC*, 2025 WL 733670, at *3 n.7 (3d Cir. Mar. 7, 2025); *Jaludi v. Citigroup,* 933 F.3d 246, 256 n.11 (3d Cir. 2019). And by recommending Plaintiffs be allowed to "move for certification of those classes at a later juncture," (ECF 278 at 27), the R&R erred in not requiring Plaintiffs to establish good cause to extend the December 1, 2025 deadline to move for class certification. (ECF 168). Under this standard, Plaintiffs failed to act diligently in pursuing certification of the Forbearance Classes and therefore cannot establish good cause.

2. *Second*, the R&R denied *with prejudice* certification of the Improper IDR Cancellation Class based on Plaintiffs' failure to: (i) establish that common issues predominated over individual ones, (ii) carry their burden on manageability and ascertainability, and (iii) satisfy superiority. (ECF 278 at 59-72). These grounds apply with equal force to the Forbearance Classes. As such, certification of the Forbearance Classes should be denied *with prejudice* as well.

3. *Third*, the R&R erred in recommending denial of certification *without prejudice* as to the portion of the Improper Delay Class that alleges delayed loan forgiveness. Based on the R&R's determination that Plaintiff Mark Pokorni

("Pokorni") – the class representative for the Improper Delay Class – lacked standing to pursue claims based on alleged delayed loan forgiveness (ECF 278 at 38), that claim should be dismissed from the Third Amended Complaint. *See Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988).

WHEREFORE, Navient respectfully requests that the Court, pursuant to 28 U.S.C. § 636(b)(1)(C), modify the August 10, 2026 Report and Recommendation to provide that: (i) certification of the Forbearance Classes be denied *with prejudice* and (ii) that Pokorni's claim based on delayed loan forgiveness be dismissed from the Third Amended Complaint. Navient also requests that the Court grant such other and further relief as it deems just and proper.

In support of these objections, Navient relies upon the brief in support being filed simultaneously herewith.

Dated: September 23, 2026

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Navient Defendants' Objections to Report and Recommendation on Class Certification was served upon all counsel of record via the Court's electronic filing system (CM/ECF), which will send notification of such filing to all registered participants, on this 23rd day of September, 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

Anthony Fiorentino
Fiorentino Law Offices Ltd.
432 N. Clark St., Suite 202
Chicago, IL 60654

*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier