**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,**

**Plaintiffs,**

**v.**

**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,**

**Defendants.**

**Civil No. 3:18-cv-00121-JFS-PJC**

**ELECTRONICALL FILED**

# NAVIENT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION ON CLASS CERTIFICATION


Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 252-9600

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

BACKGROUND ........................................................................................ 3

STANDARD OF REVIEW ........................................................................................ 8

ARGUMENT ........................................................................................ 8

A. Plaintiffs Forfeited Certification of the Forbearance Classes and Cannot Show Good Cause To Justify a New Class Certification Motion ........................................................................................ 8

B. Even if Plaintiffs Had Not Forfeited Certification of the Forbearance Classes, Certification Should Be Denied With Prejudice for the Same Reasons Certification of Other Classes Was Denied With Prejudice ........................................ 14

C. Pokorni Lacks Standing To Claim Delayed Loan Forgiveness and That Claim Should Be Dismissed ........................................ 18

CONCLUSION ........................................................................................ 19

# TABLE OF AUTHORITIES

## CASES

*Byrd v. Aaron's, Inc.*, 784 F.3d 154 (3d Cir. 2015) ........ 8

*Campbell v. County of Mercer*, No. 2:23-cv-00099-CB-KT, 2025 WL 965181 (W.D. Pa. Mar. 31, 2025) ........ 3, 13

*Caporale v. EIDP, Inc.,* Civil Action No. 19-1672-JLH-SRF, 2026 WL 967253 (D. Del. Feb. 10, 2026) ........ 11, 14

*Chancellor v. Pottsgrove Sch. Dist*., 501 F. Supp. 2d 695 (E.D. Pa. 2007) ........ 10

*Chedwick v. UPMC*, Civil Action No. 07-806, 2011 WL 1559792 (W.D. Pa. Apr. 21, 2011) ........ 17

*Dukich v. IKEA US Retail LLC*, 343 F.R.D. 296 (E.D. Pa. Dec. 20, 2022) ........ 16

*Hassine v. Jeffes*, 846 F.2d 169 (3d Cir. 1988) ........ 18

*Jaludi v. Citigroup*, 933 F.3d 246 (3d Cir. 2019) ........ 9

*Kronenberg v. Allstate Ins. Co*., 743 F. Supp. 3d 465 (E.D.N.Y. 2004) ........ 16

*In re Lamictal Direct Purchaser Antitrust Litig*., 957 F.3d 184 (3d Cir. 2020) ........ 16

*Matjastic v. Quantum Pharmics, Ltd.*, Civ. A. No. 90-0647, 1991 WL 238304 (E.D. Pa. July 22, 1991) ........ 17

*McNeil v. Global Tel-Link*, CIVIL ACTION NO. 3:15-cv-01243, 2018 WL 6332847 (M.D. Pa. Nov. 9, 2018) ........ 8

*Morris v. Computer Credit, Inc.*, No. 3:09cv1885, 2010 WL 3620188 (M.D. Pa. Sept. 10, 2010) ........ 11

*In Re Niaspan Antitrust Litig*., 67 F.4th 118 (3d. Cir. 2023) ........ 9

*Philbin v. Brett Dinovi & Assocs., LLC*, No. 21-cv-20402, 2024 WL 1907192 (D.N.J. Jan. 10, 2024) ........ 10

*Price v. Trans Union, LLC*, 737 F. Supp. 2d 276 (E.D. Pa. 2010) ........................10

*Servis One, Inc. v. OKS Grp. LLC*, No. 24-1301, 2025 WL 733670 (3d Cir. Mar. 7, 2025)..........................................................................................6

*Siino v. Foresters Life Ins. & Annuity Co.*, Case No. 20-cv-02904-JST, 2022 WL 20184654 (N.D. Cal. July 26, 2022) ................................................10

*Smith v. Allegheny Technologies, Inc.*, 2:19-cv-147, 2022 WL 10755425 (W.D. Pa. Aug. 1, 2022) ....................................................................8

*Thorne v. Pep Boys Manny Moe & Jack Inc*., 980 F.3d 879 (3d Cir. 2020)..........18

*Webb v. Discovery Prop. & Cas. Ins. Co.*, No. 3:08 CV 01607, 2014 WL 105608 (M.D. Pa. Jan. 9, 2014)..............................................................9

*Wilson v. Seven Seventeen HB Phila. Corp. No. 2*, No. Civ.A. 99-1729, 2001 WL 484193 (E.D. Pa. Mar. 7, 2001)......................................................14

## STATUTES

28 U.S.C. § 636(b)(1)(B) ..............................................................................19

Fed. R. Civ. P. 6(b) .......................................................................................11

Fed. R. Civ. P. 16(b) .....................................................................................10

Fed. R. Civ. P. 16(b)(4)........................................................................ 10, 12

Fed. R. Civ. P. 23 ........................................................................ 3, 7, 14, 17

Fed. R. Civ. P. 23(a).......................................................................................6

Fed. R. Civ. P. 23(b)(3)........................................................................ 6, 11, 17

Fed. R. Civ. P. 23(c)(4)..................................................................................12

L.R. 23.3.........................................................................................................11

L.R. 72.3.....................................................................................................8, 19

Defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. (collectively "Navient"), by and through their undersigned counsel, respectfully submit these limited objections to the portion of the August 10, 2026 Report and Recommendation of Magistrate Judge Philip J. Caraballo ("R&R") (ECF 278) that denied class certification of the No Administrative Forbearance Class, the Forbearance Without Consent Class,[1] and the portion of the Improper Delay Class that alleges delayed loan forgiveness (ECF 278 at 98) *without prejudice*.

## INTRODUCTION

Navient respectfully requests that the Court modify, in part, the R&R to provide that certification of the No Administrative Forbearance Class and Forbearance Without Written Consent Class (the "Forbearance Classes") be denied *with prejudice* (rather than without prejudice), and that Plaintiff Mark Pokorni's ("Pokorni") claims based on alleged delayed loan forgiveness be dismissed from the TAC for the following reasons.

*First*, Plaintiffs forfeited their ability to seek certification of the Forbearance Classes by failing to address those classes in their Motion for Class Certification. After almost nine years of litigation, "three amended pleadings, extensive class

[1] The Third Amended Complaint [TAC] identifies this as the "Forbearance Without *Written* Consent Class." (ECF 118-3 at 39) (emphasis supplied).

discovery, and extensive class certification briefing," (ECF 278 at 97), the class aspects of this case must end. By recommending Plaintiffs be permitted to file a renewed motion for class certification at this late date, the R&R ignored that Plaintiffs must establish good cause to extend the deadline to seek class certification. Plaintiffs have not shown, and cannot establish, good cause as the record shows they failed to diligently pursue certification of the Forbearance Classes and a second round of class certification briefing would prejudice Navient.

*Second*, the grounds for denying with prejudice certification of the Improper IDR Cancellation Class—namely Plaintiffs' failure to: (i) establish that common issues predominated over individual ones, (ii) carry their burden on manageability and ascertainability, and (iii) satisfy superiority—apply with equal force to the Forbearance Classes. Certification of the Forbearance Classes should be denied with prejudice.

*Third*, the R&R erred in recommending denial of class certification without prejudice as to the portion of the Improper Delay Class that sought loan forgiveness. Based on Third Circuit precedent, given that the R&R determined that Pokorni lacked standing to claim delayed loan forgiveness, the proper procedure is to dismiss that claim entirely.

Plaintiffs had many years and the benefit of a robust record to develop and refine their arguments before filing their class certification motion. They made

strategic choices about what classes and arguments to advance in their motion. "Litigation, generally, and the class vehicle, specifically, do not invite games of 'hunt the peanut.'" *Campbell v. County of Mercer*, 2:23-cv-00099-CB-KT, 2025 WL 965181, *3 (W.D. Pa. Mar. 31, 2025) (amending report and recommendation denying class certification to preclude additional class certification attempts). Because Plaintiffs failed to satisfy Rule 23's requirements, the class phase of this litigation should come to an end and the Court should set a schedule for adjudication of Plaintiffs' individual claims.

## BACKGROUND

As the R&R determined, Plaintiffs have "failed to carry their burden to . . . establish the Rule 23 factors, despite being afforded three amended pleadings, extensive class discovery, and extensive class certification briefing . . . ." (ECF 278 at 97.) The chart below shows the lengthy pleading and discovery period that has taken place in this litigation from 2018 through 2026.



Over the course of this protracted litigation, Plaintiffs have repeatedly shifted their proposed class definitions. In January of 2018, Plaintiffs filed the initial Complaint, which defined the proposed class to include borrowers who "timely submitted a request to re-enroll in an [IDR] plan, but were removed from the plan." (ECF 1 at 63.) In May of 2018, Plaintiffs filed a First Amended Complaint that slightly modified the proposed class but focused only on the timeliness of IDR plan submissions. (ECF 29.) Before the Second Amended Complaint was docketed, Magistrate Judge Carlson "warned the Plaintiffs . . . cannot 'modify the class definitions without the court's prior approval.'" (ECF 278 at 25) (citing ECF 88 at 14). Later, Plaintiffs filed a Second Amended Complaint that included eleven proposed classes and subclasses. (ECF 80-1.) On March 28, 2024, Plaintiffs filed the operative Third Amended Complaint, which includes a total of ***nine*** proposed classes and subclasses. The parties proceeded to complete class and expert discovery.

On August 7, 2025, after more than seven years of amended complaints, shifting class definitions, and robust class discovery (including nine depositions and over 130,000 pages of documents produced by Navient), the Court entered a scheduling order setting a December 1, 2025 deadline for Plaintiffs to file their Motion for Class Certification. (ECF 168.)

On December 2, 2025, Plaintiffs' Motion for Class Certification was docketed.[2] For the first time, Plaintiffs sought to certify a Modified Forbearance Class represented by Plaintiff Rebecca Varno. (ECF 208 at 59.) In over eight years of litigation, Plaintiffs had not included a proposed Modified Forbearance Class in any of the four complaints they filed, nor had they ever mentioned to Navient or the Court that they intended to seek certification of the Modified Forbearance Class. Plaintiffs sought to downplay the impropriety of introducing a new proposed class so late in the litigation, asserting that it simply represented a streamlined and "narrowed" version of the Forbearance Classes. *See id*. at 49-51. In its opposition to Plaintiffs' motion to certify the class, Navient pointed out that far from narrowing the case, the new Modified Forbearance Class significantly *broadened* the scope of the proposed classes, adding more than 100,000 putative class members via a class that had not been identified until months after the close of class discovery and the deadline for expert reports. (ECF 232 at 21-22.) Unable to defend their late-stage gamesmanship, in their reply Plaintiffs abandoned the Modified Forbearance Class and instead asked the Court to certify the Forbearance Classes identified in its operative complaint. (ECF 260 at 37) ("To resolve Navient's objection, Plaintiffs agree to proceed with the definitions in the TAC.").

---

[2] Plaintiffs served an unredacted copy of their class certification motion on November 25, 2025, in accordance with the Court's deadline. The redacted, public copy was docketed on December 2, 2025.

Although black-letter law holds that arguments raised for the first time in a reply brief are forfeited, *see, e.g., Servis One, Inc. v. OKS Grp. LLC*, No. 24-1301, 2025 WL 733670, at *3 n. 7 (3d Cir. Mar. 7, 2025), Plaintiffs did not seek permission to amend or supplement their class certification motion to address how they believed the Forbearance Classes could satisfy Rule 23(a) and 23(b)(3). Instead, they treated their motion's class certification arguments regarding the Modified Forbearance Class as applying to the Forbearance Classes. (ECF 260 at 36-37.)

On May 4, 2026, Navient sought leave to file a sur-reply to address "Plaintiffs' admission that the 'Modified Forbearance' Class set forth in their initial brief was broader than the classes in the Third Amended Complaint." (ECF 265 at 2.) Plaintiffs argued Navient should not be permitted a sur-reply, however, stating that "the [Modified Forbearance Class] was not a new argument, nor did it rely on any new evidence." (ECF 266 at 5.) That is, Plaintiffs made clear the evidence and arguments on which they relied for certification of the proposed Modified Forbearance Class were the same as those for the Forbearance Classes. On May 11, 2026, the Court denied Navient's request to file a sur-reply. (ECF 267 at 1.)

On May 20, 2026, the Court held a three-hour oral argument on Plaintiffs' motion for class certification during which the Court pressed Plaintiffs on why it should certify the Forbearance Classes when they were not identified in Plaintiffs' class certification motion. (ECF 276 at 111.) Plaintiffs' counsel relied on the class

definitions, responses to search queries requested from Navient, and testimony from Navient witness Jeffrey Stine, asserting "if you just look at and match up his testimony with what happened to our plaintiffs and the search definitions, you'll see that the Rule 23 factors are met." *Id.* at 112. That is, Plaintiffs made a strategic decision to rely on the evidence and argument in their class certification motion rather than, for example, requesting leave to provide supplemental briefing on the Forbearance Classes.

On August 10, 2026, the Court entered an R&R recommending that certification be denied for all classes, but that certification of the Forbearance Classes should be denied without prejudice. (ECF 98.) In so doing, the Court stated:

> The undersigned acknowledges that many of the issues addressed herein may well prove to be insurmountable hurdles in any further attempt to seek certification of Varno's classes, and that repeated litigation poses a measure of potential prejudice to Navient. However, in consideration of the complexity of this action, and that evaluation of those two classes was not conducted through full briefing and citation to the existing record, dismissal without prejudice of the Varno classes is warranted.

*Id.* at 97-98. The Court also held that Pokorni lacked standing to assert a claim based on alleged improperly delayed loan forgiveness and thus denied class certification of a portion of the Improper Delay Class without prejudice.

As set forth below, the Court erred in denying certification of these classes without prejudice.

## STANDARD OF REVIEW

The de novo standard of review applies to objections to a report and recommendation addressing a motion for class certification. *See Smith v. Allegheny Technologies, Inc.*, 2:19-cv-147, 2022 WL 10755425, *3 (W.D. Pa. Aug. 1, 2022) (noting that objections to a report and recommendation deciding a motion for class certification "trigger de novo review by this Court under applicable law"); *see also McNeil v. Global Tel-Link*, CIVIL ACTION NO. 3:15-cv-01243, 2018 WL 6332847, *5 (M.D. Pa. Nov. 9, 2018) (applying Local Rule 72.3 to report and recommendation on motion for class certification, which requires "de novo determination" of objections). A district court must "conduct a rigorous analysis of the Rule 23 requirements." *Byrd v. Aaron's, Inc.*, 784 F.3d 154, 169 (3d Cir. 2015).

## ARGUMENT

### A. Plaintiffs Forfeited Certification of the Forbearance Classes and Cannot Show Good Cause To Justify a New Class Certification Motion.

The R&R recognized that Plaintiffs' "attempt to certify [the Forbearance Classes] via their reply brief" was improper. (ECF 278 at 24.) The time for Plaintiffs to seek certification of those classes was in their December 2, 2025 class certification motion. (ECF 208.) The R&R nevertheless would allow Plaintiffs to benefit from their failure to comply with the Court's scheduling order by permitting Plaintiffs to

file a new motion to certify the Forbearance Classes at some later date. (ECF 278 at 24.) That determination was wrong and should be corrected.

In August 2025, after more than seven years of litigation, the Court set a December 1, 2025 deadline for Plaintiffs to file their class certification motion. (ECF 168). When Plaintiffs filed their motion, they made the strategic decision not to seek certification of the Forbearance Classes, forfeiting certification as to those proposed classes. *See In Re Niaspan Antitrust Litig*., 67 F.4th 118, 135 (3d. Cir. 2023) (holding arguments raised for the first time in a reply brief are forfeited); *see also Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ("Because Citigroup failed to invoke the provision until its reply brief we deem this argument [forfeited]."); *Webb v. Discovery Prop. & Cas. Ins. Co*., No. 3:08 CV 01607, 2014 WL 105608, at *3 n. 3 (M.D. Pa. Jan. 9, 2014) (grounds for certification raised for the first time in a reply brief were forfeited).

Having opted not to seek certification of those proposed classes, Plaintiffs must bear the consequences. In recommending that Plaintiffs nonetheless be permitted to seek certification of the Forbearance Classes "at a later juncture," the R&R effectively suggests Plaintiffs have shown good cause to extend the December 1, 2025 deadline for class certification. (ECF 278 at 27.) It is well established that a plaintiff seeking "a second chance at certification after a first motion has been denied and the deadline for filing such a motion has passed" must show "good cause"

under Fed. R. Civ. P. 16(b)(4). *See, e.g.*, *Siino v. Foresters Life Ins. & Annuity Co*., Case No. 20-cv-02904-JST, 2022 WL 20184654, *1 (N.D. Cal. July 26, 2022) (holding plaintiff did not demonstrate good cause to amend scheduling order to seek filing of renewed motion for class certification and determining that "[t]he court's rejection of her earlier motion does not justify modifying the case schedule to allow her to file a second motion"). To show "good cause," a plaintiff must establish diligence. *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (holding that "if the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion [outside the scheduling order deadline]" and finding lack of prejudice to opposing party did not establish good cause) (citations omitted).

Plaintiffs did not seek supplemental briefing on the Forbearance Classes or seek to extend the scheduling order's deadline to file their motion for class certification, let alone purport to establish "good cause" for filing a second class certification motion addressing these proposed classes so late in the game. *See Chancellor v. Pottsgrove Sch. Dist*., 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007) ("Carelessness, or attorney error . . . is insufficient to constitute 'good cause' under Rule 16(b)."); *see also Philbin v. Brett Dinovi & Assocs., LLC,* No. 21-cv-20402, 2024 WL 1907192, *1 (D.N.J. Jan. 10, 2024)) (denying motion for class certification as untimely where plaintiff failed to seek an extension of time prior to deadline and

finding plaintiff failed to establish excusable neglect under Fed. R. Civ. P. 6(b)). Nor could they. Plaintiffs cannot show they pursued certification of the Forbearance Classes diligently, as they could have included those classes in their class certification motion and chose not to do so. *See supra* at p.7. And Navient would be significantly prejudiced by having to expend resources briefing a second class certification motion. *See, e.g.*, R&R (ECF 278 at 96-99) (finding additional litigation would "impose an undue burden on all of the parties and the Court").[3]

A recent decision within the Third Circuit is instructive. In *Caporale v. EIDP, Inc.*, Civil Action No. 19-1672-JLH-SRF, 2026 WL 967253, *10 (D. Del. Feb. 10, 2026), the parties "expended significant time and resources briefing Plaintiffs' motion to certify proposed personal injury and property damages classes under Rule 23(b)(3)" over the course of a year. *Id*. at *1, 10. After briefing was complete, the plaintiffs voluntarily withdrew their class certification motion with respect to the proposed personal injury and property damage classes and asked the Court to certify

[3] Courts routinely enforce class certification deadlines absent good cause to extend them. For example, courts in this district enforce Local Rule 23.3, which requires that a plaintiff move for a class determination within 90 days of filing the complaint, unless the period is extended for good cause. *See, e.g., Morris v. Computer Credit*, No. 3:09cv1885, 2010 WL 3620188, *2 (M.D. Pa. Sept. 10, 2010) ("Plaintiff's brief in support of the motion [for class certification] provides no good cause for allowing the late motion. Plaintiff also failed to identify good cause for an extension during argument on the motion. The motion will thus be denied as untimely.").

a proposed Rule 23(c)(4) issue class. *Id*. at *1. In doing so, the plaintiffs did not request supplemental briefing on the proposed Rule 23(c)(4) class. *Id.*

Only after the court raised questions concerning "the applicability of existing briefing to the 23(c)(4) issue class," did the plaintiffs request a briefing schedule on their proposed Rule 23(c)(4) class. *See id*. at *10. The defendants objected, arguing the plaintiffs effectively sought to amend the class certification schedule without showing good cause as required under Rule 16(b)(4). *Id.* The defendants also raised substantive arguments against the proposed class. *Id*. The court allowed the plaintiffs to file a short letter responding to the defendants' substantive arguments but declined to grant the plaintiffs' request for a new briefing schedule because:

> (1) Plaintiffs' Rule 23(c)(4) argument was available to them at the time the class certification motion was originally filed. . .; (2) Plaintiffs previously represented that certification of the Rule 23(c)(4) issue class could be resolved on the papers submitted . . .; (3) Plaintiffs did not support their request for further briefing with citations to changes in the record or the discovery of new evidence . . .; and (4) the scope of the briefing requested by Plaintiffs posed an untenable risk of further delays in this aging case.

*Id.* The Court ultimately denied the motion to certify the Rule 23(c)(4) class without leave to file a renewed motion. *Id.*

Here, Plaintiffs had ample opportunity to brief and address the Forbearance Classes. Plaintiffs could have addressed those classes in their class certification motion. They did not, instead choosing to move to certify the proposed Modified

Forbearance Class. After abandoning the Modified Forbearance Class, Plaintiffs could have moved to supplement their class certification motion or requested additional briefing on the Forbearance Classes. They chose not to. *See supra* at p.7.

Recently, a district court modified a report and recommendation denying class certification to make clear the plaintiffs would not get another bite at the certification apple. In *Campbell*, 2025 WL 965181, at *3, the district court adopted the report and recommendation denying class certification and stated:

> Plaintiffs will not be granted leave to amend their class allegations. This case was filed over two years ago, and Plaintiffs already once have amended their pleadings. They clearly articulated their theory for class treatment, and it is precluded under binding legal authority. Litigation, generally, and the class vehicle, specifically, do not invite games of 'hunt the peanut.' . . . Allowing additional amendment also would result in unfair prejudice to Defendant and the delay is unexcused. The case may proceed only with individual claims. The class aspects are over.

*Id.* This case presents an even stronger argument against a re-do of the class certification motion than *Campbell*. This case was filed almost *nine* years ago and Plaintiffs have amended their pleadings *three* times.

Plaintiffs made strategic choices—with the benefit of robust class discovery and almost eight years to strategize and refine their legal arguments—regarding how to frame and pursue class certification. The parties then spent significant time and resources briefing Plaintiffs' class certification motion, filing a combined 214 pages

of briefs and more than 50 exhibits containing hundreds of pages. *See supra* at pp. 6-7; *Caporale*, 2026 WL 967253, at *10. Having failed to meet their burden under Rule 23, Plaintiffs should not get a mulligan now, more than nine months after the class certification deadline. It is time to set a schedule for any remaining merits discovery on Plaintiffs' individual claims and for the parties to move towards adjudication of those claims. *See Wilson v. Seven Seventeen HB Phila. Corp. No. 2*, No. Civ.A. 99-1729, 2001 WL 484193, at *5 (E.D. Pa. Mar. 7, 2001) (denying class certification where plaintiff failed to move by deadline, noting "[t]he case is now almost two years old"). Accordingly, the R&R should be modified to deny with prejudice certification of the Forbearance Classes.

### B. Even if Plaintiffs Had Not Forfeited Certification of the Forbearance Classes, Certification Should Be Denied With Prejudice for the Same Reasons Certification of Other Classes Was Denied With Prejudice.

The R&R properly denied Plaintiffs' Motion for Class Certification with prejudice as to (i) the Improper IDR Cancellation Class and (ii) the portion of the Improper Delay Class that alleges a loss of interest subsidies. With respect to the Improper IDR Cancellation Class, the R&R determined that Plaintiffs failed to:

(i) establish that common issues predominated over individual ones;

(ii) carry their burden on manageability and ascertainability, (ECF 278 at 59 (holding that "their method for identifying members and proving their breach of contract and consumer fraud claims through common evidence raises a barrage of concerns about individualized review of the implicated account and transactions")); and

(iii) satisfy the superiority analysis, *id*. at 93 (finding that given "the individual inquiries concerning causation, damages and proof predominate over the common questions" putative class members would be "better served by pursuing recovery on an individual basis.").

These same determinations apply equally to the Forbearance Classes, and preclude certification of those classes, for at least the following reasons:

- Plaintiffs offered no evidence of how many members of the Forbearance Classes were uninjured. *Id*. at 63; (*see also* ECF 232 at 14, 23-25 (individualized inquiries required to demonstrate injury); ECF 260 at 36-37 (asserting uninjured class members could be excluded from classes but failing to provide evidence as to number of uninjured members in any proposed class));

- The Aton spreadsheet relied upon by Plaintiffs "does not specify the triggering events that cause each interest capitalization" and Plaintiffs "have not provided convincing record evidence showing that they can establish, through common proof, that the underlying reasons for those interest capitalizations" were the discretionary and/or administrative forbearances at issue in the Forbearance Classes. (ECF 278 at 64-65;[4] *see also* ECF 232 at 52-55 (individualized inquiries required to determine cause of interest capitalization as to all borrowers); ECF 260 at 28-30 (citing Aton spreadsheet as purported common proof of interest capitalization triggering event for all proposed class members));

- Plaintiffs "fail to account for *why* [the] transactions occurred" as just because "an interest capitalization *could* be attributable to an operative triggering event, the possibility does not compel that conclusion." (ECF 278 at 66-67 (emphasis included); *see also* ECF 232 at 52-55; ECF 260 at 28-30));

- Plaintiffs fail to explain how the answer to the question "Why did [interest] capitalize?" can be "proven on a class wide basis through common proof, without the individualized account review that

[4] The R&R also refers to the Aton spreadsheet as the "Maximus spreadsheet." (ECF 278 at 66.) Lisa Aton is an employee at Maximus. (ECF 232 at 50, n.19.)

necessarily obviates a finding of predominance." (ECF 278 at 68; *see also* ECF 232 at 52-55; ECF 260 at 28-30));

- Plaintiffs are unable to "prove causation on the merits" on a class wide basis because where the essential elements of the cause of action require individual treatment, class treatment is unsuitable. (ECF 278 at 71-72);[5]

- Plaintiffs do not offer any means of "common proof showing that [Varno] and her class members relied on Navient's misrepresentations" with respect to their UTPCPL claim. (ECF 278 at 77; *id.* at 76 ("[T]he UTPCPL mandates that each member must prove justifiable reliance."); *id*. at 80 ("[B]ecause proof of [an] essential element[] of the UTPCPL cause of action requires individual treatment, . . . class treatment is unsuitable)) (citing *In re Lamictal Direct Purchaser Antitrust Litig*., 957 F.3d 184, 190 (3d Cir. 2020)); *see also id.* at 73-79; (ECF 232 at 33-34 (reliance precludes certification of UTPCPL claim as to all proposed classes); ECF 260 at 17-22 (arguing reliance did not preclude certification as to all members of proposed classes)); and

- Because "individual inquiries concerning causation, damages and proof predominate over the common questions, . . . Plaintiffs and their proposed class members would be better served by pursuing recovery on an individual basis." (ECF 278 at 93.)

In short, individual reliance, causation, and damages issues permeate the claims brought by the Forbearance Classes. And Plaintiffs relied on the same

[5] Plaintiff Varno, the purported class representative for the Forbearance Classes, brings claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (TAC Count IV) and the New York General Business Law ("NYGBL") (TAC Count V). Both causes of action require proof of causation. *See Kronenberg v. Allstate Ins. Co*., 743 F. Supp. 3d 465, 497 (E.D.N.Y. 2004) (denying class certification of NYGBL claim where "individual analysis" would have been required to show "fact of injury"); *see also Dukich v. IKEA US Retail LLC*, 343 F.R.D. 296, 304 (E.D. Pa. Dec. 20, 2022) (holding plaintiff asserting UTPCPL claim must show causation by proving justifiable reliance).

evidence in trying to certify those classes as they did the other classes, including the Aton Declaration, the testimony of Jeffrey Stein, and the responses to search criteria provided by Navient. (*See* ECF 208 at 18-25, 37, and 39.)

As to the portion of the Improper Delay Class alleging a loss of interest subsidies, the R&R denied certification *with* prejudice, citing the "absence of sufficient briefing and record citations to gauge whether" the proposed class "passes muster under a Rule 23 analysis." (ECF 278 at 38.) The R&R similarly concluded that Plaintiffs' briefing failed to sufficiently address whether the Forbearance Classes satisfied Rule 23. *See id.* at 26-27. Yet, unlike the Improper Delay Class alleging loss of interest subsidies, the R&R recommended denying certification of these two proposed classes *without* prejudice. There is no basis to treat these differently and certification should be denied with prejudice as to all classes.

The R&R recognized that where, as here, a plaintiff is unable to meet the Rule 23(b)(3) factors, denial of the class certification motion with prejudice is warranted. *See id.* at 95 (noting denial with prejudice is appropriate where plaintiff "fail[s] to demonstrate Rule 23(b)(3) factors)") (citing *Matjastic v. Quantum Pharmics, Ltd.*, Civ. A. No. 90-0647, 1991 WL 238304, at *6-7 (E.D. Pa. July 22, 1991)). Because the R&R's reasons for denying certification of the other proposed classes apply equally to the Forbearance Classes, the R&R should be amended to deny certification of the Forbearance Classes with prejudice as well. *See, e.g.*, *Chedwick*

*v. UPMC*, Civil Action No. 07-806, 2011 WL 1559792, *15 (W.D. Pa. Apr. 21, 2011) (finding evidence presently before the court indicates case cannot be presented as a class action, additional discovery would be futile, and "[t]he time has come for the parties to concentrate their efforts on the merits of [Plaintiff's] individual claims.").

### C. Pokorni Lacks Standing To Claim Delayed Loan Forgiveness and That Claim Should Be Dismissed.

In a footnote, the R&R recommends that "the portion of Pokorni's class premised on delayed loan forgiveness should be dismissed" without prejudice for lack of standing, citing *Thorne v. Pep Boys Manny Moe & Jack Inc*., 980 F.3d 879, 896 (3d Cir. 2020). (ECF 278 at 95, n.11.) But elsewhere, the R&R also recommends that certification of "the portion of the Improper Delay Class that alleges delayed loan forgiveness" be denied without prejudice. *Id*. at 98. Caselaw is clear that where a plaintiff lacks standing, his claims should be dismissed rather than denying class certification. *See Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988) (holding "the proper disposition of a case in which the putative class plaintiff lacks standing is to dismiss the complaint – not to deny class certification – and to avoid reaching a decision on the merits of the claims presented."). Based on

*Hassine*, Pokorni's claims based on delayed loan forgiveness should be dismissed from the TAC.[6]

## CONCLUSION

For the reasons set forth above, Navient respectfully requests that pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3, the District Court modify the August 10, 2026 Report and Recommendation to provide that certification of the Forbearance Classes be denied *with prejudice*. Navient further respectfully requests that Pokorni's claim for delayed loan forgiveness be dismissed from the TAC.

Dated: September 23, 2026

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

[6] On July 10, 2025, Navient moved for judgment on the pleadings on the basis that Pokorni lacked standing to claim delayed loan forgiveness. (ECF 163 at 13-16.) A report and recommendation was entered recommending the motion be denied, (ECF 218). The Court adopted the report and recommendation, but held "[w]hile defendants' objections are not entirely meritless, we are not persuaded that dismissal of the specified claims is warranted at this early stage of the litigation."). Given the R&R's determination that Pokorni now lacks standing to claim delayed loan forgiveness at the class certification stage, his claims should be dismissed.

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com
Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(2)**

I, Daniel T. Brier, hereby certify that the foregoing Memorandum of Law in Support of Objections to Report and Recommendation is in compliance with Local Rule 7.8(b)(2). The brief contains 4262 words as computed by Microsoft Office Word.

/s/ Daniel T. Brier
Daniel T. Brier

Date: September 23, 2026

**CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Navient Defendants' Memorandum of Law in Support of Objections to Report and Recommendation on Class Certification was served upon all counsel of record via the Court's electronic filing system (CM/ECF), which will send notification of such filing to all registered participants, on this 23rd day of September, 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

Anthony Fiorentino
Fiorentino Law Offices Ltd.
432 N. Clark St., Suite 202
Chicago, IL 60654

*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier