**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein, | |
| Plaintiffs, | No. 3:18-cv-00121-JFS-PJC |
| vs. | Judge Joseph F. Saporito, Jr. |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC, | Magistrate Judge Phillip J. Caraballo |
| Defendants. | |

# PLAINTIFFS' BRIEF IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING CLASS CERTIFICATION


Anthony Fiorentino
**FIORENTINO LAW OFFICE**
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

Carlo Sabatini, PA 838311
**SABATINI LAW FIRM, LLC**
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

Daniel A. Edelman
Tara L. Goodwin
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
Phone (312) 739-4200
dedelman@edcombs.com
tgoodwin@edcombs.com

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... i
TABLE OF AUTHORITIES ..... iii
I. INTRODUCTION ..... 1
II. STATEMENT OF QUESTIONS INVOLVED ..... 1
III. STATEMENT OF FACTS ..... 1
A. Portfolios ..... 1
B. IDR plans ..... 1
C. Account history ..... 3
D. Ballard's class ..... 4
IV. PROCEDURAL HISTORY ..... 4
V. STANDARD OF LAW ..... 5
VI. ARGUMENT ..... 5
A. Narrowed class ..... 5
B. Ascertainability ..... 7
C. Outliers ..... 8
D. Numerosity ..... 9
E. Choice-of-law ..... 10
F. Pennsylvania-law class ..... 12
G. Predominance ..... 15
H. Spreadsheet assessment ..... 17
I. No individualized communications ..... 18
J. Non-operative class ..... 19
K. Miscitations ..... 19
L. Causation ..... 21
M. Theurer's attestation ..... 22
N. Standing ..... 24
O. Superiority ..... 25
P. Reliance ..... 25

Q. Rosenthal Claim ........................................................................ 28
R. Dismissal ........................................................................ 29
VII. CONCLUSION ........................................................................ 30

# TABLE OF AUTHORITIES

## Cases

*Afewerki v. Anaya L. Grp.*,
868 F.3d 771 (9th Cir. 2017)....................27

*Bayer AG v. Schein Pharm., Inc.*,
129 F. Supp. 2d 705 (D.N.J. 2001)....................13

*Bing Li v. Aeterna Zentaris, Inc.*,
324 F.R.D. 331 (D.N.J. 2018), *aff'd*, 775 F. App'x 51 (3d Cir. 2019)....................17

*Buck v. Am. Gen. Life Ins. Co.*,
No. 117CV13278NLHKMW, 2021 WL 733809 (D.N.J. Feb. 25, 2021)....................6

*Butela v. Midland Credit Mgmt. Inc.*,
341 F.R.D. 581 (W.D. Pa. 2022)....................7

*Byrd v. Aaron's Inc.*,
784 F.3d 154 (3d Cir. 2015).................... passim

*Castro v. Sanofi Pasteur Inc.*,
134 F. Supp. 3d 820 (D.N.J. 2015)....................9

*Danganan v. Guardian Prot. Servs.*,
645 Pa. 181, 179 A.3d 9 (2018)....................13

*Danganan v. Guardian Prot. Servs.*,
742 F. App'x 634 (3d Cir. 2018)....................13

*Ferreras v. Am. Airlines, Inc.*,
946 F.3d 178 (3d Cir. 2019)....................17

*Finberg v. Sullivan*,
634 F.2d 50 (3d Cir. 1980)....................6

*Gates v. Rohm & Haas Co.*,
265 F.R.D. 208 (E.D. Pa. 2010), *aff'd*, 655 F.3d 255 (3d Cir. 2011)....................6

*Gemtron Corp. v. Saint–Gobain Corp.*,
572 F.3d 1371 (Fed. Cir. 2009)....................18

*Georgine v. Amchem Prods., Inc.*,
83 F.3d 610 (3d Cir. 1996) .......... 12

*Grandalski v. Quest Diagnostics Inc.*,
767 F.3d 175 (3d Cir. 2014) .......... 8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014) .......... 8

*Hargrove v. Sleepy's LLC*,
974 F.3d 467 (3d Cir. 2020) .......... 28

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
183 F.4th 178 (3d Cir. 2026) .......... 14, 27, 28

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
55 F.3d 768 (3d Cir. 1995) .......... 13

*In re Hydrogen Peroxide Antitrust Litig.*,
552 F.3d 305 (3d Cir. 2008) .......... 5

*In re Modafinil Antitrust Litig.*,
837 F.3d 238 (3d Cir. 2016) .......... 9, 12

*In re Niaspan Antitrust Litig.*,
397 F. Supp. 3d 668 (E.D. Pa. 2019) .......... 8

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998) .......... 11

*In re Thalomid and Revlimid Antitrust Litig.*,
No. 14-6997, 2018 WL 6573118 (D.N.J. Oct. 30, 2018) .......... 7

*John Wyeth & Bro. Ltd. v. SIGNA Int'l Corp.*,
119 F.3d 1070 (3d Cir. 1997) .......... 14

*Kelly v. RealPage Inc.*,
47 F.4th 202 (3d Cir. 2022) .......... 21

*Koffman v. Smith*,
453 Pa. Super. 15, 682 A.2d 1282 (1996) .......... 11

*Marcus v. BMW of N. Am., LLC*,
687 F.3d 583 (3d Cir. 2012) ........................................................................ 9, 10

*Matjastic v. Quantum Pharmics, Ltd.*,
No. CIV. A. 90-0647, 1991 WL 238304 (E.D. Pa. July 22, 1991) ..................... 29

*Mielo v. Steak 'n Shake Operations, Inc.*,
897 F.3d 467 (3d Cir. 2018) ............................................................................ 29

*Packer v. Glenn O. Hawbaker, Inc.*,
699 F. Supp. 3d 333 (M.D. Pa. 2023) ............................................................. 29

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ......................................................................................... 10

*Powers v. Lycoming Engines*,
328 Fed. Appx. 121 (3d Cir. 2009) .................................................................. 11

*Reinig v. RBS Citizens, N.A.*,
912 F.3d 115 (3d Cir. 2018) ............................................................................ 18

*Reyes v. Netdeposit, LLC*,
802 F.3d 469, 485 (3d Cir. 2015) ........................................................ 10, 19, 26

*Sullivan v. DB Invs., Inc.*,
667 F.3d 273 (3d Cir. 2011) ............................................................................ 13

*Webb v. Discovery Prop. & Cas. Ins.*,
No. 3:08-CV-01607, 2014 WL 105608 (M.D. Pa. Jan. 9, 2014) .......................... 5

*Weisfeld v. Sun Chem. Corp.*,
84 Fed. Appx. 257 (3d Cir. 2004) ...................................................................... 6

*Weitzner v. Sanofi Pasteur, Inc.*,
No. 3:11-CV-02198, 2017 WL 3894888 (M.D. Pa. Sept. 6, 2017), *aff'd*,
909 F.3d 604 (3d Cir. 2018) .............................................................................. 6

**Statutes**

28 U.S.C. § 636(b)(1) ........................................................................................ 5

California Civil Code § 1788 (The Rosenthal Act) ............................................ 4, 27

Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) ........ passim

**Rules**

Fed. R. Civ. P. 23 ........ passim

**Regulations**

34 C.F.R. § 682.215 ........ 3, 26

**Other Authorities**

1 McLaughlin on Class Actions § 4:2 (22nd ed.) ........ 6

## I. INTRODUCTION

Plaintiffs moved to certify a class action against their loan servicer, Navient. The Report and Recommendation (Doc. 278, "R&R") recommends denial of their classes. Plaintiffs object.

## II. STATEMENT OF QUESTIONS INVOLVED

A. Should Jill Ballard's classes be certified?

B. Should Mark Pokorni be permitted to renew his motion?

## III. STATEMENT OF FACTS

### A. Portfolios

Navient serviced a federal loan portfolio owned by the Department of Education (ED), under a Servicing Contract. Doc. 208-2. The contract required servicing in compliance with federal law. *Id*. at 3.

During the same period, Navient serviced a loan portfolio owned by Defendants. The borrowers' master promissory notes ("MPNs") require that those loans also be administered in accordance with federal law. Doc. 204-3 at 3.

### B. IDR plans

The "standard repayment plan" requires that federal loans be repaid within 10 years. Borrowers who cannot afford this payment schedule can apply for an Income-Driven Repayment ("IDR") plan, which offers income-adjusted payments.

To enroll, borrowers submit an application with income documentation to their servicer.

[redacted]

Doc. 208-6 at 2.

Once approved, the plan takes effect for one year. To renew it, borrowers must annually "recertify" their income by submitting the same application before a renewal deadline.

If the renewal application is ***not*** timely submitted, payments increase to the standard amount, and accrued interest is "capitalized" (added to the principal). 34 C.F.R. § 682.215(e)(3). If the application ***is*** timely submitted, the servicer must continue the income-driven payments until the application is processed. *Id.* (e)(8).

**C. Account history**

[redacted]

[redacted]

---

[1] [redacted]

**D. Ballard's class**

The Third Amended Complaint (TAC) defines Ballard's "Improper IDR Cancellation" class. The criteria are:

1. The borrower timely submitted a renewal application;
2. It was not processed before the expiration date;
3. Payments were increased to the standard amount;
4. Upon review, the application was "deemed complete."

Doc. 118-3, ¶ 95.

Ballard alleged a breach claim under the MPN; a third-party beneficiary claim under the Servicing Contract; a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and a California sub-class claim under California Civil Code §1788 ("The Rosenthal Act").

## IV. PROCEDURAL HISTORY

On August 10, 2026, the R&R recommended denying certification of:

1. Ballard's classes with prejudice;
2. Pokorni's classes with prejudice; and
3. Varno's classes without prejudice.

## V. STANDARD OF LAW

A district court reviews *de novo* objections to a Report & Recommendation. 28 U.S.C. § 636(b)(1). In deciding certification, courts must conduct a rigorous analysis. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008).

## VI. ARGUMENT

### A. Narrowed class

[redacted]

[redacted] Accordingly, Defendants argued that the class was overbroad. Doc. 231 at 23.

In her reply brief, Ballard proposed limiting the class to "approved" applicants. Doc. 260 at 55. The R&R rejected this, reasoning that Defendants must receive notice of the class definition in the opening brief. R&R at 25, 69-70.

The R&R cited *Webb v. Discovery Prop. & Cas. Ins.*, No. 3:08-CV-01607, 2014 WL 105608, (M.D. Pa. Jan. 9, 2014). However, in that case, class modifications were ***permitted*** in a reply brief, to address issues raised by the defense. *Id*. *1 n.2.

There is "near-consensus" that plaintiffs may narrow the class during the "certification process." § 4:2. Existence of identifiable class, 1 McLaughlin on Class Actions § 4:2 (22nd ed.).

The Third Circuit agrees. *Finberg v. Sullivan*, 634 F.2d 50, 64 (3d Cir. 1980) (holding that classes can be remedied with "a narrower definition," and that courts "should not deny certification on account of such problems without considering the possibility of redefining the classes.").

Courts have complied. *Gates v. Rohm & Haas Co.*, 265 F.R.D. 208, 215 (E.D. Pa. 2010), *aff'd*, 655 F.3d 255 (3d Cir. 2011) ("In their Reply Brief, the Plaintiffs substantially modified the proposed class definitions…Sensibly, modification of a class definition is contemplated by…Rule 23(c)(1)"); *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198, 2017 WL 3894888, at *9 (M.D. Pa. Sept. 6, 2017), *aff'd*, 909 F.3d 604 (3d Cir. 2018) (allowing class modifications – after the opposition brief was filed – because "holding a plaintiff to their original class definition would ignore the ongoing refinement and give-and-take inherent in class action litigation.'") (citing *Weisfeld v. Sun Chem. Corp.*, 84 Fed. Appx. 257, 259 (3d Cir. 2004)).

Narrowing the class in reply briefs is routine. *Buck v. Am. Gen. Life Ins. Co.*, No. 117CV13278NLHKMW, 2021 WL 733809 (D.N.J. Feb. 25, 2021); *Butela v.*

*Midland Credit Mgmt. Inc.*, 341 F.R.D. 581 (W.D. Pa. 2022); *In re Thalomid and Revlimid Antitrust Litig*., No. 14-6997, 2018 WL 6573118 (D.N.J. Oct. 30, 2018).

The R&R concluded that Ballard must seek prior approval to modify her class, citing a previous order from Magistrate Judge Carlson. R&R at 25 (citing Doc. 88 at 14). However, in that order, Judge Carlson explained that, when "the parties are still finalizing their pleadings and conducting discovery ***prior to engaging in class certification***," class modifications should be made by way of amendment. Doc. 88 at 12 (emphasis added). He emphasized that this preference was based on the "procedural posture of this case." *Id*.

**B. Ascertainability**

The R&R's "Predominance and Ascertainability" section states that ascertainability is "related to the predominance inquiry." R&R at 53, 56. The R&R found that, [redacted], "predominance and ascertainability" were not satisfied. *Id*. That was error. *See Byrd v. Aaron's Inc.*, 784 F.3d 154, 164-165 (3d Cir. 2015) ("[T]he district court's analysis conflated ascertainability with the predominance inquiry…[and] made an errant conclusion of law in finding that an 'overly broad' class was not

ascertainable."); *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 184-185 (3d Cir. 2014) ("Predominance and ascertainability are separate issues.").

Ascertainability is satisfied if the defendant's "own records" identify the class members. *Byrd* at 169. [redacted]

The narrowed class – limited to "approved" applications – is also ascertainable. [redacted]

**C. Outliers**

The R&R found that predominance was defeated because the class included two IDR-ineligible borrowers. R&R at 68. That was error. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("That the defendant might attempt to pick off the occasional class member here or there through individualized rebuttal does not cause individual questions to predominate."); *In re Niaspan Antitrust Litig.*, 397 F. Supp. 3d 668, 688 (E.D. Pa. 2019) (A defendant's "individualized challenges" to three class members did not defeat predominance because a small number can always be "picked off"); *Castro v. Sanofi Pasteur Inc.*, 134 F. Supp. 3d

820, 847 (D.N.J. 2015) ("The existence of occasional outliers does not defeat predominance of common issues.").

**D. Numerosity**

The R&R found that the narrowed class failed numerosity because Ballard did not provide "the remaining number" of class members. R&R at 69.

Rule 23(a)(1) does not require an "exact number." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 596 (3d Cir. 2012). Courts must rely on "circumstantial evidence" and "common sense." *Id*. If "the potential number" exceeds 40, numerosity is satisfied. *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 250 (3d Cir. 2016).

Ballard established the following:

- [redacted]. The narrowed version excludes denied applicants.
- [redacted].
- For 2016 to 2017, the CFPB analyzed 12,900 complaints against loan servicers. Doc. 208-8 at 36. The majority were against Navient. *Id*. at 37.




- A common complaint was servicers failing to process IDR applications, then switching the borrower to the standard plan. *Id*. at 40.

Disregarding this evidence was error. *Marcus*, 687 F.3d at 596. The R&R also applied the wrong standard. It stated that, because Ballard did not provide the "number" of borrowers in the narrowed class, there was "uncertainty" over numerosity. R&R at 69.

Rule 23 does not require certainty; only a preponderance of the evidence. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 485 (3d Cir. 2015) ("The District Court stated the correct standard but misunderstood the burden of proof…[it] believed that proof must be so persuasive that the certifying court cannot have any doubt as to whether the Rule 23 requirements are met.").

**E. Choice-of-law**

Class members have a due-process right to adjudicate their claims under applicable state law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). Thus, a "necessary precondition to deciding Rule 23 issues is a determination

of the state whose law will apply." *Powers v. Lycoming Engines*, 328 Fed. Appx. 121, 124 (3d Cir. 2009).

Plaintiffs argued that their contract claims are suitable for class treatment because Pennsylvania law governs all claims. Doc. 260 at 75-76, citing *Koffman v. Smith*, 453 Pa. Super. 15, 29, 682 A.2d 1282, 1289 (1996) (which held that contract claims "are governed by the law prevailing at the place of performance.").

This argument was based on [redacted]. Stine Dep. 18:1-4; 19:4-9.

The R&R did not analyze choice-of-law, but found that variations in state law render Plaintiffs' contract claims unmanageable. R&R at 81-90. It reasoned that Plaintiffs failed to submit a "series of charts" comparing applicable state laws. R&R at 83 (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998)). But charts are only necessary if multiple laws apply.

The R&R also failed to analyze each contract separately. Because all class members have MPNs, those claims are analogous to *Prudential*, which involved ten million insurance contracts across the country. *Id.* 294. But the Servicing Contract is a ***single contract*** performed in Pennsylvania. Stine Dep.

18:1-4; 19:4-9. It supports all third-party beneficiary claims. *See* Doc. 57 at 7 (holding that borrowers plausibly alleged third-party-beneficiary status under the Servicing Contract).

Because Pennsylvania law governs the Servicing Contract, a choice-of-law analysis would have established that those claims are manageable. However, the R&R did not distinguish between the contracts. It referred to them collectively as the "breach of contract claims." R&R at 81. That was error. *See Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996) ("[W]e must apply an individualized choice-of-law analysis to each plaintiff's claims.").

**F. Pennsylvania-law class**

Plaintiffs proposed that, if out-of-state claims precluded certification, they would proceed under Pennsylvania common law and the UTPCPL only. Doc. 260 at 72-73. This proposal was rejected because Plaintiffs did not indicate "whether that truncated class is sufficiently numerous," or how Plaintiffs "are adequate representatives for classes premised on Pennsylvania law." R&R at 90.

Abandoning claims has no effect on numerosity. *Modafinil*, 837 F.3d at 251 ("Rule 23(a)(1) says nothing about the number of claims; instead, it refers to the number of class ***members***.") (italics in original).

Nor was adequacy a problem. Plaintiffs cited *Danganan v. Guardian Prot. Servs.*, 645 Pa. 181, 179 A.3d 9 (2018), which held that non-Pennsylvania residents may sue under the statute. Doc. 208 at 68. The Third Circuit agreed in *Danganan v. Guardian Prot. Servs.*, 742 F. App'x 634 (3d Cir. 2018).

Nonetheless, a Pennsylvania-law class was dismissed as a "conditional, noncommittal proposal." R&R at 96. That was error. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 818 (3d Cir. 1995) ("[E]ven if the action could not be certified as it was originally filed, the district court disregarded the possibility that there were other ways to aggregate the litigation" and applied a "mistaken all-or-nothing approach to certifying this national class."); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 302 (3d Cir. 2011) (holding that grouping similar state law claims together is preferable to "outright rejection of certification").

Another basis for rejecting a Pennsylvania-law class was that it "should have been addressed in [Plaintiffs'] opening brief." R&R at 88-89. The R&R does not explain why.

Defendants argued that "significant variation" in state laws rendered the case unmanageable. Doc. 231 at 49. Ballard's proposal responded to that claim. *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 717 (D.N.J. 2001)

(declining to strike arguments from a reply brief because they were "a fair response" to assertions in the opposition brief.).

The R&R also stated that the proposal was "waived" because it was "raised in passing . . . but not squarely argued." R&R at 90 (quoting *John Wyeth & Bro. Ltd. v. SIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (ellipses in R&R).

The full citation reads: "[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *Id*. Plaintiffs' proposal was not a footnote. They spent an entire page of their brief discussing why Pennsylvania law controls, citing five cases. Doc. 260 at 75. The proposal of dropping out-of-state claims was briefed and pressed during oral argument. R&R at 74 ("Because the [UTPCPL] applies to all of their classes, the movants repeatedly suggest (in their reply brief and at oral argument) that, should the Court find various hurdles in their attempts to seek certification, it could allow [them] to proceed under . . . the UTPCPL, and abandon the other state law claims."

A proposal cannot be "repeatedly suggested," but "raised in passing." The Pennsylvania-law class merited consideration. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 183 F.4th 178, 195 (3d Cir. 2026) ("Rule 23

requires rigorous consideration of all the evidence and arguments offered by the parties.”).

**G. Predominance**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] this case can be tried with common proof. *Ferreras v. Am. Airlines*,

*Inc.*, 946 F.3d 178, 185 (3d Cir. 2019) ("[A] common question is one where the same evidence will suffice for each member.").

[redacted] testimony is unrebutted. Predominance is satisfied. *Bing Li v. Aeterna Zentaris, Inc.*, 324 F.R.D. 331, 345 (D.N.J. 2018), *aff'd*, 775 F. App'x 51 (3d Cir. 2019) (granting certification because the defendant's expert "did not perform an independent study" of the plaintiff's evidence.).

**H. Spreadsheet assessment**

The R&R's assessment of the spreadsheet relied on argument. R&R at 60, quoting defense counsel:

> Navient contends, '[c]apitalized interest may be imposed for many different reasons,'…[Oral argument transcript] at 70. In other words, neither the parties nor the Court would know, based on that common proof alone, 'whether [an] interest capitalization accrued because of the triggering event that [the Plaintiffs] have included in their search criteria[,]' as opposed to 'some other event that has nothing to do with this case,'…[Oral argument transcript] at 84—86

Based on these assertions, the R&R concluded that ED's spreadsheet "does not specify the triggering events that caused each interest capitalization." *Id.* at 64. That was error. ***No witness*** testified that ED's spreadsheet includes figures that have "nothing to do with this case," or that it "does not specify the triggering events." [redacted]

The R&R erred by giving weight to unsupported argument. *See Gemtron Corp. v. Saint–Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("[Defendants'] unsworn attorney argument to the contrary—made for the first time at oral argument on appeal—is not evidence and cannot rebut the…other admitted evidence."); *Reinig v. RBS Citizens*, *N.A*., 912 F.3d 115, 129 (3d Cir. 2018) (the district court failed to undertake the "rigorous review mandated by our precedents" because its Rule 23 analysis did not include "citations to specific, factual support in the record").

**I. No individualized communications**

The R&R quoted the following argument from Navient's brief:

> "[d]uring the relevant period, Navient employed thousands of customer service representatives who regularly engaged with individual borrowers, provided points of contact for [them], addressed [their] questions, and took other steps to . . . facilitate . . . repayment of their student loans. The facts and circumstances relating to one borrower's student loan servicing thus vary dramatically from [those] of other borrowers."

R&R at 60-61 (quoting Doc. 231 at 13) (ellipses and brackets in R&R). Accordingly, the R&R concluded that "extensive review of individual accounts" would be necessary. R&R at 63.

This argument was a red herring. Ballard's class does not involve communications with servicing agents; only the processing dates of IDR applications. Doc. 118-3 at ¶ 95. The predominance inquiry is context-specific.

*Reyes*, 802 F.3d at 489 (holding that predominance must be analyzed "in the context of Plaintiffs' actual claims.").

**J. Non-operative class**

The R&R found that predominance was defeated because Ballard's class included persons who were ineligible for renewal. R&R at 68. That issue was addressed by Ballard's narrowed class, which was improperly rejected. *See* Section (VI)(A) (*supra*). Analyzing the wrong definition tainted the predominance inquiry. *See Byrd*, 784 F.3d at 166–67 ("The District Court was looking to an old, no-longer-operative class definition, because the [plaintiffs] had redefined the proposed classes…Thus, the District Court's analysis was not germane.").

**K. Miscitations**

The R&R states: "[redacted]

[redacted]

Aton's testimony was as follows:

**Defense Counsel:** [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted] This means displaying the correct data column (*i.e.*, tab) and matching the account number to the corresponding class.

[redacted]

Nothing about this defeats predominance. *Byrd*, 784 F.3d at 170-71 ("There will always be some level of inquiry required to verify that a person is a member of a class…Such a process of identification does not require a 'mini-trial,' nor does it amount to 'individualized fact-finding,' and indeed must be done in most successful class actions."); *Kelly v. RealPage Inc.*, 47 F.4th 202, 224 (3d Cir. 2022) ("[A] straightforward 'yes-or-no' review of existing records to identify class members is administratively feasible, even if it requires review of individual records with cross-referencing of voluminous data from multiple sources.").

[redacted] was not asked whether "individual review" of records *outside* the spreadsheet is necessary to determine causation for figures *inside* the spreadsheet; let alone whether such a process would be burdensome. The R&R erroneously concludes that *any* individualized review defeats certification. *Byrd*, 784 F.3d at 171 ("[T]he size of a potential class and the need to review individual files to identify its members are not reasons to deny class certification. To hold otherwise would seriously undermine the purpose of a Rule 23(b)(3).").

**L. Causation**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## M. Theurer's attestation

To assess ED's spreadsheet, the R&R relied on a [redacted], which explained the alleged difficulties of identifying class members in Navient's database.

The R&R quoted the attestation: [redacted]

The italicized language refers to Ballard's class definition in the Second Amended Complaint. Doc. 80-1 ¶ 95. In the TAC, she limited the class to borrowers whose applications were "deemed complete." Doc. 118-3 at ¶ 95. That alteration enabled the computer searches.

The R&R analyzed the wrong definition. *Byrd*, 784 F.3d at 166–67 (finding that a court's analysis was not "germane" because it was looking to an old, no-longer-operative class definition."). The R&R also cited [redacted] on the issue of causation:

> [redacted]

R&R at 67-68 (citing Doc. 204-34 at 6-7) (ellipsis and emphasis added).

Accordingly, the R&R found that ED's spreadsheet "fails to clarify why an interest capitalization occurred." R&R at 70. But [redacted] was irrelevant to ED's spreadsheet because it was not based on [redacted] methodology. According to [redacted], the R&R erred by relying on it.

The same applies to [redacted] She issued her report in October 2025, but [redacted] – explaining her methodology – was

produced the following month. [redacted]

**N. Standing**

[redacted]

Because some class members were uninjured, the R&R found that "mini-trials" would be necessary to determine who has standing. R&R at 63-64. In fact, uninjured borrowers can be removed from the class simply by applying a spreadsheet filter. *See* https://support.microsoft.com/en-us/excel/get-started/filter-data-in-a-range-or-table-in-excel.

The R&R also concluded that, because Plaintiffs did not state how many class members were injured, there was no evidentiary basis to determine whether numerosity was satisfied. R&R at 64. The spreadsheet was admitted

into the record. [redacted]

### O. Reliance

There is common proof to adjudicate Ballard's claim under the UTPCPL, which prohibits fraudulent commercial activity. [redacted]:

[redacted]

[redacted] The same applies to her class. Thus, Plaintiffs argued that the letter is common proof of a UTPCPL violation. Doc. 260 at 31-33. The R&R disagreed, reasoning that [redacted]

When asked about the letter, [redacted] Thus, the letter is a federally-mandated communication, which is consistent with its boilerplate language. It was clearly a uniform communication.

The R&R demands proof beyond a preponderance standard. *Reyes*, 802 F.3d at 485 (finding error where the court believed it could not have "any doubt as to whether the Rule 23 requirements are met.").

The R&R also found that Ballard offered no common proof of reliance. R&R at 76-77. In fact, Ballard cited a CFPB report. It explained that, when an IDR plan expires, the borrower has three options: miss a payment, make an inflated payment, or request forbearance. Doc. 208-8 at 6. ***Each option*** entails reliance on

the fraudulent bill. Doc. 260 at 32-33. The R&R ignored this argument, which was error. *Avandia*, 183 F.4th at 195.

**P. Rosenthal Claim**

The Rosenthal Act, California Civil Code § 1788, prohibits deceptive debt collection practices. Plaintiffs argued that Ballard's California sub-class is entitled to relief, based on the false billing statements. Doc. 204 at 52.

The R&R disposed of this claim in a footnote, explaining that it did not merit consideration because Ballard provided insufficient argument on ascertainability, manageability, causation, and reliance. R&R at 71 n.7.

Ascertainability was established. [redacted]. *Byrd*, 784 F.3d at 169 (ascertainability is satisfied if the defendant's "own records" reveal the class members' "full identity").

Manageability was not discussed because the claim pertained to a California sub-class; there was no variation in state laws.

Reliance and causation were not discussed because the Rosenthal Act requires neither. *Afewerki v. Anaya L. Grp*., 868 F.3d 771, 776 (9th Cir. 2017) (holding that a violation occurs "even where the defendant's conduct has not caused [the consumer] to suffer any pecuniary harm.").

Plaintiffs argued that this fact renders the Rosenthal claim particularly suitable for class treatment. Doc. 260 at 29. The claim should have been analyzed. *Avandia*, 183 F.4th at 195.

**Q. Superiority**

The R&R reached contradictory findings on superiority. It found that the amounts at issue are "relatively small, and thus unlikely to be prosecuted on an individual basis." R&R at 92. Then, in the following paragraph, it concluded that class members "would be better served by pursuing recovery on an individual basis." Both propositions cannot be true.

**R. Dismissal**

Pokorni and Varno join Ballard's objections. Additionally, Pokorni and Ballard object to dismissal of their classes with prejudice.

Rule 23(c)(1)(C) was adopted in 2003. It states: "An order that grants or denies class certification may be altered or amended before final judgment." This makes clear that rulings on certification are provisional.

> Concern about parties getting a second opportunity [to seek class certification]…cannot override the language of Rule 23(c)(1)(C), which allows for multiple bites at the apple throughout the litigation…we know no reason why plaintiffs who can cabin more clearly their class, and meet the other Rule 23 requirements, should be barred from succeeding on a renewed motion...

*Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020); *see also Packer*

*v. Glenn O. Hawbaker, Inc.*, 699 F. Supp. 3d 333, 339 (M.D. Pa. 2023) (J. Brann) (rulings on certification are "prospective and subject to change as the case develops.").

The R&R cites only one decision that dismissed a first attempt at certification with prejudice: *Matjastic v. Quantum Pharmics*, *Ltd*., No. CIV. A. 90-0647, 1991 WL 238304 (E.D. Pa. July 22, 1991). The R&R relied on outdated authority. *See Mielo v. Steak 'n Shake Operations*, *Inc*., 897 F.3d 467, 483 (3d Cir. 2018) (finding error where a court relied on a 1985 opinion that "did not survive the 2003 amendments to Rule 23.").

## VII. CONCLUSION

Plaintiffs respectfully request:

1. Certification of the narrowed "Improper IDR Cancellation" class, with claims under the Servicing Contract and UTPCPL;
2. Certification of the California sub-class, with claims under the MPN and Rosenthal Act;
3. For Pokorni's classes, dismissal without prejudice and limited discovery to cure the deficiencies raised in the R&R;
4. For Varno's classes, dismissal without prejudice.

Dated: September 23, 2026 Respectfully Submitted,

*/s/ Anthony Fiorentino*

Anthony Fiorentino
6119 North Kenmore Ave., Ste. 410
Chicago, IL 60660
(312) 305-2850
anthony@fiorentinolaw.com

*/s/ Daniel A. Edelman*
Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

*/s/ Carlo Sabatini*
Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

*Counsel for Plaintiffs Jill Ballard, Rebecca Varno, and Mark Pokorni*

**CERTIFICATE OF WORD COUNT**

In accordance with Local Rule 7.8, the undersigned hereby certifies that the substantive portion of the Objection to the Magistrate Judge's Report and Recommendation Regarding Class Certification contains 4,927 words.

*/s/ Carlo Sabatini*
Carlo Sabatini

**CERTIFICATE OF SERVICE**

On Wednesday, September 23, 2026, I filed the redacted version of the foregoing document with the court's CM/ECF online system, which sent notice via email to Defendants' counsel. Additionally, I served Defendants' counsel with the unredacted version of the document via email sent as follows:

| | |
|---|---|
| Cory W Eichhorn | Cory.Eichhorn@hklaw.com |
| Daniel T. Brier | dbrier@mbklaw.com |
| Donna A. Walsh | dwalsh@mbklaw.com |
| Richard L Armezzani | rarmezzani@mbklaw.com |

*/s/ Carlo Sabatini*
Carlo Sabatini