**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **Civil No. 3:18-cv-00121-JFS-PJC** |

# NAVIENT'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION ON CLASS CERTIFICATION

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................1

ARGUMENT ............................................................................................3

I. The R&R Properly Rejected the Narrowed Ballard Class Definition..........................................................................................3

II. The R&R Properly Determined That the Ballard Class Lacked Predominance ....................................................................6

A. Plaintiffs mischaracterize the R&R ..........................................6

B. The R&R properly found that Plaintiffs failed to meet their burden on choice of law.....................................................9

C. The R&R correctly rejected the Pennsylvania Law Class........10

D. The Aton spreadsheet and testimony require a determination that all proposed classes lack predominance ............................11

E. The R&R correctly found that reliance could not be proven on a classwide basis ..............................................................13

III. Plaintiffs Failed To Establish a Methodology for Identifying Uninjured Class Members on a Classwide Basis................................14

IV. The R&R Correctly Found Plaintiffs Failed To Meet Their Burden on Superiority ......................................................................15

V. The R&R Properly Determined That Plaintiffs Failed To Meet Their Burden on the Rosenthal Act Claim..........................................16

VI. Dismissal With Prejudice of the Ballard Class Was Appropriate.......17

CONCLUSION .........................................................................................19

## TABLE OF AUTHORITIES

### CASES

*Afewerki v. Anya L. Grp.*, 868 F.3d 771 (9th Cir. 2017) ........................................17

*Castro v. Sanofi Pastuer Inc.*, 134 F. Supp. 3d 820 (D.N.J. 2015) ...........................7

*Chedwick v. UPMC*, No. 07–806, 2011 WL 1559792 (W.D. Pa. Apr. 21, 2011) ..........................................................................................................18

*Chen v. Amtrak*, No. 18-3617, 2019 WL 5294419 (E.D. Pa. Oct. 18, 2019) .........12

*Commonwealth of Pennsylvania Dep't. of Public Welfare v. U.S. Dep't of Health & Human Servs.*, 101 F.3d 939 (3d Cir. 1996) ......................................11

*Drummond v. Progressive Specialty Ins. Co.*, 142 F.4th 149 (2025)..................8, 10

*Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980).......................................................3

*Gates v. Rohm & Haas Co.*, 265 F.R.D. 208 (E.D. Pa. 2010) ..................................4

*In re Google Inc. Cookie Placement Consumer Priv. Litig.,* No. 1:12-md-02358, 2026 WL 2530241 (D. Del. Aug. 27, 2026) .....................................................15

*Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 178 (3d Cir. 2014).......................10

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ..........................7

*Hammersmith v. TIG Ins. Co.*, 480 F.3d 220 (3d Cir. 2007)..................................10

*Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020)........................................18

*Huber v. Simon Agency, Inc.*, 84 F.4th 132 (3d Cir. 2023) ...................................15

*Hunt v. U.S. Tobacco Co.*, 538 F.3d 217 (3d Cir. 2008) ........................................13

*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008)................5, 8

*Lemp v. Seterus, Inc.*, No. 2:18-cv-01313, 2022 WL 912960 (E.D. Cal. Mar. 29, 2022) ........ 16

*Markosyan v. Hunter Warfield, Inc.*, No. CV 17–5400, 2018 WL 2718089 (C.D. Ca. May 11, 2018) ........ 17

*Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018) ........ 1

*In re Niaspan Antitrust Litig*., 67 F.4th 118 (3d Cir. 2023) ........ 11

*Ritti v. U-Haul Int., Inc.,* No. 05–4182, 2006 WL 1117878 (E.D. Pa. Apr. 26, 2006) ........ 9

*Siino v. Foresters Life Ins. & Annuity Co.*, Case No. 20-cv-02904-JST, 2022 WL 20184654 (N.D. Cal. July 26, 2022) ........ 18

*Vista Healthplan, Inc v. Cephalon, Inc*., No. 2:06–cv–1833, 2015 WL 3623005 (E.D. Pa. June 10, 2015) ........ 9

*Wal-Mart Stores, Inc v. Dukes*, 131 S. Ct. 2541 (2011) ........ 11

*Webb v. Discovery Prop. & Cas. Ins. Co.*, No. 3:08 CV 01607, 2014 WL 105608 (M.D. Pa. Jan. 9, 2014) ........ 3

**STATUTES**

Fed. R. Civ. P. 23 ........ 1, 2, 4, 5, 6, 8, 11, 18, 19

Fed. R. Civ. P. 23(b)(3) ........ 15, 17, 18

Fed. R. Civ. P. 23(c)(1) ........ 4

Fed. R. Civ. P. 23(c)(1)(C) ........ 19

L.R. ........ 3

Defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. (collectively "Navient"), by and through their undersigned counsel, respectfully submit their Opposition to Plaintiffs' Objections to the Report and Recommendation on Class Certification (ECF 293) and Plaintiffs' Brief in Support thereof (ECF 294).

## INTRODUCTION

Plaintiffs take a "kitchen-sink" approach to their objections to the Report and Recommendation on Class Certification (hereinafter the "R&R) (ECF 278), asserting eighteen separate challenges, many of which contain no meaningful legal argument or authority. The limited legal arguments they do proffer fail. "When courts harbor doubt as to whether a plaintiff has carried her burden under Rule 23, the class should not be certified." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 483 (3d Cir. 2018). The 99-page R&R – which comprehensively analyzed Plaintiffs' claims under the rigorous standard required by Rule 23 – followed the Third Circuit's instruction and denied class certification. Plaintiffs' objections should be overruled for the following reasons.

*First*, the R&R correctly rejected Plaintiffs' belated effort to narrow the Ballard Class definition to "approved applicants" as not only being untimely, but also because the newly-proposed class plainly failed to meet the requirements of

Rule 23 and suffered from the same deficiencies as the Ballard Class set forth in the Third Amended Complaint ("TAC").

*Second*, the R&R properly determined that Plaintiffs failed to carry their burden as to the Ballard Class due to lack of predominance.[1] This includes Plaintiffs' failure to:

- show through classwide proof that interest capitalized because of IDR cancellation and not some other event (ECF 278 at 68);
- demonstrate reliance could be established without resorting to a plaintiff-by-plaintiff analysis (*id.* at 75); and
- meet their burden as to manageability given their breach of contract claims would require the Court to apply the laws of up to 50 states (*id*. at 81-90).

*Finally*, the R&R correctly determined that the Ballard Class and the portion of the Pokorni Class seeking interest subsidies should be dismissed with prejudice given the length of the litigation and Plaintiffs' failure to identify additional briefing or discovery that could remedy the significant shortcomings in their case. No additional briefing or discovery would change the conclusion that class certification must be denied.

[1] Plaintiffs assert no specific objections to the dismissal of the Pokorni class. They merely state that "Pokorni and Varno join Ballard's objections" and "Pokorni and Ballard object to the dismissal of their classes with prejudice." (ECF 294 at 35.)

## ARGUMENT

### I. The R&R Properly Rejected the Narrowed Ballard Class Definition.

Plaintiffs contend that the R&R improperly rejected their attempt to change the definition of the Ballard "Improper IDR Cancellation" Class (the "Ballard Class") in their reply brief. (Pls.' Br., VI.A, ECF 294, 12-14.) This argument misses the mark.

While Plaintiffs rely on *Finberg v. Sullivan*, 634 F.2d 50, 64 (3d Cir. 1980), to justify changing their class definition in their reply, the R&R explained "[*Finberg*] merely held that doubts about commonality 'might well be remedied by requiring a more specific or a narrower definition.'" (ECF 278 at 69) (quoting *Finberg*, 634 F.2d at 64 n.9). *Finberg* did not "encourage Third Circuit courts to ignore predominance and ascertainability concerns by adhering to a belated suggestion raised in a reply brief, and redefining a class in a fashion to which the nonmovant did not have an opportunity to respond." *Id*. And although Plaintiffs assert that in *Webb v. Discovery Prop. & Cas. Ins. Co*., No. 3:08 CV 01607, 2014 WL 105608, at *1, n.2 (M.D. Pa. Jan. 9, 2014), the district court "permitted" modifications in a reply brief, (ECF 294 at 12), there (unlike here) the defendant consented to the modification. *Id.* at *12-13.[2]

---

[2] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

Plaintiffs' other cited cases, (*id.* at 13-14), are also distinguishable. For example, Plaintiffs cite *Gates v. Rohm & Haas Co*., 265 F.R.D. 208, 215, n.10 (E.D. Pa. 2010) for the proposition that a court must allow a plaintiff to modify the proposed class definition in a reply. There is no indication, however, that the defendant in *Gates* objected to the revised class definitions nor does the opinion discuss how the revised definitions differed from the original ones. *Id*. at *passim*.[3] And the remaining cases stand for the non-controversial proposition that a court ***may*** – but is not ***required to*** – modify a class definition under Rule 23(c)(1). (ECF 294 at 13-14.) Plaintiffs have not identified a single Third Circuit case that requires courts to entertain class definitions raised for the first time in a reply (and there is none).

While the R&R acknowledged that a court may modify a class definition during the certification process, it found that Plaintiffs failed to show the proposed amended class satisfied Rule 23. (ECF 278 at 69) ("Plaintiffs fail to offer the remaining number of proposed class members after applying this limitation, thus giving rise to uncertainty over basic numerosity."). Indeed, to adjudicate the claims of the proposed new Ballard Class, Plaintiffs would need to prove that a failure to renew IDR plans caused the interest capitalization reflected on each absent class

[3] The court denied certification of the modified classes. (ECF 278 at 26-27, 69).

member's account. *Id.* at 68.[4] The R&R found Plaintiffs "fail to explain how that the answer to that question can be proven on a classwide basis through common proof, without the individualized account review that necessarily obviates a finding of predominance." (ECF 278 at 68.)

Plaintiffs also incorrectly contend the R&R mischaracterized a previous report and recommendation by Judge Carlson. (ECF 294 at 14.) In that report, Judge Carlson observed that "[w]hile we agree that a court is not bound by the class definition proposed in the complaint, we do not interpret this to mean that class action complainants can unilaterally modify class definitions without the court's approval." (ECF 88 at 13.) Plaintiffs argue that Judge Carlson was referring only to modifications before class certification briefing. (ECF 294 at 14.) But his order includes no such limitation, nor does it suggest the Court should endorse a new proposed class definition raised for the first time in Plaintiffs' class certification reply.

In sum, the R&R correctly rejected Plaintiffs' narrowed definition of the Ballard Class newly raised on reply because they failed to meet their burden, or even address, the Rule 23 factors concerning that class. *In re Hydrogen Peroxide Antitrust*

---

[4] Ballard sought relief in the Third Amended Complaint for improper interest capitalization in Count I (Breach of Servicing Contract), Count II (Breach of Promissory Note), Count IV (Breach of Pennsylvania Unfair Trade Practices and Consumer Law ("UTPCPL") and Count VII (Violation of California Civil Code § 1788 (the "Rosenthal Act"). TAC ¶¶ 119, 131, 150, and 174.

*Litig*., 552 F.3d 305, 310 (3d Cir. 2008) ("A party's assurance to the court that it intends or plans to meet the [Rule 23] requirements is insufficient.").

## II. The R&R Properly Determined That the Ballard Class Lacked Predominance.

Plaintiffs assert that the R&R erred in finding that the Ballard Class lacked predominance. (Pls.' Br., VI. C-E, G-Q, ECF 294 at 15-19, 22-28). This argument should be rejected for the reasons set forth below.

### *A. Plaintiffs mischaracterize the R&R.*

Plaintiffs argue that the R&R "found that predominance was defeated because the class included two IDR-ineligible borrowers." (Pls.' Br. at VI.C, *id*. at 15). But this is not an accurate description of either the R&R or the record it relied upon.

The R&R appropriately cited Navient's expert on class certification, Dr. Xiaoling Ang, to support its conclusions regarding predominance. In her expert report, Dr. Ang identified ***as examples*** two members of the Ballard Class who submitted IDR applications but did not qualify due to income ineligibility, not because of any Navient servicing error. (ECF 278 at 68.) Neither Dr. Ang nor the R&R concluded that these were the ***only*** two ineligible borrowers included in the proposed class.

Moreover, Plaintiffs rely on inapposite cases in objecting to the R&R's reliance on the two-IDR-ineligible borrowers. (ECF 294 at 15.) These cases involved either a showing of common proof impacting class members in the same

way, or a presumption benefitting class members, rendering common proof unnecessary. *See Halliburton Co. v. Erica P. John Fund, Inc*., 573 U.S. 258, 276 (2014); *Castro v. Sanofi Pastuer Inc.*, 134 F. Supp. 3d 820, 847 (D.N.J. 2015). Here, there is no presumption in favor of each individual class member (*e.g.*, reliance) nor have Plaintiffs offered sufficient evidence showing their claims are susceptible to common proof (*e.g.*, the reason interest was capitalized for each class member). (ECF 278 at 68.)

There were, in fact, multiple reasons why the R&R correctly determined Plaintiffs failed to satisfy predominance. These include: (i) Plaintiffs failed to show "on a classwide basis through common proof" that interest capitalized because of IDR cancellation, *id.* at 68; (ii) "individual treatment for finding the element of reliance under the UTPCPL serves as a barrier to class certification," *id.* at 75; (iii) Plaintiffs failed to meet their burden on manageability as to their breach of contract claims given the potential for the application of 50 different state laws, *id.* at 81-90; and (iv) "determining whether each member of the [Ballard Class] relied on Navient's communications . . . requires individual inquiries," *id.* at 77.[5] Each ground

[5] Plaintiffs assert that the R&R erred in determining that individualized interactions between Navient and putative borrowers weighed in favor of a finding that common issues did not predominate over individual ones. (ECF 294 at 25.) This ignores the R&R's reasoning discussed above and that adjudicating Navient's defenses (e.g., consent, waiver) would require individualized inquiries into borrower interactions. For example, Ballard's decision to make payments under the standard repayment plan arguably waived her claim. (ECF 232 at 51-52.)

independently supports denial of class certification. *See In re Hydrogen Peroxide,* 552 F.3d at 320 ("Class certification requires a finding that each of the requirements of Rule 23 has been met," including but not limited to predominance.)

And even though Navient produced hundreds of sample account records to Plaintiffs in discovery, Plaintiffs failed to provide at the class certification stage ***any analysis*** of these account records that would support their claim that the structured data they are relying on supports certification. Only Navient proffered an expert − Dr. Ang – and she concluded that the Ballard Class included individuals who were not eligible to renew their IDR plans, making them ineligible to be class members under Plaintiffs' class definition. (ECF 278 at 68.) As the Third Circuit found in *Drummond v. Progressive Specialty Ins. Co*., 142 F.4th 149, 159 (3d Cir. 2025) (citations omitted):

> [A] putative class fails to clear the predominance requirement when a district court "formulate[s] some predication as to how specific issues will play out . . . in a given case," and concludes it "cannot be adequately assured that individualized evidence will not later overwhelm the case and render it unsuitable for class-wide adjudication."

Here, the R&R carefully analyzed Plaintiffs' proffered evidence and correctly determined not only that the Ballard Class included putative class members who did not qualify for IDR, but also that Plaintiffs failed to show through common proof that interest capitalization was caused by Navient's claimed improper conduct.

(ECF 278 at 68) (determining that "this gap in the Plaintiffs' position is anchored in tangible concerns, not mere hypothetical scenarios").

### ***B. The R&R properly found that Plaintiffs failed to meet their burden on choice of law.***

Plaintiffs urge the Court to reject the R&R's choice-of-law analysis (Pls.' Br., VI.E, ECF 294 at 10-12.) Their request falls flat, as it is well-settled that a plaintiff who fails to present a sufficient choice-of-law analysis cannot show that common issues predominate. *Vista Healthplan, Inc v. Cephalon, Inc*., No. 2:06–cv–1833, 2015 WL 3623005, *25 (E.D. Pa. June 10, 2015); *see also Ritti v. U-Haul Int., Inc.,* No. 05–4182, 2006 WL 1117878, *13 (E.D. Pa. Apr. 26, 2006) (finding individualized choice-of-law determinations defeated predominance where plaintiff failed to offer "the 'extensive analysis' required to show that the law of all 50 states is identical" and instead offered "four very general and unremarkable propositions of contract law"). The R&R correctly found that Plaintiffs failed to meet their burden of proof on choice of law. (ECF 278 at 88.)

Instead of providing a substantive analysis of the 50 state laws that could apply to their breach of contract claims, Plaintiffs summarily contended that Pennsylvania law governs all claims because it is the alleged place of performance. (ECF 260 at 64-65.) That argument contravenes Third Circuit precedent holding that Restatement Section 188(2) applies to a breach of contract claim under Pennsylvania law and requires the Court to consider: (1) the place of contracting, (2)

the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 233 (3d Cir. 2007).[6] While the R&R did not expressly hold that the class member's home state laws would apply to their breach of contract claims, that conclusion is evident from the R&R's determination that Plaintiffs failed to meet their burden "to prove how those variances [in the laws of the 50 states] are not prohibitive to certification . . . ." (ECF 278 at 88.) And Third Circuit precedent also supports a finding that putative class member's home state laws would apply. *See Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 178, 180-83 (3d Cir. 2014). Plaintiffs' objections should therefore be overruled.

***C. The R&R correctly rejected the Pennsylvania Law Class.***

Plaintiffs contend that the R&R erred in failing to certify a Pennsylvania law class, purportedly consisting of class members with claims under Pennsylvania common law and the UTPCPL. (Pls.' Br., VI.F, ECF 294 at 19.) But the R&R's determination that the Ballard Class lacks predominance also applies to this narrower Pennsylvania class. *See supra*, at 7-10; *see also Drummond*, 142 F.4th at 156 (denying class certification in Pennsylvania breach of contract action because

---

[6] As noted above, the R&R found Plaintiffs failed to satisfy predominance for multiple independent reasons unrelated to choice-of-law. *See supra* at 6-9.

plaintiffs were unable to show breach and resulting damages "without relying on plaintiff-by-plaintiff evidence").[7]

The R&R correctly found that Plaintiffs failed to meet their burden as to any class premised on Pennsylvania contract law, as they failed to show how these proposed classes satisfy Rule 23. (ECF 278 at 90); *see also Wal-Mart Stores, Inc v. Dukes*, 564 U.S. 338, 350 (2011) (emphasizing that Rule 23 does not set forth a mere pleading standard and that a plaintiff must prove that the rule's requirements have been satisfied).

### ***D. The Aton spreadsheet and testimony require a determination that all proposed classes lack predominance.***

It is well-settled in the Third Circuit that "[i]f a district court harbors uncertainty about whether the plaintiff has satisfied the requirements of Rule 23, class certification should be denied." *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 130 (3d Cir. 2023) (citations omitted). As the R&R found, the Aton Spreadsheet and testimony clearly demonstrated that the cause of any particular class member's

[7] Plaintiffs further assert that the R&R erred in finding they waived any argument for proceeding on a Pennsylvania law-only class. (ECF 294 at 21.) Plaintiffs grossly overstate their position on this issue, claiming that their proposal for dropping non-Pennsylvania law claims "was briefed and pressed during oral argument." *Id.* Their reply contained one sentence cursorily asserting that the Court could allow them to proceed on a Pennsylvania law-only basis, and they failed to raise the issue during oral argument. (ECF 260 at 72-73; ECF 276.) The Third Circuit has held such conclusory assertions do not prevent waiver. *See Commonwealth of Pennsylvania Dep't. of Public Welfare v. U.S. Dep't of Health & Human Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

interest capitalization – the heart of Plaintiffs' case – would require individualized, account-by-account inquiries. (ECF 278 at 68.) Indeed, Aton testified − ***under questioning from Plaintiffs' counsel*** – that [redacted] (ECF 231-9 at 38-40.)

Plaintiffs disregard this crucial testimony and instead cherry-pick other Aton testimony to support their assertion that the spreadsheet shows on a class-wide basis that interest capitalization was caused by the triggering event. (Pls.' Br., VI.E,I, ECF 294 at 27.) Plaintiffs further ignore the undisputed testimony of Patrick Theurer – currently Navient's Chief Information Officer − [redacted] (Pls.' Br. VI.M, ECF 278 at 67-68 (citing ECF 204-34 at 607).) Accordingly, Plaintiffs cannot show the cause of an interest capitalization event without resorting to an individual review of each putative class member's account. *See, e.g., Chen v. Amtrak*, No. 18-3617, 2019 WL 5294419, at *8 (E.D. Pa. Oct. 18, 2019) (determining "[i]f the herbicide is present on all class members' properties, there is no common proof which will show the herbicide was present because of Defendants' spraying or the

effect of such presence" and finding the "issue of causation on the class claims is an individualized inquiry").

### *E. The R&R correctly found that reliance could not be proven on a classwide basis.*

To show the element of reliance on a class-wide basis, Plaintiffs attempt to rely on Navient's interactions with Ballard. (ECF 294 at 32-33.) As the R&R recognized, this is not enough. Instead, each member of the proposed class must prove justifiable reliance. (ECF 278 at 76.) That is why class certification is inappropriate in consumer cases like this one where reliance is an element in one or more of the claims. *See, e.g., Hunt v. U.S. Tobacco Co*., 538 F.3d 217, 222 (3d Cir. 2008) (holding that UTPCPL requires an "individualized showing [of justifiable reliance] by each private plaintiff").

Plaintiffs also assert that a CFPB report establishes reliance on a classwide basis, but as Navient demonstrated, the report references many servicers other than Navient, refers to generalized borrower complaints, and does not identify any standardized Navient practices. (ECF 232 at 25-26.) The CFPB report is not evidence that each putative class member individually relied on Navient's purported misrepresentations.[8]

---

[8] Plaintiffs argue the R&R erred in determining that the Ballard Class lacked ascertainability because Navient's "own records" identify all class members using objective criteria. (Pls.' Br. at VI.B, J, ECF 294 at 14, 26.) The R&R discussed predominance and ascertainability in tandem. (ECF 278 at 53-73.) While Navient

## III. Plaintiffs Failed To Establish a Methodology for Identifying Uninjured Class Members on a Classwide Basis.

Plaintiffs incorrectly invoke standing in challenging the R&R's conclusion that Plaintiffs lacked an evidentiary basis to identify uninjured class members. (Plfs.' Br. at VI.N, ECF 294 at 31.)

The R&R did not determine that the Ballard Class lacked standing, but rather found that "Plaintiffs' method [for determining injured class members] necessarily calls for an extensive review of individual accounts and transactions, which in turn raises acute predominance concerns." (ECF 278 at 63.) Regardless, Plaintiffs now attempt to offer a methodology that can purportedly identify uninjured class members. (ECF 294 at 31-32.)[9] But as noted above, Plaintiffs cannot establish through common proof ***the cause*** of the challenged interest capitalization for each of those individuals. (ECF 278 at 64-65) (Plaintiffs "have not provided convincing record evidence showing that they can establish, through common proof, that the underlying reasons for those interest capitalizations are the alleged Navient servicing errors in processing the renewal applications of Ballard's class members."). Absent

---

did not challenge the ascertainability of the Ballard Class, the R&R correctly held Plaintiffs failed to satisfy predominance. *See supra* at 6-12.

[9] [redacted] (ECF 294 at 31-32.)

such proof, class treatment is improper. *See Huber v. Simon Agency, Inc.*, 84 F.4th 132, 157 (3d Cir. 2023).

## IV. The R&R Correctly Found Plaintiffs Failed To Meet Their Burden on Superiority.

The R&R carefully considered the four superiority factors in Rule 23(b)(3) and held that, although two weighed in favor of finding class litigation superior, two others outweighed them. (ECF 278 at 90-93.) Plaintiffs complain that the R&R made "contradictory findings on superiority" by holding that per-borrower damages are relatively small and unlikely to be pursued individually, while at the same time concluding that class members would be better served by filing their own lawsuits. (ECF 294 at 35.) But the R&R found that class members would be better served by bringing individual actions due to "the individual inquiries concerning causation, damages, and proof," not because of the ***amount*** of damages they might recover. (ECF 278 at 93.)

Nor do Plaintiffs object to the R&R's determination that there would likely be difficulties in managing this case as a class action. *Id; see also In re Google Inc. Cookie Placement Consumer Priv. Litig.,* No. 1:12-md-02358, 2026 WL 2530241, at *14 (D. Del. Aug. 27, 2026) (superiority not satisfied where "litigation would require individualized [liability] determinations" and "[a] class action therefore would not streamline this litigation" but "would simply relocate the individualized inquiries into a single proceeding"). Not that they could, given that litigating the

Ballard Class claims would require more than 78,000 mini-trials to determine at least causation and reliance. *See supra* at 12-15. Plaintiffs' objections to the R&R's superiority determination should be overruled.

## V. The R&R Properly Determined That Plaintiffs Failed To Meet Their Burden on the Rosenthal Act Claim.

Plaintiffs' Rosenthal Act claim is based on an account summary Navient sent to Ballard which Plaintiffs argue contained improper interest capitalization charges. (TAC ¶ 174, ECF 118-3 at 59.) In the R&R, the Court found that Plaintiffs' class allegations and definitions did not meet the requirements of the Rosenthal Act. (ECF 294 at 34; ECF 278 at 71, n.7.) Plaintiffs assert that the Court erred in so holding. In support, they argue that a Navient witness − Jeffrey Stine − testified that Navient sent all members of the Ballard Class the same account summary Ballard received. But the R&R properly held that Plaintiffs failed to cite to any such testimony in the record. (ECF 278 at 76, n.9) (determining Mr. Stine's testimony "does not clarify whether the same notice was issued to all proposed members of Ballard's class"). And Plaintiffs did not present any other evidence on this point.

To pursue a Rosenthal Act claim, Plaintiffs must also show that all class members' student loans were in default. *See Lemp v. Seterus, Inc.*, No. 2:18-cv-01313, 2022 WL 912960, at *3 (E.D. Cal. Mar. 29, 2022) (denying class certification because it cannot be easily determined whether FDCPA (and Rosenthal Act) applies to each transaction concerning default). Yet the definition for the Ballard Class does

not even include a requirement that the loan be in default. Further, Plaintiffs failed to adduce common evidence to support this element of their claim.

Relying on *Afewerki v. Anya L. Grp*., 868 F.3d 771, 776 (9th Cir. 2017), Plaintiffs also argue that causation is not an element of a Rosenthal Act claim. But *Afewerki* is distinguishable because it did not involve a class action or actual damages. To the extent that a plaintiff seeks actual damages, as the Ballard Class does here (TAC ¶ 180, ECF 118-3 at 61), she must prove that her damages were caused by the defendant's conduct. *Markosyan v. Hunter Warfield, Inc*., No. CV 17–5400, 2018 WL 2718089, at *12 (C.D. Cal. May 11, 2018) (holding in the context of a Rosenthal Act claim that "it is black letter law that damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a basis for legal recovery) (citations omitted). The same manageability and predominance concerns permeating the Ballard Class with respect to the breach of contract and other statutory causes of action would apply to the Rosenthal Act claim.

## VI. <u>Dismissal With Prejudice of the Ballard Class Was Appropriate.</u>

The R&R determined dismissal with prejudice was appropriate as to the Ballard Class and a portion of Pokorni's Improper Delay Class, because of "this action's procedural posture" – *i.e.*, multiple shifting class definitions over eight years. (ECF 278 at 95.) It emphasized that "Plaintiffs failed to indicate whether they might be able to overcome the Rule 23(b)(3) concerns after either additional

opportunity to offer evidence of record, or further discovery to obtain that evidence, despite having already conducted a lengthy class discovery period in a years-long litigation." (*Id.* at 95-96.)

The R&R also recognized that where, as here, a plaintiff is unable to satisfy Rule 23(b)(3), denial of class certification with prejudice is warranted. (*Id.* at 95); *see also Chedwick v. UPMC*, No. 07–806, 2011 WL 1559792, at *15 (W.D. Pa. Apr. 21, 2011) (denying class certification and finding that additional discovery would be futile and "[t]he time has come for the parties to concentrate their efforts on the merits of [Plaintiff's] individual claims").

Plaintiffs do not dispute that they failed to request additional briefing or discovery that would overcome the significant problems they face with class certification. Regardless, any such discovery or briefing would be futile, given the insurmountable hurdles to certification identified in the R&R. (ECF 278 at *passim*).

Plaintiffs rely on *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020) for the proposition that a second class certification motion can be filed at any time. (Pls' Br. VI.O, ECF 294 at 35-36.). But Plaintiffs misread *Hargrove*, which merely confirmed the standard of review that applies to a renewed motion for class certification. *See Siino v. Foresters Life Ins. & Annuity Co.*, Case No. 20-cv-02904-JST, 2022 WL 20184654, at *1 (N.D. Cal. July 26, 2022). As the court held in *Siino*, *Hargrove* did not address "what circumstances warrant modifying a case scheduling

order to permit a plaintiff a second chance at class certification after the first motion has been denied and the deadline for filing such a motion has passed." *Id* at *1. Here, the scheduling order required any class certification motion to be filed by December 1, 2025. (ECF 168 at 2.)

And while Rule 23(c)(1)(C) permits a court to alter or amend an order granting or denying class certification, neither Rule 23 nor Third Circuit case law compels a court to permit serial class certification motions. This litigation has been pending for over eight years. Plaintiffs had years of discovery and ample time to formulate their strategy for class certification. They have alleged and then amended their class definitions many times. The R&R was right to conclude it is time for the parties to finally close the book on class certification and move towards summary judgment and, if necessary, trial on Plaintiffs' individual claims.

## CONCLUSION

For the foregoing reasons, Navient respectfully requests that the Court overrule Plaintiffs' objections to the R&R.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daniel T. Brier

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com
Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(2)**

I, Daniel T. Brier, hereby certify that the foregoing Memorandum of Law in Support of Objections to Report and Recommendation is in compliance with Local Rule 7.8(b)(2). The brief contains 4518 words as computed by Microsoft Office Word.

/s/ Daniel T. Brier
Daniel T. Brier

Date: October 23, 2026

**CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Navient Defendants' Memorandum of Law in Opposition to Plaintiffs' Objections to Report and Recommendation on Class Certification was served upon all counsel of record via the Court's electronic filing system (CM/ECF), which will send notification of such filing to all registered participants, on this 23rd day of October, 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

Anthony Fiorentino
Fiorentino Law Offices Ltd.
432 N. Clark St., Suite 202
Chicago, IL 60654

*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier