**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JILL BALLARD, REBECCA VARNO, and MARK POKORNI, on behalf of themselves and the class members described herein,**

**Plaintiffs,**

**v.**

**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., AND NAVIENT SOLUTIONS, LLC,**

**Defendants.**

**Civil No. 3:18-cv-00121-JFS-PJC**

**FILED UNDER SEAL**

# NAVIENT'S REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION ON CLASS CERTIFICATION

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 252-9600

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

# TABLE OF CONTENTS

## CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 2

A. Plaintiffs Cannot Show Good Cause To Extend The Class Certification Deadline. ..... 2

B. Plaintiffs' Obstruction Claim Is Baseless. ..... 5

1. Plaintiffs Attempt To Relitigate Issues on Which the Court Has Already Ruled. ..... 6

2. Plaintiffs Had Ample Opportunity To Raise Alleged Discovery Misconduct With the Court and Failed to do so, Because There Was No Misconduct. ..... 7

3. The Record Debunks Plaintiffs' "Obstruction" Allegations. ..... 8

a. Navient disclosed the novation of Its federal student-loan servicing contract ..... 8

b. ED's servicing data ..... 10

c. Computer searches ..... 12

C. Plaintiffs Abandoned the Modified Forbearance Class and Cannot Resurrect It Now ..... 12

D. Plaintiffs Had a Full and Fair Opportunity To Seek Certification, and They Should Not Be Permitted To File a Second Class Certification Motion. ..... 13

E. Even if Plaintiffs Had Not Forfeited Certification of the Forbearance Classes, the R&R's Reasoning Supports Denial of Certification With Prejudice. ..... 16

CONCLUSION ..... 17

# TABLE OF AUTHORITIES

## CASES

*Campbell v. County of Mercer,* No. 2:23-cv-00099-CB-KT, 2025 WL 965181 (W.D. Pa. Mar. 31, 2025)........ 15

*Caporale v. EIDP, Inc.*, Civil Action No. 19-1672-JLH-SRF, 2026 WL 967253 (D. Del. Feb. 10, 2026)........ 15

*Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695 (E.D. Pa. 2007)........ 4

*Chedwick v. UPMC*, Civil Action No. 07–806, 2011 WL 1559792 (W.D. Pa. Apr. 21, 2011)........ 17

*In re Facebook, Inc. Consumer Privacy User Profile Litig.,* 655 F. Supp. 3d 899 (N.D. Cal. 2023)........ 5

*Finizie v. Shineski,* 351 F. App'x 668 (3d Cir. 2009)........ 8

*Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119 (3d Cir. 2009)........ 10, 11

*Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020)........ 3, 15

*Hassine v. Jeffes*, 846 F.2d 169 (3d Cir. 1988)........ 17

*Philbin v. Brett Dinovi & Assoc.*, No. 31-cv-20402, 2024 WL 1907192 (D.N.J. Jan. 10, 2024)........ 15

*Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020)........ 4

*Taylor v. Midland Nat. Life Ins. Co.*, Case No. 4:16-cv-00140-SMR-HCA, 2019 WL 13169890 (S.D. Iowa Sept. 27, 2019)........ 2

*Walden v. Bank of N.Y. Mellon Corp.*, Civil Action No. 2:20-cv-01972-CBB, 2025 WL 2696463 (W.D. Pa. Sept. 22, 2025)........ 13

*Wharton v. Superintendent Graterford SCI*, 95 F.4th 140 (3d Cir. 2024)........ 10

## STATUTES

28 U.S.C. § 636(b)(1)(B) .......... 17

Fed. R. Civ. P. 16 .......... 2, 3

Fed. R. Civ. P. 16(b)(1)(B) .......... 2

Fed. R. Civ. P. 16(b)(3)(A) .......... 2

Fed. R. Civ. P. 16(b)(4) .......... 2, 3, 4

Fed. R. Civ. P. 23 .......... 2, 5

Fed. R. Civ. P. 23(c)(1) .......... 2

Fed. R. Civ. P. 23(c)(1)(C) .......... 2

Fed. R. Civ. P. 23(c)(4) .......... 16

L.R. 7.8(a) .......... 3

L.R. 72.3 .......... 17

Defendants Navient Corporation[1] and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. (collectively "Navient"), by and through their undersigned counsel, respectfully submit this Reply in Support of their Objections to the Report and Recommendation on class certification (the "R&R"), ECF No. 278.

## INTRODUCTION

Plaintiffs' Response to Navient's Objections to the R&R (the "Response"), ECF No. 300, fails to meaningfully address the deficiencies that warrant denying certification of the Forbearance Classes *with prejudice*. Instead, Plaintiffs spend the vast majority of their brief baselessly accusing Navient of misconduct that Plaintiffs never raised with Judge Caraballo. Plaintiffs fail to explain how any of the alleged misconduct impacted their decision not to include the Forbearance Classes in their class certification motion. Nor could they. Plaintiffs emphasize that they filed their class certification motion one week before the class certification deadline. ECF No. 300 at 23. Clearly at the time they filed their motion, Plaintiffs believed they had the discovery necessary to support their class certification arguments. The choice not to include the Forbearance Classes was a strategic decision they made with the benefit of a robust record compiled over more than seven years. The misconduct

---

[1] Due to a recent corporate reorganization, Navient Corporation is now Navient LLC.

allegations they raise now—each of which lacks merit, as set forth below—reflect a transparent, futile and last-ditch attempt to escape the R&R's well-reasoned conclusion that Plaintiffs' proposed classes fail to satisfy Rule 23. For the reasons previously raised by Navient, ECF No. 292, and set forth below, this Court should sustain Navient's objections to the R&R and deny with prejudice certification of the Forbearance Classes.

## ARGUMENT

### A. Plaintiffs Cannot Show Good Cause To Extend The Class Certification Deadline

Plaintiffs assert that Rule 23(c)(1) excuses them from having to establish good cause to permit a class certification motion after the deadline. Nothing in Rule 23(c)(1), Rule 16, or decisions interpreting either rule supports that position.

Rule 16 requires the Court to enter a scheduling order that "limit[s] the time to . . . file motions," and provides that the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4). Class actions are not exempt. *See* Fed. R. Civ. P. 16(b)(1)(B). A plain reading of Rule 16 thus establishes that a plaintiff seeking leave to file a renewed motion for class certification after the class certification deadline must satisfy Rule 16(b)(4). *See, e.g., Taylor v. Midland Nat. Life Ins. Co.*, Case No. 4:16-cv-00140-SMR-HCA, 2019 WL 13169890, *3 (S.D. Iowa Sept. 27, 2019) (holding that while Rule 23(c)(1)(C) "allows a district court to take a particular action in its discretion (i.e., amending a

previous class certification order,)" it "does not require a court to do anything and thus does not provide a means to circumvent Rule 16(b)(4)'s requirements").[2]

In arguing otherwise, Plaintiffs rely on *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020). *See* ECF No. 300 at 8. But *Hargrove* addressed the standard of review courts should apply to a renewed motion for class certification—not whether a plaintiff must show good cause to file such a motion after the class certification deadline. Further, the Third Circuit observed that the "best course of action is to treat [renewed motions] like any other for class certification . . . ." *Id.* at 477 (internal quotation and citations omitted). Thus, a plaintiff seeking to file a renewed class certification motion after the deadline must establish good cause to do so.

In compliance with Rule 16, the Court entered a scheduling order and set a deadline of December 1, 2025, for Plaintiffs' class certification motion. ECF No. 168.[3] For almost one year before that deadline, Judge Caraballo held regular telephonic status conference calls to discuss the progress of the case, and in each call Judge Caraballo invited counsel to raise any issues the parties wished the Court to

---

[2] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

[3] Judge Caraballo's preferences specifically state that he "expects the case management order's dates and deadlines will not ordinarily be subject to extensions, unless an unusual circumstance is presented and a timely motion is filed." *See* www.pamd.uscourts.gov/content/magistrate-judge-caraballo.

address.[4] The Court heard and resolved every issue that was raised. In their Response, Plaintiffs now assert that "[i]f Rule 16(b)(4) applied, it would support Plaintiffs, who have diligently prosecuted the case, despite Navient's years-long obstruction." ECF No. 300 at 9. Crediting that baseless smear would require believing that Plaintiffs silently tolerated alleged "obstruction" throughout this litigation, which is simply implausible. Had Plaintiffs believed that they were not receiving the discovery they needed to support their class certification motion, or that they required additional time to prepare the motion, Plaintiffs had ample opportunities to seek the Court's assistance or an extension, including on regular status conference calls with Judge Caraballo. They did neither.

Nor do Plaintiffs even attempt to show that they pursued certification of the Forbearance Classes diligently, as they could have included those classes in their class certification motion and chose not to do so. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e have repeatedly recognized – and we affirm today – that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence[.]"); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) ("If [a] party was not diligent, the inquiry should end."). Plaintiffs made strategic choices regarding how to frame and pursue class

---

[4] *See* ECF Nos. 147, 153, 157, 161, 168, 186, 189, 200, 214, 216, 223, 244 and 263.

certification. The parties and Judge Caraballo expended significant time and resources addressing Plaintiffs' motion. In a well-reasoned, 99-page R&R, Judge Caraballo parsed the record and held Plaintiffs failed to satisfy Rule 23. Plaintiffs have not shown good cause exists to provide them with a do-over.

### B. Plaintiffs' Obstruction Claim Is Baseless

Rather than address their own failure to show good cause, Plaintiffs devote most of their Response to a litany of alleged discovery abuses and analogize this case to *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 655 F. Supp. 3d 899, 904 (N.D. Cal. 2023). ECF No. 300 at 7. In *In re Facebook*, the court imposed sanctions on the defendant and its outside counsel after the court held that they had improperly withheld a "massive number of documents as privileged" where there was "no conceivable" privilege argument; failed to produce certain data the defendant admitted was within its possession; and repeatedly engaged in improper conduct during depositions. 655 F. Supp. 3d at 923-25. Here, in contrast, Plaintiffs never sought sanctions for any of the conduct they now raise in their Response, more than a year after the close of class discovery. The reason is obvious: there was no basis to do so.

While Navient does not attempt to address each of Plaintiffs' specious claims in detail, it includes a brief response below.

### 1. Plaintiffs Attempt To Relitigate Issues on Which the Court Has Already Ruled.

Plaintiffs raise several disputes that the Court resolved years ago:

- Plaintiffs complain that Navient failed to timely produce a copy of the novation agreement (the contract that transferred Navient's Department of Education loan servicing duties to Maximus). ECF No. 300 at 15. Navient took the good-faith position that the agreement was not within the scope of Plaintiffs' document requests. Plaintiffs moved to compel, the Court ordered production, and Navient produced the agreement on November 14, 2023, more than two years before the class certification deadline. ECF Nos. 99, 103.

- Plaintiffs contend that Navient "breached" its promise not to oppose amendment of the complaint for the second time and therefore "nine months were wasted on motion practice." ECF No. 300 at 12. Judge Carlson addressed this good-faith dispute and held there had been a "clear mutual misunderstanding." ECF No. 88 at 17.

- Plaintiffs complain about delayed computer searches on borrower data, ECF No. 300 at 13-14, but this timing was affected by the Court's stay of discovery while the Court considered whether to grant Plaintiffs' motion to file the Third Amended Complaint (TAC). ECF Nos. 115, 153.

- Plaintiffs assert that Navient showed a "lack of diligence" in failing to notice Lisa Aton's deposition before the close of discovery on September 15, 2025. ECF No. 300 at 23. But Plaintiffs did not produce the Aton spreadsheet to Navient until November 21, 2025. Navient was not aware of Ms. Aton's involvement in this case before then. In any event, the Court also addressed this issue and permitted Navient to take a short deposition of Ms. Aton after the close of fact discovery. ECF No. 214.

These issues were addressed long ago, and Plaintiffs' attempt to raise them again now does not establish good cause for their delay or explain why Plaintiffs chose not

to not include the Forbearance Classes in their class certification motion in the first place. *See* ECF No. 292 at 13-14.

### 2. Plaintiffs Had Ample Opportunity To Raise Alleged Discovery Misconduct With the Court and Failed to do so, Because There Was No Misconduct.

Plaintiffs assert additional grievances that were not raised with the Court during class discovery or class certification briefing, including that:

- Navient relied on "hairsplitting" terminology and defense theories in challenging Plaintiffs' proposed computer searches and refused to run revised computer search queries. ECF No. 300 at 17-19;
- Navient violated the Court's July 2023 data-compilation order by not producing Department of Education ("ED") data. *Id.* at 16-19;
- ED's responses to Plaintiffs' search requests show that "Navient misrepresented its ability to identify transactions involving capitalization." *Id.* at 15;[5]
- Pokorni's receipt of $963.29 from the CFPB as part of an unrelated settlement shows Navient "could have identified relevant transactions involving interest capitalization." ECF No. 300 at 22.[6]

---

[5] This claim is belied by Judge Caraballo's findings; Judge Caraballo carefully reviewed the record evidence and determined that the reason capitalized interest was added to a particular account cannot be determined using records from either ED or Navient's servicing system. ECF No. 278 at 63.

[6] Not only do Plaintiffs fail to explain how the CFPB settlement and the methodology used by the CFPB to determine borrower payments proves that Navient can tie interest capitalization to specific events here, they disregard testimony cited in the R&R from Patrick Theurer, Navient's Vice President, Data Solutions, in which Mr. Theurer testified that "[redacted]," ECF No. 278 at 61. And Plaintiffs'

It is well settled that "[m]otions to compel must be filed within the time allowed for discovery itself." *See Finizie v. Shineski,* 351 F. App'x 668, 672 (3d Cir. 2009) (affirming denial of motion to compel filed at least two weeks "after discovery closed"). Plaintiffs never raised these issues on the thirteen case management calls with Judge Caraballo. Nor did they move to compel on any of these issues or seek sanctions for the supposed violation of the July 2023 Order. ECF No. 91; *see also* ECF No. 300 at 19-20. Belatedly raising these issues now further undermines any notion that "good cause" exists to extend the class certification deadline.

**3. The Record Debunks Plaintiffs' "Obstruction" Allegations.**

Plaintiffs hope that by maligning Navient's conduct in discovery, they can persuade the Court to excuse their failure to establish good cause. As noted above, Plaintiffs do not explain how any of Navient's alleged conduct prevented them from including the Forbearance Classes in their class certification motion. *See supra* at 1; *see also* ECF No. 292 at 14-18. And as set forth below, the record shows Navient fully complied with its discovery obligations throughout this case.

**a. Navient disclosed the novation of Its federal student-loan servicing contract**

Plaintiffs assert Navient concealed the novation that transferred servicing of ED loans to Maximus until October 4, 2023. ECF No. 300 at 13-15. They imply

---

witness Lisa Aton admitted that "[redacted]." *Id.* at 67.

that this somehow interfered with their ability to obtain certain borrower data. *See id.* at 15-17. Plaintiffs misstate the record.

Plaintiffs have known about the novation since at least June 2022—approximately three-and-a-half years before the class certification deadline. Navient did not hide the novation from Plaintiffs—nor could it, as the novation was publicly disclosed in Navient's SEC filings.[7] When Plaintiffs deposed Jeffrey Stine, Navient's Vice President of Loan Servicing, on June 24, 2022, he testified that [redacted]. ECF No. 208-13 at 19:15-25. Mr. Stine also testified that [redacted]. *Id.* at 20:1-7. Despite Mr. Stine's clear testimony, Plaintiffs' counsel did not ask *any* follow-up questions regarding Navient's transfer of that servicing contract or which entity had custody of federal borrower data after the transfer. Thus, Plaintiffs' suggestion that they did not know about the novation when they asked Navient to identify putative class members in August 2022 falls flat—they were on notice nearly two months earlier through Mr.

[7] *See* Navient Corp. 8-K dated September 28, 2021, attached hereto as Exhibit 1 (stating loan servicing for ED-owned student loan accounts would be transferred from Navient to Maximus subject to the consent of ED, with the contract novation expected to be finalized in the fourth quarter of 2021).

Stine's testimony, and Navient had publicly disclosed the anticipated novation in its SEC filings another nine months before that.

**b. ED's servicing data**

Plaintiffs contend that Navient withheld ED servicing data in violation of the Court's July 18, 2023 order directing it to compile and produce that data. ECF No. 300 at 16. Not so. Plaintiffs falsely suggest Navient concealed its possession of offline ED data after the novation. ECF No. 300 at 15-16. But Navient made clear in deposition testimony and in two letters to the Court that in light of the novation, it did not have access to ED data on a live system. *See* Theurer Dep. at 223:21-224:5; ECF No. 101 at 3 (October 31, 2023 letter to Court explaining that "[b]ecause it no longer services ED loans, [Navient] does not have access to the ED data on a live system"); ECF No. 110 at 5 (January 30, 2024 letter to Court explaining same). Navient further explained that although it retained a set of the data "sit[ting] on a storage platform," "[t]he data belongs, and has always belonged, to ED; ED controls who can access borrower data and for what purposes." *Id.*[8]

---

[8] Plaintiffs cite *Wharton v. Superintendent Graterford SCI*, 95, F.4th 140, 148 (3d Cir. 2024) for the proposition that Navient's October 31, 2023 letter explaining that Navient did not have access to ED data on a live system violated its duty of candor and was sanctionable. ECF No. 300 at 17. If Plaintiffs really believed Navient's conduct was sanctionable, they would have raised it with Judge Caraballo. They never did, despite the thirteen telephonic status conferences Judge Caraballo held with the parties during class discovery and certification briefing.

Plaintiffs also cite *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 135 (3d Cir. 2009), for the proposition that Navient impeded discovery by failing to

In January 2024, Plaintiffs filed a letter with the Court seeking a discovery conference to discuss Navient's responses to certain searches they asked to be performed on FFELP data (Navient continued to service FFELP loans – which are different than ED loans – after the novation of the ED servicing contract to Maximus, and therefore had access to FFELP data on a live system). ECF No. 108 at 2-3. Had Plaintiffs believed Navient improperly withheld ED data, they surely would have said so in that letter. They did not, instead explaining to the Court that Plaintiffs had subpoenaed ED for loan data. *Id.* at 4. Plaintiffs obtained that data from Maximus through the ED subpoena and relied on it in their class certification motion. *See* ECF No. 208 at 46-47. In sum, long before they filed their class certification motion, Plaintiffs knew that they needed to seek the ED data through Maximus and did so. They received that data and used it in filing their class certification motion "a week ahead of their deadline." ECF No. 300 at 23. The assertion that Navient was not transparent about the ED data and the issues associated with it due to the novation is baseless.

---

produce a stored copy of ED's servicing data. ECF No. 300 at 16-17. But the *Grider* defendants denied that responsive records existed when they were in storage. 580 F.3d. at 135. Navient, by contrast, told the Court that it retained an offline copy of ED data. ECF No. 110 at 5. And *Grider* affirmed the district court's sanctions order after defendants produced tens of thousands of documents the day before and the day of the class discovery deadline. Plaintiffs never sought sanctions against Navient, because there was no basis to do so.

c. **Computer searches**

Plaintiffs assert that Navient delayed in responding to broad computer searches designed to identify putative class members. ECF No. 300 at 20. But as Navient explained from the outset, Plaintiffs' initial proposed searches were unworkable. *See* January 30, 2024 Letter to Judge Bloom, ECF No. 110 at 2-3. That fact was confirmed during Patrick Theurer's deposition in which he answered Plaintiffs' questions concerning the feasibility of their proposed searches. Indeed, at Mr. Theurer's deposition, Plaintiffs' counsel conceded that their proposed searches required revisions. *See, e.g.*, ECF No. 232-3, Theurer Dep. at 180:3-4 (Plaintiffs' counsel stating "[redacted]); *id.* at 204:15-206:9 (abandoning another proposed search as infeasible). On January 1, 2024, Plaintiffs served revised computer searches keyed to the proposed class definitions in the TAC. Plaintiffs do not (and cannot) contend that Navient failed to respond to those searches. Nor do Plaintiffs contend that the timing of Navient's response to those searches affected Plaintiffs' class certification motion (because it did not).[9]

---

[9] Plaintiffs claim that Navient's February 2025 letter to the Court requesting an extension of the deadline to respond to Plaintiffs' computer search requests was "misleading" because it did not mention search requests Plaintiffs served in 2021 and 2022. ECF No. 300 at 20 (citing ECF No. 146). Navient's letter was not misleading as it accurately described the searches that were the subject of its extension request and did not discuss Plaintiffs' 2021 and 2022 search requests because those requests related to class definitions that Plaintiffs had since replaced.

### C. Plaintiffs Abandoned the Modified Forbearance Class and Cannot Resurrect It Now.

In their Response, Plaintiffs seek to resurrect their new Modified Forbearance Class by arguing that its introduction in their class certification motion was proper because it reduced the amount of alleged improperly capitalized interest, supposedly benefitting Navient. ECF No. 300 at 27. But Plaintiffs admitted in their class certification reply that this new class definition "expanded class membership."[10] *See* ECF No. 260 at 37. They then abandoned that class and reverted to the Forbearance Classes in the Third Amended Complaint. ECF No. 278 at 24. Plaintiffs' attempt to resurrect the very Modified Forbearance Class that they expressly abandoned before Judge Caraballo is paradigmatic of the lack of merit in Plaintiffs' approach.

### D. Plaintiffs Had a Full and Fair Opportunity To Seek Certification, and They Should Not Be Permitted To File a Second Class Certification Motion.

Plaintiffs had four years of discovery and a robust record to inform their class certification strategy. Class discovery included nine depositions and more than 130,000 pages of documents produced by Navient. ECF No. 292 at 8. The parties

---

*See id.* at 19-20. Moreover, Plaintiffs stipulated to extend the deadline. ECF No. 153.

[10] Plaintiffs do not dispute that courts may reject a modified class definition that would expand the scope of the class, whether or not it is timely filed, if the expansion would unfairly prejudice the defendant. ECF No. 278 at 24 (citing *Walden v. Bank of N.Y. Mellon Corp.*, Civil Action No. 2:20-cv-01972-CBB, 2025 WL 2696463, *4 (W.D. Pa. Sept. 22, 2025)).

negotiated, and the Court approved, a stipulated protocol for the computer searches Plaintiffs requested to identify putative class members, including a process for raising technical issues and adjusting the search queries. ECF No. 153 ¶¶ 1-3. Navient provided search results pursuant to that protocol. ECF No. 208-28. Plaintiffs subpoenaed ED, obtained a data compilation, and their motion relied on it along with material produced by Navient. ECF No. 212-2; ECF No. 260-36.

The certification schedule itself reflected the parties' joint proposal. The Court entered it "upon consideration of the parties' proposed case management deadlines for class certification litigation," and it provided for the completion of class discovery by September 15, 2025, expert reports in October 2025, rebuttal reports in November 2025, and the filing of Plaintiffs' class certification motion by December 1, 2025. ECF No. 168 at 1 & ¶¶ 1, 5, 7, 9.

Plaintiffs then made their own strategic choices about how to use the record they built. They chose to seek certification of a new Modified Forbearance Class rather than the Forbearance Classes pled in the TAC. ECF No. 208 at 59. They chose to revert to the Forbearance Classes when challenged and treated their motion's class certification arguments regarding the Modified Forbearance Class as applying to the Forbearance Classes. ECF No. 260 at 36-37. They chose to oppose Navient's request for a sur-reply, asserting that the evidence and arguments on which they relied for certification of the proposed Modified Forbearance Class were the

same as those for the Forbearance Classes. ECF No. 266 at 5. Plaintiffs may now wish that they had approached discovery and class certification differently, but that does not justify further prolonging the class phase of this case.

In *Campbell v. County of Mercer,* Judge Bissoon applied the same principle in amending a report and recommendation to foreclose further certification attempts, No. 2:23-cv-00099-CB-KT, 2025 WL 965181, at *3 (W.D. Pa. Mar. 31, 2025). Plaintiffs attempt to distinguish *Campbell* because the plaintiffs' liability theory in that case was not viable. ECF No. 300 at 30. But *Campbell* rested equally on the facts that the plaintiffs had "clearly articulated their theory for class treatment," that further attempts would cause "unfair prejudice" and unexcused delay, and that the class device does not "invite games of 'hunt the peanut.'" *Id.* at *3.

Plaintiffs' argument that the other cases relied upon by Navient are distinguishable because they involved plaintiffs who sought to file their initial class certification motion after the deadline, is similarly without merit. ECF No. 300 at 30. Given *Hargrove*'s admonition that a renewed motion for class certification should be treated like any other motion for class certification, those cases are on point. *See Philbin v. Brett Dinovi & Assoc.*, No. 31-cv-20402, 2024 WL 1907192 (D.N.J. Jan. 10, 2024) (denying motion for class certification filed forty-eight days after filing deadline as untimely and finding plaintiff must establish excusable neglect); *Caporale v. EIDP, Inc.*, 2026 WL 967253 (D. Del. Feb. 10, 2026) (holding

"Plaintiffs' own conduct demonstrates they had an adequate opportunity to raise their argument in support of the proposed issue class under Rule 23(c)(4), and further briefing is not warranted"). Plaintiffs cannot show that good cause justifies allowing them to file a second class certification motion at this late date. *See supra* at 2-4.

### E. Even if Plaintiffs Had Not Forfeited Certification of the Forbearance Classes, the R&R's Reasoning Supports Denial of Certification With Prejudice.

Plaintiffs fail to meaningfully dispute that the R&R's rationale for denying certification of the Improper IDR Cancellation Class applies equally to the Forbearance Classes. *See* ECF No. 300 at 9. The Forbearance Classes' claims rest on the same theory of injury—interest capitalization—and on the same evidence as the Improper IDR Cancellation Class: the Aton spreadsheet, Mr. Stine's testimony, and Navient's data searches. ECF No. 208 at 18-25, 37, 39; ECF No. 276 at 112. The R&R rigorously analyzed that evidence and held it cannot establish through common proof why interest capitalized for any given borrower. ECF No. 278 at 63-68. That finding applies with equal force whether the alleged trigger is a delayed income-driven repayment renewal or an improper forbearance. *See* ECF No. 292 at 19-21.

The R&R's treatment of the Improper Delay Class underscores that certification of the Forbearance Classes should be denied with prejudice. There, the R&R denied certification with prejudice as to the portion of the Improper Delay

Class alleging lost interest subsidies, citing the "absence of sufficient briefing and record citations to gauge whether" that class satisfied Rule 23. ECF No. 278 at 38. Plaintiffs offer no reason why the same insufficiency should produce a different result for the Forbearance Classes. *See* ECF No. 292 at 21. The R&R's reasons for denying certification of the other proposed classes apply equally to the Forbearance Classes, and the R&R should be amended to deny certification of the Forbearance Classes with prejudice as well. *See, e.g.*, *Chedwick v. UPMC*, Civil Action No. 07–806, 2011 WL 1559792, *15 (W.D. Pa. Apr. 21, 2011).[11]

## CONCLUSION

For the reasons set forth above and in Navient's opening memorandum, Navient respectfully requests that pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3, the Court modify the August 10, 2026 Report and Recommendation to provide that certification of the Forbearance Classes be denied *with prejudice*. Navient further respectfully requests that Pokorni's claim for delayed loan forgiveness be dismissed from the TAC without prejudice. Navient further requests

[11] Plaintiffs also assert that Navient seeks dismissal of Pokorni's delayed-loan forgiveness claim with prejudice. ECF No. 292 at 22-23. Navient, however, did not seek dismissal of this claim with prejudice and instead cited *Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988), which supports dismissal of the claims without prejudice. Accordingly, the delayed forgiveness claim should be dismissed without prejudice.

that the Court set a schedule for the adjudication of Plaintiffs' individual claims, so that this case, now pending since 2018, may proceed without further delay.

Dated: November 23, 2026

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

Jonathan Marmo
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
jonathan.marmo@hklaw.com

Cory Eichhorn
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 374-8500
cory.eichhorn@hklaw.com

*Attorneys for Defendants Navient Corporation, Navient Solutions, Inc. and Navient Solutions, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(3)

I, Daniel T. Brier, hereby certify that the foregoing Reply Brief in Support of Objections to Report and Recommendation is in compliance with Local Rule 7.8(b)(3). The brief contains 4393 words as computed by Microsoft Office Word.

Date: November 23, 2026

/s/ Daniel T. Brier
Daniel T. Brier

**CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Reply in Support of Objections to Report and Recommendation on Class Certification Filed Under Seal was served upon all counsel of record via electronic mail on this 23rd day of November 2026:

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512

Daniel A. Edelman
Tara L. Goodwin
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1800
Chicago, IL 60603

Anthony Fiorentino
Fiorentino Law Office
6119 North Kenmore Avenue, Suite 410
Chicago, IL 60660

*Attorneys for Plaintiffs*

/s/ Daniel T. Brier
Daniel T. Brier